FILED
APR 1 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC.,<br>and<br>DELL MARKETING USA, L.P.,<br><br>Defendants. | Case No.<br><br>A08CA 248LY |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hitul Gandhi, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" herein), brings this Fair Labor Standards Act ("FLS") suit against Dell Inc. and Dell Marketing USA L.P. (collectively "Dell") and shows as follows:

1. Dell sells computer products and services to consumers nationwide. Dell's policy and practice is to deny earned wages and overtime pay to its sales representative employees who work in Dell's business division ("business sales representatives"). Dell's deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

2. This lawsuit is brought as a nationwide collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated employees.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Dell conducts business in this district.

## PARTIES

5. Dell Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas.

6. Dell Marketing USA L.P. is a limited partnership organized under the laws of the State of Texas with its principal place of business in Round Rock, Texas. Dell Marketing USA L.P. is a subsidiary of Dell Inc.

7. From October 2006 to February 2008, Plaintiff was a business sales representative at Dell's call center facility located in Round Rock, Texas. Plaintiff is a resident of Hutto, Texas. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

8. Dell operates call centers in several states across the country.

9. Dell employs thousands of business sales representatives nationwide who, among other things, correspond with customers by telephone.

10. Dell classifies business sales representatives as "salaried non-exempt," and they are eligible for overtime compensation when they work more than 40 hours in a workweek.

11. Dell requires business sales representatives to be ready to begin taking calls at the start of their scheduled shifts. Dell defines the compensable workday for business sales

representatives as the time they are on the telephone taking calls, even though business sales representatives must perform pre-shift and post-shift work, and they perform work without compensation during their unpaid meal breaks.

12. Dell requires business sales representatives to attend a meeting before their shifts begin that lasts an average of ten to fifteen minutes. During the meeting, among other things, Dell informs business sales representatives about new products and services it makes available for consumers.

13. In addition to the pre-shift meeting, business sales representatives must perform a number of integral and indispensable tasks before they are ready to take a call. Those tasks include: (1) booting up computers; (2) logging on to Dell's computer network; (3) opening relevant computer programs; (4) reviewing memoranda and correspondence relating to Dell's promotions and other services; (5) reading and responding to customer e-mails or following up with customers about earlier inquiries; and (6) completing other essential tasks. Business sales representatives perform many of these integral and indispensable preparatory tasks before the beginning of their scheduled shift, during their unpaid meal breaks, and after the completion of their scheduled shift.

14. Dell does not pay its business sales representatives for attending the pre-shift meetings or for performing these integral and indispensable tasks that are necessary for the business sales representatives' principal activity of communicating with Dell's customers.

15. In addition to failing to accurately record time worked, Dell also automatically deducts one hour of working time per shift as an unpaid meal period.

16. However, business sales representatives customarily take a meal break of far less than one hour. Thus, business sales representatives perform work without compensation over unpaid meal breaks on a routine basis.

PLAINTIFF'S ORIGINAL COMPLAINT                                                              Page - 3

17.  Dell is aware that its business sales representatives generally do not take a full one hour meal break, but it has failed to implement the necessary polices or practices to ensure that business sales representatives are fully paid when they work during meal breaks.

18.  Dell classifies business sales representatives as "salaried non-exempt" and purports to calculate their overtime compensation using a half-time rate under a method called the fluctuating workweek ("FWW").

19.  The FWW method for paying overtime requires employers to meet several criteria, including that: (1) there exists a clear mutual understanding that the salary covers whatever hours the job may demand in a particular workweek; (2) the employer pay the salary even though the workweek is one in which a full schedule of hours is not worked; (3) the purported salary be sufficient to satisfy the applicable minimum wage requirements; and (4) the employee's hours actually fluctuate from week to week.

20.  Dell fails to meet the criteria for applying the FWW method of computing overtime because: (1) there is no clear mutual understanding between Dell and business sales representatives that the purported "salary" covers whatever hours the job may demand in a particular workweek, (2) Dell improperly deducts business sales representatives' pay when they do not work a full schedule of hours; (3) the purported salary paid to business sales representatives is insufficient to satisfy applicable minimum wage requirements absent Dell's efforts to "true up" the payment; and (4) the working hours of business sales representatives do not fluctuate from week to week because business sales representatives customarily work a regular schedule of hours, and those hours do not fluctuate below forty hours per workweek.

21.  The result of Dell's improper application of the FWW method of computing overtime is that Dell underpays business sales representatives by at least two-thirds (67%) for every overtime hour worked.

PLAINTIFF'S ORIGINAL COMPLAINT                                               Page - 4

22. Dell regularly creates non-discretionary quotas, incentives, and promotions for business sales representatives to encourage them to make additional sales and work longer hours. However, after the business sales representatives satisfy the requirements to attain the incentive compensation, Dell reneges and retroactively changes the quotas, incentives and promotions thereby denying business sales representatives their rightfully earned compensation.

23. Moreover, when Dell does pay incentive compensation, it does not properly include the incentive or its value in calculating business sales representatives' regular rate of pay. This failure to account for incentive compensation results in systematic under-calculation and underpayment of business sales representatives' overtime compensation.

24. Dell is adhering to the same unlawful compensation policies and practices with respect to business sales representatives at its call centers nationwide.

25. The net effect of Dell's policy and practice instituted and approved by company managers is that Dell willfully fails to pay overtime compensation and willfully fails to keep accurate time records in order to save payroll costs. Dell enjoys ill-gained profits at the expense of business sales representatives.

26. Dell Inc. is jointly liable for Dell Marketing USA's violation of the FLSA because Dell Inc. and Dell Marketing USA are joint employers under the FLSA and its corresponding regulations.

## COLLECTIVE ALLEGATIONS

27. Plaintiff brings Count I ("the FLSA claim") as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

28. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

29. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Dell's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Dell, and potential class members may easily and quickly be notified of the pendency of this action.

### COUNT I

### Violation of the Fair Labor Standards Act (FLSA) of 1938
### Violation of the FLSA's Overtime Requirements

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

30. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

31. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

32. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

33. Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

34. Defendants violated the FLSA by failing to pay business sales representatives overtime compensation in accordance with 29 U.S.C. § 207(a)(1) and § 207(e). In the course of

perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

35. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or business sales representatives.

36. Plaintiff and all similarly situated employees are victims of a common policy, plan, and decision. This common policy, in violation of the FLSA, has been applied to all business sales representatives in Dell's call centers nationwide.

37. Defendants' violations of the FLSA's overtime requirements include (1) failing to record and compensate all working time of business sales representatives, including time worked pre-shift, post-shift and over unpaid meal breaks; (2) improperly applying the "fluctuating work week" and compensating business sales representatives at a rate of half-time – rather than the required one and one-half times regular rate of pay – for overtime hours worked by business sales representatives; and (3) failing to include and account for all compensation earned by business sales representatives when calculating and paying business sales representatives for overtime.

38. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of their original Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

39. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section

16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

40. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Austin, Texas as the place for trial.

Respectfully submitted,

STUEVE SIEGEL HANSON LLP

George A. Hanson     (*pro hac vice* forthcoming)
Email: hanson@stuevesiegel.com
Matthew L. Dameron (*pro hac vice* forthcoming)
Email: dameron@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    816-714-7100
Fax:    816-714-7101

J. Derek Braziel
Texas Bar No. 00793380
**Meredith Mathews**
Texas Bar No. 24055180
LEE & BRAZIEL, L.L.P.
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com

**ATTORNEYS FOR PLAINTIFFS**