IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 MAY -1  PM 2: 51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, § § § | |
| Plaintiffs, § | |
| v. § | Case No. 1:08cv-00248-SS |
| DELL INC., and DELL MARKETING USA L.P., § § § § | |
| Defendants. § | |

## ORIGINAL ANSWER OF DELL INC. AND DELL MARKETING USA L.P.

Defendants Dell Inc. and Dell Marketing USA L.P. (collectively "Defendants") file this Original Answer to Plaintiff's Original Complaint ("Complaint"). Defendants will show the Court the following:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction over Defendant Dell Inc. Defendant Dell Inc. was not either Plaintiff's employer or the employer of any allegedly similarly situated persons.

### SECOND DEFENSE

Plaintiff has failed to state claims upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH DEFENSE

Without assuming the burden of proof, Defendants state that Plaintiff was compensated for all hours worked in excess of 40 hours in any particular work week.

Plaintiff himself reported his time and had the ability to appropriately secure adjustment of his time as necessary to ensure payment for all hours worked.

### FIFTH DEFENSE

To the extent any compensation is owed to Plaintiff, such being denied, it is the result of violation of policy by Plaintiff.

### SIXTH DEFENSE

The actions of Plaintiff's employer were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor.

### SEVENTH DEFENSE

Without assuming the burden of proof, Defendants state that any alleged violation of the Fair Labor Standards Act ("FLSA") was not willful within the meaning of the FLSA.

### EIGHTH DEFENSE

Notwithstanding overtime compensation actually paid, and without assuming liability, Plaintiff's employer is entitled to an offset against any amounts due (which are denied) of an amount equal to the amount the employer paid, or overpaid, the Plaintiff, including any amounts paid to the Plaintiff under the fluctuating workweek ("FWW") method of compensation.

### NINTH DEFENSE

The time for which Plaintiff seeks compensation is *de minimis.*

## TENTH DEFENSE

The alleged time for which Plaintiff seeks compensation is irregular as well as particularly administratively difficult to record.

## ELEVENTH DEFENSE

Without assuming the burden of proof, Defendants state that Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction, payment and/or release.

## FIFTEENTH DEFENSE

Plaintiff's claims relate in part to alleged time constituting preliminary and postliminary activities under the Portal to Portal Act.

## SIXTEENTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## SEVENTEENTH DEFENSE

Some of the activities for which Plaintiff seeks compensation were not "work" within the meaning of the FLSA. Some of the activities were not integral and indispensable to the principal activities of Plaintiff's employer and/or were taken for Plaintiff's own convenience.

Without waiver of the above affirmative defenses, Defendants state that the allegations contained within the introductory paragraph of Plaintiff's Complaint do not require a specific admission or denial. With respect to the remaining allegations in Plaintiff's Complaint, Defendants respond as follows:

1. With respect to the allegations contained within paragraph 1 of Plaintiff's Complaint, Defendants admit that various indirect subsidiaries of Dell Inc., including Dell Marketing USA L.P., are in the business of selling computers and related products. Defendants deny the remaining allegations contained within paragraph 1 of Plaintiff's Complaint,

2. With respect to the allegations contained within paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiffs are seeking to bring this action as a collective action under the FLSA, but deny such an action is appropriate. Defendants deny that Plaintiff or any other allegedly similar employees are due allegedly unpaid wages. Defendants specifically deny that Plaintiff is similarly situated with other employees.

3. With respect to the allegations contained within paragraph 3 of Plaintiff's Complaint, Defendants admit that the FLSA authorizes claims by private parties to recover statutory damages for violations of the FLSA. However, Defendants deny that they have violated the FLSA.

4. With respect to the allegations contained within paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Dell Marketing USA L.P. conducts business in the Western District and that venue is proper here.

5.      With respect to the allegations contained within paragraph 5 of Plaintiff's Complaint, Defendants admit that Dell Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas.

6. With respect to the allegations contained within paragraph 6 of Plaintiff's Complaint, Defendants admit that Dell Marketing USA L.P. is a limited partnership organized under the laws of the State of Texas with its principal place of business in Round Rock, Texas. Defendants also admit that Dell Marketing USA L.P. is an indirect wholly owned subsidiary of Dell Inc.

7.      With respect to the allegations contained within paragraph 7 of Plaintiff's Complaint, Defendants admit only that Plaintiff was employed by Defendant Dell Marketing USA L.P. from October 2, 2006, to February 29, 2008, as an Inside Sales Representative I (October 2, 2006, to March 4, 2007) and Inside Sales Representative II (March 5, 2007, to February 29, 2008) in the Small and Medium Business ("SMB") organization in Round Rock, Texas. Plaintiff was employed in the capacities stated above, not as a "business sales representative." Defendants are answering Plaintiff's Complaint with the understanding that Plaintiff's reference to "business sales representative(s)" is a reference to SMB Inside Sales Representatives. Defendants do not have sufficient information to admit or deny Plaintiff's allegations concerning Plaintiff's residence or consent to sue.

