FILED
2008 SEP -2 AM 9:59
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HITUL GANDHI, individually, and on behalf §
of a class of others similarly situated, §
§
Plaintiffs, §
§
v. § Case No. 1:08cv-00248-SS
§
DELL INC., §
and §
DELL MARKETING USA L.P., §
§
Defendants. §

## STIPULATED PROTECTIVE ORDER

Plaintiffs and Defendants have agreed that certain documents and things ("documents") as described below and produced and to be produced in discovery in the above-captioned action contain confidential information. Accordingly, it is ORDERED that:

1. The following documents and information produced or to be produced[1] during discovery in this action shall be considered "Confidential Information" for the purposes of this Order:

   (a) where relevant and otherwise discoverable, documents reflecting employee compensation, dates and hours worked, documents concerning pay rates,[2] documents containing personal information about employees and dependents, and documents disclosing personal identification information (e. g., social security numbers, identifying numbers of accounts with financial institutions, and

---

[1] The entry of this Order does not render any documents discoverable. Rather, it provides a mechanism for maintaining the confidential nature of certain types of documents that are produced.

[2] Entry of this Stipulated Protective Order is not intended to impose confidentiality obligations with respect to publicly filed documents and documents already in the public domain.

      driver license numbers) regarding former and/or current employees of any Defendant (including Plaintiffs);

(b) where relevant and otherwise discoverable, documents containing information relating to Defendants' business operations, policies, procedures, rates of pay, proprietary information and trade secrets, and/or the work product of Defendants' employees;

(c) where relevant and otherwise discoverable, documents containing information relating to Defendants' past, current and/or prospective customers;

(d) where relevant and otherwise discoverable, documents concerning the organizational structure of Defendants;

(e) where relevant and otherwise discoverable, financial information concerning Plaintiffs and/or Defendants; and

(f) where relevant and otherwise discoverable, information concerning Defendants' facilities, operating processes, methods and procedures.

2. Plaintiffs and/or any Defendant will designate all documents falling within the above definition of "Confidential Information" at the time of production by marking such documents "Confidential Information." For documents produced by a third party, Plaintiffs or any Defendant may designate documents falling within the above definition of "Confidential Information" by marking such documents as "Confidential" at the time of production or within a reasonable period after receipt of the documents, and by promptly notifying all other party of such designation. Plaintiffs and any Defendant will have thirty (30) days from entry of this Order to designate any documents previously produced as "Confidential."

3. In the case of a deposition, any Defendants' or Plaintiffs' designation of all or any portion of any transcript (including exhibits) deemed to contain "Confidential Information" shall be made by designating such portion as "Confidential" on the record

during the course of the deposition. Additionally, any Defendant or Plaintiffs may designate all or any portion of a deposition as "Confidential Information" by so stating in writing within 30 days after receipt of the transcript. After any such designation, all or any portion of the transcript so designated shall be subject to the terms and provisions of this Order. Until said 30-day period has expired, all deposition transcripts shall be deemed to be "Confidential Information."

4. If the propriety of any designation of information as "Confidential Information" (within the definition stated in paragraph 1 of this Order) is disputed by any Defendant or Plaintiffs, the information shall be treated as "Confidential Information" until the dispute is resolved as provided herein. The parties will make all reasonable efforts to resolve such disputes among themselves. Prior to seeking relief from the Court, Counsel will confer in good faith about, and state in writing, why one counsel believes the information is not "Confidential Information" within the meaning of the definition stated in paragraph 1 of this Order. If any party refuses to withdraw the "Confidential Information" designation, then the other party may seek appropriate relief from the Court (i.e., a determination of whether the information is confidential within the meaning of paragraph 1 of this Order). Nothing herein shall affect any party's obligation to justify the confidential treatment of the information within the meaning of the definition stated in paragraph 1 of this Order in the event any party files a motion disputing another party's designation of discovery material as "Confidential Information."

5. "Confidential Information" shall not be shown to, discussed with, or otherwise disclosed or made available to any person by any Plaintiff or by any Defendant, or by their respective counsel, other than to "Qualified Persons" as defined

in paragraph 6 below who have been informed of this Order and have been advised of its terms and of the Order's application to them. No other person shall have access to such "Confidential Information" without the written approval of counsel in this action. Further, no other person shall be informed of the contents, subject matter, and nature of such "Confidential Information" by any person having access thereto.

6. "Qualified Persons," as used herein, consists of the Court, any Defendants' in-house lawyers, law clerks, paralegals, human resource professionals, senior management, personnel exposed to such information in the course of any Defendants' business operations, as well as Plaintiffs' and Defendants' counsel of record, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in Plaintiffs' and any Defendants' counsels' law firms engaged in preparing this action for trial; stenographic and videographic reporters; Plaintiffs' and any of Defendant's witnesses or prospective witnesses in connection with the investigation of the matters at issue in this case and their preparation to testify herein or for use during the taking of their depositions or eliciting their testimony during trial; and consultants and experts employed by Plaintiffs and any Defendant. All expert witnesses who are shown "Confidential Information" must sign the Declaration of Compliance attached hereto as Exhibit A.

