IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:08-cv-00248-SS |
| DELL INC., and DELL MARKETING USA L.P., | § § § § | |
| Defendants. | § | |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CATHERINE L. DAVIS and TOMMY MOORE Individually, and on behalf of others similarly situated, | § § § § § | |
| Plaintiffs, | § § | Case No. 1:08-cv-794-SS |
| v. | § § | |
| DELL, INC. d/b/a DELL COMPUTER, INC. a Delaware corporation; and, DELL USA L.P., a Texas Limited Partnership; and, DELL MARKETING L.P., a Texas Limited Partnership, | § § § § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION TO CONSOLIDATE CASES

Defendants Dell Inc., Dell USA L.P., and Dell Marketing USA L.P. (erroneously sued herein as Dell Marketing L.P.) (collectively "Defendants" or "Dell") file this Motion to Consolidate Cases. Defendants will show the Court the following:

6735129.1

Plaintiffs filed the *Davis* lawsuit (Case No. 1:08-cv-794-SS) in the United States District Court for the Western District of Oklahoma on December 14, 2007, as a collective action under the Federal Labor Standards Act ("FLSA") seeking to recover earned wages and overtime allegedly due them and other similarly situated current and former business sales representatives employed at Dell's call center in Oklahoma City, Oklahoma.  On April 1, 2008, Plaintiff in the *Gandhi* case (Case No. 1:08-cv-00248-SS) filed a similar putative FLSA collective action in the United States District Court for the Western District of Texas, Austin Division, seeking to recover earned wages and overtime allegedly due current and former business sales representatives employed at all of Dell's call centers in the United States, including those employed in Oklahoma City, Oklahoma.[1]

A copy of the Complaint filed in *Davis* is attached hereto as Exhibit B[2] and a copy of the Complaint filed in *Gandhi* is attached hereto as Exhibit C.  The Complaints filed in these two cases are virtually identical.  In fact, many of the paragraphs in the two Complaints are word for word the same.

---

[1] In his Order transferring this case from the United States District Court for the Western District of Oklahoma to the United States District Court for the Western District of Texas, Austin Division, Judge Lee West Stated the following:

> For purposes of numbers, the Court has looked to Dell's submissions, wherein Dell has asserted that 545 individuals are currently employed, as of January 1, 2008, and 1787 individuals were or have been employed during the arguably relevant time period, December 14, 2004, to August 1, 2008, in Oklahoma as business sales representatives. Dell's submissions further reveal that in addition to these individuals, there are 2520 individuals who are currently employed, as of January 1, 2008, and 5931 individuals who were or have been employed during that same time period at call centers other than the Oklahoma City call center as business sales representatives.

*See* n.9 at pp. 4-5 of Judge West's Order which is attached hereto as Exhibit A.

[2] While the Davis Complaint does not have a case number in its style, the Complaint was assigned Case No. 5:07-cv-1401 while pending in the United States District Court for the Western District of Oklahoma. It has been assigned Case No. 1:08-cv-794-SS in the United States District Court for the Western District of Texas, Austin Division.

2

Because the allegations and scope of the collective action sought in *Gandhi* subsumes the collective action sought in *Davis,* Dell filed a Motion to Transfer the *Davis* case from the United States District Court for the Western District of Oklahoma to the United States District Court for the Western District of Texas, Austin Division, for the purpose of consolidating both cases.  On October 14, 2008, the United States District Court for the Western District of Oklahoma (the Honorable Lee R. West presiding) granted Dell's Motion to Transfer and entered an Order transferring the *Davis* case to the United Stated District Court for the Western District of Texas, Austin Division.  A copy of Judge West's Order is attached hereto as Exhibit A.

