IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 1 4 2008
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

CATHERINE L. DAVIS and TOMMY )
MOORE, individually and on behalf of )
others similarly situated, )
)
Plaintiffs, )
)
vs. ) No. CIV-07-1401-W
)
DELL, INC. d/b/a DELL COMPUTER, )
INC., et al., )
)
Defendants. )

## ORDER

This matter comes before the Court on the Motion to Transfer Venue filed by the defendants, Dell, Inc. d/b/a Dell Computer, Inc., Dell USA L.P., and Dell Marketing USA L.P.[1] (collectively "Dell"), pursuant to title 28, section 1404(a) of the United States Code. Named plaintiffs Catherine L. Davis and Tommy Moore, individually and on behalf of others similarly situated, have responded in opposition to the motion, and Dell has filed a reply. Based upon the record, the Court makes its determination.

The plaintiffs filed this action on December 14, 2007, to recover earned wages and overtime compensation allegedly owed to them and other similarly situated current and former business sales representatives employed at Dell's call center in Oklahoma City, Oklahoma. The plaintiffs have sought certification of an opt-in collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.,[2] as well as an opt-out class

---

[1] Dell Marketing USA L.P. has contended that it has been misidentified in this case as Dell Marketing L.P.

[2] Employees who seek to become members of an FLSA collective action must "opt-in" by filing a written consent-to-sue. E.g., 29 U.S.C. § 216(b).

A

action[3] under Rule 23, F.R.Civ.P.,[4] and Oklahoma state law. E.g., 40 O.S. §§ 165.1, 165.3, 165.9.

On April 1, 2008, Hitul Gandhi, individually and on behalf of others similarly situated, filed an opt-in collective action under the FLSA in the United States District Court for the Western District of Texas, Austin Division (hereafter "Western District of Texas"), against Dell Inc. and Dell Marketing USA, L.P. Gandhi v. Dell Inc., No. A08CA-248LY ("Gandhi"). The named plaintiff in Gandhi, a former business sales representative at Dell's call center in Round Rock, Texas, which is approximately fifteen (15) miles north of Austin, Texas, identified the potential members of his collective action as business sales representatives employed at Dell's call centers in the United States. The nationwide collective action in Gandhi therefore incorporates the business sales representatives employed at Dell's call center in Oklahoma City, and thus, includes the named plaintiffs in this case as well as parties plaintiff Michelle Ricketts, Chris Snead, Josh Clanton and Shannon M. Brothers (hereafter "opt-in plaintiffs"), who have filed consents-to-sue under title 29, section 216(b) of the United States Code and have opted-in the case-at-bar.

Dell has moved this Court to transfer the instant action to the Western District of Texas under section 1404(a) for the purpose of consolidation with Gandhi. Section 1404(a) provides that

---

[3]Under Rule 23, F.R.Civ.P., putative class members generally are bound by any judgment or settlement in the class action unless they "opt-out" of the class.

[4]Rule 23, supra, and not 12 O.S. § 2023 cited by the plaintiffs, determines the procedural elements of a class action in federal court; in diversity cases or in those instances where relief is sought under state law, that law defines the substantive rights and liabilities of the parties.

2

> "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."

28 U.S.C. § 1404(a).

The Court's initial inquiry under section 1404(a) is whether the action "might have been brought" in the first instance in the Western District of Texas, the proposed transferee forum. The Court must determine not only whether that forum would have jurisdiction over the subject matter of this action and over the defendants, but also whether venue would be proper in that judicial district.

The record clearly demonstrates that the action might have been brought in the Western District of Texas. That court would have subject matter jurisdiction over this litigation[5] under title 28, section 1331[6] of the United States Code and section 216(b).[7] The Western District of Texas would also have personal jurisdiction over all defendants since their principal places of business are in Round Rock.

Finally, as to the question of venue, there are no special venue provisions for FLSA claims. Thus, the general venue provisions of title 28, section 1391 of the United States Code govern, and under subsections (b) and (c), venue would be proper in the Western

---

[5]The Texas court would have supplemental jurisdiction over the plaintiffs' state law claims under title 28, section 1367, if not section 1332, of the United States Code.

[6]Federal district courts have original jurisdiction over FLSA claims as "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. See also 28 U.S.C. § 1337(a) ("district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce").

[7]See 29 U.S.C. § 216(b) (actions under FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated").

3

District of Texas since all defendants in this action reside, and have their principal places of business, in that judicial district.

