# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE L. DAVIS and TOMMY MOORE, Individually, and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. _____ |
| v. | )<br>) |
| DELL, INC. d/b/a DELL COMPUTER, INC. a Delaware corporation; | )<br>)<br>) |
| and, | )<br>) |
| DELL USA L.P., a Texas Limited Partnership; | )<br>)<br>) |
| and, | ) CLASS ACTION COMPLAINT |
| DELL MARKETING L.P., a Texas Limited Partnership, | )<br>)<br>) |
| Defendants. | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiffs, Catherine L. Davis and Tommy Moore, individually and on behalf of all others similarly situated, by and through counsel, file this Complaint against Dell, Inc. d/b/a Dell Computer, Inc., Dell USA L.P., and Dell Marketing L.P. (collectively "Dell" or "Defendants"). All allegations made in this Complaint are based on information and belief, except those allegations that pertain to the named Plaintiffs, which are based on personal knowledge. Plaintiffs' information and belief is based, *inter alia*, on the investigation made by and through counsel.

1



## NATURE OF THE CASE

1. Dell sells computers and related products to consumers throughout the world. Dell's policy and practice is to deny earned wages and overtime pay to its sales representatives at its call center facilities located in Oklahoma City, Oklahoma and nationwide. Dell's failure to pay employees their earned wages and overtime compensation is deliberate and violates the Fair Labor Standards Act ("FLSA") and applicable state laws.

2. Plaintiffs are formerسales representative at Dell's call center facility in Oklahoma City, Oklahoma. This lawsuit is brought as a collective action under the FLSA and as a class action under Oklahoma state law to recover unpaid wages owed to Plaintiffs and all other similarly situated employees.

## JURISDICTION AND VENUE

3. The FLSA authorizes claims by private parties to recover damages for violation of FLSA's wage and hour provisions. Jurisdiction is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1367, this Court also has jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims as to form part of the same case or controversy. Additionally, jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because of

diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. 1391(b) and (c), venue in this district is proper because Dell conducts business in this district.

## PARTIES

6. Plaintiff Catherine L. Davis is a former sales representative of Dell, who was employed at the Dell Oklahoma City, Oklahoma call center (hereafter the "Oklahoma City facility") for approximately eight months, beginning on July 11, 2005. Davis' consent to become a party plaintiff is attached hereto as Exhibit A.

7. Plaintiff Tommy Moore is a former sales representative of Dell, who was employed at the Oklahoma City facility from May 22, 2006 until November 16, 2006. Moore's consent to become a party plaintiff is attached hereto as Exhibit B.

8. Dell, Inc. d/b/a Dell Computer, Inc., is a Delaware Corporation with its principal place of business in Round Rock, Texas. Dell, Inc. does business worldwide and in the State of Oklahoma.

9. Dell USA, L.P. is a Texas Limited Partnership with its principal place of business in Round Rock, Texas. Dell USA, L.P. does business nationwide and in the State of Oklahoma. Upon information and belief, Dell USA, L.P. is a subsidiary of Dell, Inc.

10. Dell Marketing L.P. is also a Texas Limited Partnership with its principal place of business in Round Rock, Texas. Upon information and belief, Dell Marketing L.P. is a subsidiary of Dell, Inc.

## GENERAL ALLEGATIONS

11. Dell operates call centers in several states in the United States, including Oklahoma, Oregon, Idaho, Tennessee, and Texas.

12. Sales representatives at the call centers communicate by telephone with new or existing Dell customers to inform them about new Dell products, assist with questions concerning their Dell products, and handle new service or equipment issues.

13. Dell classifies its sales representatives as "non-exempt" and sales representatives are eligible for overtime compensation when they work more than forty (40) hours in a work week.

14. Dell uses a timekeeping system known as Kronos to keep track of hours worked by sales representatives.

15. Kronos regularly and routinely does not record all of the hours worked by sales representatives and because of these errors, sales representatives are routinely not paid for all the hours they work.

