## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually and<br>on behalf of a class of others similarly<br>situated, | ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | |
| v. | ) <br> ) | **Case No.: 08-CV-0248 LY** |
| DELL INC. and<br>DELL MARKETING USA, L.P. | ) <br> ) <br> ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' MOTION AND MEMORANDUM FOR CERTIFICATION UNDER 29 U.S.C. § 216(b) AND CLASS ACTION CERTIFICATION UNDER FED. R. CIV. PRO. 23

**DATE:** January 30, 2009

**STUEVE SIEGEL HANSON LLP**
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Matthew L. Dameron (admitted *pro hac vice*)
Email:  dameron@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:  816-714-7100
Fax:  816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  214-749-1400
Fax:  214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email:  wbf@federmanlaw.com
Allison B. Waters
Texas Bar No. 00795994
Email:  abw@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:  (405) 235-1560
Fax:  (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS ................................................................... 2

      A.   DELL TREATS BUSINESS SALES REPRESENTATIVES UNIFORMLY. ............................ 2

      B.   DELL HAS A UNIFORM COMPENSATION PLAN APPLICABLE TO ALL
           BUSINESS SALES REPRESENTATIVES. .......................................................... 4

      C.   DELL USES UNIFORM TIMEKEEPING MECHANISMS FOR BUSINESS SALES
           REPRESENTATIVES. ................................................................................ 5

      D.   DELL DOES NOT COMPENSATE BUSINESS SALES REPRESENTATIVES FOR
           TIME SPENT PERFORMING INTEGRAL AND INDISPENSABLE TASKS. ....................... 5

      E.   DELL AUTOMATICALLY DEDUCTS ONE HOUR OF PAY FOR BUSINESS SALES
           REPRESENTATIVES' LUNCH PERIODS. ......................................................... 6

      F.   PLAINTIFFS' ALLEGATIONS AND SUPPORTING EVIDENCE ................................. 7

           1.   *Dell Improperly Classified Business Sales Representatives as
                Salaried Nonexempt Employees and Improperly Applied the
                Fluctuating Workweek Method of Payment.* ................................. 7

           2.   *Dell Does Not Pay Business Sales Representatives for All Work
                Time.* .................................................................................. 8

           3.   *Dell's Incentive Policies Are Unlawful.* .................................... 9

III.  THE COURT SHOULD CONDITIONALLY CERTIFY PLAINTIFFS'
      CLAIMS  UNDER THE FLSA. ......................................................... 9

      A.   THE LAW FAVORS COLLECTIVE ACTIONS UNDER THE FLSA. ............................ 10

      B.   THE COURT SHOULD APPLY THE TWO-STAGE CERTIFICATION PROCESS .............. 10

      C.   DELL'S BUSINESS SALES REPRESENTATIVES ARE ENTITLED TO NOTICE. ............. 13

IV.   THE COURT SHOULD CERTIFY OKLAHOMA PLAINTIFFS' CLAIMS
      UNDER FED. R. CIV. P. 23. ........................................................... 17

      A.   STATEMENT DEFINING CLASS OF PLAINTIFFS ........................................... 17

      B.   PLAINTIFFS SATISFY THE REQUIREMENTS OF FEDERAL RULE OF CIVIL
           PROCEDURE 23(A). ............................................................................ 17

           1.   *Numerosity* ...................................................................... 18

      2.     *Commonality* ................................................................................................ 19

      3.     *Typicality* ...................................................................................................... 20

      4.     *Adequacy* ...................................................................................................... 21

C.    PLAINTIFFS SATISFY THE REQUIREMENTS OF FED. R. CIV. P. 23(B)(3) ................ 22

      1.     *Predominance* .............................................................................................. 22

      2.     *Superiority* .................................................................................................... 24

D.    OTHER ACTIONS AGAINST DELL INVOLVING THE SAME OR SIMILAR CAUSES OF ACTION ........................................................................................ 25

E.    PROPOSED NOTICE TO MEMBERS OF THE PUTATIVE CLASS ................................ 25

V.    CONCLUSION ........................................................................................................ 25

## TABLE OF CASES AND AUTHORITIES

Federal Cases

*Aguayo v. Oldenkamp Trucking*, No. 04-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005) ............................................................................................................... 12

*Aguilar v. Complete Landsculptures, Inc*., No. 3:04-0776, 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004) ..................................................................................... 11, 13

*Aguirre v. SBC Communications, Inc.*, No. 05-3198 Slip Copy, 2007 WL 772756 (S.D. Tex. March 12, 2007) ........................................................................... 12

*Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002) ....................................................................................................... 12

*Allen v. Marshall Field & Co.,* 93 F.R.D. 438 (N.D. Ill. 1982)................................... 12

*Ballaris v. Wacker Silttronic Corp*., No. 00-1627, 2001 WL 1335809 (D. Or. Aug. 24, 2001) ....................................................................................................... 11

*Barnett v. Countrywide Credit Indus., Inc.*, No. 01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002)............................................................................ 11, 13

*Belcher v. Shoney's, Inc*., 927 F. Supp. 249 (M.D. Tenn. 1996) ................................ 12

*Berger v. Compaq Computer Corp*., 257 F.3d 475 (5th Cir. 2001)............................... 21

*Brooks v. Bellsouth Telecomm.*, 164 F.R.D. 561 (N.D. Ala. 1995).............................. 12

*Brown v. Money Tree Mortgage, Inc*., 222 F.R.D. 676 (D. Kan. 2004) ....................... 11

*Burch v. Qwest Comm. Int'l, Inc*., 500 F. Supp. 2d 1181 (D. Minn. 2007) ................ 16

*Camper v. Home Quality Mgmt., Inc*., 200 F.R.D. 516 (D. Md. 2000) ....................... 11

*Church v. Consol. Freightways, Inc*., 137 F.R.D. 294 (N.D. Cal. 1991)...................... 12

*Clarke v. Convergys Cust. Mgmt. Group*, 370 F. Supp. 2d 601 (S.D. Tex. 2005) ................ 13, 16

*De Asencio v. Tyson Foods, Inc*., 130 F. Supp. 2d 660 (E.D. Pa. 2001) ..................... 11

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)................................................. 17

*Forbush v. J.C. Penney Co*., Inc., 994 F.2d 1101 (5th Cir. 1993) ......................... 19, 20

*Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980)....................................................... 17

*Garner v. G.D. Searle*, 802 F. Supp. 418 (M.D. Ala. 1991)..................................................... 12, 13

*Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir. 2008)............................................. 22

*Grayson v. K-Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996)............................................................ 12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................................... 19, 20

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)...................................................... 20

*Hens v. ClientLogic Operating Corp.*, No. 05-381, 2006 WL 2795620 (W.D.N.Y.
    Sept. 26, 2006) .................................................................................................................... 16

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989).................................................. 10, 13

*Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44 (D.D.C. 2006)..................................................... 7, 8, 9

*In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F. Supp. 2d 1053
    (N.D. Cal. 2007)................................................................................................................... 23

*James v. City of Dallas, Tex.*, 254 F.3d 551 (5th Cir. 2001) ........................................................ 18

*Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468 (5th Cir. 1986) ................................................... 21

*Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866 (S.D. Tex. 2007) ........................................ 11

*Krzesniak v. Cendant Corp.*, 2007 WL 1795703 (N.D. Cal. June 20, 2007) .............................. 21

*Longden v. Sunderman*, 123 F.R.D. 547 (N.D. Tex. 1988) ......................................................... 18

*Loreas v. C&S Ranch*, Civil Action No. L-97-30 (S.D. Tex. May 16, 1997) .............................. 12

*Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. December 17,
    2002) ..................................................................................................................................... 12

*Marcus v. Kansas Dep't of Rev.*, 206 F.R.D. 509 (D. Kan. 2002) ................................................ 21

*Maynor v. Dow Chemical Co.*, No. 07-0504, 2008 WL 2220394 (N.D. Tex. May 28,
    2008) ..................................................................................................................................... 16

*Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995) ....................................... 12, 13, 16

*Mullen v. Treasure Chest Casino*, LLC, 186 F.3d 620 (5th Cir. 1999)................................... 18, 22

*Nelson v. Am. Standard, Inc.*, No. 2:07-010 Slip Copy, 2008 WL 906324 (E.D. Tex.
    March 31, 2008)..................................................................................................................... 11

*Norman, et al. v. Dell Inc., et al.,* No. 07-6028, 2008 WL 2899722 (D. Or. July 10,
    2008) ............................................................................................................................. 1, 16, 25

*Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002) .................................................... 11

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) .................................. 14, 15

*Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820 (N.D. Tex. 2007) ............................................ 10, 13

*Sagers v. Yellow Freight System, Inc.*, 529 F.2d 721 (5th Cir. 1976).......................................... 18

*Schwartz v. MCI Telecommunications Corp.*, Civil Action No. H-98-1574 (S.D. Tex. February 18, 1999)................................................................................................................... 12

*Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007)................. 16

*Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988)........................................... 12

*Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188 (6th Cir. 1988)................................................. 19

*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001)........................................ 10

*Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003)..................................... 11

*Watson v. Shell Oil, Inc.*, 979 F.2d 1014 (5th Cir. 1992) ............................................................ 18

*Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483 (D. Kan. 2004)........................................ 11

*Zhao v. Benihana*, No. 01 Civ. 1297, 2001 WL 845000 (S.D.N.Y. May 7, 2001) ...................... 12

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001) ....................................................................................................... 23

## Federal Statutes

29 U.S.C. § 216(b) ....................................................................................................................... 10

## State Statutes

40 O.S. §165.1 .............................................................................................................................. 23

40 O.S. §165.3 .............................................................................................................................. 23

40 O.S. §165.9 .............................................................................................................................. 23

## Federal Regulations

29 C.F.R. § 778.114 ........................................................................................................................ 7

## I.        INTRODUCTION

This is a clear case for certification.  Dell has promulgated compensation policies and practices that uniformly violate the wage and hour rights of a class of similarly situated business sales representatives.   These unlawful policies include: (1) misclassifying business sales representatives as "salaried nonexempt" employees and misapplying the "fluctuating workweek" method of calculating overtime; (2) failing to properly account for and pay incentive compensation; and (3) requiring business sales representatives to perform integral and indispensable job activities without compensation.

Recognizing these unifying characteristics, the District Court of Oregon has already granted conditional certification under the Fair Labor Standards Act ("FLSA") to a class of consumer sales representatives employed by Dell.  *See Norman, et al. v. Dell Inc., et al.*, No. 07-6028, 2008 WL 2899722 (D. Or. July 10, 2008).  Similar to business sales representatives, Dell purposely classified consumer sales representatives as "salaried nonexempt," and violated other applicable provisions of the FLSA.  Considering a motion that was almost identical to the instant Motion, the Oregon District Court held that "Plaintiffs have shown that Dell's policies and practices related to [consumer sales representatives'] compensation is uniform for virtually all . . . putative class members."  *Id.* at *2.  Plaintiffs make a similar showing in this case and, for the reasons set forth herein, the Court should grant Plaintiffs' Motion.

The prerequisites for collective action certification are easily met on the factual record set forth herein, and the Court should grant Plaintiffs' Motion to effectuate the remedies offered by the FLSA and Federal Rule of Civil Procedure 23.

## II.   STATEMENT OF FACTS

### A.   DELL TREATS BUSINESS SALES REPRESENTATIVES UNIFORMLY.

1.      Plaintiffs in this case are current and former business sales representatives who worked for Dell.  *See* Plaintiffs' Complaint [Doc. 1] at ¶ 7; Declaration of Joshua Barker at ¶ 1 (hereinafter "Barker Dec. at ¶ __"); Declaration of Shannon Brothers at ¶ 1 (hereinafter "Brothers Dec. at ¶ __"); Declaration of Izetta Carson at ¶ 1 ("hereinafter "Carson Dec. at ¶ __"); Declaration of Catherine Davis at ¶ 1 (hereinafter "Davis Dec. at ¶ __"); Declaration of Hitul Gandhi at ¶ 1 (hereinafter "Gandhi Dec. at ¶ __"); Declaration of Parvin Greene at ¶ 1 (hereinafter "Greene Dec. at ¶ __"); Declaration of David Haley at ¶ 1 (hereinafter "Haley Dec. at ¶ __"); Declaration of Jamey Mendenhall at ¶ 1 (hereinafter "Mendenhall Dec. at ¶ __"); Declaration of Tommy Moore at ¶ 1 (hereinafter "Moore Decl. at ¶ __"); Declaration of Michelle Ricketts at ¶ 1 (hereinafter "Ricketts Dec. at ¶ __"); Declaration of Myron Schrouf at ¶ 1 (hereinafter "Schrouf Dec. at ¶ __"); Declaration of Nicholas Stewart at ¶ 1 (hereinafter "Stewart Dec. at ¶ __"); Declaration of Tracie Webb at ¶ 1 (hereinafter "Webb Dec. at ¶ __"); Declaration of Daniel Wojeichowski at ¶ 1 (hereinafter "Wojeichowski Dec. at ¶ __").[1]

2.      Dell utilizes one basic job description for all business sales representatives, and it applies to all levels of business sales representatives.  Exhibit A.[2]

---

[1]      Pursuant to Local Rule CV-7(b), Plaintiffs have attached all Declarations in the Appendix which is being filed contemporaneously with Plaintiffs' Motion and Memorandum for Certification ("the Memorandum").

