# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 1:08cv-00248-SS |
| DELL INC., and DELL MARKETING USA L.P., | | |
| Defendants. | | |

### DEFENDANTS DELL INC. AND DELL MARKETING USA L.P.'S
### OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES

TO: Plaintiff Hitul Gandhi, by and through his attorney of record, George A. Hanson, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Dell Inc. and Dell Marketing USA L.P. (collectively, "Defendants") provide these Objections and Answers to Plaintiffs' Interrogatories.

Defendants reserve the right to supplement these responses.

Respectfully submitted,

Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
301 Congress Avenue, Suite 1250
Austin, TX 78701
(512) 344-4700
(512) 344-4701 (Fax)

*ATTORNEYS FOR DEFENDANTS*
*DELL INC. AND DELL MARKETING USA L.P.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of September, 2008, the above and foregoing document was mailed by certified mail, return receipt requested, to the following counsel:

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

Meredith Black-Matthews
J. Derek Braziel
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 324
Dallas, TX 75202

_____
Jeffrey C. Londa

2

## **GENERAL OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1.      Defendants object to the instructions and definitions accompanying Plaintiffs' First Interrogatories to the extent that the said instructions and definitions attempt to require Defendants to do more than is required by the Federal Rules of Civil Procedure. Defendants further object to the interrogatories to the extent that they attempt to require Defendants to produce any documents because an interrogatory cannot be used to compel production of a document.

2.      Defendants object to the instructions and definitions accompanying Plaintiffs' First Interrogatories to the extent that they attempt to require or could be construed as requiring Defendants to disclose information protected by the attorney-client privilege or the attorney work product doctrine.

3.      Defendants object to the definition of the term "personnel files" as being overbroad and unduly burdensome.

4.      Defendants object to all interrogatories to the extent they are premature (not related to class certification/notice).

## OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES

**INTERROGATORY NO. 1.** Identify the person or persons providing information or answers to these interrogatories and for each person identify for which interrogatories the person provided information.

**ANSWER:** Defendant Dell Marketing USA L.P. ("Dell Marketing") answers as follows:

Michael Hudanik (Interrogatory No. 5)

Lisa Mink (Interrogatory Nos. 2, 3, 4, 14, and 15)

Rocco Pape (Interrogatory No. 14)

Patti Powers (Interrogatory No. 16)

**INTERROGATORY NO. 2.** Identify each and every individual employed by Dell as a business sales representative during the class period, and provide (in Excel format) his or her name, last known address, last known telephone number(s), dates of employment and social security number.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants additionally object to this interrogatory because it seeks information that is confidential, proprietary, and which would invade the privacy of individuals not parties to this lawsuit. Defendants also object to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to Plaintiff's request for documents and documents in a particular format via an interrogatory. Without waiver of the foregoing objections, Defendant Dell Marketing answers by providing the following information concerning the number of business sales representatives at the listed locations on the dates indicated:

| NO. EMPLOYED 4/1/05 – 8/8/08 | | | | |
|---|---|---|---|---|
| Texas | Oklahoma | Tennessee | Other | Total |
| 3,842 | 1,844 | 2,050 | 158 | 7,894 |

**INTERROGATORY NO. 3.** Identify any and all persons responsible for deciding how business sales representatives employed during the class period were compensated.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, and unduly burdensome. Defendants further object to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objection, Defendant Dell Marketing answers as follows: The compensation for sales representatives is determined by certain individuals from the business, finance, compensation and human resources.

4

**INTERROGATORY NO. 4.** Describe the job duties of business sales representatives and how such job duties changed, if at all, during the class period.

**ANSWER:** Defendant Dell Marketing answers as follows: See job description, performance plans and expectation sheets being produced in response to Plaintiffs' First Requests for Production of Documents to Dell.

**INTERROGATORY NO. 5.** Identify all compensation plans or policies for business sales representatives employed by Dell during the class period, including incentive compensation and contests.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, harassing, and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this interrogatory because it calls for the production of confidential and proprietary information. Without waiver of the foregoing objections, Defendant Dell Marketing answers as follows: See compensation documents being produced as part of Dell Marketing's response to Plaintiffs' First Requests for Production of Documents to Dell.

**INTERROGATORY NO. 6.** Identify any and all steps or efforts taken by Dell to preserve and maintain documents, electronic data and other information relevant to this litigation, including whether Dell's retention or oversight policies have changed as a result of this litigation.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, premature (not related to class certification/notice), and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request because it calls for the production of work-product and information protected by the attorney client privilege. Without waiver of the foregoing objections, Defendant Dell Marketing answers as follows: Defendants took reasonable steps to preserve all documents within their possession, control, or custody, including computer generated and stored information and materials such as electronic email and other computerized data.

**INTERROGATORY NO. 7.** Identify each and every communication between Dell and persons within the scope of the putative classes since the filing of this suit relating to or concerning any subject matter in the Complaint, or any issue concerning working off the clock, the potential class action, or the gathering of declarations. This should include all phone calls, personal visits, emails or documents sent to class members or low level management, as well as all postings on Dell's intranet. This should also include each and every time attorneys or other people interviewed potential class members regarding the subject matter of this lawsuit, the dates such interviews took place, the place these interviews took place, and the names of the employees who were interviewed.

5

**ANSWER:** Defendants object to this interrogatory because it is overly broad, harassing, vague, premature (not related to class certification/notice), and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request because it calls for the production of work-product and information protected by the attorney client privilege. Without waiver of the foregoing objections, Defendant Dell Marketing answers as follows: It is unaware of any such communication.

