# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 OCT 10 PM 3:42
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　DEPUTY

JOHN J. SCHERRER, IV,
　　　　Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　Case No. A-08-CA-190-SS

S.J.G. CORP. d/b/a The Salt Lick,
　　　　Defendant.

## ORDER

BE IT REMEMBERED on the 8th day of October 2008 the Court held a hearing in the above-styled cause, and the parties appeared through counsel. Before the Court were Plaintiffs' Motion for Conditional Certification [#14], Defendant's Response [#20] and Plaintiffs' Reply thereto [#23]. Having considered these documents, the arguments of counsel at the hearing, the applicable law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

Defendant S.J.G. Corp. ("Defendant") operates The Salt Lick, a barbeque restaurant in Driftwood, Texas. Brian Blackman, Chelsea Bordovsky, Mary Hill, Chris Putegnat and John J. Scherrer (collectively, "Plaintiffs") are or were servers the Salt Lick between March 7, 2005 and the present. It is undisputed Defendant required all Salt Lick servers who worked during that time to contribute a percentage of the their tips to a tip pool that includes "line guys." The policy is explicitly stated in The Salt Lick's Wait Staff Handbook. The line guys are considered by Defendant to be "front of the house" employees, as they perform their work in view of at least some of The Salt

Lick's customers. The line guys' basic duties are to prepare and refill side dishes, place plates on the expo counter, and organize plates by order number so that they can be quickly delivered to customers.

Defendant contends the line guys provide essential assistance to waiters and waitresses in providing customer service, and interact with customers of The Salt Lick on a regular basis. Def.'s Resp. at ¶¶ 4, 6. Plaintiffs contend, essentially, that line guys "do not have any interaction whatsoever with restaurant customers." Pls.' Mot. Conditional Cert. at 3.

## Analysis

### I. FLSA

The Fair Labor Standards Act ("FSLA") requires employers to pay employees a minimum hourly rate for each hour worked. 29 U.S.C. § 206(a). A partial exception exists for "tipped employees"—the FLSA permits an employer to allocate an employee's tips to satisfy up to fifty percent of the statutory minimum wage requirement provided the following two conditions are satisfied: (1) the employer must inform the tipped employees of the provisions of § 3(m) of the FLSA; and (2) tipped employees must retain all the tips received except those tips included in a tipping pool among employees who *customarily receive tips*. 29 U.S.C. § 203(m). To take "tip credit" an employer is obliged to comply with these prerequisites, and the prerequisites are strictly construed. *Bernal v. Vankar Enters.*, No. 07-695, 2008 WL 791963, *3 (W.D. Tex. March 24, 2008).

Plaintiffs contend Defendant does not comply with one of the FLSA prerequisites for taking tip credit because they require all The Salt Lick servers to contribute 5% of the their tips to a tip pool which includes "line guys"—employees who do not customarily receive tips or interact with

customers, according to Plaintiff. Whether the line guys have any actual *interaction* with restaurant customers is a hotly disputed factual issue. Both parties have affidavits to support their positions.

## II. Similarly Situated Analysis

Section 16(b) of the FLSA provides that an individual may bring on action "on behalf of himself...and other employees similarly situated." 29 U.S.C. § 216(b). Courts have applied either of two approaches to determine whether to facilitate notice: the "two-step" approach in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the "spurious" class action approached used in *Shusan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The Fifth Circuit has specifically refused to sanction or endorse either method of determining class certification. *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1216 (5th Cir. 1995). Because the *Lusardi* approach is the one discussed at length by both parties in their pleadings, this Court will also utilize it for the following analysis.[1]

Under *Lusardi*, the trial court should approach the "similarly situated" inquiry via a two-step analysis. *Mooney*, 54 F.3d at 1213. The first determination is made at the so-called "notice stage." *Id.* At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. *Id.* at 1213-14. At the notice stage "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" that violates the FSLA. *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). The second step under the *Lusardi* approach "is typically precipitated by a motion for 'decertification' by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on

---

[1] The Court notes that under either method, the results would be the same.

which to base its decision." *Id.* at 1214.

