# EXHIBIT Q

United States District Court
Southern District of Texas
ENTERED

MAY 19 1997

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
FILED

MAY 16 1997

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IMELDA Y COREAS, LUIS ALONZO GARCIA, ANA DILA GARCIA, JOSE DEMITRIO PUENTE, INOCENCIA PUENTE. MARIA DE LA PAZ MEDINA MIREYA GONZALES, YOLANDA VALLEJO PAULINA RIVERA, AND EZEQUIEL A. HERNANDEZ, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, Plaintiffs, v. C & S RANCH, BRAD SCHWARTZ AND BENNY CHERRY, Defendants. | CIVIL ACTION NO. L-97-30 |

## MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion for Court Order Authorizing FLSA Action and Notice of FLSA Collective Action to All Similarly Situated Employees of C & S Ranch. The pending action was filed with this Court on March 7, 1997.

Plaintiffs in this case claim that Defendants Schwartz, Cherry, and the business partnership of C & S Ranch failed to pay Plaintiffs certain minimum and/or overtime wages arising from their employment with C & S Ranch during 1994, 1995 and/or 1996. Plaintiffs bring this action on behalf of themselves and all other employees similarly situated pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Section 216(b) of the FLSA authorizes a plaintiff seeking relief to bring a "collective action" on behalf "of himself or themselves and other employees similarly situated." See 29 U.S.C. § 216(b).

Plaintiffs seek authorization to permit this case to proceed as an opt-in collective action pursuant to section 216(b), which allows similarly situated employees to become party plaintiffs by filing a written consent with the clerk where the complaint is filed. The 5th Circuit has not specifically addressed the meaning of "similarly situated," but in Mooney v. Aramco Services Co. et al., 54 F.3d 1207 (5th Cir. 1995), the court reviewed two methodologies employed by courts in deciding this question.[1] The first methodology, the "two-stage class certification," was set forth in Lusardi v. Xerox Corporation, 118 F.R.D. 351 (D.N.J. 1987). The first step is the "notice stage" and the second step is the post-discovery stage. Id. "At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members." Mooney, 54 F.3d at 1213-1214. This is a "fairly lenient standard," and typically results in a "conditional certification" of a representative class. Id. at 1214. The second stage is typically precipitated by a motion for "decertification" filed by the defendant after discovery is largely complete. Id. If the additional claimants are found to be similarly situated, the district court allows the representative action to proceed. Id. If, however, the additional claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. Id.

The second methodology, the "spurious class action," was described in Shushan v. University of Colorado, 132 F.R.D. 263 (D.Colo.1990). Shushan stands for the proposition that § 16(b) of the FLSA merely breathes new life into the "spurious" class action procedure previously eliminated from Fed.R.Civ.P. 23. Id. The court in Shushan determined that Congress did not intend to create a completely separate cause of action for the FLSA context, but merely desired to limit the availability of Rule 23 class action relief under the act. Id. Under this approach the "similarly situated" inquiry would

---

[1] Mooney was a litigation under ADEA, but that statute explicitly incorporates § 16(b) of the FLSA. Mooney, 54 F.3d at 1212.

2

be coextensive with Rule 23 class certification and the court would look to "commonality," "typically" and "adequacy of representation" to determine whether a class should be certified. Id.

The 5th Circuit in Mooney ultimately found it unnecessary to decide which approach was appropriate. However, in an earlier case, LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975), the court found "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for FLSA's Rule 16(b)." The LaChapelle court held that "these two types of class actions are mutually exclusive and irreconcilable," because Rule 23 provides for "opt out" class actions and FLSA's 16(b) allows as class members only those who "opt in." Id. at 289. LaChapelle continued that "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." Id. at 288. Accordingly, this Court concludes that the Lusardi method is more appropriate in this case.

In the present action, the Plaintiffs have made a minimum preliminary showing under Lusardi that there are other "similarly situated" individuals. Plaintiffs have submitted the affidavit of Ms. Imelda Coreas stating that she was employed by C & S Ranch as a minimum hourly wage worker for various weeks in 1993, 1994, 1995 and 1996.[2] Ms. Coreas states that she and other similarly situated employees worked more than 40 hours a week but were not paid overtime wages for those weeks. Furthermore, Ms. Coreas states that it was C & S Ranch's policy and/or practice not to pay the packing shed workers for all the hours they waited at work even though they could not use such waiting time effectively for their own purposes. Ms. Coreas claims that there were between 40 and 50 workers who were similarly subjected to C & S Ranch's wage and hour policies and or practices between the years of 1993 and

---

[2]Defendants challenge the accuracy of all Ms. Coreas' statements in her affidavit. In Defendants' response to the pending motion, Defendants claim that their records indicate that Ms. Coreas only worked for C & S Ranch for two weeks during the fall 1993 season. Ms. Coreas' testimony is verified by oath, while Defendants' contrary assertion is not. The Court shall therefore accept the Coreas testimony.

3

1996. Because the same workers did not work during each packing season, she concludes that there are probably over 200 similarly situated workers.

In light of the forgoing, Plaintiffs' motion for this case to proceed as a FLSA collective action under 29 U.S.C. § 216(b) is GRANTED. Defendants make no objection to Plaintiffs' proposed Notice of the FLSA collective action attached as Exhibit "B" or Plaintiff's "Consent To Be Party Plaintiff" attached as Exhibit "C" (Dckt. No. 2). Both forms are APPROVED. The Plaintiffs are authorized to deliver said Notice to all similarly situated employees of C & S Ranch, and to publish said Notice in generally circulating English and Spanish language newspapers and other print media in the Laredo, Texas area. C & S Ranch shall provide to Plaintiffs' counsel, within 30 days of the filing of this Order, the complete names and last known mailing addresses of its past and present hourly wage employees who fall into the definition of "similarly situated employees" as set forth in Plaintiffs' motion. Those individuals may opt into this action by filing the "Consent to Be Party Plaintiff" within 120 days from the date of this Memorandum and Order.

DONE in Laredo, Texas, this 16th day of May, 1997.

George P. Kazen
CHIEF UNITED STATES DISTRICT JUDGE

4