# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

FEB 18 1999

MICHAEL N. ~~~~~~

| | |
|---|---|
| ROBERT SCHWARTZ AND IDA BASHA Individually and on Behalf of all Others Similarly Situated | § § § § § |
| Plaintiff, | § § |
| v. | § § CIVIL ACTION NO. H-98-1574 |
| MCI TELECOMMUNICATIONS CORPORATION | § § § |
| Defendant. | § § § |

MEMORANDUM AND ORDER

Pending is Plaintiff's Amended Opposed Motion for Class Certification Under the Fair Labor Standards Act (Document No. 14). The Court has reviewed the motion, response, replies, and applicable law, and has heard and considered the oral arguments of counsel.

Plaintiff Schwartz seeks conditional class certification under Fair Labor Standards Act ("FLSA") § 16(b), 29 U.S.C. § 216(b), on behalf of himself and others similarly situated who he claims have been improperly classified by MCI as "engineers," which thereby exempts them from being paid overtime. Under § 16(b), a person may maintain an action on "behalf of himself and other employees *similarly situated*. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added).

Schwartz moves to certify a class in which he would represent employees holding three separate and distinct positions — Order Coordination, Provisioning, and Translation — at MCI's facilities in Sugarland, Texas, Richardson, Texas, and an unidentified site in the State of Virginia,[1] who Plaintiff alleges have been inappropriately classified as "engineers" and are exempt from being paid overtime.  Schwartz himself works only in the Provisioning division at MCI's Sugarland, Texas, facility.  In his First Amended Complaint, Schwartz alleges that those employed in the three divisions do not have engineering degrees.  First Am. Compl. ¶ 9. "Moreover, their responsibilities are not professional and do not encompass engineering type duties, but are administrative and clerical in nature."  Id.   In his affidavit, Schwartz also describes the particular job responsibilities of employees in each of the three divisions.  (Schwartz Aff. at 2, Pl.'s Reply Mot. Class Certification, Ex. A.)  Finally, Schwartz states that the decision to classify employees in the three divisions is made at a corporate level in a central location at MCI's headquarters in Washington, D.C.  (Id. at 1.)

MCI objects to portions of Schwartz's affidavit, for the reasons that the statements are conclusory and the affidavit fails to set forth facts personally known to Plaintiff that will support his conclusions.  Hence, MCI argues, the statements are mere speculation.  MCI's objection is well taken with respect to

---

[1]     At oral argument MCI's counsel stated that MCI had a facility in Frederick, Maryland, which presumably Plaintiff intended by his references to Virginia.

Plaintiff's assertions as to the similarity of his position with that of MCI employees at any other location except Sugarland because there is no showing that Plaintiff has any first-hand knowledge of the operations at other locations and, as observed above, does not even know the specific location of each facility. MCI's objection is also sustained with respect to Plaintiff's assertion that employees in all three divisions work in excess of 40-hour work weeks and are not compensated with anything except for straight salary.  Plaintiff has demonstrated no factual basis to support this conclusion with respect to positions at any facility other than Sugarland.  MCI's objection is also sustained with respect to Plaintiff's "estimate that less than one percent of all of the people employed by MCI nationwide, doing the aforementioned positions in its local and long distance departments have engineering degrees," because there is no factual basis demonstrated for Plaintiff to formulate opinions upon the educational attainments of MCI's employees nationwide.

MCI contends that the Complaint and affidavit are insufficient to justify conditionally certifying a class that could potentially exceed 500 individuals in three states who work in three different departments.  MCI's primary contention is that Schwartz, who works in the Provisioning Department in Sugarland, Texas, is not "similarly situated" to individuals who work in the Order Coordination and Translations divisions and those who work at other facilities.

The Fifth Circuit has not adopted or endorsed a particular methodology for class certification in a case such as this. *See* Mooney v. Aramco Serv., Inc., 54 F.3d 1207, 1216 (5th Cir. 1995). The Fifth Circuit has, however, recognized without criticism the practice of this Court to employ a two-stage class certification procedure. Id. at 1213-14, 1216. In the first, or "notice," stage, the court initially determines whether the proposed class members are similarly situated. *See* id. at 1213. At this stage, the

> district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard,[8] and typically results in "conditional certification" of a representative class. . . .
>
> > [8]At the notice stage, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. at 407.

Id. at 1214; *see also*, Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991) (stating that the district court must consider whether potential plaintiffs are similarly situated "with respect to their job requirements and with regard to their pay provisions" before allowing notice to be sent).

A second determination is made after discovery has been substantially completed, at which time the defendant typically files a motion for decertification. *See* Mooney, 54 F.3d at 1214. At the post-discovery stage, courts have generally considered three factors to determine whether a plaintiff is "similarly situated":

(1) disparate factual and employment settings among class members, (2) multiple defenses that may be available to the defendant based on each plaintiff's individual circumstances, and (3) fairness and procedural considerations in allowing the case to proceed as a class action. *See, e.g.*, Thiessen v. General Elec. Capital Corp., 996 F. Supp. 1071, 1081 (D. Kan. 1998); Bayles v. American Med. Response of Colo., Inc., 950 F. Supp. 1053, 1066 (D. Colo. 1996); Brooks v. Bellsouth Telecomm., Inc., 164 F.R.D. 561, 568 (N.D. Ala. 1995), *aff'd*, 114 F.3d 1202 (11th Cir. 1997); Lasardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987).

In his affidavit, Schwartz describes the responsibilities of those who are employed in the Provisioning division in Sugarland where he works. Based on the evidence, those employees who work in the Provisioning division have similar job responsibilities, and Schwartz would be similarly situated to potential plaintiffs who work in that division. Applying the lenient standard recognized in Mooney, the Court finds that Schwartz's allegations justify conditional class certification for those who work in the Provisioning division at MCI's Sugarland, Texas facility.

In limiting the scope of the conditional class to those who are employed in MCI's Provisioning division in Sugarland, the Court observes that the responsibilities and duties performed by others employed as Order Coordinators and Translators are different. This is evidenced by Schwartz's affidavit itself. To determine whether MCI has properly classified employees in each division as "engineers" requires an analysis of the different job functions

5

performed in each division. *See, e.g.*, <u>Donovan v. United Video, Inc.</u>, 725 F.2d 577 (10th Cir. 1984); <u>Leslie v. Ingalls Shipbuilding, Inc.</u>, 899 F. Supp. 1578 (S.D. Miss. 1995). Determining whether employees who work in the Provisioning division should be classified as "engineers" necessarily entails consideration of different facts than one must consider in determining whether employees in the Translation or Order Coordination divisions should be so classified because different tasks are performed in each division. MCI may therefore have different defenses for each divisional group of employees based on their job functions. *See, e.g.*, <u>Warren v. Reserve Fund, Inc.</u>, 728 F.2d 741, 747 (5th Cir. 1984) (stating that a defense applicable to only one defendant justified denial of class certification under Rule 23(a) for lack of typicality). Since Schwartz is not and has not been employed in MCI's Order Coordination or Translation divisions, he cannot maintain a class action on behalf of those employees. *See, e.g.*, <u>Belcher v. Shoney's, Inc.</u>, 927 F. Sup. 249, 252 (M.D. Tenn. 1996) (holding that a class would not include those employees who worked at other restaurant chains also owned by the defendant when none of the named plaintiffs had been employed at those chains). Thus, the conditional class will be limited at this time to those employees employed in MCI's Provisioning division at Sugarland.

Schwartz, as observed above, moves for the conditional class to include also MCI employees in Richardson, Texas, and at the alleged location in the State of Virginia, presumably, Frederick,

Maryland.   Not only is Schwartz not conversant with where each of MCI's other facilities is located, he has presented no facts whatever with respect to any purported violations of the Fair Labor Standards Act by MCI at any of its other locations.   The recent decision in Harper v. Lovett's Buffet, Inc., 1999 WL 39142 (M.D. Ala.), is instructive and was argued by the parties to the Court. In Harper, Chief Judge Albritton conditionally certified a class of hourly wage employees who worked at defendant's Dothan restaurant, where plaintiffs themselves worked, but declined conditionally to certify inclusion of employees who worked at other restaurants also owned by the defendant.   In so holding, the court observed:

> Plaintiffs have not made a showing that any hourly wage employee at any of Defendant's restaurants, other than at the restaurant in Dothan where the named, individual Plaintiffs and the individuals who have filed Notices of Consent to be a Party Plaintiff worked, was subjected to employment practices which potentially violated the FLSA.

Id. at *4.   Likewise, in the instant case, Schwartz has not made any showing that any of the persons employed in MCI's Provisioning divisions in Richardson, Texas, or in Frederick, Maryland, has been misclassified, as Schwartz contends is the case with himself, in order to avoid paying to those employees overtime wages to which they are entitled under the law.

In his affidavit Schwartz states that a MCI human resources generalist in Sugarland told Schwartz that "the classification of employees in these three departments is made at the corporate level and he had no part of the decision at the local level."   From this Schwartz assumes that the same classifications must have been directed by corporate headquarters for facilities other than

7

Sugarland.   There is no proof of such, however, and, more importantly, no proof has been received that any of MCI's employees in Richardson, Texas and Frederick, Maryland are misclassified as exempt employees or that they have been required to work overtime without being compensated in accordance with law.   Moreover, there is no *complaint* from any employees who work at the other facilities that their rights have been violated as Schwartz contends his have been in Sugarland.   The purpose of a class action is to facilitate the litigation of numerous persons similarly situated who are actually aggrieved and have a complaint.   The submissions on this motion simply fail to provide a basis to certify conditionally a class as broad as that sought by Schwartz.

For the foregoing reasons, it is

ORDERED that Plaintiff's Amended Opposed Motion for Class Certification under the Fair Labor Standards Act (Document No. 14) is GRANTED in part, and a class is conditionally certified that will be composed of those persons who are employed in MCI's Provisioning division at its Sugarland, Texas, facility; and Plaintiff's Motion otherwise to certify a class composed of MCI employees who work at other MCI facilities, and in divisions other than the Provisioning division at Sugarland, is DENIED.

Plaintiffs have presented a proposed form of Notice to prospective class members, which must be revised to conform to the terms of this Memorandum and Order.   After this has been done and after Defendant has had opportunity to review the revision, Plaintiffs shall file the revised form of Notice for the Court's

approval, along with advice as to whether Defendant has approved the content of such Notice as to form.

The Clerk will notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 17TH day of February, 1999.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE