# EXHIBIT T

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

03 SEP 29 PM 3: 24

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN. MEMPHIS

| | |
|---|---|
| ROBERT NEWSOM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 03-2068 Ml/V |
| ) | |
| NPC INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**AND**
**ORDER PERMITTING PLAINTIFFS TO AMEND THEIR COMPLAINT**

This case is before the Court on Defendant's Motion to Dismiss, filed February 23, 2003. Plaintiffs responded in opposition on March 31, 2003. For the following reasons, the Court GRANTS Defendant's motion and DIRECTS Plaintiffs to amend their Amended Complaint within ten (10) days of the date of entry of this Order.

**I.   Background**

The Court assumes the following allegations in the Amended Complaint to be true for purposes of this motion. Plaintiffs are all employed as Preventive Maintenance Technicians ("PMTs") with Defendant NPC International, Inc., which is a franchisee of Pizza Hut restaurants. (Am. Compl. ¶¶ 2-8, 17.) Plaintiffs bring this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). (Id. at 27.) Plaintiffs are non-exempt employees paid a

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-29-03



salary based on a forty hour work week under the FLSA. (Id. at 20.) Defendant requires Plaintiffs to work a minimum of fifty hours per week, which results in at least ten hours of overtime each week. (Id. at 19.) A work week of less than forty hours per week is not available to Plaintiffs. (Id. at 23.) For each hour of overtime worked, Defendant pays overtime compensation pursuant to the fluctuating work week method (or half-time method) set forth in 29 C.F.R. § 778.114. (Id. at 21.) Defendant does not pay Plaintiffs the regular overtime rate (i.e. one and one half times their regular rate) as set forth in 29 U.S.C. § 207(a). (Id.) In weeks where Plaintiffs have worked less than forty hours, Defendant makes deductions from Plaintiffs' pay. (Id. at 24.) Defendant also makes deductions from Plaintiffs' pay for full or half day absences related to personal business or sickness. (Id.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Analysis

Plaintiffs' Amended Complaint alleges that Defendant improperly paid Plaintiffs for their overtime hours using the fluctuating work week method set forth in 29 C.F.R. § 778.114 rather than the general method of calculating overtime pay set forth in 29 U.S.C. § 207(a). Plaintiffs contend the fluctuating work week method should not be used because their hours never fluctuate below forty hours per week. Plaintiffs assert that they should be paid for their overtime hours in accordance with the overtime rate set forth in 29 U.S.C. § 207(a). Defendant argues that the Court should dismiss the Amended Complaint for failure to state a claim because an employee's hours are not required to fluctuate both above and below forty hours per week in order for an employer to utilize the fluctuating work week method.

#### A.   Fluctuating Work Week Method

Section 207(a) of the FLSA generally requires employers to pay overtime compensation at a rate at least one and one-half times greater than an employee's regular rate. However, an employer may calculate overtime pay using the fluctuating work

3

week method where an employee whose hours vary from week to week is paid on a salary basis. The fluctuating work week method is not an exception to the FLSA requirement that an employee receive overtime pay for hours worked in excess of forty, it merely provides an alternative method for calculating overtime pay. Flood v. New Hanover County, 125 F.3d 249, 252 (4th Cir. 1997). The relevant regulation provides:

> (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each week, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 778.114(a). Section 778.114(b) illustrates how to calculate overtime pay using the fluctuating work week method.

4

In support of their respective positions, the parties have cited to two differing cases from the Seventh Circuit as justification for the applicability or inapplicability of the fluctuating work week method to present case, in which Plaintiffs allege that they never work less than forty hours in any week. The Court agrees that the Seventh Circuit does seem to have reached opposite conclusions as to the same question of law without ever stating that it was overruling its prior decision. In Condo v. Sysco Corp., 1 F.3d 599 (7th Cir. 1993), the court considered whether Sysco could use the fluctuating work week method to pay Condo, a mail room employee and chauffeur to Sysco's chairman of the board. Condo never worked less than forty hours per week. The court held, "If [29 U.S.C. § 207(a)] applies and the employee's hours fluctuate above but not below forty hours per week, an employer may choose to compensate the employee pursuant to the system that is set forth in [29 C.F.R. § 778.114]. . . . Because Condo worked varying amounts of overtime hours, the number of hours that he worked 'fluctuated' for purposes of § 778.114. Thus, as the district court concluded, § 778.114 applies in this case." Id. at 603.

Nine years later in Heder v. City of Two Rivers, Wis., 295 F.3d 777 (7th Cir. 2002), the court considered whether firefighters could be paid according to the fluctuating work week method where their hours were spread unevenly over the pay period

5

because they worked in three twenty-four hour shifts during a nine day window. Id. at 779. The firefighters never worked less than 216 hours in a twenty-seven day period.[1] Id. at 780. The Court found that the "paradigm" of an employee working a fluctuating work week is one whose hours vary both above and below forty because the increased straight-time compensation for weeks with less than forty hours makes up for lessened overtime pay as a result of lower straight-time compensation in weeks with more than forty hours. Id. at 779-780. According to the court, "Two Rivers does not fit the [fluctuating work week] model, because its firefighters *never* work fewer than 216 hours in a 27-day period. There is no shortfall of time (and correspondingly higher hourly rate) in one pay period that might make up for longer work in another. Every hour is accountable." Id. at 780 (emphasis in original).

The Court finds the reasoning in Heder unpersuasive for several reasons. First, Plaintiffs in the present case work a schedule that is more similar to the plaintiff in Condo. Plaintiffs in the present case are employed as PMTs for Pizza Hut restaurants and consistently work more than fifty hours per week. The plaintiff in Condo consistently worked more than forty hours in a regular week as a mail room employee and chauffeur. By

---

[1] According to 29 C.F.R. § 553.230, for individuals employed as firefighters any hours over 212 in a twenty-eight day period are considered overtime.

contrast, the firefighter plaintiffs in <u>Heder</u> worked uneven schedules. Specific regulations under the FLSA apply to firefighters allowing them to work an uneven schedule, such as the one at issue in <u>Heder</u> where the firefighters worked three twenty-four hour shifts in nine-day cycles.

Moreover, in its decision in <u>Heder</u> the Seventh Circuit cited no other case law in support of the proposition that an employee's hours must vary both above and below forty hours per week in order for an employer to utilize the fluctuating work week method. The Court also cited no authority for its assumption that the purpose of the fluctuating work week method is to compensate the employee with a higher straight-line rate in weeks with less than forty hours in order to make up for a lower overtime rate in weeks with more than forty hours. In contrast, the regulation at issue actually provides an illustrative example of an employee being paid using the fluctuating work week method. 29 C.F.R. § 778.114(b). In the example, the hypothetical employee is not assumed to work less than forty hours in any week. <u>Id.</u> (using 40, 44, 48, and 50 hours per week to show a calculation using the fluctuating work week method). Furthermore, the <u>Heder</u> decision contradicts the plain language of the regulation, which clearly states that the fluctuating work week method can be used to compensate an employee for the hours worked in each work week "whatever their number." 29 C.F.R. §

7

778.114(a). The statute does not indicate that an employee's hours must fluctuate both above and below forty.

Finally, the Seventh Circuit's more recent decision in Heder goes against the weight of authority on this point. Plaintiffs have not cited, nor has the Court located, any other decision holding that an employee's hours must vary both above and below forty in order for an employer to take advantage of the fluctuating work week method. However, in addition to the Seventh Circuit's earlier decision in Condo several courts have reached the conclusion that an employee's hours need not fall below forty in certain weeks for an employer to utilize the fluctuating work week method. See, e.g., Aiken v. County of Hampton, 1998 U.S. App. Lexis 23693, *7-*9 (4th Cir. Sept. 22, 1998) (finding that "fluctuating base hours are not necessary to invoke the fluctuating workweek provision" where employees were never scheduled to work less than forty or forty-three hours per week); Haynes v. Tru-Green Corp., 507 N.E.2d 945, 950 (Ill. App. Ct. 1987) ("The requirement of fluctuating hours in section 778.114 of the regulations necessarily implies fluctuation in the overtime hours range. . . . Courts have also uniformly applied the fluctuating-hours provisions of section 778.114 of the regulations to situations where the hours only varied in the overtime range.").

Accordingly, the Court finds that an employee's hours need

8

not vary both above and below forty hours per week in order for an employer to utilize the fluctuating work week method of calculating overtime. The Court DISMISSES Plaintiffs' claim that Defendant failed to pay them in accordance with 29 U.S.C. § 207(a).

### B.   Injunctive Relief

Defendant moved to dismiss Plaintiffs' request for injunctive relief because the Secretary of Labor is vested with the exclusive authority to seek injunctive relief for violations of the FLSA, pursuant to 29 U.S.C. § 211(a). Plaintiffs do not dispute this issue. (Pla.'s Mem. in Resp. to Def.'s Mot. to Dism. at 2.) Accordingly, even if the Court had not dismissed Plaintiffs' claim under 29 U.S.C. § 207(a) the Court would nevertheless DISMISS Plaintiffs' request for injunctive relief.

### C.   Leave to Amend

In their responsive memorandum, Plaintiffs also argued that Defendant has improperly applied the fluctuating work week method by making deductions from their salaries when they are absent from work. This legal theory is not evident from the face of the Amended Complaint, which contains only one count based on Defendant's alleged failure to pay overtime compensation in accordance with 29 U.S.C. § 207(a), and Defendant has not had an opportunity to respond to this claim. If Plaintiffs choose to advance the theory that Defendant failed to properly compensate

9

them in accordance with the requirements of 29 C.F.R. § 778.114(a), they should amend their Amended Complaint to do so. The Court DIRECTS Plaintiffs to make any such amendment within ten (10) days of the date of entry of this order. If Plaintiffs fail to amend their complaint within ten days, the Court will dismiss this case in its entirety.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the claim that Plaintiffs were not compensated in accordance with 29 U.S.C. § 207(a). The Court DIRECTS Plaintiffs to amend their Amended Complaint to assert any claim that Defendant failed to properly pay its employees according to 29 C.F.R. § 778.114(a) within ten (10) days of the date of entry of this order. Failure to amend the complaint will result in dismissal of this case in its entirety.

So ORDERED this 29th day of September, 2003.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:03-CV-02068 was distributed by fax, mail, or direct printing on September 29, 2003 to the parties listed.

---

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

John Ford Canale
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Thomas L. Henderson
LEWIS FISHER HENDERSON CLAXTON AND MULROY
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Whitney Fogerty
LEWIS FISHER HENDERSON CLAXTON & MULROY
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Honorable Jon McCalla
US DISTRICT COURT