# Stueve · Siegel · Hanson
**LLP**

**Matthew L. Dameron**
dameron@stuevesiegel.com

460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Phone: (816) 714-7137
Fax:   (816) 714-7101

June 1, 2009

The Honorable Andrew Austin
United States Magistrate Judge
Western District of Texas
200 West Eighth Street
Austin, Texas 78701

RE:  *Gandhi, et al. v. Dell Inc., et al.*
Case No. 1:08-cv-00248

Dear Judge Austin:

Plaintiffs write in response to Dell's recently-filed Advisory [Doc. # 95] and to further clarify a few points from last week's hearing. During the hearing, Your Honor requested information regarding (1) the bifurcation of discovery, and (2) Plaintiffs' claims for "off the clock" work that they performed. Plaintiffs briefly address both of these issues herein.

### BIFURCATION OF DISCOVERY

As Plaintiffs articulated in their briefing and at the hearing, Dell has routinely objected to certain discovery Plaintiffs have sought because it is purportedly unrelated to "class certification/notice." *See* Pl. Reply [Doc. # 69] at pp. 2-3. During the merits stage of the litigation, Plaintiffs intend to obtain objective records that, when compared against the time stamps of employees, will demonstrate that business sales representatives performed work without compensation. Those categories of objective evidence are set forth in Plaintiffs' briefing, and counsel referenced them during the recent hearing. *Id.*

In their Interrogatories to Defendants, Plaintiffs asked specific interrogatories related to these objective records and Dell invariably refused to provide responses because Dell argued such inquiries were "premature (not related to class certification/notice)." *See* Pl. Ex. W at Answers Nos. 8 and 14. Moreover, Plaintiffs requested documents related to these objective records, but Dell refused to produce the documents because it considered those requests to be "premature (not related to class certification/notice)." *See* Dell's Objections and Responses to Plaintiffs' First Requests for Production of Documents, attached hereto as Exhibit JJ, at Responses Nos. 2, 3, 14, and 19.[1]

---

[1] In the interest of brevity, Plaintiffs did not attach Dell's responses to Plaintiffs' document requests to their certification briefing. However, given Dell's persistence in trying to get this Court to apply a second-tier analysis – a result not contemplated by the parties or the Court's Scheduling Order [Doc. # 51] – Plaintiffs have no choice but to further supplement the record.

**Stueve · Siegel · Hanson** LLP

June 1, 2009
Page 2

Nonetheless, despite Dell's steadfast refusal to provide discovery related to Plaintiffs' claims, it now asks this Court to impose a more rigorous standard and deny conditional certification because "the parties have conducted ample discovery." *See* Dell's Opp. [Doc. # 67] at p. 19. In its briefing and at the hearing, Dell relies on *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618 (N.D. Tex. 2008) to argue that Plaintiffs should be held to a more rigorous standard and the Court should employ a "hybrid" analysis that ignores the lenient, first stage of conditional certification. *Valcho* is distinguishable from this case on several fronts:

- The motion for conditional certification in *Valcho* was supported solely by the plaintiff's affidavit. In this case, Plaintiffs have submitted fourteen declarations in support of their Motion.

- Other than the plaintiff, there was only one other opt-in who had joined the litigation in *Valcho*. Over thirty current and former business sales representatives have joined this case.

- There was no evidence that the defendant in *Valcho* thwarted discovery from the plaintiff based on a distinction between certification and merits discovery.

Aside from these factual distinctions, *Valcho* is an aberrant opinion that deviates from the cases that refuse to apply a more stringent standard for conditional certification where some preliminary discovery has occurred. *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004 (refusing to collapse the two step process because discovery was not completed and because the court's scheduling order contemplated the two step process); *Luethold v. Destination Am., Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004 (same); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002 (same).

Indeed, in those jurisdictions where courts have agreed to bypass the first stage of analysis for collective action certification or take a more heightened review, the discovery has been substantially completed and/or the case ready for trial. *See Baroni v. BellSouth Telecomm., Inc.*, No. Civ.A. 02-009, 2004 WL 1687434 (E.D. La. July 27, 2004 (parties agreed no further evidence was needed); *Pfohl v. Farmers Ins. Group*, No. CV03-3080 DT (RCX), 2004 WL 554834, *2-3 (C.D. Cal. March 1, 2004 (noting that discovery was "largely complete"). In this case, discovery is far from complete, particularly where Dell refuses to articulate or provide any documents related to its purported affirmative defenses. *See* Pl. Exs. W at No. 17, JJ at Nos. 26 and 35.

Thus, even though Dell has provided some preliminary discovery, the Court should continue to apply the first-tier analysis and grant Plaintiffs' Motion. As counsel discussed during the hearing, (1) the Court's orders related to scheduling explicitly allowed only for preliminary discovery related to certification; (2) Dell has repeatedly asserted the bifurcated discovery structure in denying discovery to Plaintiffs; and (3) Plaintiffs have relied on the bifurcated model

Stueve · Siegel · Hanson LLP

June 1, 2009
Page 3

both in preparing their Motion and in preparing to pursue this litigation post-certification.[2] Accordingly, the Court should reject Dell's rejoinder to apply a more rigorous analysis that contemplates a second tier of evaluation.

### PLAINTIFFS' "OFF THE CLOCK" CLAIMS

During the hearing, Your Honor asked counsel if Dell had promulgated a written policy that directed business sales representatives to perform their pre- and post-shift work without compensation. As counsel articulated during the hearing, it is not necessary to show that Dell instructed business sales representatives to work without compensation. It is sufficient if Plaintiffs can demonstrate they were subject to a "common policy, plan, pattern, or practice." *Roussell v. Brinker Intern., Inc.*, No. 05-3733, 2008 WL 2714079, *15 (S.D. Tex. July 9, 2008) (collecting cases). In this case, the common practice is for business sales representatives to perform pre- and post-shift work, as well as work during their unpaid lunch break, without compensation. *See* Plaintiffs' Declarations.

Indeed, "[w]ork not required but suffered or permitted is work time. . . . The reason is immaterial." 29 C.F.R. § 785.11. The regulations further instruct that "it is the duty of management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them." 29 C.F.R § 785.13.

Thus, Plaintiffs must merely demonstrate that Dell knew or should have known that business sales representatives performed work without compensation. Plaintiffs do not need to establish that Dell unlawfully instructed Plaintiffs to perform work without compensation.

Plaintiffs appreciate the Court's consideration of these supplemental issues.

Respectfully submitted,

Matthew L. Dameron

---

[2] At the hearing, the Court asked about conversations between Plaintiffs and Dell related to bifurcation of discovery. Attached hereto as Exhibit KK is an email from Michael Fox to Plaintiffs' counsel dated June 30, 2008. Notably, the email and its attachment demonstrate that Dell initially drafted the language in the scheduling order that contemplates bifurcated discovery – language that is also found in the Court's Scheduling Order [Doc. # 51]. Thus, there can be no question that Dell anticipated limited, focused discovery related only to certification.