# EXHIBIT JJ

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:08cv-00248-SS |
| DELL INC., and DELL MARKETING USA L.P., | § § § § § | |
| Defendants. | § § | |

### DEFENDANTS DELL INC. AND DELL MARKETING USA, L.P.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DELL

TO: Plaintiff Hitul Gandhi, by and through his attorney of record, George A. Hanson, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112.

Pursuant to the Federal Rules of Civil Procedure, Defendants Dell Inc. and Dell Marketing USA, L.P. (collectively, "Defendants") file these objections and responses to Plaintiffs' First Requests for Production of Documents to Dell Inc. and Dell Marketing USA, L.P.

Defendants reserve the right to supplement these responses.

Respectfully submitted,

*Jeffrey C Clark* (signature)

Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
301 Congress Avenue, Suite 1250
Austin, TX 78701
(512) 344-4700
(512) 344-4701 (Fax)

*ATTORNEYS FOR DEFENDANTS
DELL INC. AND DELL MARKETING USA, L.P.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of September, 2008, the above and foregoing document was mailed by certified mail, return receipt requested, to the following counsel:

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

J. Derek Braziel
Meredith Black-Matthews
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 324
Dallas, TX 75202

*(signature)*
Jeffrey C. Londa

2

## GENERAL OBJECTIONS APPLICABLE TO EACH REQUEST

1.      Defendants object to the instructions and definitions accompanying Plaintiffs' First Requests for Production of Documents to Dell to the extent that the said instructions and definitions attempt to require Defendants to do more than is required by the Federal Rules of Civil Procedure. For example, Defendants object to the definition of "document" and "documents" to the extent that it is broader than or different than the definition of "document" provided in Federal Rule of Civil Procedure 34(a). Defendants object that the definition of "Communication" is vague, ambiguous, and/or nonsensical. For example, not all "understandings" are and/or can be a communication. Defendants object to the definitions of "relating to" and "regarding" as they are overbroad. Defendants object to the definition of "personnel files" as being overbroad and unduly burdensome.

2.      Defendants object to the instructions and definitions accompanying Plaintiffs' First Requests for Production of Documents to Dell to the extent that they attempt to require or could be construed as requiring Defendants to disclose information and/or documents protected by the attorney-client privilege and/or the attorney work product doctrine.

3.      Defendants object to all of Plaintiffs' requests to the extent they are premature (not related to class certification/notice).

4.      All of Plaintiffs' requests call for the production of confidential and/or proprietary information that should not be produced and which Defendants object to producing without the prior entry of an appropriate protective order. Accordingly, Defendant Dell Marketing will produce the documents identified herein only following the entry of an appropriate protective order.

### DEFENDANTS DELL INC. AND DELL MARKETING USA, L.P.'S
### OBJECTIONS AND RESPONSES TO PLAINTIFFS'
### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DELL

**REQUEST NO. 1.** Plaintiffs' personnel files, including, but not limited to, all time records and compensation records.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibits A, B, C and D. A list of all exhibits to be produced is attached to these responses.

**REQUEST NO. 2.** Any and all records reflecting security badge activity (i.e., time of entry to facility, time of exit, etc.) for Plaintiffs from April 2005 to present.

**RESPONSE:** Defendants object to this request because it is overly broad, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request because the burden and cost of responding to it far outweighs any possible benefit that could be gained by complying or attempting to comply with the request.

**REQUEST NO. 3.** Any and all records reflecting when Plaintiffs logged in or logged out of Windows.

**RESPONSE:** Defendants object to this request because it is overly broad, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants additionally object to this request because the burden and cost of responding to it far outweighs any possible benefit that could be gained by complying or attempting to comply with the request. Defendants additionally object to this request because it calls for the production of confidential and proprietary information. Defendants further object to this request because it calls for the production of irrelevant information which is not reasonably calculated to lead to the production of admissible evidence.

**REQUEST NO. 4.** Any and all records reflecting when Plaintiffs logged in or logged out of Dell's phone program (i.e., Kronos).

**RESPONSE:** Defendants object to this request because it is overly broad, harassing, premature (not related to class certification/notice), and unduly burdensome. Defendants also object to Plaintiffs' description of the "phone program" as Kronos. It is not. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit B.

4

**REQUEST NO. 5.** Any and all records reflecting when Plaintiffs logged in or logged out of Dell's timekeeping system, assuming Dell's phone program did not also constitute Dell's timekeeping system.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants additionally object to this request because it does not provide a reasonable limitation upon time, scope of the search, or scope of the subject matter. Without waiving these objections, see Exhibits B, D, and E.

**REQUEST NO. 6.** Any and all job descriptions, employee handbooks, manuals or other documents describing Dell's personnel policies and procedures in effect for business sales representatives from April 2005 through the present.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibits F and G.

**REQUEST NO. 7.** Any and all records describing Dell's compensation policies and procedures for business sales representatives in effect from April 2005 through the present.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants also object to this request because it calls for the production of irrelevant information that is not reasonably calculated to lead to the production of admissible evidence. Without waiver of the foregoing objections, Defendants refer Plaintiffs to Exhibit G.

**REQUEST NO. 8.** Any and all policies, procedures, directives, or communications regarding morning meetings (i.e., "huddles") attended by business sales representatives from April 2005 to present.

**RESPONSE:** Defendants object to this request because it is overly broad, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant Dell Marketing refers Plaintiffs to the documents being produced as Exhibit G.

**REQUEST NO. 9.** Any and all policies, procedures, directives, or communications regarding contests or other incentive programs for business sales representatives from April 2005 to present.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, duplicative, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 10.** Any and all records relating to Dell's method(s) for calculating hours worked by hourly employees, during the period of April 2005 to the present, including but not limited to all policies, procedures and/or emails to Plaintiffs, managers, or any other individual regarding Dell's time keeping procedures.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 11.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding timekeeping, including but not limited to, employee complaints that they were losing time, communications to managers about potential problems with the time systems, or any other communication or documents related thereto.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 12.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding tasks performed by business sales representatives when they were not managing calls (i.e., reading emails, reviewing memoranda, checking voicemail, etc.).

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 13.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding when business sales representatives had to be ready to work, including documents related to how business sales representatives

6

should be prepared to start their day or when they can officially begin to keep track of their time.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants additionally object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to the documents produced as Exhibit G.

**REQUEST NO. 14.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding seating for business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, ambiguous, premature (not related to class certification), harassing, and unduly burdensome. Defendants also object to this request because it seeks irrelevant information which is not reasonably calculated to lead to the production of admissible evidence.

**REQUEST NO. 15.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding Dell's calculation of the regular rate and overtime rate of compensation for business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), duplicative, harassing, and unduly burdensome. Defendants additionally object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 16.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding Dell's implementation of the fluctuating workweek method of compensation for business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants additionally object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 17.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding meal and rest breaks for business sales representatives, including how meal and rest breaks affected compensation for business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants also object to this request because it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 18.** Any and all records relating to the implementation and/or administration of the compensation plan for business sales representatives in effect from April 2005 through the present, including, but not limited to, any records regarding or relating to rates of payment, recording hours, payroll percentages, staffing levels, overtime, and earning commission.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), duplicative, harassing, and unduly burdensome. Defendants also object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it does not provide a reasonable limitation upon time, scope of the search, or scope of the subject matter. Without waiving these objections, Dell refers Plaintiffs to Exhibit G.

**REQUEST NO. 19.** Any and all records of, or regarding, communications (including but not limited to any correspondence, notes, email correspondence or recorded voicemail messages) to, from, between or among any business sales representative and/or Dell regarding or relating to the subject matter of this litigation.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it could be construed as an invasion of the attorney/client privilege or work product doctrine. Without waiving these objections, none known.

**REQUEST NO. 20.** Any and all records relating to complaints or investigations of wage and hour law violations or retaliation (including claims of failure to pay minimum wage, failure to pay overtime or retaliation in violation of the FLSA) alleged to have been committed by Dell, its employees or agents, in the last five years.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request on the basis of the <u>res inter alios acta</u> doctrine. Plaintiffs must prove their case through its own facts and circumstances.

**REQUEST NO. 21.** Any and all records evidencing any communication to, with, or from third—parties (including but not, limited to any shareholder, financial analyst, market

8

analyst, financial institution, news reporter or consultant) regarding or relating to this litigation.

**RESPONSE:** Defendants object to this request because it is overly broad, premature (not related to class certification/notice), vague, harassing, and unduly burdensome. Defendants also object to this request because it invades the attorney/client privilege and work product doctrine. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22.** Any and all records that constitute or reflect organizational charts and/or the management structure of Dell.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, harassing and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it seeks confidential and proprietary information.

**REQUEST NO. 23.** Any and all records that constitute or reflect organizational charts and/or the management structure related to business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request because it seeks proprietary and confidential information.

**REQUEST NO. 24.** Dell's articles of incorporation, bylaws or other documents which reflect the corporate structure of Dell, including any of its parents, subsidiaries, divisions or other affiliates.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request because it is not related to class certification. Defendants object to this request as it seeks confidential and proprietary information.

**REQUEST NO. 25.** Any and all records regarding or relating to any steps Dell has taken to preserve relevant records, including but not limited to e-mail and other electronic communication, since the beginning of this litigation.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants also object to this request because it calls for the production of work-product and information protected by the attorney-client privilege. Privileged documents include litigation hold communication from Dell's Legal Department to appropriate Dell personnel.

**REQUEST NO. 26.** Any and all records that relate to or support any of Dell's Affirmative Defenses asserted in its Answer.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants also object to this request because it seeks work-product and information protected by the investigative and attorney-client privileges. Defendants further object because this request is not stated with reasonable particularity.

**REQUEST NO. 27.** Any and all insurance agreements that may be used by Dell or any of its individual officers, managers or directors to satisfy part or all of a judgment which may be entered in this action, or which may used to indemnify reimbursed payments made to satisfy any judgment in this action.

**RESPONSE:** None.

**REQUEST NO. 28.** Any and all records identified, relied upon, used or referenced in response to Plaintiffs' First Set of Interrogatories.

**RESPONSE:** Defendants object to this request because it is overly broad and unduly burdensome. Defendants object to this request because it is not stated with reasonable particularity. Without waiver of the foregoing objection, Defendant Dell Marketing refers Plaintiffs to the documents being produced.

**REQUEST NO. 29.** Any and all records related to the process by which temporary business sales representatives would become permanent Dell employees (i.e., "Dell badged"), including documents related to how Dell determined which temporary employees would become permanent Dell employees.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants also object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30.** Any and all records related to Dell providing lunch or other meals for business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad vague, duplicative, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to Exhibits B and G.

**REQUEST NO. 31.** Any and all records related to timekeeping exceptions submitted by Plaintiffs and/or Plaintiffs' attempts to alter their time records via Dell's exceptions procedure.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it does not provide a reasonable limitation upon time, scope of the search, or scope of the subject matter. Defendants also object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Defendant Dell Marketing refers Plaintiffs to the documents being produced as Exhibits B and E.

**REQUEST NO. 32.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding call quotas or Dell's requirement that business sales representatives be on the telephone for certain periods of time (i.e., "talk time" or "AUX time").

**RESPONSE:** Defendants object to this request because it is overly broad, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants additionally object because this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 33.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding Dell providing meals to business sales representatives.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, duplicative, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant Dell Marketing refers Plaintiffs to Exhibit G.

**REQUEST NO. 34.** Any and all records relating to policies, procedures, directives, or communications (including emails) regarding Dell's timekeeping mechanism automatically deducting pre-determined amounts of time for meals and other breaks.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, harassing, and unduly burdensome. Defendants also object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant Dell Marketing refers Plaintiffs to Exhibit D.

**REQUEST NO. 35.** Any and all records that describe efforts made by Dell to ensure that business sales representatives were paid correctly under the Fair Labor Standards Act.

**RESPONSE:** Defendants object to this request because it is overly broad, harassing, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants further object to this request because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence. Defendants additionally object to this request because it is not stated with reasonable particularity.

**REQUEST NO. 36.** Any and all documents, electronically stored information, and tangible things that Dell may use to support its defenses.

**RESPONSE:** Defendants object to this request because it is overly broad, vague, vague, premature (not related to class certification/notice), harassing, and unduly burdensome. Defendants also object to this request because it seeks work-product and information protected by the investigative and attorney-client privileges. Defendants further object to this request because it does not identify documents requested with reasonable particularity.

## **EXHIBIT LIST**

A. Plaintiff's Personnel File

B. Plaintiff's Kronos Records

C. Plaintiff's Performance Plans/Reviews

D. Plaintiff's pay records and pay stubs

E. Plaintiff's WOW records

F. Job Description

G. Policies, procedures, slide decks and other documents