IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated | § § § § | |
| V. | § § | A-08-CA-248 JRN |
| DELL INC. and DELL MARKETING USA, L.P. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE JAMES R. NOWLIN
     UNITED STATES SENIOR JUDGE

Before the Court are Plaintiffs' Motion and Memorandum for Certification under 29 U.S.C. § 216(b) and Class Action Certification under FED. R. CIV. P. 23, filed January 30, 2009 (Clerk's Doc. No. 59); Plaintiffs' Appendix in Support, filed January 30, 2009 (Clerk's Doc. No. 60); Defendants' Response to Plaintiffs' Motion and Memorandum for Certification under 29 U.S.C. § 216(b) and Class Action Certification under FED. R. CIV. P. 23, filed February 27, 2009 (Clerk's Doc. No. 67); Factual Appendix to Defendants' Response, filed February 27, 2009 (Clerk's Doc. No. 68); and Plaintiffs' Reply in Support of Their Motion and Memorandum for Certification under 29 U.S.C. § 216(b) and Class Action Certification under FED. R. CIV. P. 23, filed March 16, 2009 (Clerk's Doc. No. 69).

On April 8, 2009, the District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

This case involves claims arising both under the Fair Labor Standards Act ("FLSA") and under Oklahoma state law. Plaintiffs are current and former business sales representatives of Defendants Dell Inc. and Dell Marketing USA, L.P. (collectively "Dell").[1] At the crux of the lawsuit are allegations that Dell "promulgated compensation policies and practices that uniformly violate the wage and hours rights of a class of similarly situated business sales representatives." Pl. Motion (Clerk's Doc. No. 59), at 1.

Presently, Plaintiffs move to conditionally certify a collective action under 29 U.S.C. § 216(b) consisting of all business sales representatives who were employed by Dell and worked at a Dell call center between April 1, 2005, and the present. Additionally, Plaintiffs seek to certify a class under FED. R. CIV. P. 23 consisting of all persons who worked for Dell at its call center located in Oklahoma City, Oklahoma, between December 14, 2004, and the present. Finally, if granted conditional certification under 29 U.S.C. § 216(b), Plaintiffs request that Dell be required to produce its computer records containing the names, last known mailing addresses and telephone numbers, work locations, and dates of employment of putative class members in spreadsheet form within a specified time period in order to allow Plaintiffs to send notice to putative class members. It is

---

[1] Dell disputes whether the term "business sales representative" is an appropriate term to describe the Plaintiffs in this case. However, Dell repeatedly used the term "business sales representative" to refer to Plaintiffs throughout discovery. Furthermore, Amy Atsumi, the Human Resources/Senior Manager for Dell Marketing USA, L.P., had no disagreement with the use of that term to describe the affected employees during her deposition (though she later claimed that the term is not a term used by Dell in her declaration on February 26, 2009). *See* Appendix in Support of Pl. Motion (Clerk's Doc. No. 60), Deposition Excerpts of Amy Atsumi, at 17.

alleged that the size of the FLSA collective action is approximately 10,000 and that the size of the Rule 23 class action is 1,900.[2]

It is Plaintiffs' position that Dell treats all business sales representatives uniformly both with regard to their general job duties or job-related tasks and with regard to the employment practices challenged in this suit. Beginning with the job duties or tasks, Plaintiffs allege that Dell utilizes one basic job description for all business sales representatives. More specifically, Plaintiffs allege that Dell groups all business sales representatives into the same "job family" and that the primary responsibility of all business sales representatives is "selling Dell's products and services (via telephone, web or e-mail) to specified customer segments." Appendix in Support of Plaintiffs' Motion, at Exhibit A (DELL 00275). Furthermore, Plaintiffs indicate that Dell specifies "principal accountabilities" attributable to all business sales representatives regardless of what smaller subunit any given business sales representative may belong to within the larger "job family." *Id*. Such "principal accountabilities" include selling Dell's products and services, working effectively in a team environment, focusing on passionate delivery of a positive and rewarding customer experience according to Dell standards, and increasing the line of business penetration. Finally, the majority of business sales representatives are full-time employees whom Dell pays on a bi-weekly basis.

With regard to the challenged employment practices, Plaintiffs make three general allegations. First, Plaintiffs allege that Dell misclassified business sales representatives as "salaried nonexempt" employees and misapplied the "fluctuating workweek" method of calculating overtime.

---

[2]Because FLSA collective actions are structured on an opt-in basis, it is impossible to predict exactly how many Plaintiffs will be in any given collective action until appropriate notice is issued and all prospective Plaintiffs are given an adequate opportunity to opt-in. Therefore, as noted above, Plaintiffs request the production of the aforementioned records from Dell in the event that Plaintiffs are granted conditional certification.

Second, Plaintiffs allege that Dell required business sales representatives to perform integral and indispensable job activities without compensation.[3] Third, Plaintiffs allege that Dell failed to properly account for and pay incentive compensation.

Dell denies Plaintiffs' allegations and opposes both collective action certification under 29 U.S.C. § 216(b) and class action certification under FED. R. CIV. P. 23. It is Dell's position that business sales representatives are not treated uniformly (or even similarly). More specifically, Dell claims that the term "business sales representative" actually encompasses a broad spectrum of dissimilar sales positions within the Small and Medium Business Unit ("SMB") at Dell, the division in which Plaintiffs worked.[4] Dell's records demonstrate that the SMB Division contains twenty-seven different sales jobs in seven subunits. Dell alleges that each job within SMB has significant differences in compensation, work schedules, lunch breaks, kinds of accounts handled, responsibilities, and managers. Furthermore, Dell denies any allegations of unlawful employment practices. Dell also argues that Plaintiffs' claims are highly individualized, require case-by-case analysis, and are thus an inappropriate basis for either a collective action or class action.

The parties agreed to a scheduling order related to the motion for certification, which was entered by Judge Sparks on July 7, 2008. That order called for certification-related discovery on the

---

[3]The allegedly uncompensated work includes the time it takes plaintiffs to (1) boot up computers; (2) log on to Dell's computer network; (3) open relevant computer programs; (4) review memoranda and correspondence relating to Dell's promotions and other services; (5) read and respond to customer e-mails or follow up with customers about earlier inquiries; and (6) complete other essential tasks. It is Plaintiffs' position that business sales representatives perform many of these tasks before the beginning of their scheduled shift, during their unpaid meal breaks, and after the completion of their scheduled shift.

[4]The SMB Unit is one of four business units at Dell in which sales representatives may work: Large Enterprise, SMB, Public, and Consumer.

Plaintiff's collective action under 29 U.S.C. § 216(b) to be completed by October 24, 2008, and for a certification motion to be filed by November 3, 2008. *See* Clerk's Doc. No. 15. On October 15, 2008, the parties filed an agreed motion to extend the discovery deadline, but before an order was entered on that motion, the Rule 23 class action proceeding was transferred from the Oklahoma district court to this district and assigned to Judge Sparks. *See* Clerk's Doc. No. 60 in Case No. A-08-CA-794 SS. On October 28, 2008, Dell filed its motion to consolidate the two cases, and Judge Sparks granted the motion that same day. Clerk's Doc. No. 38. Based on these developments the parties requested that the deadline for submitting a certification motion be temporarily suspended. The case was then reassigned to Judge Nowlin, Clerk's Doc. No. 41, and Judge Nowlin granted that request and directed the parties to submit a new scheduling order, which they did on November 13, 2008. On November 19, 2008, Judge Nowlin entered the requested schedule, which called for certification discovery to cease on January 16, 2009, and for the certification motion to be filed by January 30, 2009. The motion and response were filed consistent with that schedule, and on April 8, 2009, the motion was referred to the undersigned. A hearing on the motion was conducted on May 29, 2009.

## II. FLSA CLAIMS

### A. Applicable Law

The FLSA permits employees to bring an action against their employers for violation of its wage and hour provisions. *See* 29 U.S.C. § 216. Section 216(b) also permits an employee to bring an action against his employer on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* § 216(b).

The requirement that Plaintiffs be "similarly situated" for collective treatment "does not mean identically situated." *Crain v. Helmerich and Payne Int'l Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr.16, 1992); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs bear the burden of demonstrating that they are similarly situated. *See Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 264 (D. Conn. 2002). Determining whether collective treatment is appropriate is within the Court's discretion. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91, (2003).

Although the FLSA provides little procedural guidance for representative actions, the Supreme Court has held that district courts have discretionary authority to implement the representative action process by facilitating notice to potential plaintiffs, *i.e.*, to persons alleged to be "similarly situated" to the named plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Fifth Circuit has acknowledged that determining whether a claim should go forward as a representative action under § 216(b) requires the court to determine that the plaintiffs are "similarly situated" and that this determination is generally made by using one of two analyses: (1) a two-step analysis described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987), or (2) a "spurious class action" analysis described in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990). *See Mooney*, 54 F.3d at 1216 (expressly declining to decide which of the two analyses is appropriate upon concluding that the plaintiff had failed to satisfy the standards of either analysis).[5] "Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi*

---

[5]Although *Mooney* was an action under the Age Discrimination in Employment Act (ADEA), it applies here because the ADEA explicitly incorporates § 216(b) of the FLSA. *See Mooney*, 54 F.3d at 1212.

approach] to determine whether a collective should be certified under the FLSA." *Johnson v. Big Lots Stores, Inc.*, Civil Action Nos. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007).[6] Accordingly, the Court will use the *Lusardi* approach in this case.

Under the *Lusardi* approach, a court will first make a determination of whether the plaintiffs are similarly situated at the "notice stage" in order to give notice of the action to potential class members. *Mooney*, 54 F.3d at 1213-14. This conditional class certification is largely based on the allegations set forth in the pleadings and affidavits, and for this reason, is governed by a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). At this stage, courts generally refuse to consider a defendant's arguments on the merits. *See Goldman v. Radioshack Corp.*, No. Civ. A. 2:03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) (refusing to consider the substance of defendant's arguments on the merits because only a motion for conditional certification was before the court); *see also Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause

---

[6]Courts in other circuits have also used the two-tiered *Lusardi* approach for collective actions under the FLSA. *See Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004) ("The Tenth Circuit has approved a two-step approach in determining whether plaintiffs are 'similarly situated' for purposes of FLSA § 16(b)."); *Hamelin v. Faxton-St. Luke's Healthcare*, Civ. Action No. 6:08-CV-1219, 2009 WL 211512, at *4 (N.D.N.Y. Jan. 26, 2009) ("Both in this circuit and elsewhere, courts generally employ a two-tiered analysis to determine whether an FLSA suit may proceed as a collective action."); *Murton v. Measurecomp*, No. 1:07CV3127, 2008 WL 5725631, at *2 (N.D. Ohio June 9, 2008) ("Although the Sixth Circuit has not addressed the procedure for certifying a collective action under the FLSA, the clearly prevailing approach involves a two-stage process whereby the class is conditionally certified for notice purposes early on in the case based on a preliminary finding that the plaintiff and putative class members are similarly situated, and the Court later makes a final determination on whether class members are similarly situated based upon a thorough review of the record after discovery is completed.").

of action or will prevail on the merits . . . ."). If the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. *Badgett v. Texas Taco Cabana, L.P.*, No. Civ. A. H 05 3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006).

After the opt-in period ends, the second step of the *Lusardi* approach usually takes place. In most cases, the second-step determination is precipitated by a motion for decertification by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. *Id.* At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. *Id.* During this decertification stage, and applying a stricter standard, the court will review several factors to determine if the plaintiffs are indeed similarly situated, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *See Mooney*, 54 F.3d at 1214–15 (quoting district court's analysis); *Reyes v. Texas EZPawn, Inc.*, No. V-03-128, 2007 WL 101808, at *2 (S.D. Tex. Jan.8, 2007). If the plaintiffs are similarly situated, the district court allows the representative action to proceed to trial. *Badgett*, 2006 WL 367872, at *2. If the plaintiffs are not similarly situated, the district court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representatives—the original plaintiffs—proceed to trial on their individual claims. *Id.*

With respect to the case now before the Court, the parties disagree as to whether Plaintiffs' motion for certification of a collective action should be analyzed under the lenient "notice stage" standard or a higher standard like that typically used in the decertification stage. Dell argues that the

8

parties have conducted ample discovery in this case such that it is appropriate to apply the higher level of review, rather that the standard ordinarily used at the initial "notice stage."[7] Plaintiffs respond that the parties have not engaged in merits discovery and assert that they have deposed only a handful of individuals without the benefit of most of the records needed to support the merits of their claims.[8] Plaintiffs claim that they have not had access to such discovery because the parties explicitly agreed to a Scheduling Order that contemplated only preliminary discovery related to certification.[9] Therefore, Plaintiffs assert that their motion should be evaluated under the lenient standard typically used at the notice stage.

Essentially, Dell asks the Court to bypass the initial "notice stage" altogether and scrutinize Plaintiffs' motion under the stricter "decertification stage." While such requests have been granted at times, they are ordinarily only granted when discovery is largely complete and the matter is ready for trial. *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004); *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618, 622-23 (N.D. Tex. 2008); *Badgett*, 2006 WL 367872, at *2. In *Leuthold*, the parties disputed whether a motion for 29 U.S.C. § 216(b) certification should be evaluated under the "notice stage" or the "decertification stage" of the *Lusardi*

---

[7]As of March 2, 2009, Dell asserts that (1) it has produced a combined total of 3,354 pages of documents and has taken fifteen depositions; (2) Plaintiffs have produced 2,409 documents and have taken five depositions; and (3) the parties have exchanged written discovery in the form of interrogatories and requests for production.

[8]According to Plaintiffs, these records include (but are not limited to) (1) all payroll records for each business sales representative; (2) internal communications related to the wage and hour policies at issue; and (3) badge swipe data for business sales representatives in the call center facilities.

[9]In fact, Dell objected to, and refused to answer, several of Plaintiffs discovery requests on the grounds that the requests in question were not related to the certification issue and were therefore premature.

test. *See Leuthold*, 224 F.R.D. at 467. Defendants argued that discovery was "drawing to a close and that the court [had] enough evidence before it to make a factual determination under the second tier analysis" of the *Lusardi* test. *Id.* Plaintiffs argued that discovery was not complete and that the court, as a matter of law, must begin with the first tier "notice stage" of the *Lusardi* test. *Id.* Ultimately, although extensive discovery had already taken place, the court sided with the plaintiffs because "it was unclear whether the factual record of this case [was] complete. The relevant facts [had] not been presented with clarity, and the court [could not] be certain whether any of the ongoing discovery disputes would inform the court's second tier analysis." *Id.* at 468.

The *Valcho* court also wrestled with the question of what stage of the *Lusardi* test was most appropriate. *See Valcho*, 574 F. Supp. 2d at 621-22. The court noted it had "less cause for leniency during the 'notice' phase of the analysis where a plaintiff has already conducted discovery on the certification issue," explaining that

> one of the rationales for leniency is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery.

*Id*. at 622. Because the plaintiffs had had over three months to conduct discovery and due to the fact that "Valcho made other efforts to identify potential plaintiffs, such as maintaining a website for the purpose of informing and recruiting potential plaintiffs and mailing written communications directly" to putative class members, the court held the plaintiffs to the stricter decertification standard and held that bare allegations unsupported by any evidence were not enough to pass muster and achieve certification. *Id*. at 622-23.

One of the puzzling aspects of this issue in the present case is that the parties agreed to a scheduling order which explicitly contemplated discovery being conducted before a motion for class certification would be filed. As stated above, parties generally move for conditional certification early on in a case when little to no discovery has been conducted. Given that most cases addressing the standard of review for conditional certification base their decision in large part on the status of discovery, one would have thought that if the parties were agreeing to a discovery schedule, they would also have agreed on the standard to be applied in determining if this case should proceed as a collective action. That is not the case, however. At the hearing, Plaintiffs' counsel stated that it was his understanding that discovery would be very preliminary and limited in scope, and therefore, the Court should review the collective action certification under the more lenient, initial review standard. Defense counsel, on the other hand, argued that because several months were set aside for discovery, because thousands of pages of documents have been exchanged, and because nearly twenty depositions have been taken, using the lenient standard—which is predicated on the assumption that little or no discovery has occurred—would be inappropriate here.

There is merit to both sides' contentions on this issue. Plainly, because of the amount of discovery conducted to this point, this is not a classic case where the lenient standard is clearly appropriate. The parties contemplated that they would conduct discovery before the certification issue would be decided, and, given this, it does not seem wholly appropriate to use a very lenient standard, particularly when such a standard was adopted for situations when little or no discovery had been conducted. Further, the case has been pending for more than a year, and the parties had six months to conduct what the scheduling order described as the "discovery related to Plaintiff's Anticipated Motion for Certification." On the other hand, it is clear that discovery is far from

complete. Indeed, Plaintiffs contend that they have not received several pertinent records which could potentially bolster their claims (i.e., payroll records, internal communications, etc.), and Dell has denied Plaintiffs much discovery on the basis that the discovery requests were premature and not related to the certification issue. Therefore, this case is not like *Valcho*, where the court determined that discovery was completed and that the plaintiffs had a sufficient opportunity to marshal their best evidence. On balance, the Court believes that it would be inappropriate to apply the stricter second-stage standard to this case given the fact that the discovery to date has been quite limited, and the Court is far from being fully informed on the facts relevant to making the certification decision. Accordingly, in reviewing the Plaintiffs' motion for certification, the Court will apply the more lenient "notice stage" standard described in *Lusardi*. Having said this, the Court will not ignore the information before it. Rather, in reviewing the material presented by the parties, the Court will give the benefit of the doubt to the Plaintiffs given that they have not conducted full discovery on their claims.

**B.     Analysis**

As stated above, Plaintiffs move to conditionally certify an FLSA collective action for a class consisting of all business sales representatives who were employed by Dell and worked at a Dell call center between April 1, 2005, and the present. Plaintiffs seek conditional certification on the basis of three separate allegations: (1) that Dell improperly classified business sales representatives as salaried nonexempt employees and improperly applied to them the fluctuating workweek method of payment; (2) that Dell does not pay business sales representatives for all work time; and (3) that Dell's incentive policies are unlawful. Using the *Lusardi* test discussed in the preceding section means the Court must determine whether Plaintiffs have set forth "substantial allegations that the

putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102.

The Court believes that Plaintiffs have adequately met their burden for conditional certification with regard to the first two allegations mentioned above. Plaintiffs have made substantial allegations that business sales representatives were treated uniformly by Dell's employment classification and compensation policies, and specifically that Dell improperly classified all business sales representatives as salaried nonexempt employees and uniformly applied the fluctuating workweek method of payment to them. Additionally, Plaintiffs have made substantial allegations that business sales representatives were not paid for all work they performed before, during, and after their shifts. These allegations are supported by deposition testimony and fourteen declarations. The allegations, therefore, cannot be said to be baseless or "without any supporting evidence." *Cf. Valcho*, 574 F. Supp. 2d at 623.

With regard to Defendants' arguments opposing conditional certification, Dell has taken great pains to discredit the factual basis of Plaintiffs' allegations, and to show differences among the Plaintiffs (including differences in job duties, in their individual timekeeping practices, and in their understandings of how they were paid) such that a collective action is not appropriate. For instance, Dell has produced evidence demonstrating that some Plaintiffs appeared to have a clear understanding regarding how they would be compensated under the fluctuating workweek method of payment. Additionally, Dell has produced evidence that appears to show at least some Plaintiffs were compensated for all time worked. While Dell makes some persuasive arguments on these points, the Court believes Defendants' evidence falls short of conclusively contradicting Plaintiffs' allegations that business sales representatives are similarly situated, especially given the incomplete

factual record and the fact that Plaintiffs have not had the opportunity to marshal their best evidence. Moreover, some of Dell's arguments go to the merits of Plaintiffs' claims, and merits-based arguments are inappropriate at the notice stage. *See Kairy v. Superhuttle Intern., Inc.*, No. C 08-02993, 2009 WL 1457971, at *2 (N.D. Cal. May 21, 2009) ("Under this first step, courts do not consider the merits of the claims."); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (merits of the case are irrelevant to "similarly situated" test); *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (merits of the case irrelevant to motion for authorization of notice); *Nelson v. American Standard, Inc.*, No. 2:07-CV-010, 2008 WL 906324, at *3 (E.D. Tex. March 31, 2008) (specifically delineating between the initial "notice stage" and the second "opt-in or *merits* stage") (emphasis added). The same can be said for Dell's arguments regarding the differences in job duties among the various Plaintiffs. *See Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) (discussing how courts consider the disparate factual and employment settings of the individual plaintiffs at the second stage); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006) (finding that defendants' arguments regarding differences in putative plaintiffs' job positions and duties are better suited for the more stringent second step of the § 216(b) collective action certification analysis). It would be more appropriate to consider these arguments at the "decertification stage" after the period to opt-in has expired and discovery is largely complete. Accordingly, the undersigned recommends that the district judge grant Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b) with regard to Plaintiffs' first two allegations.

As for Plaintiffs' allegations regarding Dell's allegedly unlawful incentive policy, Dell argues that Plaintiffs have not met their burden for conditional certification on this claim as they have not cited any testimonial or documentary evidence to support these allegations. Dell points out in its

response that the only support Plaintiffs offer for this allegation is a paragraph from their Original Complaint. Thus, Dell asserts that Plaintiffs have not presented "evidentiary support beyond the bare allegations" that Plaintiffs are similarly situated with regard to Dell's incentive policy. The Court agrees and believes that Plaintiffs have not met their burden for conditional certification on this claim. In their motion, Plaintiffs generally assert that the putative collective action members were together victims of an unlawful incentive policy. However, as Dell points out, this allegation is not supported by anything other than the unsupported allegations of the Original Complaint. In fact, Plaintiffs do not even mention these allegations in their declarations. Plaintiffs appear to concede this point, as they fail entirely to reply to Dell's assertion that this claim has no support. *See* Pl. Reply (Clerk's Doc. No. 69), at 10–12 (addressing misclassification and off-the-clock claims, but not addressing incentive pay claim). This is not enough to support conditional certification. *See Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) ("[U]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden."). Therefore, the undersigned recommends that the district judge deny Plaintiffs' motion for conditional certification of a collective action under 29 U.S.C. § 216(b) with regard to Plaintiffs' allegation of an unlawful incentive policy.

### III. RULE 23 CLASS ACTION

As mentioned above, Plaintiffs also seek to certify a class under FED. R. CIV. P. 23. Specifically, Plaintiffs seek to certify a class consisting of all business sales representatives who worked for Dell at its call center located in Oklahoma City, Oklahoma between December 14, 2004 and the present. The Court will recommend that this aspect of the motion be denied without prejudice to refiling after the period to opt-in to the collective action has expired. When addressing

15

a motion for certification both under the FLSA and FED. R. CIV P. 23, it is not uncommon to take such an approach. *See Norman v. Dell*, No. 07-6028-TC, 2008 WL 2899722, at *1 (D. Or. July 10, 2008); *Thiebes v. Wal-Mart Stores*, No. 98-802-KI, 2002 WL 479840, at *1 (D. Or. Jan. 9, 2002); *Goldman v. Radioshack Corp.*, No. Civ.A. 2:03-CV-0032, 2003 WL 21250571, at *10 (E.D. Pa. April 16, 2003). By denying the motion for certification under FED. R. CIV P. 23, the Court mitigates potential confusion for prospective class members who would otherwise be faced both with the opportunity to opt-in to the FLSA collective action and opt-out of the Rule 23 class action. *See Thiebes*, 2002 WL 479840, at *1 (noting difficulties of fashioning an effective notice that explains the opportunity to opt-in to the FLSA collective action as well as the choice to opt-out of the Rule 23 class action). Furthermore, if class certification is postponed until the opt-in period has expired and discovery is largely complete, "the parties and the court will have a better understanding of the facts" surrounding the dispute, and the court will be able to make a more well-informed decision regarding certification. *Goldman*, 2003 WL 21250571, at *10.

For the above-stated reasons, the undersigned recommends that the motion for certification under FED. R. CIV P. 23 be denied without prejudice to refiling. When the opt-in period has come to a close and discovery is largely complete, the parties should then provide information regarding opt-in activity during the opt-in period and analyze how such activity affects Plaintiffs' motion under FED. R. CIV P. 23.

## IV. CONCLUSION

Based on the foregoing, the Court is of the opinion that Plaintiffs' Motion for Certification under 29 U.S.C. § 216(b) and Class Action Certification under FED. R. CIV. P. 23 (Clerk's Doc. No. 59) should be granted in part and denied in part. Plaintiffs have adequately met their burden for

conditional certification with regard to two of their allegations: (1) that Dell improperly classified business sales representatives as salaried nonexempt employees and improperly applied the fluctuating workweek method of payment; and (2) that Dell does not pay business sales representatives for all work time. However, Plaintiffs have not met their burden for conditional certification on their claim that Dell's incentive policies are unlawful. With regard to the Rule 23 class certification, the Court is of the opinion that this aspect of the motion should be denied without prejudice to refile after the period to opt-in to the collective action has expired.

Finally, regarding the contents of the notice and the method for facilitating notice to potential Plaintiffs, the Court will issue a separate order after the District Judge rules on this Report and Recommendation. The undersigned believes this is the best approach because if the District Court does not adopt the Report and Recommendation and decides that conditional certification is not appropriate in this case, then these issues will become moot.

## V. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' Motion for Certification under 29 U.S.C. § 216(b) with regard to Plaintiffs' allegations that Dell improperly classified business sales representatives as salaried nonexempt employees and improperly applied the fluctuating workweek method of payment; and with regard to Plaintiffs' allegations that Dell does not pay business sales representatives for all work time. The undersigned Magistrate Judge **FURTHER RECOMMENDS** that the District Judge **DENY** Plaintiffs' Motion for Certification under 29 U.S.C. § 216(b) with regard to Plaintiffs' allegations that Dell's incentive policies are unlawful. Finally, the undersigned Magistrate Judge **RECOMMENDS** that the District

Judge **DENY WITHOUT PREJUDICE** Plaintiffs' Motion for Class Action Certification under Fed. R. Civ. P. 23.

### VII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE