IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of | § | |
| a class of others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:08-cv-00248 |
| | § | |
| DELL INC., | § | |
| and | § | |
| DELL MARKETING USA L.P., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants (hereinafter "Dell") file these objections to the Report and Recommendation

of the United States Magistrate Judge.

**I.      Defendants Object to the Magistrate's Report and Recommendation Because The
Magistrate Applied an Inappropriate Standard for Conditional Certification of a
Collective Action under the Fair Labor Standards Act.**

The Honorable Magistrate Judge Andrew W. Austin ("Magistrate") made clear that

"there is merit to both sides' contentions on [the issue of what standard to apply]."   The

Magistrate further stated:

> **Plainly, because of the amount of discovery conducted to this point, this is
> not a classic case where the lenient standard is clearly appropriate.** The
> parties contemplated that they would conduct discovery before the certification
> issue would be decided, and, **given this, it does not seem wholly appropriate to
> use a very lenient standard, particularly when such a standard was adopted
> for situations when little or no discovery had been conducted.** Further, the
> case has been pending for more than a year, and the parties had six months to
> conduct what the scheduling order described as the "discovery related to
> Plaintiff's Anticipated Motion for Certification."

(Report at 11) (emphasis added).  Torn between what he interpreted as only two options, the Magistrate chose to apply "a very lenient standard," one that was "adopted for situations when little or no discovery had been conducted."  The Magistrate erred in applying this pre-discovery standard of conditional certification because the parties have conducted substantial discovery on the issue of certification.

A.      The Magistrate Should Have Applied a Hybrid Standard of Conditional Certification.

The Magistrate erroneously chose to apply a "very lenient" standard, which is applicable to "situations when little or no discovery had been conducted."  (Report at 11.)  The Magistrate reached this decision based on the incorrect conclusion that the Court was required to choose between one of two distinct standards of review: the "very lenient" pre-discovery "notice stage" standard of review or the extremely stringent, post-discovery completion "decertification stage" standard of review.  In fact, the Court's discretion on a motion for collective action certification is much broader, allowing the Court to apply an intermediate, or hybrid standard of review. Stated differently, the degree of leniency the Court should apply is not a binary distinction but a spectrum ranging from much leniency (when the parties have conducted little or no discovery) to no leniency (the decertification stage standard).  Considering the amount of time available for pre-certification discovery, the Court's order to complete discovery related to the certification motion, and the extent of discovery actually conducted, the Court should apply a hybrid standard and deny Plaintiffs' Motion in its entirety.

The standard of review for a motion to conditionally certify a collective action need not be a binary, all-or-nothing determination.  Instead, courts should exercise their discretion by applying a degree of leniency commensurate with the amount of discovery conducted before ruling on the motion.  See Harris v. Fee Transp. Servs., Inc., No. 3:05-cv-0077-P, 2006 WL 1994586 (N.D. Tex. May 15, 2006) ("**[W]here the parties have had the opportunity to**

**conduct discovery on the issue of certification, the similarly situated inquiry is more stringent.")** (collecting cases); see also Valcho v. Dallas County Hosp. Dist., 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008).  ("[T]he court has less cause for leniency during the 'notice' phase of the analysis where a plaintiff has already conducted discovery **on the certification issue.**") (emphasis added); Cuzco v. Orion Builders, Inc., 477 F.Supp.2d 628, 632 & n.3 (S.D.N.Y. 2007) (declining "to make more than the first-step certification decision" but stating that it would "consider the additional information [gathered in discovery] in making the first-step determination").

The Magistrate clearly doubted that the "very lenient" standard was appropriate. Nevertheless, because he viewed the only alternative as the post-discovery completion stringent decertification standard, he chose the pre-discovery lenient standard.[1]  Had the Magistrate not concluded that his discretion was constrained to only two mutually exclusive standards of review, he would have correctly applied a hybrid standard of review and exercised less leniency.[2] Under a less lenient standard, Plaintiffs' Motion must be denied in its entirety.

B.      The Magistrate Misread *Valcho* to Require Completion of All Discovery.

The Magistrate's decision to apply a "very lenient" standard derived in part from a misinterpretation of the Valcho case.  In Valcho, the court refused to apply a lenient standard

---

[1]      In discussing the dispute between the parties over what standard of review to apply, the Magistrate misconstrued Dell's arguments when it stated that "Dell asks the Court to bypass the initial 'notice stage' altogether and scrutinize Plaintiffs' motion under the stricter 'decertification' stage."  (Report at 9.)  In fact, Dell was not asking the Court to apply either of those two standards.  Instead, Dell asks the Court to apply a hybrid standard falling in between the lenient "notice stage" standard and the stricter decertification standard.  Dell argued for the use of a hybrid standard in its Response and at the hearing because it is better suited for a case like this, where the parties have conducted substantial discovery, as discussed further below.

[2]      Dell also objects to the Magistrate's use of an inappropriate burden-shifting framework.  On page 13 of the Report and Recommendation, after discussing the strength of Dell's arguments against conditional certification, the Magistrate stated that "Defendants' evidence falls short of **conclusively contradicting** Plaintiffs' allegations that business sales representatives are similarly situated . . .."  (Report at 13) (emphasis added).  On a Motion for Conditional Certification, the movant bears the burden of proof at all times to show that the collective action sought to be certified is comprised of similarly situated persons.  (See Report at 6.)  By requiring Dell to "conclusively contradict" Plaintiffs' allegations, the Magistrate inappropriately shifted the burden of persuasion to Dell.

because the plaintiff had conducted three months of discovery specifically regarding the issue of **certification**, which was the **total** amount of time allotted **pre-certification** discovery.  Valcho, 574 F. Supp. 2d at 622.  The Magistrate interpreted Valcho to mean that the parties must be finished with all discovery:

> Plaintiffs contend that they have not received several pertinent records which could potentially **bolster their claims** (i.e., payroll records, internal communications, etc.), and Dell has denied Plaintiffs much discovery **on the basis that the discovery requests were premature and not related to the certification issue.**  Therefore, this case is not like Valcho, **where the court determined that discovery was completed** and that the plaintiffs had a sufficient opportunity to marshal their best evidence.

(Report at 12) (emphasis added).

Although Plaintiffs objected that they had not completed discovery on the **merits**, Plaintiffs did not claim that they require additional discovery to meet their burden on the issue of **certification**.  The initial scheduling order from the Court specifically stated that the "parties **shall complete all discovery related to Plaintiff's Anticipated Motion for Certification** as a collective action under 29 U.S.C. § 216(b) on or before October 24, 2008," and that date was later extended to January 16, 2009.  (Docket Entry Nos. 15 and 51) (emphasis added).  During the time allowed for pre-certification discovery, the parties conducted extensive discovery on the issue of certification.  **Dell has produced 3,354 pages of documents in discovery,** including Plaintiffs' personnel files, KRONOS records, WOW records, and pay stubs.  Plaintiffs have taken **the depositions of five Dell employees: HR Senior Manager Amy Atsumi, Compensation Strategist Michael Hudanick, HR Manager Adele Jene Machinski, Call Center Operations Manager Rocco Pape, and Finance Senior Consultant Patti Powers.**

Although Dell objected to some written discovery requests as premature because they were merits-based, [3] Dell complied with all discovery requests related to certification.

Plaintiffs have not pointed to any information related to the issue of certification that they were not able to obtain during pre-certification discovery. Plaintiffs did not seek court intervention to compel discovery from Dell. As indicated above, Plaintiffs deposed five Dell management employees and reviewed 3,354 pages of documents produced by Dell on the certification issue. To the extent Plaintiffs lack discovery on the issue of certification, it is a problem of Plaintiffs' own making, and Plaintiffs should not be rewarded for their lack of diligence during discovery by applying a lenient standard to their Motion for Conditional Certification. To do so makes a mockery of the Court's order that the parties "shall complete" discovery related to Plaintiff's motion for certification. (Docket Entry Nos. 15 and 51.) In this case, as in Valcho, the parties have finished discovery on the certification issue, and the Court should accordingly apply a more stringent standard of conditional certification.

C.   Application of the "Very Lenient" Standard, Based Only on Plaintiffs' Allegations, Renders the Parties' Discovery Efforts Meaningless.

By applying the "very lenient" pre-discovery standard, the Magistrate felt constrained to base his decision solely on the allegations included in Plaintiffs' declarations. In effect, the Magistrate declined to rule on Dell's objections to those declarations. Dell showed in its Response that Plaintiffs' declarations plainly contradicted their own deposition testimony regarding alleged salary deductions (regarding their fluctuating work week allegations) and lunch deductions. (See Resp. at 3-9.) Importantly, Plaintiffs have offered no explanation for why the declarations contain facts disproved by their depositions and their own time records.[4] Had

---

[3]    See, e.g., Docket Entry No. 69 at Ex. W, Interrogatory No. 17, asking for "the principle facts, circumstances and/or documents that support or relate to Defendant's Affirmative Defenses asserted in its Answer."

[4]    It has long been the rule in the Fifth Circuit that a party cannot submit a declaration or affidavit that

Dell's objections been sustained, Plaintiffs would not have mustered sufficient evidence to meet even the most lenient standard.

If the parties had not conducted substantial discovery, conditionally certifying a collective action based on the allegations and declarations could be more appropriate. In this case, where the evidence adduced through discovery in accordance with the Court's order shows the falsity of Plaintiffs' allegations, it is inappropriate to ignore that evidence and conditionally certify a class based on Plaintiffs' declarations alone. Had the Magistrate applied a more stringent hybrid standard of review, he would have ignored or given little weight to the declarations submitted by Plaintiffs. Instead, the Magistrate would have considered Plaintiffs' deposition testimony and the declarations, deposition testimony, and documents submitted by Dell, which show that Plaintiffs are not similarly situated. (See Resp. at 3-11 and Docket Entry No. 68.) In summary, based on the time allowed for pre-certification discovery and the amount of pre-certification discovery conducted, the Court should apply less leniency, and deny Plaintiffs' Motion for Conditional Certification in its entirety.

## II.     Defendants Object to the Magistrate's Report and Recommendation Because Ample Time for Pre-Certification Discovery Was Available and Because the Parties Conducted Ample Discovery. In the Alternative, the Court Should Defer Ruling on Plaintiffs' Motion and Order the Parties to Conduct Additional Discovery.

The sole reason cited by the Magistrate for applying a lenient standard of review was the need for additional discovery. (Report at 11-12.) As explained above, the Magistrate's concern

---

contradicts deposition testimony without some explanation. E.g., Thurman v. Sears, Roebuck & Co., 952 F.2d 128, 136 n.3 (5th Cir. 1992) ("In his Second Affidavit, [plaintiff] states facts which directly contradict testimony he gave at his deposition. . . . The only explanation [plaintiff] offers for the contradictory statements contained in his Second Affidavit is that [defendant's] counsel outwitted him [at the deposition]. . . . We find this explanation insufficient to create genuine issues of material fact required to defeat summary judgment."); see also Cleveland v. Policy Management Systems, 119 S.Ct. 1597, 1603-04 (1999) ("[A] party cannot create a genuine issue of fact ... simply by contradicting his or her own previous sworn statement. ..."). The rule applies where the declaration contradicts the declarant's prior deposition testimony. Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 482 (5th Cir. 2002) ("This jurisprudential rule has evolved from cases in which opposing parties had provided the affidavit and the deposition; but it applies equally to situations such as this, when the affidavit contradicts prior sworn testimony by the affiant himself.")

was unfounded.  The parties have completed discovery on the issue of certification, and the Court should therefore apply a far less lenient standard of conditional certification.  See Valcho, 574 F. Supp. 2d at 622.  Based on the discovery conducted thus far, the Court should apply a hybrid standard of review and deny Plaintiffs' Motion in its entirety.

In the alternative, the Court should defer ruling on the Motion until after the parties conduct additional pre-certification discovery.  Although the Court had specifically instructed that "the parties shall complete all discovery related to Plaintiff's Anticipated Motion for Certification" prior to filing the Motion, (Docket Entry Nos. 15 and 51), Plaintiffs argued at the hearing on their Motion that the Court should apply the lenient pre-discovery standard for certification because they needed additional discovery.  Influenced by this argument, the Court recommended conditional certification of a collective action under the lenient pre-discovery standard.  If the Court accepts the Magistrate's recommendation, notice of this lawsuit will be sent to what Plaintiffs contend is a potential class of 10,000 individuals.  The parties would spend considerable time and resources as a result of an order to conditionally certify a collective action.  In light of what the Court recognized as persuasive arguments raised by Dell that Plaintiffs are not similarly situated, the likelihood of a decertification of the collective action a few months in the future dictates a less costly alternative be considered.  If the Court defers ruling on Plaintiffs' Motion for a specific period of time, e.g., ninety days, to allow additional pre-certification discovery followed by a consideration of Plaintiffs' Motion under the appropriate stringent standard of conditional certification, significant time and resources will be saved.  Accordingly, if the Court is not inclined to deny Plaintiffs' Motion at this time, Defendants pray that the Court will defer ruling on the Motion pending ninety days of additional discovery.

**III.    Defendants Object to the Magistrate's Report and Recommendation Because the Scope of the Collective Action That the Magistrate Recommends Be Conditionally Certified is Both Ambiguous and Overly Broad.**

The Magistrate recommended certification of a class of "business sales representatives" in Dell's Small and Medium Business ("SMB") unit despite Dell's objection that the phrase is vague, ambiguous, and overly broad.  If the Court decides to conditionally certify a collective action, it must clarify the intended meaning of the phrase "business sales representative" and the scope of the proposed class.  "Business Sales Representatives" is not a phrase Dell uses, as noted by Dell in its Response.  (Resp. at 9-10; Atsumi Decl. at ¶ 2.)  Dell never used that phrase for any reason other than to respond to pleadings or discovery in this lawsuit, where Plaintiffs, not Dell, defined such phrase.  The Magistrate nonetheless approved of the phrase based on misrepresentations of fact in Plaintiffs' Reply (a pleading to which Defendants had no opportunity to respond before the hearing).

First, based on Plaintiffs' Reply, the Magistrate was under the impression that "Dell repeatedly used the phrase 'business sales representative' to refer to Plaintiffs throughout discovery." (Report at n.1.)  However, the only reason why Dell used that phrase in discovery is because Plaintiffs used and provided their own specific definition of the phrase in their Interrogatories and Requests for Production.  Specifically, Plaintiffs stated the following in their discovery requests:

> **"Business sales representative"** includes anyone who is a telephone-dedicated employee whose primary job duties include assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.

See Pls.' Reply at Ex. W.

Second, the Court justified using the phrase "business sales representative" based on the misunderstanding that "Amy Atsumi, the Human Resources/Senior Manager for Dell Marketing USA, L.P., had no disagreement with the use of that phrase to describe the affected employees during her deposition . . .."   (Report at n.1.)   This misunderstanding arose from Plaintiffs' selective citations to Ms. Atsumi's deposition transcript in their Reply.   In fact, when Plaintiffs' attorney first used the phrase "business sales representative," Ms. Atsumi expressed her confusion over what the phrase meant, which Plaintiffs' attorney expressly noted during questioning:

Q.      This suit is relating to business sales representatives. Do you understand that?

A.      Yes.

**Q.      You hesitated a little bit.**

**A.      Could you define for me your scope of business sales representatives, just so that I'm clear?**

(Atsumi Dep. at 10:6-12) (emphasis added).[5]   In response to Ms. Atsumi's request for a clarification of the phrase "business sales representatives," Plaintiffs' attorney stated that she had "a document that I think will clarify this for us."   (Id. at 10:13-15.)   However, Plaintiffs' counsel never provided any clarification of the phrase "business sales representative," nor any document that clarified the phrase.

In discovery, Plaintiffs defined the phrase "business sales representative" as a "telephone-dedicated" sales representative.   In their Motion, Plaintiff's claimed that all "[b]usiness sales representatives are uniformly governed by the same job description," referring to Plaintiffs' Exhibit A, (Docket Entry Nos. 59 at 5, and 69 at Ex. W) a document that is Dell's job description for **multiple** Inside Sales Representative positions.   Dell showed in its Response that the SMB

---

[5] Excerpts from the deposition of Amy Atsumi are attached to the Factual Appendix filed contemporaneously with these Objections.

unit consists of a wide variety of different sales jobs, including many that are not "telephone-dedicated" and many that are not even "Inside Sales Representatives." Moreover, Dell showed that Plaintiffs' complaints all relate to services as a telephone-dedicated Inside Sales Representative I (or IB).[6] Nonetheless, plaintiff sought and the Magistrate recommended certification using the undefined "business sales representative" term. If the Court conditionally certifies a collective action, it should clarify the scope of the collective action as consisting only of inside sales representatives in the SMB unit who were on a sales queue taking inbound calls on a schedule set by Call Center Operations. More specifically, the scope should be limited to employees with the job title ISR I and ISR IB.[7]

## CONCLUSION

In conclusion, Defendants object to the standard of conditional certification applied by the Magistrate. The Court should deny Plaintiffs' Motion for Conditional Certification in its entirety. If the Court decides to conditionally certify a collective action, the Court should clarify that the class consists only of inside sales representatives in the SMB unit who were on a sales queue taking inbound calls on a schedule set by Call Center Operations.

Respectfully submitted,

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750; (713) 655-0020 (Fax)

---

[6]     For example, Plaintiffs' assertion that they were required to be manning telephones and available to take calls at their scheduled shift start, (Docket Entry No. 59 at ¶ 21-22), and that they were required "to accommodate the heavy call volume," (Id. at ¶ 25), could only apply to sales jobs involving a sales queue taking inbound calls on a schedule set by Call Center Operations—jobs classified as ISR I or ISR IB at Dell. (See Resp. at 11-12.)

[7]     As plaintiffs seek a class of current and **former** Dell employees, using a term that is in use by Dell will also facilitate the identification of potential class members.

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700; (512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142; (512) 413-3540 (Fax)

Brittan L. Buchanan, TX #03285680
Van Osselaer & Buchanan LLP
bbuchanan@vbllp.com
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
(512) 225-2822; 512.225.2801 (Fax)

**ATTORNEYS FOR DEFENDANTS DELL INC., DELL USA L.P., AND DELL MARKETING USA L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by regular U.S. mail to all counsel of record.

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

Meredith Black-Matthews
J. Derek Braziel
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 324
Dallas, TX 75202

Nicholas G. Farha
William B. Federman
Allison B. Waters
Federman & Sherwood
10205 North Pennsylvania Ave
Oklahoma City, OK 73120

/s/   Jeffrey C. Londa
Jeffrey C. Londa