IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

HITUL GANDHI, individually     )
and on behalf of a class of    )
others similarly situated,     )
                               )
        Plaintiff,             )
                               )
vs.                            )   No. A-08-CA-248-JRN
                               )
DELL INC., and DELL            )
MARKETING USA, L.P.,           )
                               )
        Defendant.             )
_____

CATHERINE L. DAVIS and TOMMY   )
MOORE, Individually and on     )
Behalf of others similarly     )
situated,                      )
                               )
vs.                            )   No. A-08-CA-794-JRN
                               )
DELL, INC. d/b/a DELL          )
COMPUTER, INC., a Delaware     )
corporation, DELL USA L.P.,    )
a Texas Limited Partnership    )
and DELL MARKETING L.P., a     )
Texas Limited Partnership,     )
                               )
        Defendant.             )

D&R REPORTING & VIDEO, INC.

MID-CONTINENT TOWER
401 South Boston, Suite 310
Tulsa, Oklahoma 74103
918-599-0507

ROBINSON RENAISSANCE
119 N. Robinson, Suite 650
Oklahoma City, Oklahoma 73102
405-235-4106

depo@drreporting.com

Atsumi, Amy Mai 12-17-2008

**Page 2**

DEPOSITION OF AMY MAI ATSUMI
TAKEN ON BEHALF OF THE PLAINTIFFS
IN OKLAHOMA CITY, OKLAHOMA
ON DECEMBER 17, 2008

Reported by: Elizabeth Caudill, CSR, RMR, CRR

**Page 4**

CONTENTS

Page  Line
Direct Examination by Ms. Waters .... 6   6
Cross-Examination by Mr. Fox ....... 169  20
Redirect Examination by Ms. Waters ... 171  6
Jurat Page ............... 176
Witness Signature Page ......... 177
Reporter's Certificate......... 178

PLAINTIFF'S INDEX OF EXHIBITS

Page  Line
Exhibit 1 .............. 9    16
Exhibit 2 .............. 10   6
Exhibit 3 .............. 43   4
Exhibit 4 .............. 51   6
Exhibit 5 .............. 75   11
Exhibit 6 .............. 83   14
Exhibit 7 .............. 103  19
Exhibit 8 .............. 124  15
Exhibit 9 .............. 143  2

* * * * * *

**Page 3**

APPEARANCES

For the Plaintiff: Allison B. Waters
Attorney at Law
10205 North Pennsylvania
Oklahoma City, Oklahoma 73120

Matt Dameron
Attorney at Law
460 Nichols Road
Suite 200
Kansas City, Missouri 64112

For the Defendant: Michael W. Fox
Attorney at Law
301 Congress Avenue
Suite 1250
Austin, Texas 78701

Christopher Hahn
2801 Via Fortuna
Suite 100
Austin, Texas 78746

Atsumi, Amy Mai 12-17-2008

**10**

1  A   A small facility in Fremont,
2  California, in which there are technical support
3  call representatives.
4  Q   Any others?
5  A   No, ma'am.
6  Q   This suit is relating to business sales
7  representatives. Do you understand that?
8  A   Yes.
9  Q   You hesitated a little bit.
10 A   Could you define for me your scope of
11 business sales representatives, just so that I'm
12 clear?
13 Q   Okay. Let me mark your deposition
14 exhibit first and then I have a document that I
15 think will clarify this for us.
16     (Plaintiff's Exhibit Number 1 marked
17     for identification and made part of the
18     record)
19 Q   (By Ms. Waters) I'm showing you what
20 we've marked Exhibit 1 to your deposition which
21 is the Notice of Deposition.
22     Have you seen that document before?
23 A   Yes, I have.
24 Q   It's my understanding -- and I'd like
25 you to confirm this, if you could -- that you've

**11**

1  been designated to testify regarding several of
2  the topics. And those include topics 1 through
3  5, numbers 9, 10 and 12. Is that correct?
4  A   Yes.
5  Q   All right.
6     (Plaintiff's Exhibit Number 2
7     marked for identification and made part
8     of the record)
9  Q   (By Ms. Waters) And we'll go through
10 each of these, but let me show you what we've
11 marked Exhibit 2 to your deposition. And I'll
12 ask you if you've ever seen that document before
13 and if you can identify it.
14 A   So I have not seen this document
15 before.
16 Q   All right. I'll represent to you that
17 this is a page from some Dell brochures -- or
18 several pages from Dell brochures that were
19 provided to one of the plaintiffs in this case,
20 Cathy Davis; okay?
21 A   Okay.
22 Q   Ms. Davis was formerly employed as a
23 sales representative in the Oklahoma City call
24 center.
25     Are you familiar with that?

**12**

1  A   I'm familiar with Oklahoma City call
2  center and familiar with the name Cathy Davis.
3  Q   Okay. Did you do any verification to
4  confirm that Ms. Davis was, in fact, employed at
5  the Oklahoma City call center prior to your
6  deposition today?
7  A   I personally did not.
8  Q   What did you do in preparation for your
9  deposition today?
10 A   So I reviewed the various items that
11 you described previously with regards to my
12 responsibilities under the deposition, as well as
13 met with Mr. Fox and Mr. Hahn.
14 Q   All right. Did you review any
15 documents?
16 A   Yes, I did.
17 Q   What documents did you review, ma'am?
18 A   I reviewed a few documents that Mr. Fox
19 provided to me with regards to some training
20 information provided to inside sales
21 representatives.
22 Q   And those documents, what were they
23 comprised of, do you recall?
24 A   I do not recall every page -- specific
25 content of each page.

**13**

1  Q   Uh-huh.
2  A   However, I do recall reference to
3  calculation of pay and overtime pay for our
4  inside sales representatives.
5  Q   Were those records involving training
6  on KRONOS?
7  A   I don't recall if that specific topic
8  was within the document I reviewed.
9  Q   All right. The documents you reviewed,
10 did they give examples of calculation of how
11 individuals would be compensated and examples of
12 how overtime would be calculated?
13 A   Yes.
14 Q   Those were documents that were
15 generated out of the Oklahoma City office? Or
16 where were those documents from?
17 A   Documents that were provided by
18 Mr. Fox.
19 Q   You don't know the source of the
20 documents?
21 A   No, I do not.
22 Q   And I take it you were not the author
23 of any of those; correct?
24 A   Correct.
25 Q   All right. Now, if you look back to