**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 08-CV-0248 LY |
| DELL INC. and DELL MARKETING USA, L.P. ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiffs hereby submit their response to Defendants' Objections to the Report and Recommendation of the United States Magistrate Judge.[1] In its Objections, Dell does not articulate any cognizable basis for rejecting the Report other than the company's disagreement with its conclusions. Dell does not point to any meritorious points of error nor does it set forth any coherent basis for refusing to adopt the Report. Accordingly, for the reasons set forth herein, Plaintiffs respectfully submit that the Court should reject Defendants' baseless objections and adopt Judge Austin's Report and Recommendation in its entirety.

**I.      BACKGROUND**

   **A.      Factual and Procedural Overview**

On April 1, 2008, Plaintiffs filed their Complaint alleging that Dell Inc. and Dell Marketing USA, L.P. (collectively "Dell") violate the Fair Labor Standards Act ("FLSA") by

---

[1] The Honorable Andrew W. Austin, United States Magistrate Judge, issued his Report and Recommendation [Doc. # 103] on July 2, 2009. Judge Austin's Report is also available online at *Gandhi v. Dell Inc.*, No. 08-CV-248, 2009 WL 1940144 (W.D. Tex. July 2, 2009).

(1) misclassifying business sales representatives as salaried nonexempt employees and misapplying the "fluctuating workweek" method of calculating overtime; (2) requiring business sales representatives to perform integral and indispensable job activities without compensation; and (3) failing to properly account for and pay incentive compensation.  Plaintiffs pursued claims under the FLSA and Oklahoma state law.  Plaintiffs' Oklahoma law claims were filed as a class action under Fed. R. Civ. P. 23.[2]

After the initial pleading stage, Dell's counsel sent a proposed scheduling order to counsel for Plaintiffs.  *See* Pl. Ex. KK.[3]  The notice of proposed scheduling order submitted by Dell's counsel stated, "the parties jointly propose the attached Scheduling Order with dates for preliminary discovery and briefing through [Plaintiffs' anticipated] Motion to Certify."  *Id.*  On November 19, 2008, the Court entered a Scheduling Order that specifically stated, "The parties shall complete all discovery related to Plaintiffs' Anticipated Motion for Certification . . ."  *See* Order [Doc. # 51] at ¶ 1.

During certification discovery and as more fully set forth herein, Dell objected to several discovery requests because they were "premature (not related to class certification/notice)."  Dell never withdrew its objections or produced the requested information.

---

[2]   The Oklahoma claims were originally pleaded in the matter styled *Davis v. Dell Inc.*, Case No. 5:07-cv-01401 (W.D. Okla.).  *Davis* was transferred to this Court and consolidated with the instant action.

[3]   Plaintiffs incorporate herein by reference the exhibits submitted with their underlying briefing.  Plaintiffs will refer to those exhibits as "Pl. Ex. _____."

### B.     Plaintiffs' Motion for Conditional Certification Under the FLSA[4]

On January 30, 2009, Plaintiffs moved for conditional certification of their claims under the FLSA.  *See* Plaintiffs' Motion and Suggestions [Doc. # 59].  Plaintiffs attached fourteen declarations from business sales representatives attesting to the accuracy of the allegations in the Complaint.  Furthermore, Plaintiffs attached twenty-two exhibits to support their Motion.  Dell filed its opposition brief on February 27, 2009, and attached several exhibits.  *See* Opposition [Doc. # 67].  Plaintiffs submitted their reply brief and attached an additional thirteen exhibits.

The Court referred Plaintiffs' Motion to Judge Austin for consideration.  Judge Austin held a hearing on May 29, 2009, on Plaintiffs' Motion; counsel for both Dell and Plaintiffs attended and presented argument to Judge Austin.  After the hearing, the parties submitted additional materials to Judge Austin for his consideration.  *See* Dell's Advisory [Doc. # 95] and Plaintiffs' Response [Doc. # 96] (attaching two additional exhibits).

### C.     Judge Austin's Report and Recommendation

On July 2, 2009, Judge Austin issued an eighteen-page Report and Recommendation that: recommended granting Plaintiffs' Motion on their claims for (1) Dell's alleged misapplication of the "fluctuating workweek" method of calculating overtime, and (2) Dell's alleged requirement that business sales representatives perform integral and indispensable job activities without compensation.  *See* Report and Recommendation [Doc. # 103].  The Report also recommended denying Plaintiffs' Motion on their claim related to incentive compensation.[5]

---

[4]     Regarding Plaintiffs' claims under Rule 23, the Magistrate Judge's Report and Recommendation stated, "With regard to the Rule 23 class certification, the Court is of the opinion that this aspect of the motion should be denied without prejudice to refile after the period to opt-in to the collective action has expired."  *See* Report & Recommendation [Doc. # 51] at p. 17.  Plaintiffs do not object to the Magistrate Judge's recommendation. Accordingly, Plaintiffs will address only their motion for conditional certification under the FLSA.

[5]     Plaintiffs respectfully disagree with Judge Austin's analysis regarding Plaintiffs' claim for incentive compensation.  Nonetheless, Plaintiffs do not object to that portion of the Report.

## II. JUDGE AUSTIN APPLIED THE CORRECT STANDARD.

### A. Background of FLSA Collective Action Certification Analysis

Dell does not dispute that courts in Texas use a two-stage approach to consider conditional certification under the FLSA. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820 (N.D. Tex. 2007); *Aguilar v. Complete Landsculptures, Inc.*, No. 3:04-0776, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003); *Barnett v. Countrywide Credit Indus., Inc.*, No. 01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).[6]

In *Barnett*, the Court succinctly stated the two stage process as follows:

> First, the Court must make an initial inquiry into whether the Plaintiff has provided sufficient evidence that similarly situated potential Plaintiffs exist. At this stage, ***the Court uses a lenient standard to determine whether similarly situated persons exist***, and if the Court determines that certification is appropriate, then it usually "conditionally certifies" the class. Second, the Court reexamines the class after notice, time for opting-in, and discovery has taken place. If the Court finds that the class is no longer made up of similarly situated persons, then it may decertify the class. This inquiry is usually conducted upon a motion filed by the Defendant.

*Barnett*, 2002 WL 1023161, at *1 (emphasis added) (citations omitted). The Court further noted that the two-stage approach is "the prevailing test among the federal courts . . . ." *Id.*

At the first stage of the two-stage certification approach, courts determine whether named plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by sworn statements. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *see also Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *Brooks v.*

---

[6] *See also Nelson v. Am. Standard, Inc.*, No. 2:07-010 Slip Copy, 2008 WL 906324 (E.D. Tex. March 31, 2008); *Aguirre v. SBC Communications, Inc.*, No. 05-3198 Slip Copy, 2007 WL 772756 (S.D. Tex. March 12, 2007); *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866 (S.D. Tex. 2007).

4

*Bellsouth Telecomm.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling*, 118 F.R.D. at 406-07. The record need only be "sufficiently developed . . . to allow court-facilitated notice" based upon "substantial allegations" or "some factual support." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988); *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294 (N.D. Cal. 1991); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

Under the two-stage approach, once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Mooney*, 54 F.3d at 1214. ***Discovery is relevant thereafter both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage.*** *Id*. Allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action. *Clarke v. Convergys Cust. Mgmt. Group*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit). Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche*, 493 U.S. at 172-73.

Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1213-14; *Scherrer v. S.J.G. Corp.*, Case No. 08-CA-190-SS (W.D. Tex. Oct. 10, 2008) (Pl. Ex. N); *Viera v. First Union Corp.*, Case No. 01-CA-033-SS (W.D. Tex. Dec. 6, 2001) (Pl. Ex. P). Federal courts in Texas have routinely recognized

5

and applied this lenient standard in certifying collective actions and issuing notice to potential plaintiffs.  *Id.*; *Ryan*, 497 F. Supp. 2d at 820; *Aguilar*, 2004 WL 2293842, at *1; *Barnett*, 2002 WL 1023161, at *2.  To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA.  *Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").  ***Only at the second stage – after the close of discovery – does the Court make a "factual determination" as to whether the members of the collective action are similarly situated.***  *Mooney*, 54 F.3d at 1214.  The lenient standard applicable at the first stage "typically results in 'conditional certification' of a representative class."  *Id.*

      **B.**    **The Parties Engaged In Limited Discovery.**

In the underlying briefing before Judge Austin, Dell relied on two themes: (1) the Court should apply a stringent standard to Plaintiffs' Motion because the parties engaged in "ample" discovery and require Plaintiffs to prove the merits of their allegations, and (2) Plaintiffs did not submit any evidence supporting the merits of their claims.

But Dell's certification arguments cannot be reconciled with its conduct during the initial discovery stage.  Dell proposed a bifurcated discovery schedule that focused exclusively on certification discovery.  *See* Pl. Ex. KK.  The Court endorsed this bifurcated scheduled in its official Scheduling Order [Doc. # 51].

As set forth below, Dell invoked this bifurcated schedule in discovery and refused to provide any discovery that it deemed to be related to the merits of Plaintiffs' allegations.  At trial and during the merits stage of the litigation, Plaintiffs will rely on the following objective evidence to demonstrate Dell's violations of the FLSA:

6

- all payroll records for each business sales representative;

- internal communications related to the wage and hour policies at issue;

- badge swipe data for business sales representatives in the call center facilities;

- computer activity records of business sales representatives during unpaid time, including email records;

- telephone and voicemail records showing work activity during unpaid time;

- Dell's records related to providing in-house training and food for business sales representatives during unpaid meal breaks; and

- other documentary and deposition discovery.[7]

Anticipating Dell's tactics, Plaintiffs requested this information during the certification stage of discovery. Yet Dell steadfastly objected to producing these and other documents on the grounds that Plaintiffs' requests were "premature (not related to class certification/notice)."[8] Similarly, Dell refused to respond to interrogatories that it deemed to be "premature (not related to class certification/notice)."[9] Indeed, Dell even refused to articulate the bases for its affirmative defenses because such an explanation would be "premature (not related to class certification/notice)." *Id.* at Answer No. 17.

---

[7] Plaintiffs intend to compare these objective records with the reported time records of business sales representatives to determine when business sales representatives were working without compensation.

[8] *See* Pl. Ex. JJ at Responses Nos. 2 (Dell refusing to provide security badge activity); 3 (Dell refusing to provide Window log information); 14 (Dell refusing to provide policies regarding seating for business sales representatives); and 19 (Dell refusing to provide communications related to the litigation).

[9] *See* Pl. Ex. W at Answers Nos. 8 (Dell refusing to identify computer and telephone applications used by business sales representatives), and 9 (Dell refusing to identify other complaints related to wage and hour policies).

Given this history, it is evident that Dell wants it both ways.[10]  During discovery, Dell relied on the bifurcated nature of the proceedings and refused to provide information that would support and bolster Plaintiffs' claims.  But during certification, Dell objected because Plaintiffs did not submit sufficient evidence to support and bolster their claims, and it asked the Court to conflate the bifurcated proceedings into a single stage where the more stringent standard for certification would apply.  In short, Dell wants a merits-based inquiry into Plaintiffs' allegations, but it refused to provide merits evidence during discovery.  This position is clearly precipitant given the explicit bifurcated nature of Dell's proposed schedule and the Scheduling Order [Doc. # 51] subsequently endorsed by the Court.

Judge Austin wisely rejected Dell's tactics.  In his Report, he noted that "Dell has denied Plaintiffs much discovery on the basis that the discovery requests were premature and not related to the certification issue."  *See* Report [Doc. # 103] at p. 12.  Further, he stated "the discovery to date has been quite limited" and that Plaintiffs "have not conducted full discovery on their claims."  *Id.*  He also correctly noted that "Plaintiffs have not had the opportunity to marshal their best evidence."  *Id.* at 14.

While it is true that Dell provided some discovery prior to certification, it refused to provide the salient discovery that would support the merits of Plaintiffs' claims.[11]  Instead, it invoked and relied on the distinction between certification and merits discovery (a distinction

---

[10] Dell asserts that Plaintiffs were not diligent in seeking discovery, and that Plaintiffs should have sought relief from the Court based on Dell's objections.  Plaintiffs did not seek relief from the Court because (1) counsel for Plaintiffs believed the parties were conducting only limited discovery – a reasonable belief given Dell's conduct in drafting the proposed scheduling order and the explicit language of the Court's Scheduling Order, and (2) counsel for Plaintiffs doubted Dell would take such a brazen approach to certification, i.e., to argue that the Court should deny certification because Plaintiffs had not adduced the same evidence that Dell refused to provide.  Simply put, Dell's argument has no merit and there is no evidence of dilatory conduct on the part of Plaintiffs.

[11] Although Dell deposed several opt-in plaintiffs, counsel for the FLSA plaintiffs did not depose any Dell witnesses.  To the extent counsel for the Oklahoma plaintiffs deposed Dell employees, those employees were fact witnesses and their testimony was isolated to the facts and circumstances regarding the Oklahoma City call center.

that it now asks this Court to ignore), even though it now demands that the Court hold Plaintiffs to a higher evidentiary burden than that normally applied to conditional certification under the FLSA.  Juxtaposing Dell's conduct with its current arguments demonstrates that the two are irreconcilable.  Like Judge Austin, the Court should reject Dell's efforts and adopt the Magistrate's Report.

### C. Dell's Cited Cases Do Not Support Applying the Stringent Standard.

Even without considering the inherent incompatibility between Dell's past conduct and its present arguments, case authority does not support applying a more stringent test.  As Judge Austin noted, requests to consider certification motions under the more stringent standard "are ordinarily granted when discovery is largely complete and the matter is ready for trial."  *See* Report [Doc. # 103] at p. 9 (internal citations omitted).  As set forth above, Plaintiffs contemplate performing considerable discovery before engaging in a more stringent review of the certification issue, and based on Dell's conduct during certification discovery, it also contemplates additional discovery.  Thus, because discovery is not complete and this matter is nowhere near ready for trial, it would be highly inappropriate to apply the more stringent test for conditional certification.

Throughout its brief Dell also cites and relies on *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618 (N.D. Tex. 2008) to argue that Plaintiffs should be held to a more rigorous standard.  As Plaintiffs noted in their Response to Dell's Advisory [Doc. # 96], *Valcho* is an aberrant opinion that deviates from the cases that refuse to apply a more stringent standard for conditional certification where some preliminary discovery has occurred.  *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004) (refusing to collapse the two step process because discovery was not completed and because the court's scheduling order

9

contemplated the two step process); *Luethold v. Destination Am. Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (same); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (same).

Moreover, *Valcho* is distinguishable from this case on several fronts:

- Unlike Dell's conduct in this case, there was no evidence that the defendant in *Valcho* thwarted discovery from the plaintiff based on a distinction between certification and merits discovery.

- The plaintiff in *Valcho* attempted to directly recruit opt-in plaintiffs by mailing them written communications about the case, and maintaining a website dedicated to the case; yet no other members of the putative collective action chose to join the case. Given this fact, the court stated it was "not inclined to use its powers to facilitate notice where a plaintiff, having had an opportunity to develop the factual basis for a collective action . . . fails to do so." *Valcho*, 574 F. Supp. 2d at 623. In this case, over thirty current and former business sales representatives have joined the litigation without any solicitation from Plaintiffs.

- The plaintiff's motion for conditional certification in *Valcho* was supported solely by the named plaintiff's affidavit. In this case, Plaintiffs have submitted fourteen declarations in support of their Motion.

- The defendant in *Valcho* paid remuneration to several members of the putative collective action after discovering they were owed overtime compensation. Dell has not undertaken such an inquiry in this case, nor has it compensated any business sales representatives for overtime they may be entitled to.

Thus, to the extent Dell relies on *Valcho*, it is a narrow opinion limited to its facts – facts that are in no way analogous to the certification question pending before this Court. Although he

discussed it at length, Judge Austin correctly gave *Valcho* little weight in his analysis in light of the facts of this particular case.[12] This Court should endorse Judge Austin's well-reasoned conclusion and adopt his Report in its entirety.[13]

### D. The Court Should Not Defer Ruling on Plaintiffs' Motion.

Dell's belated attempt to defer ruling on Plaintiffs' Motion is clearly designed to prejudice the rights and interests of putative members of the collective. Because the parties do not have a tolling agreement in place, the FLSA claims of business sales representatives expire daily. Thus, it is no surprise that Dell wants to delay notice as long as possible.

But delay is not in the interests of business sales representatives, nor does it comport with the FLSA's goal of providing "accurate ***and timely*** notice concerning the pendency of the action." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-73 (1989) (emphasis added). Timely notice is necessary to effectuate the "broad remedial goal" of the FLSA. *Id.* Accordingly, Plaintiffs submit that the Court should adopt Judge Austin's Report without hesitation and without needless delay.[14]

---

[12] There is simply no support for Dell's assertion that Judge Austin misread or incorrectly analyzed *Valcho*, or that Judge Austin misconstrued Dell's argument. Although Dell may have a different reading of the *Valcho* opinion, it is clear that Judge Austin undertook a rigorous review of the case and decided not to apply it for the reasoning that Dell proffered.

[13] Dell incorrectly asserts that had Judge Austin applied a more stringent standard, he would have not recommended that the Court grant Plaintiffs' Motion. *See* Objections [Doc. # 107] at p. 6. There is no reasonable basis for reaching that conclusion. Thus, if the Court is inclined to find that Judge Austin applied the incorrect standard, then the appropriate remedy is to remand Plaintiffs' Motion for further consideration by Judge Austin – not to deny Plaintiffs' Motion outright.

[14] If the Court is inclined to grant time for additional discovery, Plaintiffs respectfully request that the Court implement tolling of the FLSA's statute of limitations during the additional time for discovery.

**III.   JUDGE AUSTIN CORRECTLY RECOMMENDS CONDITIONAL CERTIFICATION.**

Having applied the correct standard given the specific facts of the instant case, Judge Austin recommended that the Court grant conditional certification on two of Plaintiffs' claims. In its Objections, Dell asserts that Judge Austin's recommendation is overly broad and ambiguous. For the reasons set forth herein, the Court should reject Dell's arguments and adopt Judge Austin's Report in its entirety.

**A.   The Term "Business Sales Representative" Is Not Ambiguous.**

During discovery, Plaintiffs defined business sales representatives as the following group of individuals:

> **"Business sales representative"** includes anyone who is a telephone-dedicated employee whose primary job duties include assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.

*See* Pl. Ex. W. Dell did not object to this definition, nor did it distinguish among different types of business sales representatives with different job titles.[15]  *Id.*

Using this definition, Dell was able to:

- Identify the number of business sales representatives in each state that were employed between April 1, 2005, and August 8, 2008.  *Id.* at Answer No. 2.

- Identify the job description, performance plans, and expectation sheets for business sales representatives.  *Id.* at Answer No. 4.

---

[15]   In its Objections, Dell asserts that Judge Austin was misled into using the phrase because of "misrepresentations of fact" in Plaintiffs' briefing.  *See* Objections [Doc. # 107] at p. 8. Dell never articulates how Plaintiffs purportedly misled the Court. Dell also does not explain why it did not attempt to rebut those purported misrepresentations during the in-person hearing that the Court held on May 30, 2009.

- Identify compensation plans and policies for business sales representatives. *Id.* at Answer No. 5.

Given that Dell could submit sworn interrogatory responses and produce documents based on the definition set forth above, Dell can hardly now claim that it is unable to identify putative members of the collective action using this definition.[16] Although Judge Austin did not explicitly define the term "business sales representative" in his Report, he presumably was referring to the definition used and relied on by the parties during discovery – the same definition set forth above.

### B. Business Sales Representatives Are Similarly Situated.

As Judge Austin recognized, Plaintiffs' exhaustive briefing demonstrated that business sales representatives are similarly situated for purposes of condition certification under the FLSA. Judge Austin stated, "the Court believes [Dell's] evidence falls short of conclusively contradicting Plaintiffs' allegations that business sales representatives are similarly situated . . ." *See* Report [Doc. # 103] at p. 13.

Judge Austin's conclusion is correct given the following unifying characteristics among business sales representatives:

- Business sales representatives are uniformly governed by the same job description. Plaintiffs' Statement of Facts (hereafter "Pl. SOF") at ¶ 2.[17] Dell argues there is not one job description covering business sales representatives, but the company's interrogatory responses indicate otherwise. *See* Pl. Ex. W at Answer No. 4 (directing Plaintiffs to a

---

[16] In a similar case brought on behalf of consumer sales representatives, the Court conditionally certified a class of "consumer sales representatives." *See Norman v. Dell Inc., et al.*, No. 07-6028, 2008 WL 289972 (D. Or. July 10, 2008). Dell did not articulate or point to any reason why it could not facilitate notice in that case despite the similar terminology used to identify that group of employees.

[17] Plaintiffs incorporate herein the Statements of Fact in their Motion and Memorandum for Certification Under 29 U.S.C. § 216(b) and Class Action Certification Under Fed. R. Civ. P. 23 [Doc. # 59].

13

single job description for all business sales representatives – the same job description attached as Exhibit A to Plaintiffs' Motion).

- Business sales representatives are uniformly employed by the same Dell entity. Pl. SOF at ¶¶ 3-4.

- Dell uniformly classifies all business sales representatives as "salary nonexempt" employees, meaning they are paid a purported base salary and eligible for overtime compensation that is paid at a half-time rate.[18] *Id.* at ¶¶ 13-15.

- Dell uses a uniform timekeeping system called Kronos for all business sales representatives. *Id.* at ¶¶ 18-19.

- Dell has programmed Kronos to automatically deduct one hour of pay for every six hour shift. *Id.* at ¶ 24.

Despite these unifying characteristics, Dell attempts to inject distinctions among business sales representatives, but none of the purported differences bear on the issues in this litigation.[19] For example, Dell argues in its Objections that certification should be limited to employees with

---

[18]   Courts hold that an employer cannot uniformly classify employees for wage purposes and then argue that those same employees are not similarly situated after the commencement of litigation arising from the classification. *See Wang v. Chinese Daily News*, 231 F.R.D. 602, 613 (C.D. Cal. 2005) ("Defendant cannot, on the one hand, argue that all reporters and account executives are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each reporter and account executive in order to determine whether that individual is 'exempt.'"); *Krzesniak v. Cendant Corp.*, No. C 05-05156, 2007 WL 1795703, at *17 (N.D. Cal. June 20, 2007) (same); *Tierno v. Rite Aid Corp.*, No. C 05-02520, 2006 WL 2535056, at *9 (N.D. Cal. Aug. 31, 2006) (rejecting the defendant's argument of individualized inquiries where the defendant had "always categorically classified all Store Managers as exempt employees"). Because Dell has uniformly categorized all business sales representatives as salaried, non-exempt employees, the Court should not allow Dell to try to raise individualized issues to defeat conditional certification.

[19]   In its Objections, Dell does not reference or address the several other FLSA cases that have granted conditional certification to call center workers alleging similar claims. *See Oliver v. Aegis Communications Group, Inc.*, No. 3:08-cv-00828 at Doc. # 30 (N.D. Tex. Oct. 30, 2008) (Pl. Ex. O); *Burch v. Qwest Comm. Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) (conditionally certifying a collective of call center workers under the FLSA); *Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (same); *Smith v. TeleTech Holdings, Inc.*, AAA No. 11 160 02726 04 (Dec. 26, 2006) (same) (Pl. Ex. S); *Hens v. ClientLogic Operating Corp.*, No. 05-381, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) (same); *Clarke*, 370 F. Supp. 2d 601 (same). Nor does Dell address a previous certification decision against the company on behalf of consumer sales representatives on almost identical claims. *See Norman*, 2008 WL 2899722 (conditionally certifying a collective of consumer sales representatives on almost identical claims).

the job title ISR I and ISR IB, but it never explains what those job titles mean, how the distinctions among job titles creates differences in the compensation scheme, or why those job titles would impact the litigation.

Even if Dell could draw some distinctions among business sales representatives based on their job title, any variance would not defeat certification because those differences have no bearing on the core job duties performed by business sales representatives. To defeat certification, Dell must show that "job duties among potential members of the class vary *significantly*." *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 WL 5204149, at *2 (S.D. Tex. Dec. 11, 2008) (emphasis in original) (internal citations omitted). Indeed, "the positions need not be identical, but similar." *Valcho*, 574 F. Supp. 2d at 621 (quoting *Aguilar*, 2004 WL 2293842, at *1). Dell has failed to show that business sales representatives are not similarly situated; thus, to the extent Dell is attempting to conjure up differences based solely on job titles, the Court should reject Dell's efforts.

Additionally, the Court should reject Dell's attempt to inject merits-based arguments to defeat Plaintiffs' Motion. In its underlying briefing, Dell repeatedly asserted that Plaintiffs could not articulate a cognizable theory under the FLSA because Dell's "evidence" purported to demonstrate that Plaintiffs did not suffer any damages and their claims failed as a matter of law. Dell's arguments are tantamount to a dispositive ruling under Rule 56.

Judge Austin correctly understood that Dell's arguments were premised on the ultimate merits of the litigation. He stated:

> [S]ome of Dell's arguments go to the merits of Plaintiffs' claims, and merits-based arguments are inappropriate at the notice stage. . . . The same can be said for Dell's arguments regarding the differences in job duties among the various Plaintiffs. . . . ***It would be more appropriate to consider these arguments at the***

> ***'decertification stage'*** after the period to opt-in has expired and discovery is largely complete.

*See* Report [Doc. # 103] at p. 14 (internal citations omitted) (emphasis added).  Judge Austin's decision comports with the long-standing authority that holds courts should not evaluate the merits of the allegations at the conditional certification stage.  In *In re Commonwealth Oil/Tesoro Petroleum Sec. Litig.*, 484 F. Supp. 253 (W.D. Tex. 1979), this Court stated:

> The initial question is whether and to what extent this court in ruling on a class certification motion may consider the merits of a plaintiff's case.  ***There is considerable authority for the proposition that at the class certification stage of a proceeding, a court may make no inquiry into the merits.*** . . . There is absolutely no support in the history of Rule 23 or legal precedent for turning a motion under Rule 23 into a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment by allowing the district judge to evaluate the possible merit of the plaintiff's claims at this stage of the proceedings.  ***Failure to state a cause of action is entirely distinct from failure to state a class action.***

*Id.* at 257 (refusing to consider the defendant's statute of limitation argument at class certification stage) (internal citations and quotations omitted) (emphasis added).[20]  Thus, to the

---

[20]     Other courts in the Fifth Circuit and Texas accord.  *See Bertulli v. Indep. Assoc. of Continental Pilots*, 242 F.3d 290, 297 (5th Cir. 2001) ("We do not consider the merits of a case when reviewing class certification.") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)); *Sembach v. McMahon College, Inc.*, 94 F.R.D. 260, 261 (S.D. Tex. 1982) ("It is well established that it is inappropriate for a court to try the merits of a plaintiff's claim when considering his motion for class certification."); *In re First Republicbank Sec. Litig.*, No. 3-88-0641, 1989 WL 108795, at *9 n. 19 (N.D. Tex. Aug. 1, 1989) ("Plaintiffs need not prove their case at this point, but must merely meet the requirements of Rule 23.") (declining to consider a defendant's affirmative defense at certification stage); *Kelley v. Galveston Autoplex*, 196 F.R.D. 471, 474-75 (S.D. Tex. 2000) ("The Court may not consider the merits of Plaintiff's case in ruling on class certification. . . . [T]he Court may not consider [defendant's affirmative defense] in deciding whether a class should be certified.").

   Similarly, when courts evaluate a motion for conditional certification under the FLSA, they do not consider the merits of a plaintiff's claims.  *McElmurry v. US Bank Nat'l Assoc.*, No. CV-04-642-HU, 2004 WL 1675925, at *16 (D. Or. July 27, 2004) ("plaintiffs do not need to make a showing of success on the merits of their claims" for conditional certification purposes).  *See also Smith v. T-Mobile USA, Inc.*, No. CV 05-5274, 2007 WL 2385131, at *7 (C.D. Cal. Aug. 15, 2007) ("in determining whether to certify a class action or a collective action, the court is not to consider the merits of the plaintiffs' case"); *Morton v. Valley Farm Transport, Inc.*, No. C 06-2933, 2007 WL 1113999, at *3 (N.D. Cal. Apr. 13, 2007) ("[defendant's] arguments go to the merits of plaintiffs' claims, and do not defeat certification"); *Stanfield v. First NLC Fin. Serv., L.L.C.*, No. C 06-3892, 2007 WL 3190527, at *4 (N.D. Cal. Nov. 1, 2006) ("the court will not evaluate the merits of plaintiffs' claims under the FLSA at this point in the litigation"); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry, however, is not whether there has been an actual violation of law but rather on whether the

extent Dell asks this Court to weigh competing facts or conclude whether Plaintiffs may recover, the Court should reject those entreaties and adopt Judge Austin's Report in its entirety.

## IV. CONCLUSION

Dell has failed to articulate any basis for rejecting or modifying Judge Austin's Report and Recommendation. Dell has not pointed to any error in the Report, nor has it proffered any inaccuracies in the Report's recitation of the record. After reviewing an exhaustive record and conducting a lengthy in-person hearing, Judge Austin issued a thorough and well-reasoned Report and Recommendation. Plaintiffs respectfully request that the Court adopt the Report and Recommendation in its entirety.

---

proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated."); *Schlotisek v. The Eldre Corp.*, 229 F.R.D. 381, 391 (W.D.N.Y. 2005) (the defendant's asserted defenses "go to the merits of plaintiff's claims, which are not relevant at this stage."); *Ayers v. SGS Control Serv., Inc.*, No. 03 Civ. 9078, 2004 WL 2978296, at *6 (S.D.N.Y. Dec. 21, 2004) ("Defendants' focus on the merits is misplaced at this stage. Evaluation of the merits of plaintiffs' claims is unnecessary to determine whether notice is appropriate to the defined similarly situated class."); *LeGrand v. Educ. Mgmt. Corp.*, No. 03 Civ. 9798, 2004 WL 1962076, at *2 (S.D.N.Y. Sept. 2, 2004) (conditional certification "does not implicate the merits of the plaintiff's claim, and a finding that opt-in notices should be sent is not a suggestion that the claims are meritorious.").

DATE:  August 3, 2009                    Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

_____/s/ George A. Hanson_____
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Matthew L. Dameron (admitted *pro hac vice*)
Email:  dameron@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:    816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:    214-749-1010

and

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Allison B. Waters
Texas Bar No. 00795994
Email: abw@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:    (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on the Court's CM/ECF system on August 3, 2009, and delivered to the following individuals:

Jeffrey C. Londa
E-mail: jeffrey.londa@ogletreedeakins.com
Ogletree Deakins
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
Tel:    (713) 655-0855
Fax:   (713) 655-0020

Michael W. Fox
E-mail: michael.fox@ogletreedeakins.com
Ogletree Deakins
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel:    (512) 344-4711
Fax:   (512) 344-4701

**ATTORNEYS FOR DELL INC.
and DELL MARKETING USA, L.P.**

          /s/ Matthew L. Dameron
         Matthew L. Dameron
         **Attorney for Plaintiffs**