IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 1:08-cv-00248 |
| DELL INC., and DELL MARKETING USA L.P., | § § § § § | |
| Defendants. | § § | |

## MOTION TO FACILITATE NOTICE OF A COLLECTIVE ACTION

Defendants Dell Inc., Dell USA L.P.,[1] and Dell Marketing USA L.P. (erroneously sued

herein as "Dell Marketing L.P.") ("Dell") file this Motion to Facilitate Notice of a Collective

Action and shows as follows:

## I. INTRODUCTION

On August 4, 2009, the Court adopted the Report and Recommendation of Magistrate

Judge Andrew W. Austin ("the Report") and granted in part Plaintiffs' motion to conditionally

certify a collective action of "business sales representatives" under 29 U.S.C. § 216(b) with

respect to some allegations.  The Report also stated that the Court would later issue a separate

order regarding the contents of the notice and the method for facilitating notice to potential

Plaintiffs. Dell asks the Court to facilitate notice by ordering Dell to issue the attached notice to

the conditionally certified class of current and former "business sales representatives".

---

[1] Defendants Dell Inc. and Dell USA L.P. were never the employers of any of the individuals who have filed or joined the consolidated lawsuits now labeled as Case No. 1:08-cv-00248, and they are not proper defendants in this case.  Dell Marketing USA L.P. was Plaintiffs' employer.  See Answer in Gandhi at 1; Original Answer of Dell USA L.P. and Dell Marketing USA L.P. in Davis at 1; Original Answer of Dell Inc. in Davis at 1.

## II.  ARGUMENTS & AUTHORITIES

A.  **The Attached Notice Should Be Sent to "Business Sales Representatives" by Dell, Consistent with Authority in the United States District Court for the Western District of Texas.**

Dell proposes using the notice procedure described by this Court in Torres v. CSK Auto,

Inc., No. EP-03-CA-113(KC), 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003).  Dell should not

be required to produce current or former employees' names, addresses, telephone numbers,

Social Security numbers, or other personal information to Plaintiffs or Plaintiffs' counsel due to

the "privacy concerns implicit in information derived from personnel records."  Id. at *3

(denying FLSA plaintiffs' request for names, addresses, Social Security numbers and telephone

numbers of putative class members based on privacy concerns).[2]  In Torres, the court ordered the

defendant to issue notice to the certified class as follows:

> Defendant shall send a letter to all [employees] employed since January 2000,
> notifying such employees of the specific FLSA violation alleged and providing
> that any affected employee may "opt-in" to the present action within forty-five
> days of mailing by contacting plaintiffs counsel at a designated address. The letter
> shall be in a form letter approved by plaintiffs' counsel, with form fields
> completing the name and address of employees and a respond [sic] deadline forty-
> five days beyond the date of mailing.  Defendant will not be ordered to produce
> detailed information of its [employees], but will instead provide a list of all
> employees to whom the letters were sent, the date of mailing, which should be
> same day unless good cause is shown for a longer period and a certificate of
> mailing signed by counsel of record.  This procedure should both avoid the
> promulgation of confidential information outside the office and preclude concerns
> inherent in the direct solicitation of prospective clients by attorneys through mass
> mailings.

Id.

Ordering Dell to issue notices is particularly appropriate in this case because any effort

by Plaintiffs to provide notice to "business sales representatives" will necessarily result in notice

---

[2] Aguilar v. Complete Landsculpture, Inc., No. 3:04-cv-0776-D, 2004 WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004); Humphries v. Stream Int'l, Inc., 2004 U.S. Dist. LEXIS 220465, at *12 (N.D. Tex. Feb. 13, 2004) (denying plaintiffs' request for potential opt-ins' telephone numbers, dates of birth, and social security numbers due to privacy concerns).

going to employees whose jobs did not fit Plaintiffs' vague definition of the phrase "business sales representative," *i.e.*, "a telephone-dedicated employee whose primary job duties include assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas."[3] As noted by Dell in its Response to Plaintiffs' motion for conditional certification and in its Objections to the Magistrate's Report and Recommendation, "business sales representatives" is not a phrase used by Dell.[4]  (Docket Entry No. 68 at 9-12; Docket Entry No. 107 at 8-10.) Plaintiffs were all classified by Dell as Inside Sales Representative I ("ISR-I") or Inside Sales Representative IB ("ISR-IB") in Dell's Small and Medium Business ("SMB") unit.  (Docket Entry No. 60, Ex. A.)  However, although all "telephone-dedicated" sales representatives fall under the ISR-I or ISR-IB job descriptions, not all ISR-I and ISR-IB employees are "telephone-dedicated" employees.  Thus, notice to all ISR I and ISR IB will necessarily include employees utterly dissimilar from the plaintiffs.  Providing personal and confidential information of persons who do not even meet Plaintiffs' definition of the appropriate class unnecessarily intrudes on the privacy of those current and former Dell employees.  See Aguilar, 2004 WL 2293842, at *5; Humphries, 2004 U.S. Dist. LEXIS 220465, at *12; Torres, 2003 WL 24330020, at *3. However, following the procedure defined by this Court in Torres will facilitate notice to ISR-I and ISR-IB employees will provide notice to all "business sales representatives," while

---

[3] This is the definition of "business sales representatives" used by Plaintiffs in written discovery requests and in their Response to Dell's Objections to the Magistrate's Report and Recommendation. (See Docket Entry No. 69 at Ex. W; Docket Entry No. 109 at 12.)

[4] Tellingly, in their Response to Dell's Objections to the Report and Recommendation, Plaintiffs did not even try to dispute that Amy Atsumi was misled during her deposition about the meaning of the phrase "business sales representative." (See Docket Entry No. 109.) The Court should accordingly reject the Magistrate's misunderstanding that "Amy Atsumi, the Human Resources/Senior Manager for Dell Marketing USA, L.P., had no disagreement with the use of that phrase to describe the affected employees during her deposition . . .." (Report at n.1.)

protecting the privacy rights of individuals receiving notice who do not fit Plaintiffs' definition of "business sales representatives."

**B.      In the Alternative, Notice Should Be Sent by a Third Party Administrator.**

In any event, Dell should not be required to produce current or former employees' names, addresses, telephone numbers, Social Security numbers, or other personal information to Plaintiffs and/or Plaintiffs' counsel due to the privacy concerns implicated by this information. Torres, 2003 WL 24330020, at *3. Thus, if the Court rules not to facilitate notice by ordering Dell to issue notices, the Court should order that a mutually agreeable third party be retained to send notice to putative class members. Courts often order or permit parties to issue notice in FLSA collective actions through a third-party administrator. As noted by the court in In re American Family Mut. Ins. Co. Overtime Pay Litigation, "use of a third-party administrator is appropriate to protect the integrity of the process and to protect the confidential information of potential opt-in plaintiffs." No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009); accord Prentice v. Fund for Pub. Research, No. C-06-7776-SC, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) ("The Court agrees that using a third party is the best way to ensure the neutrality and integrity of the opt-in process."); Russell v. Wells Fargo & Co., No. 07-3993 CW, 2008 WL 4104212, at *5 (N.D. Cal. Sept. 3, 2008) ("[I]t would be more appropriate to have a third-party claims administrator distribute the collective action notice, as was done with the first notice that was sent to some members of the putative class."); see also Barnwell v. Corr. Corp. of America, No. 08-2151-JWL, 2008 WL 5157476 (D. Kan. Dec. 9, 2008); Wren v. Rgis Inventory Specialists, C-06-05778 JCS, 2007 WL 4532218 (N.D. Cal. Dec. 19, 2007). Especially considering the ambiguities in Plaintiffs' definition of the proposed collective action in this case, it is appropriate that a third party, rather than Plaintiffs' counsel, be authorized to send notice.

### III.  CONCLUSION

For the foregoing reasons, Defendants Dell Inc., Dell USA L.P., and Dell Marketing USA L.P. respectfully ask the Court to facilitate notice to the proposed class by ordering Dell to send the attached notice to all current and former ISR-I and ISR-IB employees in the SMB unit. In the alternative, Dell asks the Court to facilitate notice by ordering the parties to issue the attached notice through a mutually agreeable third party administrator.

Respectfully submitted,

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750; (713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700; (512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142; (512) 413-3540 (Fax)

Brittan L. Buchanan, TX #03285680
Van Osselaer & Buchanan LLP
bbuchanan@vbllp.com
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
(512) 225-2822; 512.225.2801 (Fax)

**ATTORNEYS FOR DEFENDANTS DELL INC., DELL
USA L.P., AND DELL MARKETING USA L.P.**

5

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing this motion, I contacted Plaintiffs' counsel regarding its content. Plaintiffs' counsel represented that Plaintiffs are opposed to Dell sending notice, but Plaintiffs have expressed an openness to notice being sent by a third-party administrator.

/s/ Jeffrey C. Londa
Jeffrey C. Londa

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record, except for Meredith Black-Matthews and J. Derek Braziel, who will receive this pleading by regular U.S. mail.

/s/ Jeffrey C. Londa
Jeffrey C. Londa