**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated, </br></br>    Plaintiffs, </br></br> v. </br></br> DELL INC. and </br> DELL MARKETING USA, L.P. </br></br>    Defendants. | Case No.: 08-CV-0248 </br></br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' OPPOSITION TO DELL'S
MOTION TO FACILITATE NOTICE AND PROPOSED NOTICE**

On July 2, 2009, the Court signed a Report and Recommendation recommending conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") consisting of business sales representatives. *See* Report and Recommendation [Doc. # 103]. Regarding notice, the Court stated:

> [R]egarding the contents of the notice and the method for facilitating notice to potential Plaintiffs, the Court will issue a separate order after the District Judge rules on this Report and Recommendation.

*Id.* at p. 17. On August 4, 2009, the Court adopted the Report and Recommendation in its entirety. *See* Order [Doc. # 110].

Thereafter, on August 7, Dell filed its pending Motion to Facilitate Notice [Doc. # 112] and submitted a draft proposed notice for the Court's consideration. Plaintiffs hereby submit their partial opposition to Dell's Motion, and submit an alternative notice for the Court's dissemination.

## I.     THE COURT SHOULD ADOPT PLAINTIFFS' PROPOSED NOTICE.

In considering the proper notice to be submitted to members of the putative collective action, "[t]he Court has both the power and the duty to ensure that the notice is fair and accurate, [but] ***that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary.***" *Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) (citing *King v. ITT Cont'l Baking Co.*, No. 84-C-3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986)) (emphasis added).  Thus, the Court should adopt Plaintiffs' proposed notice unless it is unfair or it contains inaccurate information related to the case.  For the reasons set forth herein, Plaintiffs' proposed notice does not suffer from any such defect, and the Court should approve Plaintiffs' proposed notice without modification.

Plaintiffs have attached their proposed notice and consent to join hereto as Exhibit A. Plaintiffs' proposed notice contemplates a 90-day opt-in period during which current or former business sales representatives may join the case.[1]  The notice also includes a three-year look-back period, which is consistent with the statute of limitations.  While accounting for the procedural distinctions between this case and a traditional class action under Fed. R. Civ. P. 23, Plaintiffs' proposed notice materially tracks both the formatting and substantive elements of the model notice promulgated by the Federal Judicial Center ("FJC").[2]  The model notices

---

[1]     Plaintiffs' proposed 90 day period is consistent with holdings from courts in this circuit and across the country.  *See Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996) (authorizing a 90 day notice period); *Carter v. Anderson Mechandisers, LP*, No. 08-25, 2008 WL 2783193 (C.D. Cal. July 10, 2008) (same); *Adams*, 242 F.R.D. 530 (same); *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692 (S.D. Ohio March 24, 2008) (same); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793 (E.D. La. 2007) (same); *Fast v. Applebee's Int'l., Inc.*, 243 F.R.D. 360 (W.D. Mo. 2007) (same); *Cryer*, 2007 WL 1053214 (same); *Sniffen v. Spectrum Indus. Servs.*, No. 2:06-CV622, 2007 WL 1341772 (S.D. Ohio Feb. 13, 2007) (same).  In fact, Plaintiffs' proposed notice period is shorter than the 120-day period approved by several courts. *See Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06-7776, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) (authorizing a 120-day notice period); *Cranney v. Carriage Servs., Inc.*, No. 07-1587, 2008 WL 608639 (D. Nev. Feb. 29, 2008) (same).

[2]     A copy of the FJC's model notice for Rule 23 employment class action cases is attached hereto as Exhibit B and it is available online at www.fjc.gov.

2

promulgated by the FJC are the preferred format.[3] *See Manual for Complex Litig. (Fourth)* at § 21.311 (referring to the Federal Judicial Center's model and noting that it offers guidance regarding plain language).

Plaintiffs' proposed notice accurately and fairly reflects Plaintiffs' claims and Dell's defenses, the procedural posture of the litigation, and the procedural requirements for the putative plaintiffs to participate in the litigation. Accordingly, the Court should approve Plaintiffs' proposed notice without modification.

The notice packet also should include a form that requests that the responding individuals provide their contact information. If a business sales representative opts to join the case, it is imperative that Plaintiffs' counsel has access to that individual's current contact information to keep them apprised about the status of the litigation, and to maintain the attorney-client relationship that is formed by virtue of the individual joining the litigation. The proposed contact information form attached hereto as Exhibit C facilitates that relationship and the Court should approve the inclusion of the form in the notice packet sent to putative members of the collective.

Plaintiffs also submit the envelope that will include the notice packet for approval by the Court. The envelope is designed to encourage business sales representatives to open the notice packet, review it carefully, and join the case if they so choose. A photocopy of the proposed envelope is attached hereto as Exhibit D for the Court's consideration.

For the reasons set forth above, Plaintiffs respectfully submit that the Court should (1) adopt without modification Plaintiffs' proposed notice and consent to join form, and (2) authorize Plaintiffs to include in the notice packet a contact information form.

---

[3] In the FLSA context, courts have looked to notices issued in the Rule 23 context as being "persuasive." *Stanfield v. First NLC Fin. Services, Inc.*, No. 06-3892, 2006 WL 3190527, at *5 (N.D. Cal. Nov. 1, 2006).

## II. THE COURT SHOULD AUTHORIZE DISSEMINATION OF THE NOTICE VIA AN INDEPENDENT, THIRD-PARTY NOTICE ADMINISTRATOR.

Dell argues that it should be allowed to disseminate notice to putative members of the collective action in a manner consistent with *Torres v. CSK Auto, Inc.*, No. 03-113, 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003).

The Court should reject Dell's proposal because *Torres* is not the preferred approach. It cites no other cases in developing its novel approach, and no other cases have cited to *Torres* and adopted its method for distributing notice. Also, Dell's purported concern about providing sensitive information ignores the fact that any such information will be subject to the Protective Order in this case. *See* Protective Order [Doc. # 23]. Thus, Plaintiffs' counsel will be under an ongoing obligation to maintain the confidentiality of the information.[4] Moreover, the procedure adopted in *Torres* required that the employee address information be produced, a fact which Dell overlooks in its efforts to control the notice procedure. *Torres*, 2003 WL 24330020, at *3.

One of the primary benefits of granting certification is that it allows the Court to control the notice procedure. *See Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1137 (D. Nev. 1999). *See also Penk v. Oregon State Bd. of Higher Educ.*, No. 80-436, 1982 WL 325 (D. Or. May 26, 1982) (court supervising notice and communications with class members); *Manual for Complex Litig.* (4th ed.) at § 21.33 ("The judge has ultimate control over communications among the parties, third parties, or their agents and class members on the subject of the litigation to ensure the integrity of the proceedings and the protection of the class."). Indeed, Plaintiffs' proposed notice and the FJC Model contemplate that the notice is being sent on behalf of the Court. *Compare*

---

[4] *Torres* also expressed a concern about attorneys directly soliciting prospective clients via mass mailings. Dell has not articulated such a concern here and, instead, limited its concern to providing Plaintiffs' counsel with sensitive personal information. Again, there is no need for concern where a Protective Order is in effect.

4

Exhibits A and B (indicating that "A court authorized this notice."). Plaintiffs' proposed notice is premised on a model that was created and developed by the FJC – certainly this carries a more meaningful imprimatur than a notice sent by Dell.

Also, it is more appropriate for the Court to control the notice where "[o]nce a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel. Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class members on matters regarding the litigation." *See Manual* at § 21.33. Having Dell directly contact putative class members about the litigation would undermine this attorney-client relationship, particularly where receiving a communication directly from Dell might have the unintended effect of intimidating putative class members and discouraging them from participating in the litigation.

The Court can avoid all these potential complications by declining to adopt the *Torres* model – a model that no other court has implemented. Instead, Plaintiffs submit that they will retain a third-party notice administrator at their own expense to oversee and disseminate notice to business sales representatives that are eligible to join the litigation. Dell argues for third-party administration as an alternative to its request to send the notice, and Plaintiffs believe this is a reasonable compromise to ensure putative class members receive fair, accurate, and timely notice. Accordingly, Plaintiffs do not object to that portion of Dell's Motion.

### III. PLAINTIFFS' PROPOSAL CONFORMS TO *NORMAN*.

Dell asserted many of the same argument in a similar case filed on behalf of consumer sales representatives – *Norman, et al. v. Dell Inc., et al.* Case No. 07-6028 (D. Or.). In that case,

the Court adopted a notice consistent with Exhibit A, and it rejected Dell's attempt to control the notice process.[5] Like the Oregon Court, this Court should rebuff Dell's effort. Specifically:

- Dell invoked *Torres* and argued that the Court should authorize the company to send notice to consumer sales representatives. The Court rejected Dell's argument and authorized Plaintiffs' counsel to send notice.[6]

- Dell requested a 45-day opt-in period. The Court rejected Dell's argument and granted a 90-day opt-in period.

- Dell asserted that the notice should not state it is being sent on behalf of a court, and that it is not a solicitation, even though both phrases are standard language contained in the heading on the first page of the FJC Model. The Court rejected Dell's argument.

- Dell argued that recipients should be warned they may have to travel to Oregon for depositions and/or trial. The Court rejected Dell's argument and held that the language in Plaintiffs' proposed notice was sufficient.

In its pending Motion, Dell has failed to articulate why this Court should authorize a different opt-in period or a different distribution method than the Court in *Norman*. Additionally, Dell has failed to articulate why business sales representatives are entitled to different procedural guidelines than consumer sales representatives. Notably, Dell also has failed to identify or allege any abuses related to the notice procedure in *Norman*.

Accordingly, the Court should reject Dell's arguments and its proposed notice, and authorize notice that materially conforms to the notice and the procedure used in *Norman*.

---

[5] Plaintiffs attach a copy of the *Norman* notice hereto as Exhibit E.

[6] In this case, Plaintiffs consent to notice being sent by a third-party administrator primarily because the size of the putative class in this case is substantially larger than the putative class in *Norman*. Thus, it is more efficient for a third-party to administer notice in this case.

**IV.    DELL'S PROPOSED NOTICE IS DEFICIENT.**

Although portions of Dell's proposed notice are acceptable, there are a few key elements that are wholly deficient, and the Court should reject them in their entirety.[7]

**A.    Dell's 45-Day Notice Period Is Too Short.**

Dell proposes a 45-day opt-in period. As noted above, Plaintiffs' proposed notice contemplates a 90-day opt-in period, and that timeline is consistent with a long line of cases authorizing a longer opt-in period. *See* FN 1, *supra*. Plaintiffs' proposed timeline is also consistent with the 90-day opt-in period authorized by the Court in *Norman*. Accordingly, the Court should reject Dell's condensed opt-in period and authorize a 90-day opt-in period for business sales representatives.

**B.    Dell's Notice Omits Important Information.**

Dell would have the Court remove all but one nominal reference to Plaintiffs' counsel and omit their contact information (other than their mailing address) from the proposed notice entirely. Notably, the model notice adopted by the FJC anticipates the inclusion of counsel's contact information, and instructs recipients to contact counsel if they have questions about the case. *See* Ex. B at section 13 (directing recipients to plaintiffs' counsel if they still have questions about whether they are included); section 23 (providing counsel's contact information). Moreover, the FJC's model notice includes a footer that directs recipients to the website dedicated to the litigation if they have additional questions. *See* Ex. B.

---

[7]    Dell's Motion did not directly address these issues. Rather, Dell submitted a proposed Notice that contained these provisions without any substantive discussion of them. In its Reply, Dell inevitably will submit arguments related to these points, and Plaintiffs reserve the right to request leave to submit a sur-reply related to these issues.

Similarly, in numerous cases prosecuted by Plaintiffs' counsel, courts have authorized the inclusion of counsel's contact information, and a footer containing the same information. *See* Previously Approved Conditional Certification Notices, attached hereto as Exhibit F.

Because court-authorized notices must be "timely, accurate, ***and informative***," omitting critical information from the notice makes it inherently deficient, particularly when the omitted information would be useful to recipients if they have questions about the litigation. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (emphasis added).

Moreover, the notice empowers the recipient to determine what, if any, contact to have with Plaintiffs' counsel. If the recipients have questions or need more information, then they can contact Plaintiffs' counsel on their own initiative. If, however, they have no desire to speak with Plaintiffs' counsel, then they retain that option. In this respect, the notice is not soliciting recipients to join the litigation, but merely providing information that is a critical component of a comprehensive, informative notice.

### C. Dell's Threats Related To Discovery Are Inappropriate.

Dell contends that recipients must be made aware that they may potentially be required to travel to Austin, Texas for a deposition or court appearance. Plaintiffs can think of no other motivation for the inclusion of this language other than to cause anxiety regarding participation in the case and to deter recipients from joining this lawsuit.

Plaintiffs' proposed notice already notifies recipients that if they join they may be required to participate in discovery and provide testimony at a deposition or trial. *See* Ex. A at ¶ 10. This goes above and beyond what is required in Plaintiffs' notice. *See Prentice v. Fund for Public Interest Research, Inc.*, No. 06-7776, 2007 WL 2729187 *5 (N.D. Cal. Sept. 18, 2007) ("[I]ndividualized discovery is rarely appropriate in FLSA collective actions. Including a

warning about possible discovery when that discovery is unlikely will serve no purpose other than deterring potential plaintiffs from joining the suit based on unfounded concerns about the hassle of discovery.") (internal citations omitted); *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007) (defendants addition that "given the venue of the lawsuit, [putative plaintiffs] may be have to incur expenses associated with traveling to Northern California for discovery purposes" was inappropriate). Furthermore, Plaintiffs' counsel have never been compelled to send a court-authorized notice that alerts recipients of some potential requirement to travel. *See* Ex. F.

Dell's addition is inappropriate and only meant to deter participation in the litigation; therefore, the Court should not direct Plaintiffs to include this admonition in the notice.

## V. CONCLUSION

Plaintiffs have proffered a fair, meaningful notice that accurately apprises recipients of the litigation and their right to join it. Because Plaintiffs' proposed notice is not improper or objectionable, the Court should adopt it without modification, and reject Dell's Motion and the notice submitted with it.

DATE:  August 21, 2009                    Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

           /s/ George A. Hanson
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Matthew L. Dameron (admitted *pro hac vice*)
Email:  dameron@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:     816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:     214-749-1010

            and

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Allison B. Waters
Texas Bar No. 00795994
Email: abw@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:     (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on the Court's CM/ECF system on August 21, 2009, and delivered to the following individuals:

| | |
|---|---|
| Jeffrey C. Londa<br>E-mail: jeffrey.londa@ogletreedeakins.com<br>Ogletree Deakins<br>500 Dallas Street, Suite 3000<br>Houston, Texas 77002-4709<br>Tel:   (713) 655-0855<br>Fax:   (713) 655-0020 | Brittan L. Buchanan<br>E-mail:  bbuchanan@vbllp.com<br>Van Osselaer & Buchanan LLP<br>9600 Great Hills Trail, Suite 300 West<br>Austin, Texas 78759<br>Tel:   (512) 225-2822<br>Fax:   (512) 225-2801 |
| Michael W. Fox<br>E-mail: michael.fox@ogletreedeakins.com<br>Ogletree Deakins<br>301 Congress Avenue, Suite 1250<br>Austin, Texas 78701<br>Tel:   (512) 344-4711<br>Fax:   (512) 344-4701 | Christopher Hahn<br>E-mail: Christopher_Hahn@dell.com<br>Dell Inc.<br>One Dell Way, MS # 8033<br>Round Rock, Texas 78682<br>Tel:   (512) 723-3142<br>Fax:   (512) 723-3143 |

Patrick F. Hulla
E-mail: Patrick.hulla@ogletreedeakins.com
Ogletree Deakins
4717 Grand, Suite 300
Kansas City, Missouri 64112
Tel:   (816) 471-1301
Fax:   (816) 471-1303

Samuel Fulkerson
E-mail: sam.fulkerson@mcafeetaft.com
211 North Robinson Avenue, Tenth Floor
Oklahoma City, Oklahoma 73102
Tel:   (405) 235-9621
Fax:   (405) 235-0439

**ATTORNEYS FOR DELL INC.
and DELL MARKETING USA, L.P.**


                                          /s/ Matthew L. Dameron
                                     Matthew L. Dameron
                                     **Attorney for Plaintiffs**