# EXHIBIT E

# If you are or were a consumer sales representative employed by Dell Inc. or Dell Marketing USA, L.P., please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Consumer sales representatives ("CSRs") have sued Dell Inc. and Dell Marketing USA, L.P. (collectively "Dell") claiming that Dell engaged in unlawful compensation policies and practices. Specifically, Plaintiffs allege that Dell: 1) misclassified CSRs as "salaried nonexempt" and misapplied the half-time method of paying overtime; 2) failed to properly account for and pay incentive compensation when calculating overtime; and 3) consistently required CSRs to perform necessary job activities without compensation, i.e., working off the clock. Dell denies these allegations and asserts it properly paid CSRs.

- The United States District Court for the District of Oregon has conditionally allowed the lawsuit to proceed as a collective action on behalf of full-time CSRs who were employed by Dell at any Dell call center at any time from February 8, 2004, to the present, excluding CSRs who worked on the SRS queue in Roseburg, Oregon. The case includes Dell call centers located in: Roseburg, Oregon; Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; and McGregor, Texas.

- The Court has not decided who is right and who is wrong. Your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | By participating in this lawsuit, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue Dell about the same legal claims in this lawsuit. <u>If you wish to participate, you must complete and return the form at the end of this Notice.</u> |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you keep any rights to sue Dell separately about the same legal claims in this lawsuit, but the limitations period on your claims continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before **December 11, 2008**.

- If money or benefits are obtained from Dell, and you choose to participate in the case, you will be notified about your eligibility to recover damages.

More questions? Contact George Hanson or Matt Dameron at Stueve Siegel Hanson LLP at 1-866-714-0877 or visit www.stuevesiegel.com.

# This notice contains information that could affect your rights.  Please read it carefully.

### 1. Why did I get this notice?

Dell's records show that you currently or previously worked for Dell as a full-time CSR, but not on the SRS queue in Roseburg, Oregon.  This notice explains that the Court has conditionally allowed, or conditionally "certified," a collective action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against Dell are correct.  The Honorable Thomas M. Coffin, a Magistrate Judge in the United States District Court for the District of Oregon, is overseeing this collective action.  The lawsuit is known as *Norman, et al. v. Dell Inc., et al*, Case No. 07-6028-TC.

### 2. What is this lawsuit about?

Plaintiffs allege that Dell unlawfully failed to pay its full-time CSRs for all work they performed, including tasks performed before they were ready to take a call from a Dell customer.  Examples of such unpaid preparatory work claimed by Plaintiffs include the time that CSRs spend 1) attending daily pre-shift meetings; 2) booting up computers; 3) logging on to Dell's computer network; 4) opening relevant computer programs; 5) reviewing memoranda and correspondence relating to Dell's promotions and other services; and 6) reading and responding to customer e-mails or following up with customers about earlier inquiries.  Plaintiffs further allege that Dell failed to pay its CSRs for these same duties during unpaid meal breaks and at the end of the day.  Plaintiffs also allege that Dell's practice of automatically deducting one hour of pay for lunch time is unlawful because many CSRs did not take a full hour for lunch.  Additionally, Plaintiffs allege that Dell utilized an inherently inaccurate time-keeping system, failed to properly account for and pay incentive compensation, and improperly calculating overtime using a "half-time" overtime rate.

Dell contends that it has properly paid all current and former employees, including paying them for all overtime, and denies that any current or former employees are entitled to any additional compensation or other relief.

### 3. What is a collective action and who is involved?

Individuals are allowed to join a collective action when they are similarly situated.  One court resolves the issues for everyone who decides to join the case.

Plaintiffs are represented by George Hanson and Matt Dameron of Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112 and Derek Johnson and Douglas Schaller of Johnson, Clifton, Larson & Schaller, P.C., 975 Oak Street, Citizen's Building, Suite 1050, Eugene, Oregon 97401.

Dell is represented by Jeffrey Londa of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 500 Dallas Street, Suite 3000, Houston, Texas 77002, Michael Fox also of Ogletree, Deakins, Nash,

2

**More questions? Contact George Hanson or Matt Dameron at Stueve Siegel Hanson LLP at 1-866-714-0877 or visit www.stuevesiegel.com.**

Smoak & Stewart, P.C., 301 Congress Avenue, Suite 1250, Austin, Texas 78701, and Rick VanCleave of Barran Liebman LLP, 601 SW Second Avenue, Suite 2300, Portland, Oregon 97204.

### 4. What is Dell's position?

Dell contends it has properly paid all current and former employees for all time worked, including paying them for all overtime, and denies any current or former employees are entitled to any additional compensation or other relief.

### 5. Has the Court decided who is right?

The Court has not decided whether the Plaintiffs or Dell are correct. By conditionally allowing this case to proceed as a collective action and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 6. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 7. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by Dell as a full-time CSR at any time between February 8, 2004 and the present; and (2) worked at a Dell call center, including the following: Roseburg, Oregon; Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; or McGregor, Texas. Current and former CSRs who meet the above criteria are eligible to join. Specifically excluded from this lawsuit are CSRs who worked exclusively on the Roseburg, Oregon SRS queue and part-time CSRs.

### 8. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing Plaintiffs' counsel in this case, Stueve Siegel Hanson LLP, at the phone number or address listed below or by visiting their website at www.stuevesiegel.com.

### 9. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, if any, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs, if any, as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims, if any, are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

3

**More questions? Contact George Hanson or Matt Dameron at Stueve Siegel Hanson LLP at 1-866-714-0877 or visit www.stuevesiegel.com.**

### 10. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, court-approved settlement or judgment, whether favorable or unfavorable. While this suit is pending, you may be required to provide information and documents, provide sworn testimony in a deposition or in court, or otherwise participate in the action.

### 11. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you want to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **Dell Consumer Sales Representative Litigation**
> **Stueve Siegel Hanson LLP**
> **460 Nichols Road, Suite 200**
> **Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by **December 11, 2008. If your signed Consent to Join Form is not postmarked by December 11, 2008, you will not participate in any recovery obtained against Dell in this lawsuit.**

### 12. Do I have a lawyer in this case?

If you choose to join this lawsuit and you sign the attached consent form, you will be represented by (1) George Hanson, Matt Dameron and other lawyers from the firm of Stueve Siegel Hanson LLP as well as (2) Derek Johnson, Douglas Schaller and other lawyers from the firm of Johnson, Clifton, Larson, & Schaller P.C.

### 13. Can I be retaliated against if I join the case?

No. It is a violation of federal law for an employer to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercising your existing rights under the Fair Labor Standards Act.

### 14. How will the lawyers be paid?

The current Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not recover, there will be no attorneys' fees or costs chargeable to you. In the event there is a recovery, Plaintiffs' counsel may receive a percentage of any settlement obtained or money judgment entered in favor of all members of the collective. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Dell, or may be a combination of the two.

4

**More questions? Contact George Hanson or Matt Dameron at Stueve Siegel Hanson LLP at 1-866-714-0877 or visit www.stuevesiegel.com.**

### 15. Are there more details available?

Yes. If you have any questions or require additional information, please contact Plaintiffs' counsel:

| | |
|---|---|
| **George Hanson**, Attorney | **Derek Johnson**, Attorney |
| **Matt Dameron**, Attorney | **Douglas Schaller**, Attorney |
| **Katrina Cervantes**, Legal Assistant | **Laura Eggers,** Legal Assistant |
| hanson@stuevesiegel.com | Johnson, Clifton, Larson & Schaller P.C. |
| dameron@stuevesiegel.com | djohnson@jclslaw.com |
| katrina@stuevesiegel.com | dschaller@jclslaw.com |
| Stueve Siegel Hanson LLP | 975 Oak Street |
| 460 Nichols Road, Suite 200 | Citizen's Building, Suite 1050 |
| Kansas City, Missouri 64112 | Eugene, Oregon 97401 |
| Tel: (866) 714-0877 | Tel: (800) 783-2434 |

5

More questions? Contact George Hanson or Matt Dameron at Stueve Siegel Hanson LLP at 1-866-714-0877 or visit www.stuevesiegel.com.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| DAVID NORMAN, and WALTER ROMAS, individually, and on behalf of a class of others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>DELL INC., and DELL MARKETING USA, L.P.<br><br>        Defendants. | Case No.    07-6028-TC |

## CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the District of Oregon, Case No. 07-0628-TC. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. I understand I will be bound by any ruling or judgment, whether favorable or unfavorable. I choose to be represented by George A. Hanson and Matthew L. Dameron of Stueve Siegel Hanson LLP and Derek C. Johnson and Douglas G. Schaller of Johnson, Clifton, Larson & Schaller, PC and other attorneys with whom they may associate.

Date: _____            _____
                                Signature
                                Name: «First_Name» «Last_Name»

SSH [insert ID #]