# EXHIBIT F

# If you are or were a telephone customer service employee employed by ClientLogic Operating Corporation, please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Telephone customer service employees have sued ClientLogic Operating Corporation ("ClientLogic") claiming that ClientLogic failed to pay them for all the time they worked, including overtime.

- The United States District Court for the Western District of New York has conditionally allowed the lawsuit to proceed as a collective action on behalf of telephone customer service employees (1) who were employed by ClientLogic at any time from May 31, 2002, to the present, *and* (2) who were employed at one of the following facilities during that time: Buffalo, New York; Bartlesville, Oklahoma; Kingstree, South Carolina; or Las Vegas, Nevada.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | If you choose to participate in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue ClientLogic about the same legal claims in this lawsuit. <u>If you wish to participate, you must complete the form at the end of this Notice.</u> |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you keep any rights to sue ClientLogic separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before **September 22, 2008**.

- If money or benefits are obtained from ClientLogic, and you choose to participate in the case, you will be notified about your eligibility, if any, for damages, if any.

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.**

# This notice contains information that affects your rights. Please read it carefully.

**1. Why did I get this notice?**

ClientLogic's records show that you currently or previously worked for ClientLogic as a telephone customer service employee. This notice explains that the Court has conditionally allowed, or conditionally "certified" a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against ClientLogic are correct. The Honorable William M. Skretny, a Judge in the United States District Court for the Western District of New York, is overseeing this collective action. The lawsuit is known as *Hens, et al. v. ClientLogic Operating Corp.*, Case No. 05-CV-381S.

**2. What is the lawsuit about?**

Plaintiffs allege that ClientLogic failed to pay its telephone customer service employees for all work they performed, including tasks performed before they were ready to take a call from a ClientLogic customer. Examples of such allegedly unpaid preparatory work include the time that employees spent finding a desk, booting up the computer system, logging in to computer applications, checking e-mails and updates, and reviewing the "to do" list of open cases. Plaintiffs allege that ClientLogic failed to pay its customer service employees for these same duties during unpaid meal breaks and at the end of the day.

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

**3. What is a collective action and who is in it?**

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims. All telephone customer service employees who decide to participate in the case are a "Collective" or "Collective Members." The telephone customer service employees—and all of the Collective Members like them—are called the Plaintiffs. ClientLogic is called the Defendant. One court resolves the issues for everyone who decides to join the case.

**4. Why is this lawsuit a Collective Action?**

The Court decided that this lawsuit can conditionally be a collective action because it meets the requirements of § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other telephone customer service employees employed by ClientLogic.

**5. What is ClientLogic's position?**

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

**6. Has the Court issued a final trial?**

The Court has not decided whether ClientLogic or the Plaintiffs are correct. By establishing the Collec-tive and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

**7. What are the Plaintiffs seeking?**

Plaintiffs are seeking to recover unpaid wages, including overtime, for work they contend they performed "off the clock." Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

**8. Can I join this lawsuit?**

To be eligible to join this lawsuit, you must have: (1) been employed by ClientLogic as a telephone customer service employee at any time from May 31, 2002 to the present; (2) worked any overtime hours (in excess of 40 per week) "off

2

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or
George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.

the clock;" and (3) worked at one of the following facilities during that time: Buffalo, New York; Bartlesville, Oklahoma; Kingstree, South Carolina; or Las Vegas, Nevada.  Current employees at any of the facilities listed above who meet the above criteria are eligible to join.

**9. If I am still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

**10. What happens if I do nothing at all?**

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable.  You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit.  You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.  You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

**11. What happens if I join the lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable.  You will also be bound by, and may share in, any settlement that may be reached on behalf of the collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into will be binding on you if you join the lawsuit.  While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

**12. How do I ask the Court to include me in the case?**

Enclosed is a form called "Consent to Join."  If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**.  An addressed and postage paid envelope is enclosed for your convenience.  Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**ClientLogic Telephone Employee Litigation**
**Stueve Siegel Hanson LLP**
**460 Nichols Road, Suite 200**
**Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by **September 22, 2008**.  **If your signed Consent to Join Form is not postmarked by September 22, 2008, you will not participate in a recovery obtained, if any, against ClientLogic in this lawsuit.**

**13. Do I have a lawyer in the case?**

If you choose to join this lawsuit, you will be represented by Justin M. Swartz and other lawyers from the firm of Outten & Golden LLP and George A. Hanson and other lawyers from the firm of Stueve Siegel Hanson LLP.

**14. How will the lawyers be paid?**

You will not be required to pay anything out of pocket to the lawyers representing you, even if the case is not successful. The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel.  The agreement provides that counsel is advancing court costs and expenses of the litigation.  If the outcome of the case is favorable and there is a recovery, the court costs and expenses advanced by counsel will be reimbursed from the recovery.  If the outcome of the case is unfavorable and there is no recovery, plaintiffs' counsel will bear ultimate responsibility for costs and expenses of the litigation and will not seek reimbursement from any person who joined this case.  Apart from costs and expenses, if the outcome is favorable Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the collective.  The Court may also be asked to determine the amount of fees.  The fees

3

may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by ClientLogic, or may be a combination of the two.  If the outcome of the case is unfavorable and there is no recovery, your lawyers will bear ultimate responsibility for their fees incurred in this case and will not seek reimbursement from any person who joined this case.   A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

**15. Are there more details available?**

Yes. If you have any questions or require additional information, please contact any of the following individuals:


Justin M. Swartz, Attorney
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(877) 468-8836 or (212) 245-1000
jms@outtengolden.com

George A. Hanson, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
hanson@stuevesiegel.com

4

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

MARTIN J. HENS, individually and on behalf of
other similarly situated persons,

                Plaintiffs,

v.

CLIENTLOGIC OPERATING CORPORATION,

                Defendant.

Case No.      05-CV-381S

### CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of New York, Case No. 05-CV-381S.  I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff.  By joining this lawsuit, I designate the named Plaintiff(s) as my representative(s), and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit.  I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable.  I choose to be represented by Justin M. Swartz of Outten & Golden LLP and George A. Hanson of Stueve Siegel Hanson LLP and other attorneys with whom they may associate.

Date: _____

Signature _____

Print Your Name: _____

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

# If you are or were a retail representative employed by R.J. Reynolds Tobacco Company please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice.*

- Zola Marshall, a Retail Representative in Kansas City, Missouri, has sued R.J. Reynolds Tobacco Company ("R.J. Reynolds"), claiming that R.J. Reynolds failed to pay her for all time worked, including overtime.

- The United States District Court for the Western District of Missouri has conditionally allowed the lawsuit to proceed as a collective action on behalf of retail representative employees who were employed by R.J. Reynolds at any time from _____ (insert date three years prior to the date that the Court approves the notice) ___ to the present.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO JOIN LAWSUIT** | If you choose to join in this lawsuit, you will have the possibility of getting money or benefits that may come from a trial or a settlement. You will give up any rights to separately sue R.J. Reynolds about the same legal claims in this lawsuit. If you wish to join in this lawsuit, you must complete the form at the end of this Notice. |
| **DECLINE TO JOIN LAWSUIT** | If you do not join in this lawsuit, you will give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you will keep any rights to sue R.J. Reynolds separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 90 days from date notice is sent out) _____.

- If money or benefits are obtained from R.J. Reynolds, and you have chosen to join in this lawsuit, you will be notified about your eligibility for damages, if any.

**More questions? Contact George Hanson or Matt Dameron
at Stueve Siegel Hanson LLP at 1-800-714-0360
or visit www.stuevesiegel.com.**

# This notice contains information that affects your rights. Please read it carefully.

## 1. Why did I get this notice?

R.J. Reynolds's records show that you currently work or previously worked for R.J. Reynolds as a retail representative. This notice explains that the Court has conditionally allowed, or conditionally "certified" a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against R.J. Reynolds are correct. The Honorable Richard E. Dorr, a Judge in the United States District Court for the Western District of Missouri, is overseeing this collective action. The lawsuit is known as *Marshall, et al. v. R.J. Reynolds Tobacco Company*, Case No. 07-0277-CV-W-RED.

## 2. What is this lawsuit about?

Plaintiffs allege that R.J. Reynolds unlawfully pays retail representatives only for work that they perform between the hours of 8:00 a.m. and 5:00 p.m. According to Plaintiffs, R.J. Reynolds should compensate retail representatives for administrative work they perform from their homes, including, but not limited to:

- reading and sending e-mails,

- reviewing field communications and other work-related memos, and

- performing their daily laptop communication.

Plaintiffs also allege that R.J. Reynolds's practice of automatically deducting one hour of pay for lunch time is unlawful because many retail representatives did not take a full hour for lunch. Plaintiffs also allege that R.J. Reynolds should pay retail representatives for the time they spend traveling between their homes and the first store on their route and/or the time they spend traveling from the last store on their route to their homes. Plaintiffs allege that R.J. Reynolds's company policies caused retail representatives to perform overtime work without compensation.

R.J. Reynolds contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, R.J. Reynolds denies that it has violated applicable law in any way.

## 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of themselves and all others who have similar claims. All retail representative employees who decide to join in this lawsuit are a "Collective" or "Collective Members." Zola Marshall will be referred to as the "Named Plaintiff" and the Collective Members as a group will be called the Plaintiffs. R.J. Reynolds is

2

More questions? Contact George Hanson or Matt Dameron
at Stueve Siegel Hanson LLP at 1-800-714-0360
or visit www.stuevesiegel.com.

called the Defendant.  One court (in this case the United States District Court for the Western District of Missouri) will resolve the issues for all the Collective Members.

Retail representative employees who choose not to join in this lawsuit, or who simply do nothing, will not be affected by the decision in the collective action, and they will have the right to file suit against R.J. Reynolds separately if they wish.

### 4. Why is this lawsuit a Collective Action?

The Court decided that this lawsuit can "conditionally" be treated as a collective action because it meets the requirements of § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Specifically, the Court made a conditional finding that the Plaintiff who filed this lawsuit is "similarly situated" to other retail representatives employees employed by R.J. Reynolds.

### 5. What is R.J. Reynolds's position?

R.J. Reynolds contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief.  Accordingly, R.J. Reynolds denies that it has violated applicable law in any way.

### 6. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid wages, including overtime, for work they contend they performed.  Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed.  Plaintiffs also seek recovery of costs and attorneys' fees.

### 7. Has the Court decided who is right?

The Court has not decided whether R.J. Reynolds or the Plaintiffs are correct.  By establishing the Collective and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by R.J. Reynolds as a retail representative employee at any time from _____ (insert date three years prior to the date that the Court approves the notice) _____ to the present; and (2) worked any overtime hours (in excess of 40 per week) without compensation.  Current or former retail representative employees who meet the above criteria are eligible to join.

### 9. I'm still not sure if I am included

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

3

More questions? Contact George Hanson or Matt Dameron
at Stueve Siegel Hanson LLP at 1-800-714-0360
or visit www.stuevesiegel.com.

## 10. What happens if I do nothing at all?

If you do nothing you will be considered to have chosen to not join this lawsuit. In that event you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

## 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also be bound by, and may share in, any settlement that may be reached on behalf of the collective. By joining this lawsuit, you designate the Named Plaintiff Zola Marshall as your representative, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

## 12. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign and promptly return the Consent to Join Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**R.J. Reynolds Retail Representative Employee Litigation**
**Stueve Siegel Hanson LLP**
**460 Nichols Road, Suite 200**
**Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by _____ (90 days from mailing of this Notice) _____ . **If your signed Consent to Join Form is not postmarked by [90 days from mailing of this Notice], you will not be considered eligible to join in this lawsuit.**

## 13. Can R.J. Reynolds retaliate against me if I join the case?

It is a violation of federal law for R.J. Reynolds to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercise your existing rights under the Fair Labor Standards Act.

4

More questions? Contact George Hanson or Matt Dameron
at Stueve Siegel Hanson LLP at 1-800-714-0360
or visit www.stuevesiegel.com.

## 14. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by George A. Hanson, Matthew L. Dameron, and other lawyers from the firm of Stueve Siegel Hanson LLP. To learn more about Stueve Siegel Hanson LLP, its practices, and the lawyers that work there, visit www.stuevesiegel.com.

## 15. If I join the lawsuit should I get my own lawyer?

You do not need your own lawyer because the named Plaintiffs' counsel will be working on your behalf. If you want your own lawyer, you may retain one, but you will have to pay that lawyer.

## 16. How will the lawyers for the Collective Members be paid?

Named Plaintiff Zola Marshall has entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees or expenses chargeable to you. In the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the Collective. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by R.J. Reynolds, or may be a combination of the two. A copy of the contingency fee agreement executed by the Named Plaintiff may be obtained upon request from Plaintiffs' counsel identified below.

## 17. How do I contact Plaintiffs' Counsel for more information?

If you have any questions or require additional information, please contact:

George A. Hanson, Attorney
hanson@stuevesiegel.com

Matthew L. Dameron, Attorney
dameron@stuevesiegel.com

Michele Hall, Paralegal
hall@stuevesiegel.com

**Counsel's mailing address is:**
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

**Counsel's telephone numbers are:**
(866) 714-0875 (toll free) **or** (816) 714-7100

5

More questions? Contact George Hanson or Matt Dameron
at Stueve Siegel Hanson LLP at 1-800-714-0360
or visit www.stuevesiegel.com.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ZOLA M. MARSHALL, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY, a North Carolina corporation,<br><br>Defendant. | Case No.      07-0277-CV-W-RED |

## CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of Missouri, Case No. 07-0277-CV-W-RED. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the named Plaintiff as my representative, and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. I choose to be represented by George A. Hanson and Matthew L. Dameron of Stueve Siegel Hanson LLP, and other attorneys with whom they may associate.

Date: _____          _____

                                Signature
                                Name:  «First_Name» «Last_Name»

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS</u>

# If you are or were a Loan Originator for National City Bank or a related company, please read this notice.  A collective action lawsuit may affect your legal rights.

*A court authorized this notice.  This is <u>not a solicitation</u> from a lawyer.*

**TO:   «First_Name» «Last_Name»**

- **Loan Originators** have sued National City claiming that National City failed to pay overtime.

- The Court has conditionally certified the lawsuit to proceed as a collective action on behalf of current and former National City Loan Originators who worked for National City from [insert Three Years Before Notice] to the present.

- You have been identified as a person potentially eligible to join this lawsuit.

- You are eligible to join this lawsuit if you believe you were not paid for all of the overtime hours you worked while employed as a National City Loan Originator from [insert three years before notice] to the present.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits from a trial or a settlement, and you give up any rights to separately sue National City about the same legal claims in this lawsuit.  <u>If you wish to be included, you must complete the form at the end of this Notice.</u> |
| **DO NOTHING** | By doing nothing, you give up the possibility of getting money or benefits from a trial or settlement.  You keep any rights to sue National City separately about the same legal claims in this lawsuit, but the statute of limitations continues to run. |

### 1. Why did I get this notice?

National City's records show that you currently or previously worked for National City as a Loan Originator.  This notice explains that the Court has conditionally certified a collective action lawsuit that may affect you.  You have legal rights and options that you may exercise in this case.  The Honorable David R. Herndon for the United States District Court for the Southern District of Illinois is overseeing this collective action.  The lawsuit is known as *Perry v. National City Mortgage, Inc.*, Case No. 05-cv-891 DRH.

### 2. What is this lawsuit about?

This lawsuit is about whether National City is required by law to pay Loan Originators overtime compensation for work performed in excess of 40 hours per week.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more people sue on behalf of other people who have similar claims. All workers who decide to participate in the case are a "Class" or "Class Members." The Loan Originators who sued—and all of the Class Members like them—are called the Plaintiffs. National City is called the Defendant. One court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The Plaintiffs who filed this lawsuit allege there is a group of "similarly situated" Loan Originators employed by National City.

### 5. What is National City's position?

National City denies that it has improperly paid any current or former employees, and denies that any current or former employees are entitled to any additional compensation or other relief.

### 6. Has the Court decided who is right?

The Court has not decided whether National City or the Plaintiffs are correct. By conditionally establishing the Class and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages" which doubles the amount of any overtime owed. In addition, Plaintiffs seek recovery of costs and attorneys' fees.

### 8. Can I join this lawsuit?

By receiving this notice, you have been identified as potentially eligible to join this lawsuit. If you did not receive overtime compensation for hours worked beyond 40 hours in any given workweek you are potentially eligible to join this lawsuit. Current and former employees are eligible to join.

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case who are representing the named Plaintiff, at the phone number or address listed below. Otherwise, you may seek legal advice from an attorney of your choice at your own expense.

### 10. What happens if I join the lawsuit?

**More questions? Contact George A. Hanson or Virginia Stevens Crimmins at Steuve Siegel Hanson LLP at**
**1-800-714-0360 or visit www.stuevesiegel.com/nationalcity.htm**

Page 2                                                                                                          SSH 74175 v2

If you choose to join this lawsuit, and are ultimately determined by the Court to be a class member, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

### 11. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 12. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**National City Loan Originator Litigation**
**Stueve Siegel Hanson LLP**
**460 Nichols Road, Suite 200**
**Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by [90 days from mailing of this Notice]. **If your signed Consent to Join Form is not postmarked by [90 days from mailing of this Notice], you may be prohibited from participating in any recovery obtained against National City in this lawsuit.**

### 13. Do I have a lawyer in this case?

If you chose to join this lawsuit you will be represented by George A. Hanson and Virginia Crimmins of Stueve Siegel Hanson LLP and Michael Marker of the Rex Carr Law Firm, LLC.

### 14. Should I get my own lawyer?

If you choose to opt-in to the lawsuit by promptly returning a signed Consent to Join form, you do not need to hire you own lawyer because Plaintiffs' Counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit.

### 15. How will the lawyers be paid?

More questions? Contact George A. Hanson or Virginia Stevens Crimmins at Stueve Siegel Hanson LLP at
1-800-714-0360 or visit www.stuevesiegel.com/nationalcity.htm

Page 3                                                                                                    SSH 74175 v2

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The Court may instead be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by National City, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff(s) may be obtained upon request from Plaintiffs' counsel identified below.

## 16. Are there more details available?

Yes. If you have any questions or require additional information, please contact any of the following individuals:

George A. Hanson, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
hanson@stuevesiegel.com

Virginia Crimmins, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
crimmins@stuevesiegel.com

Michele Hall, Paralegal
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7173
hall@stuevesiegel.com

Michael B. Marker, Attorney
The Rex Carr Law Firm, LLC
412 Missouri Avenue
East St. Louis, Illinois 62201
Telephone: (618) 274-0434
mmarker@rexcarr.com

More questions? Contact George A. Hanson or Virginia Stevens Crimmins at Stueve Siegel Hanson LLP at
1-800-714-0360 or visit www.stuevesiegel.com/nationalcity.htm
Page 4                                                                                              SSH 74175 v2

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

DERRICK PERRY, individually and on behalf
of other similarly situated persons,

                Plaintiffs,

v.

NATIONAL CITY MORTGAGE, INC.

             Defendant.

Case No.   05-cv-891-DRH

### CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Southern District of Illinois, Case No. 05-cv-891-DRH. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by agreeing to join this lawsuit I will become a plaintiff (my class membership pending upon ultimate determination by the Court during later proceedings). While the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in Court. By joining this lawsuit, I designate the named Plaintiff(s) as my representative(s), and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. I also understand that while I have the right to choose other counsel and to pursue my claims on my own behalf, I choose to be represented by George A. Hanson and Virginia Crimmins of Stueve Siegel Hanson LLP and Michael Marker of the Rex Carr Law Firm, LLC, and other attorneys with whom they may associate.

Date: _____        Signature:_____

                                    Printed Name:  «First_Name» «Last_Name»

SSH 74175

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

# If you are or were a field technician or installer employed by Spartan Computer Services, Inc. between June 20, 2004 and the present, please read this notice. A collective action lawsuit may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF COLLECTIVE ACTION LAWSUIT

**TO:  Judy Abreu**

RE:   Lawsuit Regarding Claims for Alleged Unpaid Overtime Compensation

- **Field Technicians and Installers** have sued Spartan Computer Services, Inc. and two of its officers, President Jack Steenhausen and Vice President Terry Connorton, claiming that Spartan failed to pay overtime.

- The Court has conditionally certified the lawsuit to proceed as a collective action on behalf of current and former Spartan field technicians and installers who worked for Spartan between June 20, 2004 and the present.

- You have been identified as a person potentially eligible to join this lawsuit.

- You are eligible to join this lawsuit if you believe you were not fully paid for all of the overtime hours you worked while employed as a Spartan field technician or installer between June 20, 2004 and the present.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits from a trial or a settlement, and you give up any rights to separately sue Spartan about the same legal claims in this lawsuit.  <u>If you wish to be included, you must complete the Consent to Join form at the end of this Notice.</u> |
| **DO NOTHING** | By doing nothing, you give up the possibility of getting money or benefits from a trial or settlement.  You keep any rights to sue Spartan separately about the same legal claims in this lawsuit, but the statute of limitations continues to run. |

**More questions? Contact George A. Hanson or Mark V. Dugan at Stueve Siegel Hanson LLP at 1-800-714-0360 or visit www.stuevesiegel.com/spartan.htm**

## 1. Why did I get this notice?

Spartan's records show that you currently or previously worked for Spartan as a field technician or installer. This notice explains that the Court has conditionally certified a collective action lawsuit that may affect you. You have legal rights and options that you may exercise in this case. The Honorable Kathryn H. Vratil for the United States District Court for the District of Kansas is overseeing this collective action. The lawsuit is known as *Renfro, et al. v. Spartan Computer Services, Inc., et al.,* Case No. 06-2284-KHV.

## 2. What is this lawsuit about?

This lawsuit is about whether Spartan is required by law to pay field technicians and installers overtime compensation for work performed in excess of 40 hours per week.

## 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more people sue on behalf of other people who have similar claims. All workers who decide to participate in the case are a "Class" or "Class Members." The field technicians and installers who sued — and all of the Class Members like them — are called the Plaintiffs. Spartan is called the Defendant. One court resolves the issues for everyone who decides to join the case.

## 4. Why is this lawsuit a Collective Action?

The Plaintiffs who filed this lawsuit allege there is a group of "similarly situated" field technicians and installers employed by Spartan.

## 5. What is the position of Spartan, Steenhausen, and Connorton?

The Defendants deny that they have improperly paid any current or former employees.

## 6. Has the Court decided who is right?

The Court has not decided whether Spartan or the Plaintiffs are correct. By conditionally establishing the Class and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

## 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages" which doubles the amount of any overtime owed. In addition, Plaintiffs seek recovery of costs and attorneys' fees.

## 8. Can I join this lawsuit?

By receiving this notice, you have been identified as potentially eligible to join this lawsuit. If you did not receive overtime compensation for hours worked beyond 40 hours in any given workweek, you are potentially eligible to join this lawsuit. Current and former employees are eligible to join.

## 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case who are representing the named Plaintiffs, at the phone number or address listed below. Otherwise, you may seek legal advice from an attorney of your choice at your own expense.

## 10. What happens if I join the lawsuit?

If you choose to join this lawsuit, and are ultimately determined by the Court to be a Class Member, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also be

bound by, and will share in, any settlement that may be reached on behalf of the Class. By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

### 11. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be directly affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 12. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Spartan Computer Services Litigation**
**Stueve Siegel Hanson LLP**
**460 Nichols Road, Suite 200**
**Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by **November 29, 2007. If your signed Consent to Join Form is not postmarked by November 29, 2007, you may be prohibited from participating in any recovery obtained against Spartan in this lawsuit.**

### 13. Do I have a lawyer in this case?

If you chose to join this lawsuit you will be represented by George A. Hanson and Mark V. Dugan of Stueve Siegel Hanson LLP.

### 14. Should I get my own lawyer?

If you choose to opt-in to the lawsuit by promptly returning a signed Consent to Join form, you do not need to hire you own lawyer because Plaintiffs' counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit.

### 15. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the Class. Alternatively, the Court may be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Spartan,

or may be a combination of the two.  A copy of the contingency fee agreement executed by the named Plaintiff(s) may be obtained upon request from Plaintiffs' counsel identified below.

**16. Are there more details available?**

Yes. If you have any questions or require additional information, please contact any of the following individuals who are counsel to the Plaintiffs in this lawsuit:

George A. Hanson, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
hanson@stuevesiegel.com

Mark V. Dugan, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
dugan@stuevesiegel.com

Michele Hall, Paralegal
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7173
hall@stuevesiegel.com

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROY RENFRO, et al., individually and on behalf of all others similarly situated**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**SPARTAN COMPUTER SERVICES, INC., et al.**<br><br>       **Defendants.** | **Case No.   06-2284-KHV** |

## <u>CONSENT TO JOIN</u>

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the District of Kansas, Case No. 06-2284-KHV.  I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by agreeing to join this lawsuit I will become a plaintiff (although my class membership will depend on ultimate determination by the Court during later proceedings).

I understand that, while the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in Court.  By joining this lawsuit, I designate the named Plaintiffs as my representatives, and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit.  I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable.  I also understand that while I have the right to choose other counsel and to pursue my claims on my own behalf, I choose to be represented by George A. Hanson and Mark V. Dugan of Stueve Siegel Hanson LLP, and other attorneys with whom they may associate.

Date: _____  Signature:_____

            **Printed Name:  Judy Abreu**

SSH 75331