IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:08-cv-00248 |
| DELL INC., and DELL MARKETING USA L.P., | § § § § § | |
| Defendants. | § § | |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO FACILITATE NOTICE

Defendants submit this Reply to Plaintiffs' Response to Dell's Motion to Facilitate Notice of a Collective Action:

**I.     Notice Should Be Sent by Dell.**

The Court should authorize Dell to send the notice attached as Exhibit A to potential opt-in plaintiffs, as was ordered by this Court in Torres v. CSK Auto, Inc., No. EP-03-CA-113(KC), 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003). Plaintiffs have no substantive challenge to the Torres method other than it is not their preferred approach to notice. Because the Torres approach provides the best safeguards against abuse, the Court should grant Dell's motion and allow Dell to send notice. If the Court instead orders that notice be sent through a third-party administrator, then the Court should order the parties to meet and confer to identify a mutually acceptable third-party administrator to facilitate the notice at Plaintiffs' cost. Dell has attached an alternative proposed notice to be sent by a third-party administrator as Exhibit B.[1]

---

[1] Both parties have submitted notices that instruct potential opt-in plaintiffs to return their signed consent forms to Plaintiffs' counsel. However, Dell proposes that form for the notice only if the Court authorizes Dell to submit notices to potential opt-in plaintiffs. If the Court instead orders that notice be sent through a third-party

**II.     The Court Should Approve the Notice Submitted by Dell.**

Plaintiffs erroneously imply that they have unfettered rights to send whatever notice they choose.  However, as noted in Heitmann v. City of Chicago, a case cited by Plaintiffs, limitations are required to ensure that the notice is accurate, fair, and not a court-sanctioned solicitation.  See Heitmann, No. 04-C-3304, 2004 WL 1718420 at * 3 (N.D. Ill. 2004) (noting "[t]he Court has both the power and the duty to ensure that the notice is fair and accurate" and ordering that plaintiffs' proposed notice be modified).  In Hoffman-La Roche, Inc. v. Sperling, the United States Supreme Court cautioned that notice "is distinguishable in form and function from the solicitation of claims."  493 U.S. 165, 174 (1989); see also Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266-67 (D. Minn. 1991) (noting that courts have a "responsibility to avoid the 'stirring up' of litigation through solicitation").  The Court should authorize the notices proposed by Dell because they provide accurate and complete information about the lawsuit, whereas Plaintiffs' proposed notice omits important information and includes improper solicitations.

As noted by Plaintiffs, court-authorized notices must be accurate and should not omit important information.  See Hoffman-LaRoche, 493 U.S. at 172.  Plaintiffs argue that "Dell's Notice Omits Important Information" (Docket Entry No. 113 at 7-8), but the only "critical information" they note as being absent from Dell's proposed notices are that they do not include frequent entreaties to contact Plaintiffs' counsel for more information or have Plaintiffs' attorneys'

---

administrator, then the notice should instruct putative plaintiffs to return their signed written consents to the third-party administrator instead of Plaintiffs' counsel.  When parties use a third-party administrator to send notices to potential opt-in plaintiffs in FLSA collective actions, courts routinely order that consent forms be returned to the administrator instead of to the parties' attorneys.  See, e.g., In re American Family Mut. Ins. Co. Overtime Pay Litigation, No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009); Goudie v. Cable Commc'ns, Inc., No. 08-CV-507-AC2008 WL 4628394, at *10 (D. Or. Oct. 14, 2008) (ordering that "putative members to the collective action can opt-in by returning consent forms to the third-party administrator"); In re Pilgrim's Pride Fair Labor Standards Act Litigation, No. 1:07-cv-1832, 2008 WL 2061265, at *8 (W.D. Ark. May 14, 2008) ("Such persons who choose to opt-in to this action must return written consents to the Notice Administrator . . .."); Rosenburg v. I.B.M., No. 06-cv-00430-PJH, 2007 WL 128232, at *3 (N.D. Cal. Jan. 11, 2007); Su v. Elec. Arts, Inc., No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780 at *1 n.1 (M.D. Fla. Aug. 29, 2006). In this regard, Plaintiffs' reliance on the model notice from the Federal Judicial Center is misplaced, as that notice applies to Rule 23 class actions, not to opt-in collective actions under the FLSA.

names, firm, toll-free number, and web address emblazoned across the bottom of each page. Regardless of what may have been authorized in the "numerous cases prosecuted by Plaintiffs' counsel," (id. at 8), the Court should refuse to authorize a notice containing such blatant solicitations. Authorizing a notice with frequent invitations to contact Plaintiffs' counsel would be particularly inappropriate if notices are sent by a third-party administrator. See note 1, supra.

Dell's proposed notices provide complete and accurate information about this lawsuit, whereas Plaintiffs' notice omits some important information about potential opt-in plaintiffs' rights and responsibilities. For example, Dell's proposed notices provide potential plaintiffs with fair notice that they may incur costs associated with joining the lawsuit. As noted in Stanfield v. First NLC Financial Servs., a case cited by Plaintiffs, "potential Plaintiffs should be made aware of any fees or costs for which they may be liable before opting in to the lawsuit." Stanfield, No. 06-3892-SBA, 2006 WL 3190527 at *5 (N.D. Cal. Nov. 1, 2006) (emphasis added). Plaintiffs' notice also fails to inform plaintiffs that they may have to travel for discovery, which is not a "threat," as Plaintiffs deem it, but is fair notice of an inconvenience that some opt-in plaintiffs will likely experience as part of the discovery process. See Whalen v. U.S., 85 Fed. Cl. 380, 389 (2009) ("[P]laintiffs' proposed notice must additionally be amended to inform potential plaintiffs that they may be both deposed by the government and required to testify in the instant matter."). Dell's proposed notices also provide a more neutral statement of the claims and a more accurate representation of Dell's answer. Id. at 388-89 ("[T]he notice must adhere to the Supreme Court's standard of judicial impartiality, which instructs that 'courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.' Accordingly, the notice should contain a neutral statement of the claims and the government's answer . . ..").

Dell's proposed notices do not contain the improper solicitations contained in Plaintiffs' proposed notice. Plaintiffs' proposed notice with its repeated entreaties to contact Plaintiffs' counsel and multiple references to Plaintiffs' counsel's website is akin to advertisement. Dell objects to this attempt to "stir up" litigation because, for the Court to maintain control over the proceedings, communications during the notice period are to be limited to correspondence approved by the Court. See Lima v. Int'l Catastrophe Solutions, Inc. 493 F.Supp. 2d 793, 801 (E.D. La. 2007) ("Neither parties nor their counsel may communicate with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communication."); Harrison v. Enterprise Rent-A-Car Co., 1998 U.S. Dist. LEXIS 13131, at *15 (M.D. Fla. July 1, 1998).

The unnecessary solicitation is not limited to Plaintiffs' proposed notice. Plaintiffs' proposed cover envelope is also inappropriate. Plaintiffs' suggested cover envelope states, "IMPORTANT – COURT AUTHORIZED NOTICE OF UNPAID OVERTIME LAWSUIT AGAINST DELL **DEADLINE TO JOIN [INSERT POSTMARK DEADLINE]." (Docket Entry No. 113, Exhibit D.) Communications to putative plaintiffs should not carry the court's imprimatur. Hoffman-La Roche, Inc., 493 U.S. at 174 (noting "courts must be scrupulous to respect judicial neutrality" and "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"); see also Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 581 (7th Cir. 1982) (forbidding any suggestion of judicial sponsorship so as to not mislead putative plaintiffs); Flores v. Lifeway Foods, Inc., 289 F.Supp. 2d 1042, 1046 (N.D. Ill. 2003). Nevertheless, Plaintiffs' proposed envelope implies judicial sponsorship and improperly pressures putative plaintiffs to join by specifically referencing a "deadline."

4

### III. The Notice Should Instruct Potential Opt-In Plaintiffs to Return Their Consent Forms within Forty-Five Days.

Dell objects to the Plaintiffs' proposed ninety-day notice period. A forty-five day period is sufficient to protect putative plaintiffs' rights and is consistent with Rule 1 of the Federal Rules of Civil Procedure, which provides for the "just, speedy, and inexpensive determination of every action and proceeding." Dell urges the Court to adopt a forty-five day opt-in period.

### III. CONCLUSION

For the foregoing reasons, Defendants Dell Inc., Dell USA L.P., and Dell Marketing USA L.P. respectfully ask the Court to enter Proposed Order A and ordering Dell to facilitate notice. In the alternative, Dell asks the Court to enter Proposed Order B and facilitate notice through a mutually agreeable third-party administrator.

Respectfully submitted,

/s/ Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750; (713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700; (512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142; (512) 413-3540 (Fax)

5

                                        Brittan L. Buchanan, TX #03285680
                                        Van Osselaer & Buchanan LLP
                                        bbuchanan@vbllp.com
                                        9600 Great Hills Trail, Suite 300 West
                                        Austin, Texas 78759
                                        (512) 225-2822; 512.225.2801 (Fax)

                                        **ATTORNEYS FOR DEFENDANTS DELL INC., DELL USA L.P., AND DELL MARKETING USA L.P.**

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 26th day of August, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record, except for Meredith Black-Matthews and J. Derek Braziel, who will receive this pleading by regular U.S. mail.

                                        /s/ Jeffrey C. Londa
                                        Jeffrey C. Londa