# If you are or were a Business Sales Representative employed by Dell Inc., Dell USA L.P., or Dell Marketing USA, L.P., please read this notice.  A collective action lawsuit may affect your legal rights.

- Business sales representatives ("BSRs") have sued Dell Inc., Dell USA L.P., and Dell Marketing USA, L.P. (collectively "Dell") claiming that Dell engaged in unlawful compensation policies and practices.  BSRs include anyone who is or was a telephone-dedicated employee whose primary job duties include assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.  Plaintiffs allege that Dell failed to pay BSRs for time worked and improperly paid employees pursuant to the fluctuating workweek method of compensation.  Dell asserts that BSRs were required to accurately report their time in Kronos and that BSRs were properly paid for all time reported.
- The United States District Court for the Western District of Texas has conditionally allowed the lawsuit to proceed as a collective action on behalf of full-time BSRs in the SMB unit who were employed by Dell at any Dell call center at any time from September 1, 2006, to the present.
- The Court has not decided who is right and who is wrong.  Your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | By participating in this lawsuit, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue Dell about the same legal claims in this lawsuit. You may be required to provide information or documents, provide sworn testimony in a deposition or in court in Austin, Texas, or otherwise participate in the action. If you wish to participate, and if you worked in a sales position that might qualify you as a BSR, you must complete and file a Consent to Join Form. If you join the lawsuit but were not a BSR during the three-year period before joining, you may have to pay costs and fees incurred in removing you from the lawsuit.  If you want to be represented by the attorneys currently representing the Plaintiffs, you should complete and return the Consent to Join Form enclosed with this Notice. |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case.  However, you keep any rights to sue Dell separately about the same legal claims in this lawsuit, but the limitations period on your claims continues to run. |

- Your options are explained in this notice.  To ask to be included in the lawsuit, you must act before _____ (insert 45 days from date notice is sent out) _____.
- If money or benefits are obtained from Dell, and you choose to participate in the case, you will be notified about your eligibility to recover damages.

# This notice contains information that could affect your rights.  Please read it carefully.

### 1. Why did I get this notice?

Dell's records show that you currently or previously worked for Dell in a sales position that might qualify you as a BSR.  This notice explains that the Court has conditionally allowed, or conditionally "certified," a collective action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against Dell are correct.  The Honorable James R. Nowlin, a Judge in the United States District Court for the Western District of Texas, is overseeing this collective action.  The lawsuit is known as *Hitul Gandhi v. Dell Inc., et al*, Case No. 1:08-cv-00248.

### 2. What is this lawsuit about?

Plaintiffs allege that Dell unlawfully failed to pay its full-time BSRs for all work they performed, including the following tasks performed prior to the start of their shift or after the conclusion of their shift: (1) following up with orders, finishing quotas for customers, and reading and responding to customer emails and inquiries; (2) performing telephone sales calls; (3) booting up their computers; (4) logging on to Dell's computer network; (5) opening required computer programs; and (6) reviewing memoranda and correspondence relating to Dell's promotions and other services.  Plaintiffs further allege that Dell automatically deducted one hour of pay for lunch time each shift, which they allege is unlawful because many BSRs did not take a full hour for lunch.  Additionally, Plaintiffs allege that Dell improperly calculated overtime using the fluctuating work week method of compensation.

Dell asserts that BSRs were required by Dell policy to accurately record their time in Dell's timekeeping system known as Kronos and that BSRs were paid for all time reported.  Accordingly, Dell contends that it has properly paid all current and former employees, including paying them for all overtime, and denies that any current or former employees are entitled to any additional compensation or other relief.

### 3. What is a collective action and who is involved?

Individuals are allowed to join a collective action when they are similarly situated.  One court resolves the issues for everyone who decides to join the case.

Plaintiffs are represented by George Hanson and Matt Dameron of Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112; Meredith Black-Matthews and J. Derek Braziel of Lee & Braziel, L.L.P., 1801 N. Lamar Street, Suite 324, Dallas, TX  75202; and Nicholas G. Farha, William B. Federman, and Allison B. Waters of Federman & Sherwood, 10205 North Pennsylvania Ave., Oklahoma City, OK 73120.

Dell is represented by Jeffrey Londa of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 500 Dallas Street, Suite 3000, Houston, Texas 77002; Michael Fox also of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 301 Congress Avenue, Suite 1250, Austin, Texas 78701; Christopher H. Hahn of Dell Inc., One Dell Way, Round Rock, Texas 78682; and Brittan L. Buchanan of Van Osselaer & Buchanan LLP, 9600 Great Hills Trail, Suite 300 West, Austin, Texas 78759.

### 4. What is Dell's position?

Dell asserts that Dell policy requires employees to accurately report time worked and that all BSRs were required to enter their time accurately using Dell's timekeeping software known as Kronos. Dell further notes that it paid employees for all hours reported in Kronos under the fluctuating workweek method (employees paid by the fluctuating workweek method at Dell are known as "salaried nonexempt" employees. Thus, Dell contends that it has properly paid all current and former employees, including paying them for all overtime, and denies that any current or former employees are entitled to any additional compensation.

### 5. Has the Court decided who is right?

The Court has not decided whether the Plaintiffs or Dell is correct. By conditionally allowing this case to proceed as a collective action, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 6. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 7. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by Dell in a call center as a BSR in Dell's Small and Medium Business unit at any time between September 1, 2006, and the present; (2) worked hours for Dell that you did not report and for which you did not get paid; and (3) worked at a Dell call center, including the following: Roseburg, Oregon; Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; or McGregor, Texas. Current and former BSRs who meet the above criteria are eligible to join. Specifically excluded from this lawsuit are sales representatives who worked outside the Small and Medium Business unit or who were not "telephone-dedicated" employees.

### 8. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, if any, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs, if any, as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims, if any, are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 9. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, court-approved settlement or judgment, if any, whether favorable or unfavorable. While this suit is pending, you may be required to provide information and documents, provide sworn testimony in a deposition or in court in Austin, Texas, or otherwise participate in the action.

### 10. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you want to join this lawsuit, **it is extremely important that you promptly file a Consent to Join Form**. If you want to join this lawsuit and be represented by the attorneys representing the current Plaintiffs, you may return the Consent to Join Form enclosed with this Notice to:

> [INSERT NAME OF THIRD-PARTY ADMINISTRATOR]
> [ADDRESS]
> [CITY, STATE]

The signed Consent to Join form must be postmarked by <u>(45 days from mailing of this Notice)</u>.

### 11. Do I have a lawyer in this case?

If you wish to join the lawsuit as a party plaintiff, it is entirely your own decision as to whether you prefer to be represented by attorneys representing the current Plaintiffs or by an attorney of your own choosing. If you choose to join this lawsuit and you sign the attached Consent to Join Form, you will be represented by (1) George A. Hanson and Matthew L. Dameron of Stueve Siegel Hanson LLP; (2) Meredith Black-Matthews and J. Derek Braziel of Lee & Braziel, L.L.P.; as well as (3) Nicholas G. Farha, William B. Federman, and Allison B. Waters of Federman & Sherwood.

### 12. Can I be retaliated against if I join the case?

No. It is a violation of federal law for an employer to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercising your existing rights under the Fair Labor Standards Act.

### 13. How will the lawyers be paid?

The current Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if they do not recover, there will be no attorneys' fees or costs chargeable to them. If there is a recovery, the Court will determine the amount of fees Plaintiffs' counsel may recover.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC.,<br>and<br>DELL MARKETING USA L.P.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§   Case No. 1:08-cv-00248<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**CONSENT TO JOIN**

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of Texas, Case No. 1:08-cv-00248.  I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff.  I understand I will be bound by any ruling or judgment, whether favorable or unfavorable.  I choose to be represented by George A. Hanson and Matthew L. Dameron of Stueve Siegel Hanson LLP; Meredith Black-Matthews and J. Derek Braziel of Lee & Braziel, L.L.P.; Nicholas G. Farha, William B. Federman, and Allison B. Waters of Federman & Sherwood; and other attorneys with whom they may associate.

Date: _____          _____
                                                                Signature
                                                                Name:  «First_Name» «Last_Name»