IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated | § § § § | |
| V. | § § | 1:08-CV-248-JRN |
| DELL INC. and DELL MARKETING USA, L.P. | § § § § | |

**ORDER**

Before the Court are Defendants' Motion to Facilitate Notice of a Collective Action, filed August 7, 2009 (Clerk's Doc. No. 112); Plaintiffs' Opposition to Dell's Motion to Facilitate Notice and Proposed Notice, filed August 21, 2009 (Clerk's Doc. No. 113); and Defendants' Reply to Plaintiffs' Response to Motion to Facilitate Notice, filed August 26, 2009 (Clerk's Doc. No. 116).

On October 2, 2009, the District Court referred the above to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges

**A.      Background**

This case involves claims arising under the Fair Labor Standards Act ("FLSA") and under Oklahoma state law.[1]  Plaintiffs are current and former employees of Defendants Dell Inc. and Dell Marketing USA, L.P. (collectively "Dell").  Plaintiffs had moved to conditionally certify a collective action under 29 U.S.C. § 216(b), consisting of all "business sales representatives" who were employed by Dell and worked at a Dell call center between April 1, 2005, and the present.  The

---

[1]This order only applies to the FLSA claims.

motion for conditional certification was referred to the undersigned, and on July 2, 2009, the undersigned issued a Report and Recommendation recommending conditional certification with regard to two of their allegations: (1) that Dell improperly classified business sales representatives as salaried nonexempt employees and improperly applied the fluctuating workweek method of payment; and (2) that Dell does not pay business sales representatives for all time worked. Regarding notice, the Court stated it would issue a separate order after the District Judge ruled on the Report and Recommendation. On August 4, 2009, the District Judge adopted the Report and Recommendation in its entirety.

The parties have now filed briefing on their preferred method of facilitating notice and the content of that notice, and a hearing was held on the matter on October 15, 2009. Having considered the parties' arguments, the Court enters the following order.

**B.     Party to Facilitate Notice**

While Dell initially argues that notice should be sent directly by Dell, both parties appear to be amenable to having the notice sent through a third-party administrator at Plaintiffs' cost. The weight of authority suggests that this is the better approach, and given that the Court's goal is to have the notice be as fair and impartial as possible, it would seem improper to have the notice sent from the Defendants in the case. Accordingly, Plaintiffs shall retain a third-party administrator at their own expense to oversee and disseminate notice to business sales representatives that are eligible to join the litigation.

Plaintiffs shall choose a third-party administrator, and notify Defendants of their choice. Defendants will then have an opportunity to object to the choice. If there is an objection, the parties shall attempt to reach agreement on an acceptable third-party administrator, and if they are unable

to do so, shall file pleadings with the court stating their positions on this issue, at which point the Court will resolve the dispute. Deadlines for this process are set out in the final section of this order.

**C.      Form of Notice**

Both Parties have submitted proposed notices, and both insist that their respective notices be the ones that are used. The Court must therefore resolve these differences. The general rule is that, unless there are reasonable objections to a plaintiffs' proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice. *See King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986). Therefore, the Court will use Plaintiffs' notice as the starting point. Nevertheless, because "[t]he Court has both the power and the duty to ensure that the notice if fair and accurate," Plaintiffs' notice will be modified in a few respects. *See Heitmann v. City of Chicago*, No. 04 C 3304, 2004 WL 1718420, at * 3 (N.D. Ill. July 30, 2004) (refusing to use the defendant's proposed form and instead making modifications to the plaintiff's proposed form).

   *1.      Opt-in time limit*

Defendants propose that the Court set a 45-day opt-in period to submit the consent forms. Ample authority suggests that 90 days is a reasonable amount of time to allow potential plaintiffs to opt in. All Defendants offer to the contrary is Rule 1 of the Federal Rules of Civil Procedure. The Court will allow a 90-day opt-in period.

   *2.      Attorney contact information*

Defendants object to Plaintiffs' proposed notice because it contains a footer on the bottom of each page that includes the names, number, and website address of Plaintiffs' counsel. While the FJC model notice does have a footer that includes a website address, the website is specifically one

3

dedicated to the class action litigation addressed in the notice. Here, Plaintiffs' footer includes counsels' names, phone number, and firm website. The Court thinks it is sufficient to include this contact information as they have it in section 15 of the notice, and that inclusion of this information in a footer on every page is unnecessary. Accordingly, the footer shall be removed from each page of Plaintiffs' notice, but section 15 may remain as it is.[2]

   3.   *Discovery warning language*

Another area where the parties differ is what language should be included in the section entitled "What happens if I join the lawsuit?" Specifically, the parties differ on language regarding discovery potential plaintiffs may be required to participate in. The language requested by Dell could be viewed as intended to deter plaintiffs from opting in, and it is not at all clear at this time whether in fact the requested language regarding the need to travel for depositions is even accurate. On this point, the Court believes that Plaintiffs' proposed notice is sufficient and no modification is necessary.

   4.   *Envelope*

In regard to the envelope the notice will be sent in, Dell argues that Plaintiffs' proposed envelope implies judicial sponsorship and improperly pressures putative plaintiffs to join by specifically referencing a "deadline." The Court believes the envelope should be modified slightly, but disagrees that the "Court Authorized" language implies judicial sponsorship. This is merely a statement of fact—the notice is indeed "Court Authorized." The envelope shall instead read:

---

[2]The Court notes that Allison B. Waters is still listed in this section, but she has withdrawn as an attorney in this case. Accordingly, this section should be updated to reflect recent attorney substitutions.

"Court Authorized Notice of Unpaid Overtime Lawsuit Against Dell.
Deadline to Join."

In other words, "Important" shall be omitted from the envelope, as well as the requirement that the actual deadline be inserted onto the envelope itself. The notice contains the deadline, and this is sufficient to notify potential plaintiffs of their need to act if they wish to join the lawsuit.

5. *Statement of claims*

In regard to the statement of claims, the Court believes that Plaintiffs' proposed notice should be modified as follows. First, the section entitled "What is this lawsuit about?" should be modified to read:[3]

> Plaintiffs allege that Dell unlawfully failed to pay its **full-time** BSRs for all work they performed, including tasks performed before they were ready to take a call from a Dell customer. Examples of such unpaid preparatory work claimed by Plaintiffs include the time that BSRs spend 1) attending pre-shift meetings; 2) booting up computers; 3) logging on to Dell's computer network; 4) opening relevant computer programs; 5) reviewing memoranda and correspondence relating to Dell's promotions and other services; and 6) reading and responding to customer emails or following up with customers about earlier inquiries. Plaintiffs further allege that Dell failed to pay its BSRs for these same duties during unpaid meal breaks and at the end of the day. Plaintiffs also allege that Dell's practice of automatically deducting one hour of pay for lunch time is unlawful because many BSRs did not take a full hour for lunch. Additionally, Plaintiffs allege that Dell ~~utilized an inherently inaccurate time-keeping system, and~~ improperly calculated overtime using ~~a"half-time" overtime rate~~ **the fluctuating work week method of compensation**.
>
> **Dell asserts that BSRs were required by Dell policy to accurately record their time in Dell's timekeeping system known as Kronos and that BSRs were paid for all time reported.** Dell contends that it has properly paid all current and former employees, including paying them for all overtime, and denies that any current or former employees are entitled to any additional compensation or other relief.

The section entitled "What is Dell's position?" should likewise be modified. It should read:

---

[3]The insertions and deletions shown in the text indicate the deviations from the Plaintiffs' requested notice.

5

**Dell asserts that Dell policy requires employees to accurately report time worked and that all BSRs were required to enter their time accurately using Dell's timekeeping software known as Kronos. Dell further notes that it paid employees for all hours reported in Kronos under the fluctuating workweek method (employees paid by the fluctuating workweek method at Dell are known as "salaried nonexempt" employees). Thus**, Dell contends it has properly paid all current and former employees, including paying them for all overtime, and denies any current or former employees are entitled to any additional compensation or other relief.

6. *Relevant time frame*

At the hearing, the Court heard arguments on what dates would be used to determine who would be receiving notice and who is eligible to join the lawsuit. Plaintiffs proposed April 1, 2005, to the present, while Defendants proposed September 1, 2006, to the present. Plaintiffs argued that the earlier date should be used because of the possibility that after conducting discovery, some evidence may be found that would support tolling the statute of limitations. In their view, it would be easier to remove opt-in Plaintiffs whose claims were indeed barred rather than going back and notifying others if evidence to support tolling is found. Defendants disagree and believe that there is nothing to support equitable tolling for Plaintiffs' claims. Both parties agree that without any tolling, the applicable limitations period (assuming willful conduct) would be September 1, 2006, to the present.

The Court believes that September 1, 2006, should be used to define the outer limits of who will receive notice and who is eligible to join the lawsuit. Plaintiffs have not pointed to any evidence to suggest that they are likely to discover any basis for tolling the limitations period for equitable reasons, and thus there does not appear to be any reason for the Court to assume that equitable tolling is likely to be applicable here. Given this, and given that using April 1, 2005, would require notice

6

to be sent to a number of former employees whose claims would (absent tolling) be barred by the statute of limitations, the relevant time frame will be from September 1, 2006, to the present.

   7. *Statement of who can participate*

In regard to the section entitled "Can I join this lawsuit?," the notice should be modified to read as follows:

> To be eligible to join this lawsuit, you must have: (1) been employed by Dell as a BSR **(BSRs include anyone who is or was a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers)**; (2) been employed by Dell at any time between ~~April 1, 2005~~ **September 1, 2006**, and the present; and **(3**) worked at a Dell call center, including the following: Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; or McGregor, Texas. Current and former BSRs who meet the above criteria are eligible to join.

   8. *Where to return the consent forms*

In its reply, Dell suggested that the consent forms be returned to the third-party administrator, rather than to Plaintiffs' counsel. However, at the hearing, Dell stated that they did not object to the consent forms being returned directly to Plaintiffs' counsel. In light of this, and because the Court does not see any reason why the consent forms should not be returned directly to Plaintiffs' counsel, the consent forms shall be returned as is directed in Plaintiffs' proposed notice.

   9. *Changes to initial paragraph of notice*

The Court believes that Plaintiffs' proposed notice needs to be modified to include the definition of business sales representatives in the beginning of the notice. Accordingly, the initial paragraph of Plaintiffs' proposed notice shall be modified to read as follows:

> Business sales representatives ("BSRs") have sued Dell Inc., Dell USA L.P., and Dell Marketing USA, L.P. (collectively "Dell") claiming that Dell engaged in unlawful compensation policies and practices. **BSRs include anyone who is or was a telephone-dedicated employee whose primary job duties included assisting Dell**

7

**business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.** ~~Specifically,~~ Plaintiffs allege that Dell: 1) misclassified BSRs as "salaried nonexempt" and misapplied the ~~half-time~~ **fluctuating workweek** method of paying overtime; and 2) consistently required BSRs to perform necessary job activities without compensation, i.e., working off the clock. Dell ~~denies these allegations and asserts that it properly paid BSRs~~ **asserts that BSRs were required to accurately report their time in Kronos and that BSRs were properly paid for all time reported.**

**D.     Employees to receive notice**

Finally, in order for the notice to be sent by the third-party administrator, Dell must provide the third-party administrator with the name, last known mailing address and telephone number, and any other contact information Dell possesses, of all current and former employees who fit the definition of BSRs. This list shall include anyone who is or was (at any time between September 1, 2006, and the present) a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.

**E.     Deadlines**

As detailed above, Plaintiffs' proposed notice needs to be modified in several respects. As soon as practicable, Plaintiffs shall make the modifications to their proposed notice as specified in this order, and forward a copy of the updated notice to Defendants. Within ten (10) days of Defendants receiving the updated notice, the parties shall confer on whether the new notice conforms to this order. If the parties cannot agree that this new notice conforms with this order, the parties may then seek intervention from the Court.

In regard to which third-party administrator will facilitate notice, Plaintiffs shall choose a third-party administrator, and notify Defendants of their choice when they forward a copy of the updated notice. Defendants will then have five (5) days to object to the choice. If there is an objection, the parties shall attempt to reach agreement on an acceptable third-party administrator when they confer on the notice. The Court will intervene only if the parties are unable to reach agreement.

Finally, Defendants shall provide the third-party administrator with the list of employees to whom notice will be sent, along with any contact information Dell possesses, within five (5) days of the parties selecting the third-party administrator.

IT IS SO ORDERED.

SIGNED this 20th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE