IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DELL INC. and DELL MARKETING USA, L.P. <br><br> Defendants. | Case No.: 08-CV-0248 |

**PLAINTIFFS' MOTION TO ENFORCE THE COURT'S OCTOBER 20 ORDER DIRECTING CLASS NOTICE AND MEMORANDUM IN SUPPORT THEREOF**

Dell has removed over 4,500 people it previously identified as "business sales representatives" from the list of those receiving Notice by unilaterally redefining the class definition adopted by the Magistrate in his October 20 Order. Respectfully, Plaintiffs ask for an immediate order directing Dell to comply with the terms of the October 20 Order.

On October 20, 2009, the Magistrate issued an Order instructing that Notice should be sent to "all current and former employees who fit the definition of B[usiness] S[ales] R[epresentatives]." *Gandhi v. Dell,* No. 08-CV-2048, 2009 WL 3427218, at *5 (W.D. Tex. Oct. 20, 2009). The Order followed a hearing at which Dell argued that the term "business sales representative" should be limited to inside sales representatives who worked only in <u>inbound</u> telephone routing queues on a shift scheduled by Call Center Operations in Dell's Small & Medium Business Unit. *See* Dell's Oct. 15 Hearing Slides (attached as Ex. 1). Dell further identified specific job titles and working groups containing such employees and argued that the Court should exclude everyone else. *Id.* In response to Dell, at the October 15 hearing,

Plaintiffs pointed out that there was already a definition of "business sales representative" being used in the case—a definition that was used during class certification. That definition is the one contained in Plaintiffs' First Interrogatories to Dell, which

> includes anyone who is a telephone-dedicated employee whose primary job duties include assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.

¶ 7 (attached as Ex. 2). Plaintiffs also pointed out that Dell had already responded to Interrogatory No. 2, and applying the definition reprinted above, identified 7,894 employees as business sales representatives and as "telephone-dedicated." Dell made this identification in its *verified* response to Interrogatory No. 2 on August 25, 2008 (attached as Ex. 3).

Following the hearing, the Magistrate decided conclusively that the existing definition, which Dell used to respond to Interrogatory No. 2, would control the Notice list and instructed that the term "business sales representative" shall

> include anyone who is or was (at any time between September 1, 2006 to present) a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.

*Gandhi*, 2009 WL 3427218, at * 5.

A comparison of the two definitions clearly demonstrates that the Magistrate adopted the existing definition verbatim, except that the Magistrate altered the class period to reflect the

running statute of limitations.[1] The Magistrate then ordered Plaintiffs' Counsel to provide Dell with the name of a third-party administrator for administering Notice. *Id.* at 9.

Before Plaintiffs identified their third party administrator, Dell served an amended discovery response to Interrogatory No. 2, reducing the number of business sales representatives identified to "2,544 current or former Dell employees" – effectively eliminating over 5,000 current or former employees from the list of those receiving Notice. *See* Amended Objections and Answers to Plaintiffs' First Interrogatories (attached as Ex. 4). When asked to explain what appeared to be an obvious attempt to defy the Magistrate's Order, Dell responded that it had removed 4,451 people from its response because they were either not telephone-dedicated, not in the small & medium business unit, or they carried the job title of technical sales representative.[2] Nov. 4, 2009 e-mail from Jeff Londa to George Hanson (attached as Ex. 5). In other words, Dell effectively adopted the position it advanced at the Notice hearing, which the Magistrate did not adopt. Shortly after receiving the Nov. 4 e-mail, Plaintiffs notified Dell that Dell's position was not supported by the transcript of the Notice hearing. Nov. 11, 2009 e-mail from George Hanson to Jeff Londa (attached as Ex. 6). Despite the evidence,[3] Dell refused to alter its position. Nov. 16, 2009 letter from Jeff Londa to George Hanson (attached as Ex. 7). Consequently, despite giving Dell every opportunity to correct its misguided attempt to redefine the Magistrate's class

---

[1]  Plaintiffs recognize and do not dispute that the class period has changed since Interrogatory No. 2 was served and that it renders the 7,894 number subject to some variation. According to e-mails from Dell's counsel, the class period only accounts for a reduction of 809 representatives. Thus, Dell eliminated 4,541 employees for reasons other than the change in class period. Ex. 6.

[2]  The other 809 people were removed due to the change in class period. *See* note 1.

[3]  One of Dell's arguments is that Plaintiffs stipulated that the class did not include employees in the public unit or employees who were classified as TSRs. Ex. 6. These arguments are directly contradicted by Plaintiffs' statements at the October 15 hearing ("There are folks in there who were TSRs, and they're included in the class definition.") *See* Tr. at p. 34, ll. 21-22 (attached as Exhibit 8); ("To the extent that those folks [employees in the public group] are all doing inside sales to non-consumers -- we call them business because, you know, we call them business -- and they are on these fluctuating work-week plans and operate under the same timekeeping systems, and such, yes, they absolutely should be in this case. And if Dell counted them, they certainly should be.") *Id.* at p. 27, ll. 20-25.

3

definition, Dell persists in unilaterally reducing the number of people who will receive Notice in this case.

Dell's position to redefine its response to Interrogatory No. 2 is unsupportable because the definition of a business sales representative **_did not change after the Magistrate's October 20 Order,_** except for the class period. *Gandhi,* 2009 WL 3427218. Dell admits that if it only adjusted for the class period, the Notice list would include 7,085. This is the list of people who should receive Notice and there is no justification for Dell's attempt to narrow this class.

Dell's unilateral elimination of over 4,500 people from the Notice list is all the more egregious in light of its prior responses to Interrogatory No. 2 and its opposition to class certification. Dell hopes to convince the Court that it is free to interpret the class differently at various stages of the litigation to suit the position it is arguing at the time. This is evident by the fact that Dell defined the class broadly when it was trying to defeat certification. Dell specifically relied on a broad response to Interrogatory No. 2 during certification. For example, Dell proudly admitted that the "phrase 'business sales representatives' refers not to one job but to a broad spectrum of dissimilar jobs in multiple business units." *See* No. 08-CV-0248, Dkt. No. 68, *Factual Appendix to Defendants' Response in Opposition to Certification* at ¶ 11. In fact, Dell spent four pages of its opposition brief specifically on this point, arguing (for example) that certification should be denied because the class Plaintiffs asked the Court to certify included employees (1) from outside the small-medium business unit, such as those from the large enterprise unit, (2) who were in the job title of "technical sales representative", and (3) who were not members of an inbound call queue. No. 08-CV-0248, Dkt. No. 67, *Dell's Opposition to Plaintiffs' Motion for Certification*, at n.13 ("Sales representatives in the Large Enterprise business unit also make sales to businesses and would be covered by the Plaintiffs' definition of

'business sales representatives'"); *id.* at 12 ("Some Plaintiffs held TSR positions during their employment with Dell. . . "); *id.* (". . . jobs with assigned accounts, did not have a requirement to be available for inbound calls during a scheduled shift."). Only now, after having failed to convince the Court that its broad response to Interrogatory No. 2 justified the denial of class certification, does Dell want to respond to Interrogatory No. 2 narrowly to limit who should get Notice. Dell is merely attempting to reargue its class certification arguments.

This fact is indisputable by the record. This is, at least, Dell's third attempt *since certification*, to limit the size of this class. First, it made the same arguments before the district court in its objection to the Report and Recommendation. *See* No. 08-CV-0248, Dkt. No. 107, *Defendant's Objections to the Report and Recommendation of the United States Magistrate Judge* at 10. ("If the Court conditionally certifies a collective action, it should clarify the scope of the collective action as consisting only of inside sales representatives in the SMB unit who were on a sales queue taking inbound calls on a schedule set by Call Center Operations.")[4] Failing to persuade the district court, it then made these arguments at the Notice hearing. *See* Oct. 15, 2009 hearing transcript (attached as Ex. 8). But the Magistrate did not adopt Dell's proposed definition. Now, for the third time since certification, Dell makes these arguments again, forcing Plaintiffs to seek relief from the Court. Dell cannot be allowed to change the scope of this class merely because it disagrees with the Court's certification of it. *See Gandhi v. Dell Inc.*, 2009 WL 1940144, at * 8 (W.D. Tex. July 2, 2009) (certifying this class despite Dell's arguments).

Consequently, there can be no other conclusion but that Dell is attempting to violate the Magistrate's Order and to delay employees from the opportunity to join this lawsuit and to

---

[4] Dell has no substantive reason, which the Court has not already rejected, to redefine Interrogatory No. 2. It is undisputed that all those identified by Dell in its original response to Interrogatory No. 2 share, at least, Plaintiffs' certified claim that Dell misapplied the fluctuating workweek. *See* No. 08-CV-0248, Dkt. 68, *Dell's Factual Appendix to its Opposition to Plaintiffs' Motion for Conditional Certification*, at Ex. A ("Deposition of Amy Mai Atsumi").

preserve their claims (the statute of limitations is running). Plaintiffs respectfully ask the Court to direct Dell to comply with the October 20 Order and provide the third-party administrator with the names, mailing addresses, telephone numbers, and any other contact information it possesses for all 7,085 individuals.

DATE: November 23, 2009                     Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
         /s/ George A. Hanson
George A. Hanson (admitted *pro hac vice*)
Email: hanson@stuevesiegel.com
Bradley Wilders (admitted *pro hac vice*)
Email: wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    816-714-7100
Fax:    816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email: jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email: mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:    214-749-1400
Fax:    214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email: ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:    (405) 235-1560
Fax:    (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed on the Court's CM/ECF system on November 22, 2009, and delivered to counsel of record.

                                        /s/ George A. Hanson
                                        George A. Hanson
                                        **Attorney for Plaintiffs**