# EXHIBIT 5

**Moreland, Patty**

---

**From:** Londa, Jeffrey C. [Jeff.Londa@ogletreedeakins.com]
**Sent:** Wednesday, November 04, 2009 3:31 PM
**To:** Hanson, George
**Cc:** Christopher_Hahn@Dell.com; bbuchanan@vbllp.com
**Subject:** FW: Gandhi et al v. Dell

George:

The original responses to interrogatories in both Davis & Moore and Gandhi includes all sales representatives irrespective of title and irrespective of customer base provided that they were not exclusively in Dell's Consumer organization (and therefore class members only in the Norman case). Those sales representatives that held sales jobs selling to Consumer as well as other sales jobs (such as Mr. Gandhi) were not excluded. As you are aware, the total number of such reps from 4-1-05 to 8-8-08 was 7,894 as reflected in the Gandhi interrogatory response. In amending our interrogatory response, we have done our best to conform to the parameters set in Judge Austin's Order in the context of the parties' positions stated in the pleadings and at the hearings. We employed a fair and methodical approach to meeting those parameters and included everyone who met the parameters at any time during the relevant time period.

Dell reorganized its business structure in January 2009. Using the same limitations (excluding reps who were exclusively in Dell's Consumer organization) and limiting the time period to 9-1-06 to 9-1-09, the total number of reps is 7,085. Thus, 809 reps were dropped due to the difference in time period.

From that number, based on Plaintiffs' representations at the recent hearing before Judge Austin and Judge Austin's order limiting the class to reps who sold to business customers, we dropped reps who were exclusively in Dell's Public organization selling to government and non-profit customers. There were 2,212 reps who were exclusively in Public. That changes the total to 4,873.

Next, we removed the reps who were exclusively in Dell's Large Enterprise organization as they cannot be considered telephone-dedicated. That dropped 1,139 reps and lowered the total to 3,734 reps who had at least some time in a job in Dell's Small and Medium Business organization during the relevant period.

Next, we removed the reps who were exclusively Technical Sales Representatives during the relevant period based on the Plaintiffs' representation that all class members had an Inside Sales Representative job description. That lowered the total to 3,575.

Next, we removed some of the reps who held no telephone-dedicated job during the relevant period. As you know, Dell does not maintain a designation of 'telephone-dedicated.' According to the Complaint, 'business sales representatives' must "be ready to begin *taking calls* at the star of their scheduled shifts" and "Dell defines the compensable workday for business sales representatives as the time they are *on the telephone taking calls*" and "in addition to the pre-shift meeting, business sales representatives must perform a number of integral and indispensible tasks before they are ready to *take a call*." In other words, the Complaint defines business sales representatives as those reps who take inbound calls. Again, Dell does not maintain a designation of reps who take inbound calls. The closest approximation is ISR IB and ISR I, though even those designations will include reps who do not take inbound calls. Removing reps who did not hold an ISR IB or an ISR I job during any part of the relevant

period removed another 1,054 reps, lowering the total to 2,521.

Prior to amending our interrogatory response, we added in anyone hired into an ISR IB or an ISR I role from 9-1-09 to the present (through October 24 to be precise) which raised the total to 2,544.

All of these points were raised before Judge Austin. At the hearing, Plaintiffs sought to redefine "business sales representative" to remove the limitations to business customers and to remove the limitation to Inside Sales Representatives and to remove the limitation to telephone-dedicated, *i.e.*, those whose jobs involved "taking calls." Judge Austin heard both sides and ordered that Dell provide names and addresses to the third party administrator only of telephone-dedicated sales representatives who sold to business customers. The count with those limitations is 2,544 as indicated in our interrogatory response.

I trust this provides you the information you need to go forward.

**Jeffrey C. Londa** * | Ogletree Deakins | 500 Dallas Street, Suite 3000, Houston, TX 77002 | Telephone (713) 655-5750 | Mobile (713) 240-3434 | Facsimile (713) 655-0020 | Jeffrey.Londa@ogletreedeakins.com | * Board Certified--Labor and Employment Law, Texas Board of Legal Specialization

---

**From:** Hanson, George [mailto:hanson@stuevesiegel.com]
**Sent:** Friday, October 30, 2009 4:49 PM
**To:** Londa, Jeffrey C.
**Cc:** Hahn, Christopher; bbuchanan@vbllp.com; Fox, Michael W.; Flesher, Flyn L.; Wilders, Brad; Derek Braziel; Nick G. Farha
**Subject:** RE: Gandhi et al v. Dell
**Importance:** High


Jeff -

In an effort to work through these issues, please provide additional clarification of the statements in your email:

Please identify precisely how many of the originally 7,894 are now being excluded due to the different time periods.

We disagree with your characterization of a stipulation. Regardless, please identify whether public unit sales representatives were included in Dell's original interrogatory response identifying 7,894 business sales representatives and are now being excluded from that number.

Our position has always been (and was specifically restated at the hearing) that "telephone-dedicated" includes representatives who sell Dell's products and services over the phone and undoubtedly includes those engaged in both inbound/transactional and outbound/relationship sales calls. Is Dell limiting the "telephone-dedicated" definition solely to inbound calling and, if so, where in the record is there support for this position?

11/23/2009

Were these 1,100 "senior ISRs" in the SMB unit included in Dell's original response to Interrogatory No. 2? Were the 1,000 sales reps in the Large Enterprise Unit in the original count?

Finally, please provide a specific breakdown (by business unit and job family/title) of the composition of the 7,894 business sales representatives identified in Dell's original answer to Interrogatory 2 to help us understand exactly which category of sales representatives Dell now seeks to exclude. We prefer to resolve this dispute without re-engaging the Court, and appreciate your prompt response.

Thanks.

- George


**George A. Hanson**
Stueve Siegel Hanson LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.stuevesiegel.com

The information contained in this message from Stueve Siegel Hanson LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

---

**From:** Londa, Jeffrey C. [mailto:Jeff.Londa@ogletreedeakins.com]
**Sent:** Thursday, October 29, 2009 7:29 PM
**To:** Hanson, George
**Cc:** Christopher_Hahn@Dell.com; bbuchanan@vbllp.com; Fox, Michael W.; Flesher, Flyn L.
**Subject:** Gandhi et al v. Dell

George:

This email is in response to your email sent yesterday concerning Defendants' Amended Objections and Answers to Interrogatories.

There are differences in the numbers due to the different time periods. In addition, to properly understand the differences, please note that Plaintiffs stipulated that the sales representatives in Dell's public unit who sell to government and non-profit customers are not "business sales representatives." There were in excess of 2,200 public unit sales representatives during the time period specified in the Court's Order. In addition, Dell does not believe that the more senior Inside Sales Representatives ("ISRs"), any of the Technical Sales Representatives ("TSRs"), or any representative of Dell's large enterprise unit could be considered "telephone-dedicated" as that phrase was defined by Plaintiffs in the various pleadings and at the hearing before Judge Austin. Dell's position

was clearly expressed at the hearing, and Judge Austin's Order includes the limitation to telephone-dedicated sales representatives. There were in excess of 1,100 senior ISRs in Dell's Small and Medium Business Unit ("SMB") who did not have a telephone-dedicated position during the identified time period.There were in excess of 1,000 sales representatives in Dell's large enterprise unit during the identified time period who were not in telephone-dedicated positions.

Please call me if you want to discuss this further. As you know, Judge Austin has returned the case back to Judge Nowlin, so any further court involvement will likely have to start there.

Jeff

**Jeffrey C. Londa
Ogletree Deakins
713-655-5750**

************************************************************ IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. _____ NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.