# EXHIBIT 6

**Moreland, Patty**

| | |
|---|---|
| **From:** | Hanson, George |
| **Sent:** | Wednesday, November 11, 2009 2:36 PM |
| **To:** | 'Londa, Jeffrey C.' |
| **Cc:** | Christopher_Hahn@Dell.com; Fox, Michael W.; Wilders, Brad; 'Derek Braziel'; 'Nick G. Farha' |
| **Subject:** | Gandhi v. Dell |
| **Attachments:** | Dell notice hearing transcript.pdf; DOCS-#139659-v1-Notice_Envelope.DOC0.zip; DOCS-#130527-v4-Notice_to_Business_Sales_Representatives.DOC; DOCS-#139659-v1-Notice_Envelope.DOC |

Jeff:

Attached is Plaintiffs' Notice to the Business Sales Representatives and accompanying envelope, which have been revised according to the Court's Order. Plaintiffs have also selected the third party who will administer sending the notice. Plaintiffs have chosen Garden City Group. You may coordinate delivery of the names, addresses, telephone numbers and any other contact information in Dell's possession of all business sales representatives to:

> **Kay E. Sickles**
> **Associate General Counsel**
> **The Garden City Group, Inc.**
> **105 Maxess Rd.**
> **Melville, NY 11747-3836**
> **Phone: (610) 747-0192**
> **Fax: (610) 747-0192**
> **Email: kay.sickles@gardencitygroup.com**

We would like to confer by telephone by the end of the week, pursuant to the Court's order, to determine if you dispute any of our changes to the revised Notice. There should be no dispute as we adopted the Court's position exactly. At that time, you may also inform us if you have any objection to Garden City. In light of their reputation in the field of class action administration, we would expect not.

Plaintiffs are also attaching a copy of the transcript from the notice hearing. It is clear from the hearing that Dell has the process regarding who should get notice precisely backward. The point of the Magistrate's order was not for Dell to amend its interrogatory response to conform to its now narrowed view of the class. The point was the opposite - Dell was supposed to produce the names and addresses for the same group it previously identified as BSR's but for the change in the dates. As the transcript will reflect, we made this point over and over again at the hearing and the Court agreed. Dell asked the Court to issue an order limiting the class to those now included in Dell's amended response. The Court declined to do so. Because the Court ordered Dell to produce the same information sought by the Interrogatory as it was answered under oath by Dell, Dell's attempt to unilaterally narrow the class by impermissibly

1

amending its interrogatory response is clearly in violation of the order, and Dell is clearly trying, yet again, to do what the Court has already rejected. Thus, we expect to see a list of 7,085 names produced to the administrator.

If Dell does not revise its position, Plaintiffs will move the Court for relief, and consider a request for attorneys' fees and sanctions.

- George

   

Dell notice hearing transcript... | DOCS-#139659-v1-Notice_Envelop... | DOCS-#130527-v4-Notice_to_Busi... | DOCS-#139659-v1-Notice_Envelop...

**George A. Hanson**
Stueve Siegel Hanson LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Visit us on the web at http://www.stuevesiegel.com

The information contained in this message from Stueve Siegel Hanson LLP, any attachments thereto, and any information contained in messages replying to this message are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. Please contact the sender immediately by return e-mail and delete the original message.

# If you are or were a business sales representative employed by Dell Inc. or Dell Marketing USA, L.P., please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Business sales representatives ("BSRs") have sued Dell Inc. and Dell Marketing USA, L.P. (collectively "Dell") claiming that Dell engaged in unlawful compensation policies and practices. BSRs include anyone who is or was a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited telephone dedicated employees who worked in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas. Plaintiffs allege that Dell: 1) misclassified BSRs as "salaried nonexempt" and misapplied the fluctuating workweek method of paying overtime, and 2) consistently required BSRs to perform necessary job activities without compensation, i.e., working off the clock. Dell asserts that BSRs were required to accurately report their time in Kronos and that BSRs were properly paid for all time reported.

- The United States District Court for the Western District of Texas has conditionally allowed the lawsuit to proceed as a collective action on behalf of BSRs who were employed by Dell at any Dell call center at any time from September 1, 2006 to the present. The case includes Dell call centers located in: Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; and McGregor, Texas.

- The Court has not decided who is right and who is wrong. Your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | By participating in this lawsuit, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue Dell about the same legal claims in this lawsuit. <u>If you wish to participate, you must complete and return the form at the end of this Notice.</u> |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you keep any rights to sue Dell separately about the same legal claims in this lawsuit, but the limitations period on your claims continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before **insert 90 days from mailing date**.

- If money or benefits are obtained from Dell, and you choose to participate in the case, you will be notified about your eligibility to recover damages.

# This notice contains information that could affect your rights. Please read it carefully.

## 1. Why did I get this notice?

Dell's records show that you currently or previously worked for Dell as a BSR. This notice explains that the Court has conditionally allowed, or conditionally "certified," a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against Dell are correct. Two judges in the United States District Court for the Western District of Texas are overseeing this action: (1) The Honorable James R. Nowlin, a United States District Judge, and (2) The Honorable Andrew W. Austin, a United States Magistrate Judge. The lawsuit is a consolidated action consisting of two cases: (1) *Gandhi, et al. v. Dell Inc., et al*, Case No. A-08-CA-248, and (2) *Moore, et al. v. Dell Inc., et al.*, Case No. A-08-CA-794.

## 2. What is this lawsuit about?

Plaintiffs allege that Dell unlawfully failed to pay its full-time BSRs for all work they performed, including tasks performed before they were ready to take a call from a Dell customer. Examples of such unpaid preparatory work claimed by Plaintiffs include the time that BSRs spend 1) attending pre-shift meetings; 2) booting up computers; 3) logging on to Dell's computer network; 4) opening relevant computer programs; 5) reviewing memoranda and correspondence relating to Dell's promotions and other services; and 6) reading and responding to customer e-mails or following up with customers about earlier inquiries. Plaintiffs further allege that Dell failed to pay its BSRs for these same duties during unpaid meal breaks and at the end of the day. Plaintiffs also allege that Dell's practice of automatically deducting one hour of pay for lunch time is unlawful because many BSRs did not take a full hour for lunch. Additionally, Plaintiffs allege that Dell improperly calculated overtime using the fluctuating work week method of compensation.

Dell asserts that BSRs were required by Dell policy to accurately record their time in Dell's timekeeping system known as Kronos and that BSRs were paid for all time reported. Dell contends that it has properly paid all current and former employees, including paying them for all overtime, and denies that any current or former employees are entitled to any additional compensation or other relief.

## 3. What is a collective action and who is involved?

Individuals are allowed to join a collective action when they are similarly situated. One court resolves the issues for everyone who decides to join the case.

Plaintiffs are represented by George Hanson and Brad Wilders of Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112; William B. Federman and Nick Farha of Federman & Sherwood, 10205 North Pennsylvania, Oklahoma City, Oklahoma 73120; and J. Derek Braziel and Meredith Mathews of Lee & Braziel LLP, 1801 North Lamar Street, Suite 325, Dallas, Texas 75202.

Dell asserts that Dell policy requires employees to accurately report time worked and that all BSRs were required to enter their time accurately using Dell's timekeeping software known as Kronos. Dell further notes that it paid employees for all hours reported in Kronos. Dell further notes that it paid

employees for all hours reported in Kronos under the fluctuating workweek method (employees paid by the fluctuating workweek method at Dell are known as "salaried nonexempt" employees). Thus, Dell is represented by Jeffrey Londa of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 500 Dallas Street, Suite 3000, Houston, Texas 77002, and Michael Fox also of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 301 Congress Avenue, Suite 1250, Austin, Texas 78701.

### 4. What is Dell's position?

Dell asserts that Dell policy requires employees to accurately report time worked and that all BSRs were required to enter their time accurately using Dell's timekeeping software known as Kronos. Dell further notes that it paid employees for all hours reported in Kronos under the fluctuating workweek method (employees paid by the fluctuating workweek method at Dell are known as "salaried nonexempt" employees). Thus, Dell contends it has properly paid all current and former employees for all time worked, including paying them for all overtime, and denies any current or former employees are entitled to any additional compensation or other relief.

### 5. Has the Court decided who is right?

The Court has not decided whether the Plaintiffs or Dell are correct. By conditionally allowing this case to proceed as a collective action and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 6. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 7. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by Dell as a BSR (BSRs include anyone who is or was a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers); (2) been employed by Dell at any time between September 1, 2006, and the present; and (3) worked at a Dell call center, including the following: Oklahoma City, Oklahoma; Nashville, Tennessee; Round Rock, Texas; or McGregor, Texas. Current and former BSRs who meet the above criteria are eligible to join.

### 8. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing Plaintiffs' counsel in this case, at the phone number or address listed below or by visiting their website.

### 9. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, if any, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs, if any, as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims, if any, are limited to a two or three-year statute of

limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 10. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, court-approved settlement or judgment, whether favorable or unfavorable. While this suit is pending, you may be required to provide information and documents, provide sworn testimony in a deposition or in court, or otherwise participate in the action.

### 11. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you want to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> Dell Business Sales Representative Litigation
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112

The signed Consent to Join form must be postmarked by __insert 90 days after mailing__. If your **signed Consent to Join Form is not postmarked by** insert 90 days after mailing, **you will not participate in any recovery obtained against Dell in this lawsuit.**

### 12. Do I have a lawyer in this case?

If you choose to join this lawsuit and you sign the attached consent form, you will be represented by (1) George Hanson, Brad Wilders and other lawyers from the firm of Stueve Siegel Hanson LLP as well as (2) William B. Federman, Nick Farha and other lawyers from the firm of Federman & Sherwood.

### 13. Can I be retaliated against if I join the case?

No. It is a violation of federal law for an employer to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercising your existing rights under the Fair Labor Standards Act.

### 14. How will the lawyers be paid?

The current Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not recover, there will be no attorneys' fees or costs chargeable to you. In the event there is a recovery, Plaintiffs' counsel may receive a percentage of any settlement obtained or money judgment entered in favor of all members of the collective. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Dell, or may be a combination of the two.

## 15. Are there more details available?

Yes. If you have any questions or require additional information, please contact Plaintiffs' counsel:

**George Hanson**, Attorney
**Brad Wilders**, Attorney
**Katrina Cervantes**, Legal Assistant
hanson@stuevesiegel.com
wilders@stuevesiegel.com
katrina@stuevesiegel.com
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (866) 714-0877
www.stuevesiegel.com

**William B. Federman**, Attorney
**Nick Farha**, Attorney
wbf@federmanlaw.com
ngf@federmanlaw.com
Federman & Sherwood
10205 North Pennsylvania
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
www.federmanlaw.com

**J. Derek Braziel**, Attorney
**Meredith Mathews**, Attorney
jdbraziel@l-b-law.com
mmathews@l-b-law.com
Lee & Braziel LLP
1801 North Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
www.l-b-law.com

5

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated,<br><br>                      Plaintiffs,<br>v.<br><br>DELL INC., and DELL MARKETING USA, L.P.<br><br>                      Defendants. | Case No.   A-08-CA-248 JRN<br>(Consolidated) |

## CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of Texas, Case No. A-08-CA-248 JRN (consolidated). I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. I understand I will be bound by any ruling or judgment, whether favorable or unfavorable, as well as any settlement. I choose to be represented by George A. Hanson and Brad Wilders of Stueve Siegel Hanson LLP, William B. Federman and Nick Farha of Federman & Sherwood, and other attorneys with whom they may associate.

Date: _____  _____
Signature
Name: «First_Name» «Last_Name»