8.      With respect to the allegations contained within paragraph 8 of Plaintiff's Complaint, Defendants admit that various Dell Inc. subsidiaries have SMB inside sales functions located in various states.

9. With respect to the allegations contained within paragraph 9 of Plaintiff's Complaint, Defendants admit that Defendant Dell Marketing USA L.P. employs SMB Sales Representatives in several states.

10. With respect to the allegations contained within paragraph 10 of Plaintiff's Complaint, Defendants admit that Dell Marketing USA L.P.'s SMB Inside Sales Representatives are classified as "non-exempt" and that SMB Inside Sales Representatives are not only eligible for overtime, but receive overtime pay when they work more than forty hours in a workweek.

11. Defendants deny the allegations contained within paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained within paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained within paragraph 13 of Plaintiff's Complaint. Employees are responsible for correctly and completely reporting all hours worked.

14. Defendants deny the allegations contained within paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained within paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained within paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained within paragraph 17 of Plaintiff's Complaint.

18. With respect to the allegations contained within paragraph 18 of Plaintiff's Complaint, Defendants only admit that SMB Inside Sales Representatives are properly paid pursuant to the FWW method of compensation.

19. The allegations in paragraph 19 of Plaintiff's Complaint are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations contained within paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained within paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained within paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained within paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained within paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained within paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained within paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained within paragraph 26 of Plaintiff's Complaint.

27. With respect to the allegations contained within paragraph 27 of Plaintiff's Complaint, Defendants admit that this action purports to assert FLSA claims and to be

an "opt-in" collective action, but Defendants deny that Plaintiff can properly bring such claims and such an action.

28.   Defendants deny the allegations contained within paragraph 28 of Plaintiff's Complaint.

29.   With respect to the allegations contained within paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks to bring this action as alleged, but Defendants deny that Plaintiff can properly do so.  All other allegations contained within paragraph 29 are denied.

30.   Paragraph 30 of Plaintiff's Complaint simply reasserts and re-alleges allegations set forth previously in the Complaint, and, to the extent they are denied above, all such allegations are again denied.

31.   Defendants deny the allegations contained within paragraph 31 of Plaintiff's Complaint.

32.   The allegations contained within paragraph 32 of Plaintiff's Complaint are legal conclusions requiring no response.

33.   With respect to the allegations contained within paragraph 33 of Plaintiff's Complaint, Defendant Dell Marketing USA L.P. admits that it employed Plaintiff and is an employer under the FLSA.  The remaining allegations contained within paragraph 33 are denied.

34.   Defendants deny the allegations contained within paragraph 34 of Plaintiff's Complaint.

35.   With respect to the allegations contained within paragraph 35 of Plaintiff's Complaint, Defendant Dell Marketing USA, L.P. admits that it classified and paid SMB

Inside Sales Representatives, including Plaintiff, as non-exempt employees. The remaining allegations within paragraph 35 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations contained within paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained within paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained within paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained within paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained within paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained within paragraph 40 of Plaintiff's Complaint.

41. Defendants admit that Plaintiff on page 8 of his Complaint request a jury trial of all issues triable by a jury.

42. Defendants deny that Plaintiff is entitled to any of the relief prayed for in the "WHEREFORE" paragraph contained at page 8 of Plaintiff's Complaint.

43. Defendants admit that Plaintiff designates Austin, Texas as the place for the trial in this case.

44. Any allegation contained within Plaintiff's Complaint which is not specifically admitted above is hereby denied.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff's Complaint will be in all things dismissed and for such other relief to which they are justly entitled, including a recovery of attorneys' fees and costs.

Respectfully submitted,

_____
Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

By Permission
Robert Chance

TBN - 24036349

Michael W. Fox, TX #07335500
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
301 Congress Avenue, Suite 1250
Austin, TX 78701
(512) 344-4700
(512) 344-4701 (Fax)

*ATTORNEYS FOR DEFENDANTS*
*DELL INC. AND DELL MARKETING USA L.P.*

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of May, 2008, the above and foregoing document was mailed by certified mail, return receipt requested, to the following counsel:

| | |
|---|---|
| George A. Hanson<br>Matthew L. Dameron<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112 | Meredith Black-Matthews<br>J. Derek Braziel<br>Lee & Braziel, L.L.P.<br>1801 N. Lamar Street, Suite 324<br>Dallas, TX 75202 |

_____
Jeffrey C. Londa

By Permission
Robert Chance

6267170.1