7. "Confidential Information" may be used by Plaintiffs and any Defendant and their counsel solely for the prosecution and/or defense of this lawsuit and for no other purpose. Plaintiffs and any Defendant and their counsel (including legal staff) shall not disseminate "Confidential Information" by any means to the press, media, or any

other person or entity not designated as a "Qualified Person.[3]  Notwithstanding what is stated herein above, Defendants may use any of its Confidential Information as it sees fit in the conduct of its business.

8. In the event that any Plaintiff or any Defendant or any "Qualified Person" is required by subpoena or court order outside of this action to produce or disclose any specified "Confidential Information," that person or counsel for that person shall give at least 10 days written notice or, if that is not practical, as much notice as possible, to counsel for any Defendant and Plaintiffs.  The notice given to Defendants' or Plaintiffs' counsel will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure.  Any affected Defendant or Plaintiffs shall have, if at all possible, ten (10) days thereafter, or, at a minimum, one day less than the amount of time remaining under the subpoena or order, in which to serve counsel for the requesting party with a written objection to such disclosure.

9. If any party, or person acting on his or its behalf, inadvertently produces a document or documents that, except for such production, would have been protected from discovery by the attorney-client privilege or the attorney work-product doctrine, such production shall not constitute a waiver of any such privilege or doctrine as to the produced document(s) or as to any other document provided the party concerned notifies the other party within a reasonable time after the discovery of the inadvertent production. Upon request by the party that inadvertently produced such document(s), all such documents, and all copies thereof, shall be returned immediately to the producing

---

[3] By entering into this Stipulated Protective Order, no party waives his/her/its right to contest the admissibility at trial of any documents and/or information produced subject to this Order.

party. Subject to the terms of this paragraph, nothing in this Stipulated Protective Order shall prejudice a party from challenging the designation of any document as protected from discovery by a privilege or doctrine or relieve the producing party from the burden of justifying any assertion of privilege.

10. ~~The Clerk of the Court is directed to maintain under seal all documents, transcripts and other material filed with this Court in this litigation which are, in whole or in part, designated as "Confidential." The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing Party to so designate, any Party or Designating Party may do so.~~

11. "Confidential Information" is to be preserved as confidential both during and after final disposition of this action. Within 90 days of the final settlement or conclusion of the case, all originals and copies of documents constituting or containing "Confidential Information" within the meaning of paragraph 1 of this Stipulated Protective Order which are within the possession of Plaintiffs and Plaintiffs' attorney will be delivered to counsel for the Defendants. Plaintiffs' and Defendants' counsel will, as appropriate and reasonably practical, consistent with the above, destroy or cause to be destroyed all copies, notes, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any "Confidential Information" or its contents. If Plaintiffs or any Defendant furnishes any "Confidential Information" to any expert or to any other person, Plaintiffs' attorney and Defendants' attorneys shall be responsible for ensuring that all such "Confidential Information," whether in original, copied or other form, is promptly returned to Defendants' and Plaintiffs' counsel.

12. The restrictions stated in this Order may be extended to additional documents or information by agreement of the parties and/or by Order of this Court.

SIGNED this 29th day of August 2008.

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

/s/ George A. Hanson
George A. Hanson (Pro Hac Vice)
Email: hanson@stuevesiegel.com
Matthew L. Dameron (Pro Hac Vice)
Email: dameron@stuevesiegel.com

STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100
(816) 714-7101 (fax)

J. Derek Braziel
Texas Bar No. 00793380
Meredith Mathews
Texas Bar No. 24055180
Lee & Braziel, LLP
1801 N. Lamar St., Suite 325
Dallas, Texas 75202
(214) 749-1400
(214) 749-1010 (fax)

**ATTORNEYS FOR PLAINTIFF**

/s/ Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak
  & STEWART, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, TX 78701
(512) 344-4700
(512) 344-4701 (Fax)

**ATTORNEYS FOR DEFENDANTS
DELL INC. AND DELL MARKETING USA L.P.**

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:08cv-00248-SS |
| DELL INC., and DELL MARKETING USA L.P., | § § § § § | |
| Defendants. | § § | |

### DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

1. I live at _____. My current address and telephone number are _____
_____.

2. A copy of the Stipulated Protective Order entered in this case has been given to me, and I have read it.

3. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order. Upon receipt of any Confidential Information, I agree that I will be personally subject to the jurisdiction of the Court in the above captioned action and I will comply with all requirements and procedures of the Stipulated Protective Order. I further understand that if I fail or refuse to comply with the provisions of the Stipulated Protective Order, I may be subject to penalties or sanctions.

Executed this _____ day of _____, 2008.

Signature: _____

Printed Name: _____