In granting Dell's Motion to Transfer the *Davis* case from the United States District Court for the Western District of Oklahoma to the United States District Court for the Western District of Texas, Austin Division, for purposes of consolidation with the *Gandhi* case, Judge West stated the following:

> The nationwide collective action in *Gandhi* therefore incorporates the business sales representatives employed at Dell's call center in Oklahoma City, and thus, includes the named plaintiffs in this case as well as parties plaintiff Michelle Ricketts, Chris Snead, Josh Clanton, and Shannon M. Brothers (hereinafter "opt-in plaintiffs"), who have filed consents-to-sue under title 29, section 216(b) of the United States Code and have opted-in the case-at-bar.
>
> Dell has moved this Court to transfer the instant action to the Western District of Texas under section 1404(a) for the purpose of consolidation with *Gandhi*.
>
> • • •
>
> In *Gandhi* relief is sought under the FLSA; in the instant case, relief, as stated, is sought under both the FLSA and Oklahoma law.  To the extent the plaintiffs have sought damages in both cases under the FLSA, **the collective action in the Western District of Texas encompasses the collective action in the**

3

**case-at-bar**. As to the state law claims, these claims parallel the FLSA claims, and the state law claims and the proposed class issues under Rule 23, *supra*, can be adequately litigated in the Western District of Texas.

• • •

In the instant matter, the Court finds that Dell has demonstrated that the interest of justice would be best served by the transfer of this action to the Western District of Texas, Austin Division.

• • •

A transfer will no doubt result in some inconvenience to parties and witnesses. However, given the substantially identical judicial proceedings and the fact that **the Texas collective action subsumes the instant collective action,** the Court, after weighing the private interest of the plaintiffs in litigating this matter in this judicial district and the public interests that are furthered by the proposed transfer, . . . GRANTS the defendants' Motion to Transfer Venue filed on August 22, 2008.

(Emphasis supplied).

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of lawsuits. Rule 42(a) states:

**(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (citing FED. R. CIV. P. 2, 18-20, 42). Moreover, the Fifth Circuit has ruled that consolidation is <u>not</u> dependent upon party approval. In fact, a district court has the power to order consolidation sua sponte and over the objection of the

4

parties. *In re Aircrash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Consolidation may be used to merge cases for the purpose of rendering a single judgment binding on all parties and on all issues. *Ringwald v. Harris*, 675 F. 2d 768 (5th Cir. 1982).

Consolidating the *Davis* and *Gandhi* cases is clearly appropriate. The Complaints filed in the two cases are virtually identical. Both cases make the same allegation that Dell underpaid current and former business sales representatives employed at Dell call centers in violation of the FLSA.

There is no doubt that the *Davis* and *Gandhi* cases involve "common question of law or fact" within the meaning of Rule 42(a). As Judge West stated in his Order transferring the *Davis* case, the *Gandhi* case "encompasses the collective action in [Davis}." *See* p. 11 of Exhibit A attached hereto. Judge West further noted that the two cases involve "substantially identical judicial proceedings and ... the Texas collective action [i.e. the *Gandhi* case] subsumes the instant collective action [i.e. the *Davis* case]." *See* p. 12 of Exhibit A attached hereto. This Motion to Consolidate should be granted, and the *Davis* and *Gandhi* cases should be consolidated for all purposes. A suggested Order Consolidating Cases is attached to this Motion.

Respectfully submitted,

/s/ Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, TX  77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

5

Michael W. Fox, TX #07335500
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
301 Congress Ave., Suite 1250
Austin, TX 78701
(512) 344-4700
(512) 344-4701 (Fax)

Patrick F. Hulla, E.D. MO #4296711
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 471-1301
(816) 471-1303  (Fax)

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF CONFERENCE

Dell's counsel has conferenced with Plaintiffs' counsel in both the *Davis* and *Gandhi* cases.  Allison Walters, counsel for the Plaintiffs in the *Davis* case, stated that the *Davis* Plaintiffs are opposed to this Motion.  George Hanson, counsel for the Plaintiffs in the *Gandhi* case, stated that the *Gandhi* Plaintiffs "take no position" with respect to this Motion.


/s/ Jeffrey C. Londa
Jeffrey C. Londa

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2008, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by certified mail to the following counsel of record:

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO  64112

Meredith Black-Matthews
J. Derek Braziel
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 324
Dallas, TX  75202

William B. Federman
Allison B. Waters
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK  73120


/s/ Jeffrey C. Londa
Jeffrey C. Londa

6735129.1