Section 1404(a) also requires the Court to consider the convenience to the parties and the witnesses. In evaluating the former, the Court must look not only to the residences of the plaintiffs, but also to the residences of the Dell employees to be called as witnesses since it is the convenience of these individuals that is used to measure the convenience to corporate parties.

Morever, in evaluating convenience to the witnesses, employee or nonemployee, the Court does not merely weigh the number of witnesses to be called by the parties. Rather, it must examine each witness' proposed testimony and determine the materiality thereof since the testimony of one potentially unavailable key witness may outweigh the testimony of a greater number of less important witnesses.

The named plaintiffs, Davis and Moore, are residents of Oklahoma County, Oklahoma,[8] and in their affidavits, they have stated that "the majority of current and former business sales representatives and class members[ ] are also residents of Oklahoma." Affidavit of Catherine L. Davis (September 15, 2008) at 2, ¶ 4 (hereafter "Davis Affidavit"); e.g., Affidavit of Tommy Moore (September 22, 2008) at 2, ¶ 4 (hereafter "Moore Affidavit").[9] Davis and Moore have asserted that "it would be much more difficult to

---

[8]The four consents-to-sue filed in this case do not indicate where the opt-in plaintiffs reside. But see Defendants' Reply at 7 n.9 (opt-in plaintiff Snead's last known address in Lafayette, Louisiana).

[9]For purposes of numbers, the Court has looked to Dell's submissions, wherein Dell has asserted that 545 individuals are currently employed, as of January 1, 2008, and 1787 individuals were or have been employed during the arguably relevant time period, December 14, 2004, to August 1, 2008, in Oklahoma as business sales representatives. Dell's submissions further reveal

4

encourage other class members to opt-in to this case if it were transferred out of state." Davis Affidavit at 2, ¶ 4; e.g., Moore Affidavit at 2, ¶ 4.

Davis has averred that a transfer of this matter to the Western District of Texas would "work a substantial hardship," Davis Affidavit at 1, ¶ 3, on her "to travel to Austin, Texas for Trial." Id. Moore has asserted that if the case is transferred, he "cannot participate at all, as it would be a financial hardship," Moore Affidavit at 1, ¶ 3, on him "to travel to Austin . . . for depositions and for trial." Id. No affidavits were submitted by the opt-in plaintiffs, who are also subject to discovery propounded by Dell, regarding the inconvenience, if any, they would suffer if this matter was transferred to the Western District of Texas.

As to Dell employee witnesses, the plaintiffs have stated that their respective former direct supervisors, Allison Stark and Neal Craig, as well as Stark's supervisor, Chris Kelleher, and the local human resources manager, Kayla Knox, are residents of Oklahoma. Likewise, the plaintiffs have identified as Oklahoma residents senior management executives, Terry Phifer, to whom the plaintiffs' supervisors reported, directly or indirectly, and Tom Benson, to whom Phifer reported. The availability of process to compel the testimony of witnesses is an important consideration, and the foregoing employee witnesses would be outside the subpoena power of the Western District of Texas.

---

that in addition to these individuals, there are 2520 individuals who are currently employed, as of January 1, 2008, and 5931 individuals who were or have been employed during that same time period at call centers other than the Oklahoma City call center as business sales representatives.

5

On the other hand, Dell has contended that its key personnel witnesses, who are located in Texas, are amenable to process in Texas, but are beyond this Court's subpoena power. By way of explanation regarding its management hierarchy and potential key employee witnesses, Dell has submitted the declaration of Patti Powers, a finance senior consultant employed by Dell USA L.P. She has stated that business sales representatives are employed by Dell Marketing USA L.P. in its Americas Business Unit, and that the management of these representatives falls to eleven (11) vice presidents, nine (9) of whom are located in Round Rock, eight (8) directors, seven (7) of whom are employed in Round Rock, and approximately 260 people managers, 140 of whom are employed in Round Rock. See Declaration of Patti Powers (August 21, 2008) at 2, ¶ 6 (hereafter "Powers Declaration"). She has further stated that no vice presidents and only one (1) sales director are located in Oklahoma. Id.

Dell has not however identified any of its key personnel witnesses by name, and it has not indicated which, if any, of these vice presidents, directors or people managers intend to testify. Likewise, it has not described the roles, if any, of these individuals in the actual events giving rise to this lawsuit or summarized for the Court the key employee witnesses' proposed testimony so that the Court could determine its materiality, if any. E.g., Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)(some factual information relative to materiality of witnesses must be supplied). Furthermore, Dell has not demonstrated that any employee witnesses would be unwilling to travel to Oklahoma for trial or, while acknowledging that live testimony is preferable whenever feasible, that the depositional testimony of such witnesses would be unsuitable.

6

As to the convenience of nonemployee-witnesses, Dell has not listed any potential witnesses that would fall in this category. And, as it likewise has failed to do so in connection with its potential employee witnesses, Dell has neither explained which or how many of these individuals, if any, would incur personal expense due to a trial in this state, nor discussed the severity of the inconvenience to be suffered by, or any acute hardships peculiar to, any individual as a result of a trial in Oklahoma. Thus, the Court is unable to evaluate the impact of trial in Oklahoma on Dell's ability to litigate this matter and to present its defenses.

"Section 1404(a) provides for a transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). Based upon the foregoing, the Court finds that Dell, which bears the burden of proving that a transfer is warranted, has failed to show that the Western District of Texas is clearly a more convenient forum for parties and witnesses; thus, a change of venue is not warranted based upon these considerations.

The final factor that bears on the Court's decision is whether a transfer is required "in the interest of justice." "Although . . . 'the letter of . . . section [1404(a)] might suggest otherwise,' it is well established that the interest of justice is a factor . . . to be considered on its own and is an extremely important one." 15 C. Wright, A. Miller and E. Cooper Federal Practice and Procedure § 3854, at 246 (3d ed. 2007)(footnotes omitted). Some federal courts "have considered this factor decisive—outweighing the other statutory factors—in ruling on a change of venue motion even though the convenience of the parties and witnesses pointed in a different direction." Id. § 3854, at 246-47 (footnote omitted); e.g., Regents of University of California v. Eli Lilly & Company, 119 F.3d 1559, 1565 (Fed.

7

Cir. 1997)(consideration of interest of justice, which includes judicial economy, may be dispositive); Proffitt v. Abbott Laboratories, 2008 WL 4401367 (E.D. Tenn. 2008)(interest of justice, especially factor of related litigation, may be determinative; outweighs convenience of parties and witnesses).

This factor requires the Court to examine inter alia the relationship, if any, between the litigation and Oklahoma. This element has increased importance where there are significant connections between the forum state and the events giving rise to the lawsuit, and conversely, has reduced value where there are few, if any, significant connections between the forum and the conduct underlying the cause of action. The Court finds under the circumstances of this case that Oklahoma has an interest in resolving this matter between Oklahoma residents, who were allegedly wrongfully compensated in violation of the FLSA, and Dell, their collective employer entities that are authorized to, and do, transact business in this state.

This factor also requires the Court to consider the relative ease of access to sources of proof. In this connection, Dell has stated that its payroll records are located in Round Rock and that all personnel files for its business sales representatives employed at the Oklahoma City call center are maintained in hard copy form only in Round Rock. Powers Declaration at 1-2, ¶ 3. Dell has further contended that it uses the KRONOS system to maintain employee time records, that this system is administered in Round Rock and that all KRONOS records are located in the Austin/Round Rock area. Id. at 2, ¶ 4.

It appears that the paper records that are allegedly relevant to the parties' claims and defenses are located in the Western District of Texas. However, while the location and availability of such documentary evidence are factors to be considered, they are not

entitled to great weight since records, or copies thereof, may be easily transported and further, since such records may be reduced to electronic form and transferable to any judicial district.

Finally, Dell has argued that the interest of justice is best served by the consolidation of this action and Gandhi. While acknowledging that courts defer in large part to a plaintiff's choice of forum and that significant weight is given to that choice in deciding whether to transfer a case, Dell has contended that the deference, if any, given the plaintiffs' choice of forum under the instant circumstances is outweighed by the similarity of issues in Gandhi and the public interests that a transfer of this matter to the Western District of Texas would serve. It has claimed that a transfer of this action to the Western District of Texas will promote judicial economy and "secure the just, speedy, and inexpensive determination of [this] . . . action . . . ." Rule 1, F.R.Civ.P.

Section 1404(a) was enacted "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" Van Dusen, 376 U.S. at 616 (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). Dell has asserted that consolidation of this litigation with the Texas litigation would serve in furthering these purposes and would prevent in large part duplication of discovery, redundant litigation, the likelihood of inconsistent results and multiple appeals.

In arguing that a transfer is not warranted, the plaintiffs have relied upon the "first-to-file" rule.[10] This rule is not absolute, and its rigid application will not always result in the

---

[10]Generally, this rule applies in situations where two lawsuits between the same parties on the same cause of action are filed in two different federal courts. In such instances, "the first

9

more suitable of two competing forums. Rather, inquiry into the more appropriate forum, after consideration of judicial administration and conservation of resources, is mandated. Proper application of the "first-to-file" rule requires the Court to examine and evaluate those concerns that arise from "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues[, which] 'leads to the wastefulness of time, energy and money [that section 1404(a) was designed to prevent].'" Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965)(quoting Continental Grain, 364 U.S. at 26).

Procedurally, the two cases are in a similar posture. Pursuant to the Scheduling Order entered in Gandhi on July 7, 2008, the parties are to complete all discovery related to those issues that pertain to certification of the collective action on or before October 24, 2008, and the named plaintiff and any individuals who have filed consents-to-sue in that case are to file a motion seeking certification by November 3, 2008. The Texas court defendants' response is due no later than December 4, 2008, and any reply thereto is due no later than December 19, 2008. No other deadlines have been established, and no trial date has been set.

In the instant case, a discovery conference was held pursuant to Rule 26(f), F.R.Civ.P., on July 29, 2008, and thereafter, the Court conducted a status conference and entered a Scheduling Order on August 6, 2008. The Court directed that discovery be completed by October 24, 2008, and that the plaintiffs' motion seeking certification be filed

---

federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965)(footnote and citations omitted). In relying on the rule, the plaintiffs have acknowledged that it pertains to "'two identical actions filed in courts of concurrent jurisdiction.'" Plaintiffs' Response at 2 (quoting Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)).

10

by November 3, 2008. Again, Dell's response deadline is December 4, 2008, and the deadline for the plaintiffs' reply is December 19, 2008. This Court also established deadlines for filing final lists of exhibits and witnesses and dispositive motions, and it set the matter for trial on the Court's June 2009 jury trial docket.

At the time Dell filed its Motion to Transfer Venue, no depositions had been taken in either case. In Gandhi, written discovery was propounded to the defendants on July 22, 2008, and in the instant case, the plaintiffs sent written discovery to Dell on August 4, 2008. See Declaration of Jeffrey C. Londa (August 22, 2008) at 2, ¶ 5.

In Gandhi, relief is sought under the FLSA; in the instant case, relief, as stated, is sought under both the FLSA and Oklahoma law. To the extent, the plaintiffs have sought damages in both cases under the FLSA, the collective action in the Western District of Texas encompasses the collective action in the case-at-bar.[11] As to the state law claims, these claims parallel the FLSA claims,[12] and the state law claims and the proposed class issues under Rule 23, supra, can be adequately litigated in the Western District of Texas.

The burden of showing that a transfer is warranted is on the movant, and unless the evidence and circumstances clearly and strongly favor the requested transfer, a plaintiff's choice of forum is rarely disturbed. Section 1404(a) requires an individualized, case-by-case consideration of all relevant factors, and in the instant matter, the Court finds that Dell

---

[11] One opt-in plaintiff in Gandhi is Jamey Mendenhall, who was employed as a business sales representative at Dell's call center in Oklahoma City from September 13, 2004, to July 5, 2005. See Powers Declaration at 2, ¶ 7.

[12] As stated, the plaintiffs have sought relief under 40 O.S. § 165.1 et seq. Section 165.9 permits an "[a]ction by an employee to recover unpaid wages and liquidated damages [to] . . . be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated . . . ." 40 O.S. § 165.9.

11

has demonstrated that the interest of justice would be best served by a transfer of this action to the Western District of Texas, Austin Division. "[C]ollective action[s] allow . . . [aggrieved] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989), and "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . [wrongful] activity." Id.

A transfer will no doubt result in some inconvenience to parties and witnesses. However, given the substantially identical judicial proceedings and the fact that the Texas collective action subsumes the instant collective action, the Court, after weighing the private interests of the plaintiffs in litigating this matter in this judicial district and the public interests that are furthered by the proposed transfer,

(1) in its discretion,[13] GRANTS the defendants' Motion to Transfer Venue [Doc. 43] filed on August 22, 2008; and

(2) DIRECTS the Clerk of the Court to transfer this action to the United States District Court for the Western District of Texas, Austin Division.

ENTERED this 14th day of October, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[13] E.g., Regents of University of California, 119 F.3d at 1565 (no abuse of discretion by transferring case after affording determinative weight to consideration of judicial economy).

12