16. Sales representatives are not allowed to independently correct the time Kronos records, even if they work in excess of the hours reflected in Kronos. To correct an error in Kronos, sales representatives must ask a supervisor to correct the error, but such requests are rarely successful because either the supervisor does not make the correction or Kronos still fails to adequately record the time.

17. Dell has been on notice of the Kronos record keeping errors for years but has failed to correct the errors or obtain a new method of time keeping for sales representatives.

18. Dell has failed to pay sales representatives for their hours worked even after it was notified about the Kronos errors.

19. In addition to failing to accurately record time worked, Kronos automatically deducts one hour of pay for every sales representative's lunch period.

20. Kronos makes the one hour lunch deduction regardless of whether the sales representative takes an hour for lunch. Routinely and at the direction of Dell supervisors, sales representatives take lunch breaks which constitute only a thirty (30) to forty-five (45) minute lunch break. In some cases, sales representatives are instructed to eat at their desk and reduce other personal breaks to the "necessary" in order to meet sales goals. As a result, Kronos does not correctly record sales representatives' time.

21. Dell is aware that its sales representatives do not take a full one hour lunch break, but it has failed to correct the time keeping problem with Kronos.

22. Dell also does not pay sales representatives for integral, required, and indispensable job duties that are necessary for the sales representatives' principal activity of assisting new or established Dell customers.

23. Dell also requires a sales representative to complete a number of critical tasks before answering a call from a Dell customer, including: (1) booting up computers; (2) logging on to the Dell network; (3) opening relevant computer programs; (4) reviewing memoranda and correspondence relating to Dell's promotions and other services; (5) reading and responding to customer e-mails or following up with customers about earlier inquiries; and (6) completing other essential tasks. Sales representatives perform many of these integral and essential preparatory tasks before logging on to Kronos, during their lunch breaks if they have a lunch break, and after they log out of Kronos at the end of their shifts.

24. Dell requires its sales representatives to attend sales meetings, at least one per week of at least one hour duration, but does not compensate the sales representatives for the time spent attending the mandatory meetings.

25. Dell does not pay its sales representatives for attending the required meetings or performing the indispensable start-up and follow-up daily tasks that are necessary for the sales representatives to perform their job duties.

26. Upon information and belief, Dell is adhering to the same policies and practices with respect to its sales representatives at other call centers located in the United States.

27. The effect of Dell's behavior and its policies and practices instituted and approved by the Company managers is that Dell willfully fails to pay overtime compensation to its sales representatives and willfully fails to keep accurate time records to reduce payroll costs. Dell enjoys ill-gained profits at the expense of its call center representatives.

## COLLECTIVE AND CLASS ALLEGATIONS

28. Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

29. Plaintiffs bring Count II as a class action pursuant to FED. R. CIV. P. 23, on behalf of themselves and as the Class Representatives of the following persons:

> All former sales representatives who have worked at Dell's Oklahoma City facility (call center) at any time since its opening in September of 2004 to present.

30. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

31. The state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

32. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Dell's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to by party plaintiffs may be determined from the records of Dell, and the potential class members may easily and quickly be notified of the pendency of this action.

33. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to FED. R. CIV. P. 23(a).

34. The class satisfies the numerosity standard and is believed to number in the hundreds of persons. The call center in Oklahoma City employs over one thousand (1000) people. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

35. There are common questions of law and fact to the class. The common questions of law and fact arising from Dell's actions include, but are not limited to, the following:

> a. Whether Dell was or has been unjustly enriched by its failure to compensate its sales representatives for all time worked;
>
> b. Whether Dell knowingly engaged in a policy or practice of failing to compensate its sales representatives for all time worked;
>
> c. Whether Dell violated Oklahoma law when it failed to compensate its sales representatives for all hours worked and failed to maintain accurate time records; and
>
> d. Whether Dell violated Oklahoma law when it failed to compensate its sales representatives by paying commissions due when it routed referrals relating to potentially large accounts to certain individuals.

36. The questions set forth above predominate over any questions affecting only individual members and the fact issues relating to the members of the class are identical or virtually so, such that a class action is superior with respect to considerations of judicial efficiency, equity, economy and fairness to other available methods for the fair and efficient adjudication of state law claims.

37. Plaintiffs' claims are typical of those other members of the class who were employed with Dell as sales representatives or other similar positions and who were subject to the same or similar unlawful practices as Plaintiffs.

38. A class action is the appropriate and superior method for the fair and efficient adjudication of this controversy. Dell has acted or refused to act on grounds generally applicable to the entire class. The prosecution of separate actions by individual members of the class would create the risk of (1) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Dell, or (2) adjudications with respect to individual members of the class which would as a practical matter be dispositve of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

39. Plaintiffs are adequate representatives of the class and can fairly represent the class, because they are members of the class and their interests do not conflict with the interests of other members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their counsel, who has extensive experience in class action litigation and will vigorously prosecute the action.

40. Maintenance of this suit as a class action is by far the most fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for

each member of the class who suffered harm by Dell's actions to bring a separate lawsuit. Such numerous actions would unduly burden the courts and Defendant and could result in inconsistent adjudications, while a single class action can determine the rights of all class members while protecting the rights of the parties and promoting judicial economy.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Dell by Plaintiffs Individually and on Behalf Of all Others Similarly Situated)

41. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 40.

42. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et. seq.*

43. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44. Dell is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

45. Dell violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Dell has also willfully failed to keep accurate records of all hours worked by its employees.

46. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the exemptions set forth at 29 U.S.C. § 213 apply to Plaintiffs or sales representatives.

47. Plaintiffs and all similarly situated former Dell employees are victims of a uniform and facility-wide compensation policy. This uniform policy, in violation of the FLSA, is and has been applied to all sales representatives in Dell's Oklahoma City facility. Upon information and belief, Dell is applying the same unlawful compensation policy to sales representatives in all of its other call centers within the United States.

48. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay preceding the filing of this Complaint, from the date of the opening of the Oklahoma City facility, plus periods of equitable tolling, because Dell acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

49. Dell has acted neither in good faith nor with reasonable grounds to believe that is actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16 of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Dell did not act willfully in failing to pay overtime pay and is not liable to pay Plaintiffs liquidated damages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Dell from Plaintiffs and all other similarly situated employees. Accordingly, Dell is liable pursuant to 29 U.S.C. § 216(b) together with an additional amount as liquidated damages, prejudgment interest and post judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiffs and all similarly situated past and present employees of Dell demand judgment against Dell and pray for: (1) compensatory damages, (2) liquidated damages, (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA, (4) prejudgment and post judgment interest as allowable by law, and (5) any other relief this Court deems fair and equitable.

## COUNT II

### Violation of Oklahoma Law

**(Brought Against Dell by Plaintiffs Individually and on Behalf Of all Others Similarly Situated)**

51. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 50.

52. Dell violated Oklahoma law by failing to maintain accurate records of hours worked resulting in underpayment of wages due and failure to compensate Plaintiffs for overtime in violation of 40 O.S.Supp.2005, §§ 165.1, 165.3, and 165.9.

53. As a result of Dell's failure to pay wages due, Plaintiffs were damaged in an amount to be determined at trial.

54. Additionally, if Dell is found to be liable for failure to pay Plaintiffs wages due under §§ 165.1, 165.3, and 165.9, Dell should be additionally liable to Plaintiffs for liquidated damages.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Dell and pray for an award of: (1) compensatory and liquidated damages, (2) prejudgment and postjudgment interest as provided by law, and (3) any other such relief as this Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial of all issues triable by a jury.

Dated: December 14, 2007

                              Respectfully submitted,

                              /s/William B. Federman
                              William B. Federman, OBA # 2853
                              Allison B. Waters, OBA #21885
                              Jennifer F. Sherrill, OBA #19703
                              **FEDERMAN & SHERWOOD**
                              10205 N. Pennsylvania
                              Oklahoma City, OK 73120
                              Tel: (405) 235-1560
                              Fax: (405) 239-2112