[2]      Plaintiffs have provided excerpts of documents produced by Dell in this litigation.  Plaintiffs have included the title page of the document and the relevant pages.  Pursuant to Local Rule CV-7(b), Plaintiffs have attached all Exhibits in the Appendix which is being filed contemporaneously with the Memorandum.  Plaintiffs will refer to them by exhibit number throughout the Memorandum.

3.      Dell's American Business Unit is the division that employs all business sales representatives.  Exhibit B at ¶¶ 2-3.[3]

4.      Business sales representatives report up a uniform management structure.  Exhibit B at ¶ 6.

5.      Dell's Americas Employee Service Group is in charge of payroll for all business sales representatives.  Dell administers payroll for all business sales representatives from a centralized location in Round Rock, Texas.  Exhibit B at ¶¶ 2-3.

6.      As of August 1, 2008, Dell employed approximately 3,065 business sales representatives nationwide.  Exhibit B at ¶ 5.

7.      Between December 14, 2004, and August 1, 2008, Dell employed approximately 7,800 business sales representatives nationwide.[4]   *See* Exhibit C at Interr. No. 2.; Exhibit B at ¶ 5.

8.      In its Oklahoma City, Oklahoma call center, Dell employed approximately 500 business sales representatives as of December 2008.[5]  *See* 30(b)(6) Deposition Excerpts of Amy Atsumi at 22:24-23:14 (hereinafter "Atsumi Depo. at __").

9.      The primary job duty of all business sales representatives is to sell Dell products and services to business customers.  Barker Dec. at ¶ 2; Brothers Dec. at ¶ 2; Carson Dec. at ¶ 2; Davis Dec. at ¶ 2; Gandhi Dec. at ¶ 2; Greene Dec. at ¶ 2;  Haley Dec. at ¶ 2; Mendenhall Dec. at

---

[3]      Exhibit B is the declaration of Patti Powers attached to Defendant's Motion to Transfer in *Davis v. Dell, Inc. et al.*, No. 5:07-cv-01401-W (W.D. Okla.) (hereinafter "Exhibit B at ¶ __").

[4]      Based on these figures and using a three-year time period, Plaintiffs estimate that the size of the putative FLSA collective action is approximately 10,000 business sales representatives.

[5]      Over the course of the relevant time period and taking attrition into account the total number of business sales representatives employed by Dell in Oklahoma City was approximately 1,900.  Atsumi Depo. at 27:1-28:7.

¶ 2; Moore Decl. at ¶ 2; Ricketts Dec. at ¶ 2; Schrouf Dec. at ¶ 2; Stewart Dec. at ¶ 2; Webb Dec. at ¶ 2; Wojeichowski Dec. at ¶ 2.  *See also* Ex. A.

10.     During the relevant time period, Dell employed business sales representatives in the following call centers:  Nashville, Tennessee; Oklahoma City, Oklahoma; and Round Rock, Texas.  Atsumi Depo. at 22:11-16; Barker Dec. at ¶ 1; Brothers Dec. at ¶ 1; Carson Dec. at ¶ 1; Davis Dec. at ¶ 1; Ghandi Dec. at ¶ 1; Greene Dec. at ¶ 1; Haley Dec. at ¶ 1; Mendenhall Dec. at ¶ 1; Moore Decl. at ¶ 1; Ricketts Dec. at ¶ 1; Schrouf Dec. at ¶ 1; Stewart Dec. at ¶ 1; Webb Dec. at ¶ 1; Wojeichowski Dec. at ¶ 1.

11.     The vast majority of business sales representatives are full-time employees who are scheduled to work at least forty hours per week.  Atsumi Depo. at 91:16-92:8; Barker Dec. at ¶ 1; Brothers Dec. at ¶ 1; Carson Dec. at ¶ 1; Davis Dec. at ¶ 1; Gandhi Dec. at ¶ 1; Greene Dec. at ¶ 1; Haley Dec. at ¶ 1; Mendenhall Dec. at ¶1; Moore Decl. at ¶ 1; Ricketts Dec. at ¶ 1; Schrouf Dec. at ¶ 1; Stewart Dec. at ¶ 1; Webb Dec. at ¶ 1; Wojeichowski Dec. at ¶ 1.

12.     Dell pays all business sales representatives on a biweekly pay period.  *See* Exhibit D at 00562; Exhibit E at 00345.

**B.     DELL HAS A UNIFORM COMPENSATION PLAN APPLICABLE TO ALL BUSINESS SALES REPRESENTATIVES.**

13.     Dell classifies all business sales representatives as "salary nonexempt" employees.  Complaint at ¶ 10; Atsumi Depo. at 17:10-18:1.

14.     As well as classifying all business sales representatives as "salaried nonexempt," Dell purports to pay all business sales representatives overtime compensation under a fluctuating workweek method, meaning that Dell pays them overtime compensation at a half-time rate. Complaint at ¶ 18; Atsumi Depo. at 37:1-7, 65:20-66:3; Exhibit F.

15.     Under the fluctuating workweek method of payment, Dell also pays a purported base salary to all business sales representatives, even though they are also eligible for overtime compensation.  Complaint at ¶¶ 18-19; Exhibit F.

16.     Business sales representatives are underpaid by at least two-thirds (67%) for every overtime hour they work because of Dell's improper application of the fluctuating workweek method.  Complaint at ¶ 21.

17.     In addition to their purported salary and overtime compensation, business sales representatives are eligible for incentive compensation and this compensation is a substantial portion of their overall compensation package.  Complaint at ¶¶ 22-23; Exhibit F.

### C.     DELL USES UNIFORM TIMEKEEPING MECHANISMS FOR BUSINESS SALES REPRESENTATIVES.

18.     During the relevant time period, all business sales representatives used a timekeeping system known as Kronos.  Atsumi Depo. at 104:9-11; Barker Dec. at ¶ 3; Brothers Dec. at ¶ 3; Carson Dec. at ¶ 3; Davis Dec. at ¶ 3; Ghandi Dec. at ¶ 3; Haley Dec. at ¶ 3; Mendenhall Dec. at ¶3; Moore Decl. at ¶ 3; Ricketts Dec. at ¶ 3; Schrouf Dec. at ¶ 3; Stewart Dec. at ¶ 3; Webb Dec. at ¶ 3; Wojeichowski Dec. at ¶ 3; Exhibit D at 00560.

19.     Dell maintains all time records for business sales representatives using the Kronos timekeeping system.  Exhibit B at ¶ 4.  Dell administers Kronos and maintains records for Kronos in a centralized location.  *Id.*

20.     Business sales representatives must enter their time in to Kronos in order to get paid their base salary for the pay period.  Exhibit G at 00290; Exhibit H at 00298, 00311, 00312.

### D.     DELL DOES NOT COMPENSATE BUSINESS SALES REPRESENTATIVES FOR TIME SPENT PERFORMING INTEGRAL AND INDISPENSABLE TASKS.

21.     Business sales representatives routinely perform the following tasks prior to the start of their shift and after the conclusion of their shift without compensation: (1) following up

with orders, finishing quotas for customers, and reading and responding to customer emails and inquiries; (2) performing telephone sales calls; (3) booting up their computers; (4) logging on to Dell's computer network; (5) opening required computer programs; and (6) reviewing memoranda and correspondence relating to Dell's promotions and other services.  Complaint at ¶ 13; Hayley Dec. at ¶ 7; Stewart Dec. at ¶ 7; Ricketts Dec. at ¶ 7; Schrouf Dec. at ¶ 7; Webb Dec. at ¶ 7; Wojeichowski Dec. at ¶ 7.

22.    In fact, Dell's corporate policy is that business sales representatives must be "ready to work at the start of their shift."  Atsumi Depo. at 115:2-7.  Dell admits that in order to be "ready to work" business sales representatives must boot up and log-in to the computer system, as well as log-in to the phone system.  *Id.* at 115:15-116:13.

23.    Dell does not compensate business sales representatives for the time spent performing these pre- and post-shift tasks.  Ghandi Dec. at ¶ 7; Haley Dec. at ¶ 9; Mendenhall Dec. at ¶ 7; Stewart Dec. at ¶ 9; Webb Dec. at ¶ 9; Wojeichowski Dec. at ¶ 7.

**E.    DELL AUTOMATICALLY DEDUCTS ONE HOUR OF PAY FOR BUSINESS SALES REPRESENTATIVES' LUNCH PERIODS.**

24.    For every six hour shift, Dell programs Kronos to automatically deduct one hour of pay for a business sales representative's meal period.  Complaint at ¶ 15; Atsumi Depo. at 98:4-7;  30(b)(6) Deposition of Jene Machiniski at 49:7-50:25,  51:17-54:1,  67:18-69:15 (hereinafter "Machiniski Depo."); Barker Dec. at ¶ 7; Brothers Dec. at ¶ 7; Carson Dec. at ¶ 7; Davis Dec. at ¶ 7; Ghandi Dec. at ¶ 7; Greene Dec. at ¶ 7; Haley Dec. at ¶ 8; Mendenhall Dec. at ¶ 7; Moore Decl. at ¶ 7; Ricketts Dec. at ¶ 7; Schrouf Dec. at ¶ 7; Stewart Dec. at ¶ 8; Webb Dec. at ¶ 8; Wojeichowski Dec. at ¶ 8; Exhibit H at 00311, 00313; Exhibit D at 00575.

25.    Despite this and in order to accommodate the heavy call volume and finish other work-related tasks, Dell business sales representatives consistently work through all or a portion

of their meal break.  Barker Dec. at ¶ 7; Brothers Dec. at ¶ 7; Carson Dec. at ¶ 7; Davis Dec. at ¶ 7; Ghandi Dec. at ¶ 7; Greene Dec. at ¶ 7; Haley Dec. at ¶ 8; Mendenhall Dec. at ¶ 7; Moore Decl. at ¶ 7; Ricketts Dec. at ¶ 7; Schrouf Dec. at ¶ 7; Stewart Dec. at ¶ 8; Webb Dec. at ¶ 8; Wojeichowski Dec. at ¶ 8.

26.     The time spent working during meal breaks goes unpaid.  *Id.*

F.     **PLAINTIFFS' ALLEGATIONS AND SUPPORTING EVIDENCE**

1.     ***Dell Improperly Classified Business Sales Representatives as Salaried Nonexempt Employees and Improperly Applied the Fluctuating Workweek Method of Payment.***

27.     In their Complaint, Plaintiffs allege that Dell improperly classified business sales representatives as salaried non-exempt employees and misapplied the fluctuating workweek method of payment.  *See* Complaint at ¶¶ 18-21.  Specifically, Plaintiffs allege: (1) there was not a clear, mutual understanding by business sales representatives that they would receive their purported salary no matter how many hours they worked in a week, even if they did not have leave or vacation time available to them; (2) the hours worked by business sales representatives did not actually fluctuate above and below forty hours per week; and (3) Dell improperly deducted compensation from business sales representatives' salaries when they worked fewer than forty hours in a week and they did not have leave or vacation time available to them.  *Id* at ¶ 21.

28.     Plaintiffs allege Dell cannot invoke the fluctuating workweek method of payment because business sales representatives understood and believed that time away from work would be unpaid if they did not have leave time available, which is contrary to the salary requirements that underscore the fluctuating workweek method of payment. *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44 (D.D.C. 2006); 29 C.F.R. § 778.114; Barker Dec. at ¶¶ 5-6; Brothers Dec. at ¶¶ 5-6; Carson Dec. at ¶¶ 5-6; Davis Dec. at ¶¶ 5-6; Ghandi Dec. at ¶¶ 5-6; Greene Dec. at ¶¶ 5-6; Haley

Dec. at ¶¶ 5-6; Mendenhall Dec. at ¶¶ 5-6; Moore Decl. at ¶¶ 5-6; Ricketts Dec. at ¶¶ 5-6; Schrouf Dec. at ¶¶ 5-6; Stewart Dec. at ¶¶ 5-6; Webb Dec. at ¶¶ 5-6; Wojeichowski Dec. at ¶¶ 5-6.

29.     Plaintiffs also allege that Dell cannot rely on the fluctuating workweek method of payment where the work schedules of business sales representatives did not fluctuate below forty hours per week.  It is undisputed that the vast majority of business sales representatives are full-time employees who are scheduled to work at least forty hours per week.  Barker Dec. at ¶ 1; Brothers Dec. at ¶ 1; Carson Dec. at ¶ 1; Davis Dec. at ¶ 1; Ghandi Dec. at ¶ 1; Greene Dec. at ¶ 1; Haley Dec. at ¶ 1; Mendenhall Dec. at ¶ 1; Moore Decl. at ¶ 1; Ricketts Dec. at ¶ 1; Schrouf Dec. at ¶ 1; Stewart Dec. at ¶ 1; Webb Dec. at ¶ 1; Wojeichowski Dec. at ¶ 1.  Plaintiffs allege Dell cannot apply the fluctuating workweek method of payment when the hours of business sales representatives do not fluctuate and class members are scheduled to work substantial overtime on a regular basis. *See Hunter*, 453 F. Supp. 2d 44.

30.     Furthermore, in its offer letters of employment, Dell does not inform or explain to business sales representatives that (1) they are entitled to overtime; (2) overtime will be paid at a half time rate; or (3) they will be paid under the fluctuating workweek method.  Atsumi Depo. 80:12-18; Exhibit I.

### 2.      *Dell Does Not Pay Business Sales Representatives for All Work Time.*

31.     In their Complaint, Plaintiffs allege that Dell does not pay business sales representatives for work they perform before their scheduled shifts begin, during their unpaid meal breaks, and after the end of their scheduled shifts. *See* Complaint at ¶¶ 12-17; Barker Dec. at ¶¶ 7-8; Brothers Dec. at ¶¶ 7-8; Carson Dec. at ¶¶ 7-8; Davis Dec. at ¶¶ 7-8; Ghandi Dec. at ¶¶ 7-8; Greene Dec. at ¶¶ 7-8; Haley Dec. at ¶¶ 7-9; Mendenhall Dec. at ¶¶ 7-8; Moore Decl. at ¶¶

7-8; Ricketts Dec. at ¶¶ 7-8; Schrouf Dec. at ¶¶ 7-8; Stewart Dec. at ¶¶ 7-9; Webb Dec. at ¶¶ 7-9; Wojeichowski Dec. at ¶¶ 7-9.

32.     Plaintiffs' declarations attached hereto support their allegation that they performed work without compensation. *Id.*

33.     Plaintiffs' declarations further support their allegation that they performed work during their unpaid meal breaks. *Id.*

### 3.     Dell's Incentive Policies Are Unlawful.

34.     Dell offers regular non-discretionary quotas, incentives, and promotions for business sales representatives. Complaint at ¶ 22; Exhibit J at 00428; Exhibit K at 00471; Exhibit L at 00498; Exhibit M at 00520.

35.     The incentives and promotions are meant to encourage all business sales representatives to make additional sales and work longer hours.  Complaint at ¶ 22.

36.     Plaintiffs allege that even when they satisfy the requirements of the quotas, incentives, and promotions, Dell reneges and retroactively alters the requirements so that business sales representatives cannot obtain the compensation attached to those quotas, incentives and promotions.  Complaint at ¶ 22.

40.     Furthermore, Plaintiffs allege that Dell failed to include the incentive compensation in calculating business sales representatives' regular rate of pay.  Complaint at ¶ 22.

## III.    THE COURT SHOULD CONDITIONALLY CERTIFY PLAINTIFFS' CLAIMS UNDER THE FLSA.

Plaintiffs seek to conditionally certify a collective action under section 216(b) of the FLSA consisting of all business sales representatives who were employed by Dell and worked at a Dell call center between April 1, 2005, and the present.

### A.     THE LAW FAVORS COLLECTIVE ACTIONS UNDER THE FLSA.

An employee alleging violations of the FLSA may bring an action on behalf of all "other similarly situated employees."  29 U.S.C. § 216(b).  Thus, "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively."  *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche*, 493 U.S. at 170.

Unlike a Rule 23 class action, plaintiffs in an FLSA action must affirmatively opt in to be covered by the suit.  29 U.S.C. § 216(b); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants courts the authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice *Hoffmann-La Roche*, 493 U.S. at 169-73 ("The broad remedial goal of the statute should be enforced to the full extent of its terms.").  "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff date to expedite disposition of the action."  *Id.* at 172.

### B.     THE COURT SHOULD APPLY THE TWO-STAGE CERTIFICATION PROCESS.

Courts in Texas use a two-stage approach to consider conditional certification under the FLSA.  *See Scherrer v. S.J.G. Corp.*, No. 08-CA-190-SS (W.D. Tex. Oct. 10, 2008) attached hereto as Exhibit N; *Oliver v. Aegis Communications Corp.*, No. 08-cv-828-K (N.D. Tex. Oct. 30, 2008) attached hereto as Exhibit O; *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820 (N.D. Tex. 2007); *Aguilar v. Complete Landsculptures, Inc.*, No. 3:04-0776, 2004 WL 2293842, at *1 (N.D.

Tex. Oct. 7, 2004); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003);

*Barnett v. Countrywide Credit Indus., Inc.*, No. 01-CV-1182-M, 2002 WL 1023161, at *1 (N.D.

Tex. May 21, 2002).[6]

In *Barnett*, United States District Judge Barbara Lynn permitted court-approved,

companywide notice to a group of over 5,000 loan officers of Countrywide Home Loans and

succinctly stated the two stage process as follows:

> First, the Court must make an initial inquiry into whether the
> Plaintiff has provided sufficient evidence that similarly situated
> potential Plaintiffs exist. At this stage, ***the Court uses a lenient
> standard to determine whether similarly situated persons exist***,
> and if the Court determines that certification is appropriate, then
> it usually "conditionally certifies" the class. Second, the Court
> reexamines the class after notice, time for opting-in, and
> discovery has taken place. If the Court finds that the class is no
> longer made up of similarly situated persons, then it may
> decertify the class. This inquiry is usually conducted upon a
> motion filed by the Defendant.

*Barnett*, 2002 WL 1023161, at *1 (emphasis added) (citations omitted).  Judge Lynn further

noted that the two-stage approach is "the prevailing test among the federal courts . . . ." *Id.*

At the first stage of the two-stage certification approach, courts determine whether named

plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint

supported by sworn statements.[7]  *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th

---

[6]      *See also Nelson v. Am. Standard, Inc.*, No. 2:07-010 Slip Copy, 2008 WL 906324 (E.D. Tex. March 31,
2008); *Aguirre v. SBC Communications, Inc.*, No. 05-3198 Slip Copy, 2007 WL 772756 (S.D. Tex. March 12,
2007); *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866 (S.D. Tex. 2007).

[7]      *See Viera v. First Union Corp.*, No. 01-CA-033 (N.D. Tex. Dec. 6, 2001) (Exhibit P) (relying on
substantial allegations in the complaint rising "above the level of 'conclusory allegations'"); *Scherrer* (Ex. N)
(noting that "notice stage" determination is usually based on only the pleadings and any affidavits submitted);
*Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004) (two affidavits); *Williams v.
Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient
to support provisional certification"); *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (relying on
allegations in complaint); *Ballaris v. Wacker Silttronic Corp.*, No. 00-1627, 2001 WL 1335809, at *2-3 (D. Or. Aug.
24, 2001) (two affidavits); *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four
declarations); *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from
two deponents and two declarations); *Zhao v. Benihana*, No. 01 Civ. 1297, 2001 WL 845000 (S.D.N.Y. May 7,

Cir. 1995); *see also Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *Brooks v. Bellsouth Telecomm.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling*, 118 F.R.D. at 406-07. The record need only be "sufficiently developed . . . to allow court-facilitated notice" based upon "substantial allegations" or "some factual support." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988); *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294 (N.D. Cal. 1991); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996). "The court's decision is often based only on the pleadings and affidavits that named and some putative class opt-in plaintiffs have submitted." *Aguirre*, 2007 WL 772756, at *9 (citing *Mooney*, 54 F.3d at 1213). In fact, plaintiffs can rely on pleadings containing "substantial allegations against defendants identifying a specific putative class harmed by a common practice or policy of defendants … that rise above the level of 'conclusory allegations.'" *Viera* (Ex. P).

Under the two-stage approach, once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Mooney*, 54 F.3d at 1214. Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *Id*. Allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt in period is complete, the Court will have the benefit

2001) (two affidavits); *Aguayo v. Oldenkamp Trucking*, No. 04-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Coreas v. C&S Ranch*, No. L-97-30 (S.D. Tex. May 16, 1997) (J. Kazen) (one affidavit sufficient) attached hereto as Exhibit Q; *Schwartz v. MCI Telecomm. Corp.*, No. H-98-1574 (S.D. Tex. Feb. 18, 1999)(J. Werlein) (one affidavit sufficient) attached hereto as Exhibit R.

of knowing the actual makeup of the collective action.  *Clarke v. Convergys Cust. Mgmt. Group*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit).  Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset."  *Hoffmann-La Roche*, 493 U.S. at 172-73.

Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one."  *Mooney*, 54 F.3d at 1213-14; *Scherrer* (Ex. N); *Viera* (Ex. P).  Federal courts in Texas have routinely recognized and applied this lenient standard in certifying collective actions and issuing notice to potential plaintiffs.  *Id.*; *Ryan*, 497 F. Supp. 2d at 820; *Aguilar*, 2004 WL 2293842, at *1; *Barnett*, 2002 WL 1023161, at *2.  To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA.  *Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").  Only at the second stage – after the close of discovery – does the Court make a "factual determination" as to whether the members of the collective action are similarly situated.  *Mooney*, 54 F.3d at 1214.  The lenient standard applicable at the first stage "typically results in 'conditional certification' of a representative class."  *Id.*

### C.  DELL'S BUSINESS SALES REPRESENTATIVES ARE ENTITLED TO NOTICE.

In this case, it is evident that business sales representatives are similarly situated under the FLSA and they have easily proffered "minimal evidence" to justify conditional certification. Indeed, the undisputed evidence demonstrates that:

- All business sales representatives work for the same division and the same employer.  SOF at ¶¶ 1-3.

- All business sales representatives share the same primary job duties. SOF at ¶¶ 2, 9. They are also subject to the same job description. SOF at ¶ 2.

- Virtually all business sales representatives are full-time employees who are scheduled to work at least forty hours per week. SOF at ¶ 11.

- All business sales representatives are paid on the same biweekly schedule and the pay period is uniform for all of them. SOF at ¶ 12.

- All business sales representatives are paid under the same pay scheme, meaning they are classified as salaried nonexempt, they are paid a purported guaranteed salary, they are eligible for overtime compensation at a half-time rate, and they are eligible for incentive compensation. SOF at ¶¶ 13-17.

Because of these unifying characteristics demonstrating that Dell treats business sales representatives as a cohesive group, Plaintiffs have made the "modest factual showing" necessary for the Court to conditionally certify a collective action and authorize Plaintiffs to issue notice. *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

Aside from being subject to these uniform policies, all business sales representatives use Kronos as their timekeeping mechanism and they all enter their time the same way. SOF at ¶¶ 18-20. Additionally, Dell programs Kronos to automatically deduct an unpaid meal period for all business sales representatives. SOF at ¶ 24.

Moreover, Plaintiffs' claims – standing alone – are also amenable to collective treatment. For example, Plaintiffs allege that Dell's classification of business sales representatives as salaried nonexempt employees is improper because Dell fails to meet the salary requirement of the fluctuating workweek method of payment by advising business sales representatives that time away from work would be unpaid if they did not have leave time

14

available.  SOF at ¶ 28.  Given that Dell uniformly classified business sales representatives under the "salaried nonexempt" method of compensation, this allegation is well-suited for collective treatment.  Similarly, Plaintiffs' contention that Dell cannot apply the fluctuating workweek method of payment because business sales representatives' hours do not fluctuate below forty hours per week is also proper for collective treatment because Dell irrefutably schedules virtually all business sales representatives to work at least forty hours per week and approximately fifty hours per week during peak seasons; again, a claim that can easily be afforded collective treatment.  SOF at ¶¶ 11, 29.

Similarly, the undisputed fact that all business sales representatives are performing numerous indispensable tasks throughout the workday that go uncompensated by Dell is ripe for class treatment.   SOF ¶¶ 24-26, 31-33.  Plaintiffs' declarations confirm that business sales representatives performed pre- and post-shift tasks without compensation.  *Id.*  Again, these widespread allegations lend themselves to collective treatment.

Finally, whether Dell's incentive compensation policies are unlawful is a question that is also suitable for collective treatment.  The policies at issue are uniform and they apply to the incentive compensation for all business sales representatives.  SOF at ¶¶ 34-37.  Whether these policies are, in fact, unlawful is an issue that is well-suited for collective treatment.

The Court should conditionally certify Plaintiffs' claims under the FLSA in light of Dell's uniform treatment of business sales representatives and the fact that Plaintiffs' allegations are particularly well-suited for collective treatment.  Conditional certification in this case is decidedly appropriate because courts conduct a first tier evaluation "under a fairly lenient standard."  *Maynor v. Dow Chemical Co.*, No. 07-0504, 2008 WL 2220394, *5 (N.D. Tex. May

28, 2008) (citing *Mooney*, 54 F.3d at 1213-14).  This analysis "typically" results in conditional certification – a result the Court should reach in the instant case.  *Mooney*, 54 F.3d at 1214.

In other call center cases, courts have conditionally certified similar claims under the FLSA.  *See Burch v. Qwest Comm. Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) (conditionally certifying a collective of call center workers under the FLSA); *Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (same); *Smith v. TeleTech Holdings, Inc.*, AAA No. 11 160 02726 04 (Dec. 26, 2006) (same);[8] *Hens v. ClientLogic Operating Corp.*, No. 05-381, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) (same); *Clarke*, 370 F. Supp. 2d 601 (same).

Additionally, the United States District Court for the District of Oregon recently certified a collective action significantly similar to the present case.  *Norman*, 2008 WL 2899722.  On July 10, 2008, that court conditionally certified a nationwide collective of consumer sales representatives employed by Dell.  The consumer sales representatives in *Norman* have strikingly similar job duties and functions as the putative plaintiffs at issue in this case, and Dell's organization and treatment of those consumer sales representatives is nearly identical to the treatment of the business sales representatives in the present case.  The only material distinguishing characteristic is that in Oregon the Plaintiffs are *consumer* sales representatives, while in this case Plaintiffs are *business* sales representatives.[9]

Additionally, *Norman* concerned the same three policies and practices at issue in this case: (1) misclassifying consumer sales representatives as "salaried nonexempt"; (2) failing to properly account for and pay incentive compensation; and (3) requiring consumer sales

---

[8]     A copy of the arbitrator's certification decision in *Smith* is attached hereto as Exhibit S.

[9]     Even Dell considers *Norman* to be analogous to the instant case.  *See* Notice of Related And/Or Companion Cases, attached hereto as Exhibit T.

representatives to perform integral and indispensable job activities without compensation.  The Oregon court held that "Plaintiffs have adequately shown that Dell's policies and practices related to [consumer sales representatives'] compensation is uniform for virtually all . . . putative class members." *Id.* at *2.  As Plaintiffs have come forth with substantial allegations supported by testimony, this Court should follow the Oregon court's lead and conditionally certify Plaintiffs' claims under section 216(b) of the FLSA.

## IV.   THE COURT SHOULD CERTIFY OKLAHOMA PLAINTIFFS' CLAIMS UNDER FED. R. CIV. P. 23.

### A.   STATEMENT DEFINING CLASS OF PLAINTIFFS

Plaintiffs seek to certify a class of similarly situated individuals, defined as follows:

> All business sales representatives who worked for Dell at its call center located in Oklahoma City, Oklahoma between December 14, 2004 and the present.

### B.   PLAINTIFFS SATISFY THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(A).

Plaintiffs seek to certify a class under Fed. R. Civ. P. 23 consisting of all persons who whom Dell employed as business sales representatives between December 14, 2004, and the present in Oklahoma City, Oklahoma.  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The question of class certification is a procedural one, distinct from the merits of the action.  *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980).  For purposes of a class certification motion, the substantive allegations contained in the complaint must be accepted as true.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Longden v. Sunderman*, 123

F.R.D. 547, 551 (N.D. Tex. 1988).  Because Rule 23 is a remedial rule, it should be construed liberally to permit class actions especially where the class action device can prove effective in deterring illegal activity.  *Longden*, 123 F.R.D. at 551.  As set forth herein, Plaintiffs satisfy each of these criteria.  Thus, issuance of notice to prospective class members and certification under Rule 23(a) is appropriate.

### 1.      *Numerosity*

According to Dell, approximately 500 business sales representatives were employed at the Oklahoma City, Oklahoma call center as of December 2008.  *See* SOF at ¶ 8.  Over the course of the relevant time period herein and taking attrition into account, the total number of business sales representatives employed by Dell in Oklahoma City is approximately 1900.  *Id.* at fn 3.  These numbers are more than adequate to satisfy the numerosity prong.  *See James v. City of Dallas, Tex.*, 254 F.3d 551, 569 (5th Cir. 2001) (a class of approximately 580 individuals who had their property demolished without adequate notice satisfied the numerosity requirement); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (class of 100 to 150 class members met the numerosity requirement); *Sagers v. Yellow Freight System, Inc*., 529 F.2d 721, 734-35 (5th Cir. 1976) (110 class members was a sufficient number); *Watson v. Shell Oil, Inc.*, 979 F.2d 1014 (5th Cir. 1992) (certifying a subclass of 18 members was not an abuse of discretion).  In *Mullen*, the class consisted of casino employees with respiratory issues, which the Circuit Court held would be impracticable to join based upon the number, the transient nature of employment in the gambling business leading to class members being geographically dispersed and unavailable for joinder, and the reluctance of current employees to be file individually for fear of workplace retaliation.  *Mullen*, 186 F.3d at 624.  The analysis employed in *Mullen* applies to the instant case and, thus, advocates in favor of certification.

2.      *Commonality*

Rule 23 also requires Plaintiffs to demonstrate there are questions of law or fact common to the class.  The mere fact that questions peculiar to each individual class member remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.  *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).  One common question is sufficient to satisfy the commonality requirement, despite the possible existence of individual questions.  *Id.*; *see also Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993).  The threshold of commonality is not high.  *Id.*; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Common questions of law and fact in this case include:

- Whether Dell permitted and encouraged business sales representatives to work before and after their scheduled shifts without compensation under Oklahoma law;

- Whether Dell permitted and encouraged business sales representatives to work during their unpaid lunch periods without compensation under Oklahoma law;

- Whether Dell's incentive compensation policies are unlawful under Oklahoma law;

- Whether Dell violated Oklahoma law by calculating overtime payments for business sales representatives pursuant to the fluctuating workweek method;

- Whether Dell violated Oklahoma law by failing to compensate business sales representatives at the required minimum wage; and

- Whether Dell's conduct violated Oklahoma law regarding recordkeeping requirements.

These legal and factual questions are common among all members of the putative class.  At a minimum, any one of the foregoing questions would satisfy Rule 23(a).  Considering these questions together, there is no doubt that Plaintiffs have satisfied the commonality requirement.

### 3. *Typicality*

The test for typicality, like commonality, is not demanding. *Forbush*, 994 F.2d at 1106 (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993)). "To be considered typical for purposes of class certification, the named plaintiff need not have suffered an identical wrong." *See Hanlon*, 150 F.3d at 1020. Representative claims are considered "typical" if they are reasonably co-extensive with those absent class members. *Id*. The test merely asks "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs and whether other class members have been injured by the same conduct." *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Allegations of similar wrongful employment practices satisfy both commonality and typicality requirements of Rule 23(a). *Shipes*, 987 F.2d at 316 (citing *Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 617 (5th Cir. 1983)).

Here, as in *Shipes*, Dell employed the same employment practices and training materials for all business sales representatives hired in Oklahoma City, Oklahoma. *See* SOF at ¶ 13 (all business sales representatives are salary non exempt); ¶ 14 (overtime is not calculated using time and one-half rate, but is based upon a half rate using the fluctuating work week); ¶ 11 (full time business sales representatives regularly worked at least 40 hours per week); ¶ 24 (Kronos programmed to deduct one hour for meals for all users).

Oklahoma plaintiffs Catherine Davis and Tommy Moore and their claims are typical of the putative class because of the unifying characteristics that bind all business sales representatives. All business sales representatives share the same job duties; all business sales representatives are paid in the same way under a uniform compensation plan; all business sales representatives are subject to the same reporting structure; and all business sales representatives

used Kronos and they were subject to uniform policies related to timekeeping, including automatic deduction of lunch hours for every six hour shift worked.

Davis and Moore do not assert individualized or unique claims on their own behalf. Accordingly, their claims are typical of the putative class and, thus, satisfy the typicality requirement of Rule 23(a).  A similar class claim was presented and certified in *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *8 (N.D. Cal. June 20, 2007).  *Krzesniak* is compelling to the instant facts, as Davis and Moore, along with all members of the putative class, were business sales representatives who were subject to identical policies concerning calculation and payment of overtime.

### 4.    *Adequacy*

The adequacy requirement mandates inquiry into: (1) the zeal and competence of the representatives' counsel, and (2) the willingness and ability of the representatives to take an active role in and control the litigation to protect the absentee class members.  *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (citing *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982)).  The inquiry also considers whether class representative's claims are antagonistic to those of the putative class.  *See Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

In the absence of evidence to the contrary, courts will presume the proposed class counsel is adequately competent to conduct the proposed litigation.  *Marcus v. Kansas Dep't of Rev.*, 206 F.R.D. 509, 512 (D. Kan. 2002).  Beyond this presumption, it is clear that Plaintiffs in the instant case have retained counsel who are qualified to vigorously and adequately prosecute the interests of the Class.  *See* Firm Resumes of Stueve Siegel Hanson LLP and Federman & Sherwood, attached hereto as Exhibits U and V, respectively.  The law firm of Stueve Siegel Hanson LLP has extensive experience prosecuting wage and hour cases across the country and an extensive

history of obtaining outstanding results for its clients in wage and hour litigation.  *See* Exhibit U. Similarly, the law firm of Federman & Sherwood has been Lead or Co-Lead counsel in numerous complex litigation and class actions.  *See* Exhibit V.  Plaintiffs' counsel will zealously prosecute this action and is clearly adequate to protect and represent the interests of putative class members.

Plaintiffs Davis and Moore are willing and able representatives of the putative class, neither of whom are antagonistic to the claims of the putative class.  It is evident that the Plaintiffs Davis and Moore share the interests of the absentee class members.  Moreover, Plaintiffs Davis and Moore both have participated in discovery and been deposed by Dell's counsel, thereby demonstrating their willingness to participate in discovery.

Accordingly, Oklahoma Plaintiffs easily satisfy the threshold requirements of Rule 23(a). The class action proposed by Plaintiffs meets and exceeds the minimal burdens of numerosity, commonality, typicality, and adequacy.

## C.   PLAINTIFFS SATISFY THE REQUIREMENTS OF FED. R. CIV. P. 23(B)(3)

To certify a class action, the Court must find that the common questions of law and fact predominate over issues, if any, which only affect individual members of the proposed class, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  Plaintiffs satisfy both of these requirements.

### 1.   *Predominance*

The predominance requirement of Rule 23(b) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 326 (5th Cir. 2008).  In order to predominate, common issues must constitute a significant part of the individual cases.  *Mullen*, 186 F.3d at 626.  A central inquiry is "the notion that the adjudication of common issues will help achieve judicial economy."  *Zinser v.*

*Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001) (internal quotation omitted).  "In the context of overtime pay litigation, courts have often found that common issues predominate where an employer treats the putative class members uniformly with respect to compensation, even where the party opposing class certification presents evidence of individualized variations."  *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F. Supp. 2d 1053, 1065 (N.D. Cal. 2007).

Unquestionably, Dell treated Plaintiffs and the putative members of the Class uniformly. Thus, there is a universal nucleus of fact and law around which they all may be grouped. Plaintiffs and putative class members were employed as business sales representatives with Dell and each of them received overtime compensation pursuant to Dell's uniform policy of calculating overtime using the half time rate under a fluctuating work week.

Further, Plaintiffs and putative class members were all subject to Dell's uniform policies concerning timekeeping through Kronos, and the company's mealtime deduction policies. Moreover, Dell applies other policies across the board to business sales representatives – they are subject to the same or similar job description; they are subject to the same reporting structure; and they adhere to the same terms in their offer letters and employment agreements. Accordingly, Dell treats business sales representatives uniformly with respect to compensation and other applicable policies and, as a result, cannot claim that individualized issues will dominate this litigation.

Further, with regard to litigation pursuant to 40 O.S. §§165.1, 165.3 and 165.9, Plaintiffs' claims are not individualized from claims of the putative class.  Essentially identical issues will be tried, including whether Plaintiffs and class members are due unpaid compensation for hours

worked while employed at Dell.   Plaintiffs satisfy the predominance requirement of Rule 23(b)(3).

### 2.    Superiority

Under Rule 23, the relevant factors to consider when evaluating whether the superiority prong are:

> A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (C) the desirability or undesirability of concentrating the litigation in the particular forum; and
>
> (D) the difficulties likely to be encountered in the management of a class action.

There can be little doubt that adjudicating Plaintiffs' claims as a class action under Rule 23 is the preferred method of resolving this litigation.   Indeed, there is no evidence that putative class members have an interest in individually pursuing their claims without the benefit of the class mechanism.   To the contrary, numerous opt-ins have joined the FLSA portion of this case to date, which reflects that a substantial group of putative class members prefer to be part of a cohesive lawsuit rather than pursue their claims in isolation.   Similarly, there is no basis for finding that other litigation should preclude a finding of superiority and there is no basis for finding that this Court is an undesirable forum.

There is no basis to reject the superiority prong of Plaintiffs' Motion.   Because Plaintiffs satisfy both the predominance and superiority requirements of Rule 23(b)(3), the Court should grant Plaintiffs' Motion.

### D.   OTHER ACTIONS AGAINST DELL INVOLVING THE SAME OR SIMILAR CAUSES OF ACTION

Other than the instant consolidated case, a similar action against Dell involving consumer sales representatives is pending in Oregon.  *See Norman*, 2008 WL 2899722.  *Norman* involves a nationwide putative class, which was certified as a collective action under the FLSA on July 10, 2008.  *Id.*

### E.   PROPOSED NOTICE TO MEMBERS OF THE PUTATIVE CLASS

Dell maintains computer records containing the names, last known mailing addresses and telephone numbers, work locations, and dates of employment of putative class members. Plaintiffs request that Dell be required to produce this data in spreadsheet form within 10 days, and that the Court adopt a similar notice to that prescribed in the related Oregon litigation.

## V.   CONCLUSION

The Court should conditionally certify Plaintiffs' claims under the FLSA because business sales representatives are similarly situated and their claims are amenable to collective treatment under the FLSA.  Furthermore, the Court should certify Oklahoma Plaintiffs' claims under Federal Rule of Civil Procedure 23 as they meet the threshold requirements of Rule 23(a). Accordingly, Plaintiffs respectfully request that the Court grant their Motion for Certification in its entirety.

**DATE:** January 30, 2009                Respectfully submitted,


**STUEVE SIEGEL HANSON LLP**


          /s/ George A. Hanson
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Matthew L. Dameron (admitted *pro hac vice*)
Email:  dameron@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:    816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:    214-749-1010

          and


**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email:  wbf@federmanlaw.com
Allison B. Waters
Texas Bar No. 00795994
Email:  abw@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:    (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on the Court's CM/ECF system on January 30, 2009, and delivered to the following individuals:

Jeffrey C. Londa
E-mail: jeffrey.londa@ogletreedeakins.com
Ogletree Deakins
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
Tel:     (713) 655-0855
Fax:     (713) 655-0020

Michael W. Fox
E-mail: michael.fox@ogletreedeakins.com
Ogletree Deakins
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel:     (512) 344-4711
Fax:     (512) 344-4701

**ATTORNEYS FOR DELL INC.
and DELL MARKETING USA, L.P.**


_____/s/ Matthew L. Dameron_____
Matthew L. Dameron
**Attorney for Plaintiffs**