**INTERROGATORY NO. 8.** Identify any and all computer and telephone applications, including hardware and software, used by business sales representatives as part of their employment with Dell.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, premature (not related to class certification/notice), and unduly burdensome. Defendants further object to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9.** Identify any claims of wage and hour law violations or retaliation (including claims of failure to pay minimum wage, failure to pay overtime. retaliation or other violations of the FLSA) filed against Dell within tile last five years with any federal or state administrative agencies or federal or state court by any other individual, employee or entity.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this interrogatory on the basis of the res inter alios acta doctrine. Plaintiffs must prove their case through its own facts and circumstances.

**INTERROGATORY NO. 10.** Identify any informal or internal complaints of wage and hour law violations or retaliation (including claims of failure to pay minimum wage, failure to pay overtime, retaliation or other violations of the FLSA) filed against Dell within the last five years.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, harassing, premature (not related to class certification/notice) and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this interrogatory on the basis of the res inter alios acta doctrine. Plaintiffs must prove their case through its own facts and circumstances.

**INTERROGATORY NO. 11.** Identify the names of all software programs and versions utilized by business sales representatives in their daily activities, including, but not limited to, electronic mail, calendars, project management files, word processing,

6

financial, and database management, including a description of any security or authentication procedures for accessing the identified software programs.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, and unduly burdensome. Defendants further object to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request to the extent it seeks information that is confidential and proprietary.

**INTERROGATORY NO. 12.** Identify every contract or agreement Dell has entered into with third parties whereby the third party would act as the employer for business sales representatives at Dell's call center facilities.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, harassing, premature (not related to class certification/notice) and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this interrogatory because it seeks information that is confidential and proprietary.

**INTERROGATORY NO. 13.** Identify the process by which temporary business sales representatives would become permanent employees of Dell (i.e., "Dell badged").

**ANSWER:** Defendants object to this request as overly broad, premature (not related to class certification/notice), and unduly burdensome. Defendants also object to this request because it calls for irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14.** Identify whether Dell ever provided lunch or other meals for its business sales representatives. If so, identify the facility, the meals provided, and the date of such meals.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, harassing, premature (not related to class certification/notice) and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing is producing documents in response to Plaintiffs' First Requests for Production of Documents to Dell.

**INTERROGATORY NO. 15.** Identify whether Dell ever punished or disciplined Plaintiffs for not satisfying call quotas or not being on enough calls (i.e., "talk time" or "AUX time").

**ANSWER:** Defendants object to this interrogatory because it is overly broad, premature (not related to class certification/notice) and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor

7

reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this interrogatory because it is not related to class certification. Without waiving these objections, Defendants state that disciplinary information is contained within the personnel information being produced covering Plaintiffs. See documents being produced in response to Plaintiffs' Requests for Production of Documents to Dell.

**INTERROGATORY NO. 16.** Identify whether Dell's timekeeping mechanism for business sales representatives automatically deducted a pre-determined time period for lunch and other meals. If so, identify how much time the timekeeping mechanism deducted for such meals.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, premature (not related to class certification/notice) and unduly burdensome. Without waiver of the foregoing objections, Defendant Dell Marketing answers as follows:

> One-hour lunch deductions were taken for all business sales representatives for each six-hour block of time worked. Where business sales representatives had entered an out time for lunch and an in time upon return, the actual time spent at lunch (based on this in time and out time) would override the one-hour deduction. In cases where employees took no lunch, they would edit Kronos by selecting "cancel deductions" to eliminate the deduction within the Kronos application. If business sales representatives failed to cancel a deduction for a lunch hour that was not taken, they also had the ability to submit a payroll Work Order Request (WOW) to request credit for the lunch hour worked.

**INTERROGATORY NO. 17.** Identify the principle facts, circumstances and/or documents that support or relate to Defendant's Affirmative Defenses asserted in its Answer.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, vague, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants also object to this interrogatory because it seeks work-product and information protected by the investigative and attorney client privileges.

**INTERROGATORY NO. 18.** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**ANSWER:** Defendants object to this interrogatory because it is overly broad, and premature (not related to class certification/notice). Without waiving of the foregoing objections, Defendant Dell Marketing answers as follows with respect to class certification notice issues:

- Michael Hudanick, Compensation Strategist, Round Rock, Texas.

- Patti Powers, Finance Senior Consultant, Round Rock, Texas.

- Rocco Pape, Sales Support Manager III, SMB Sales, Round Rock, Texas.
- Lisa Mink, Human Resources Director, Round Rock, Texas.

In addition, Defendants state that all business sales representatives and managers at various locations may have information relevant to this lawsuit.

## **VERIFICATION**

STATE OF TEXAS § § §
COUNTY OF WILLIAMSON §

BEFORE ME, the undersigned authority, personally appeared LISA MINK, duly authorized agent for Defendant Dell Marketing U.S.A. L.P, known to me to be the person whose name is subscribed to the foregoing and after having been duly sworn stated on her oath that she has read the foregoing Interrogatory Answers and that the information contained in these interrogatories is based on information obtained from different individuals and documents but that, to the best of her knowledge, they are true and correct.

*Lisa Mink*

SUBSCRIBED TO BEFORE ME on this 25th day of August, 2008.

*Katie Mellner*
NOTARY PUBLIC
In and for the State of Texas



6541816.2 (OGLETREE)