Plaintiff's pleadings indicate the potential plaintiffs in this case are "similarly situated": the class would include servers who worked at a single location of The Salt Lick (in Driftwood) from March 7, 2005 to the present. The record establishes other servers desire to opt-in to the class. Pl's Mot. Conditional Cert. In fact, Defendant doesn't even really dispute this class would be "similarly situated." What Defendant does dispute is whether Scherrer has identified a single policy which may have violated the FLSA.

Defendants devote much of their briefing to the contention the burden on the Plaintiff at the notice stage, or the first step, requires him to prove ***the underlying policy he challenges actually violates the FSLA***. Def.'s Resp. at 4 (emphasis added). Plaintiff, he argues, must present sufficient evidence of a widespread policy or plan that actually violates the statute. *Id.* But Defendant ignores the obvious thrust of the requirements at the notice stage—Courts require not "sufficient evidence," but "substantial allegations" that Plaintiff and the other putative class members were victims of a decision, plan, or policy that violates the FSLA. Otherwise, every motion for conditional certification would require district courts to engage in a summary judgment analysis to determine whether the FSLA had actually been violated. Discussing the first step of the *Lusardi* approach, the Fifth Circuit explicitly stated "[b]ecause the court has minimal evidence [at this stage], th[e] determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class." *Mooney*, 54 F.3d at 1214.

Thus, the analysis at this stage need not resolve the underlying factual dispute. *See, e.g. Foraker v. Highpoint Southwest Servs., LP*, 2006 WL 2855047 at *4 n.16 (S.D. Tex. 2006) (an "argument to the merits...is not a persuasive basis to deny notice of this suit"). Instead, it properly

-4-

turns only on whether Plaintiffs have presented substantial allegations the putative class members were the victims of a single decision, policy, or plan implemented by Defendants that violates the FSLA. Plaintiffs have alleged Defendant requires waiters at The Salt Lick to contribute to an tip pool in violation of the FLSA because the tip pool includes non-service employees. Defendant's position is, essentially, Plaintiffs have not established this is *clearly* a violation of the FLSA. They're right—it isn't. But it could be. Plenty of courts have allowed certification and proceeded past the summary judgment stage to investigate this very issue. *See Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301 (6th Cir.1998) (finding the extent of employees' interaction with customers critical to the determination of whether an employer may include the employees in a mandatory tip pool); *Roussell v. Brinker Intern., Inc.*, No. 05-3733, 2008 WL 2714079 (S.D. Tex. July 9, 2008) (holding the level of customer interaction is highly relevant to the question of whether an employee may participate in a valid tip pool and finding a genuine issue of fact as to that issue); *Bernal v. Vankar Enters.*, No. 07-695, 2008 WL 791963, *3 (W.D. Tex. March 24, 2008) (granting conditional class certification to determine whether bartenders were improperly made to contribute to a tip pool); *Hai Ming Lu v. Jing Fong Rest., Inc.*, 503 F.Supp.2d 706, 711 (S.D.N.Y. 2007) (finding "an issue of fact remains to be tried regarding whether the pantry workers and dim sum servers, while 'not the primary customer contact...have more than de minimis interaction with the customers and are otherwise entitled to share in the tip pool, or, in the alternative, whether they are 'like dishwashers, cooks, or off-hour employees like an overnight janitor [who] do not directly relate with customers at all' and who may not share in the pool.").

Accordingly, the Court does not now consider the underlying factual dispute or attempt to resolve it. Because the Plaintiffs have adequately alleged the putative class members were victims

of a single decision, policy, or plan implemented by Defendants that violates the FSLA, and the class members are "similarly situated," this Court finds conditional certification is appropriate.

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that Plaintiffs' Motion for Conditional Certification is GRANTED. The wording of Plaintiffs' requested notice, however, is not authorized at this time, as the parties have indicated they will agree on the wording of a mutually acceptable notice.

SIGNED this the 9th day of October 2008.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE