# EXHIBIT 7

11/16/2009 14:13 FAX                                                                                   ☒001/004

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| DATE: | November 16, 2009 | CLIENT/MATTER NO.: | 218272.001261 |
|---|---|---|---|
| **TO:** | | **PHONE** | **FAX** |
| George Hanson | | | 816.714.7101 |
| William Federman | | | 405.239.2112 |
| Meredith Black-Matthews | | | 214.749.1010 |
| **FROM:** | | **PHONE** | **FAX** |
| Jeffrey C. Londa | | 713.655.5750 | 713.655.0020 |
| **PAGES:** | | 4 (includes cover page) | |

Original Will Not Be Sent

If problems arise with receipt of this transmission, please contact: Linda Wiltz at 713.655.5760.

**MESSAGE:**

7909323.1

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • New Orleans • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002-4709
Telephone: 713.655.0855
Facsimile: 713.655.0020
www.ogletreedeakins.com

Jeffrey C. Londa
713.655.5750
jeffrey.londa@odnss.com

November 16, 2009

**VIA FACSIMILE NO. 816.714.7101**
Mr. George A. Hanson
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Mo 64112

    Re:    Civil Action No. 1:08-cv-00248-SS; *Hitul Gandhi, et al v. Dell Inc., et al*; In the United States District Court for the Western District of Texas, Austin Division

Dear George:

    This letter is in response to your e-mail dated Wednesday, November 11, 2009, regarding the scope of the Court's order regarding who should receive notice. Dell fundamentally disagrees with your interpretation of the Court's order.

    Contrary to the assertion in your e-mail, the hearing transcript includes no indication that Judge Austin agreed with Plaintiffs' position that notice should be sent to all employees who were counted in Dell's Objections and Answers to Plaintiffs' Interrogatories. In fact, the Court explicitly recognized that Dell's interrogatory answers included anyone who "was a non-consumer person who worked in any of these call centers, and whether [Dell] agree[s] or not that that's an appropriate definition, that's what they used to count." (Tr. at 41:3-5.). The Court was well aware of the parties' positions on the definition of "business sales representative," yet it did **not** order Dell to produce the name of any individual who "was a non-consumer person who worked in any of these call centers." Instead, the Court ordered Dell to provide a list of all **telephone-dedicated** employees whose primary job duties included assisting Dell **business** customers and/or selling Dell products to **business** customers and **who work in Dell call centers** located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas. (See Docket Entry No. 139 at 7 and 8).

    Based on the Court's order, Dell revised its interrogatory response in the *Gandhi* case to provide an accurate count of all "telephone-dedicated employees whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

11/16/2009 14:14 FAX                                                                 ☒003/004

Mr. George A. Hanson
November 16, 2009
Page 2



call centers." Since September 1, 2006, Dell has employed 2,544 individuals who fit that description. This count excludes the more senior Inside Sales Representatives ("ISRs"), Technical Sales Representatives ("TSRs"), and sales representative of Dell's Large Enterprise and Public units, who could not be considered "telephone-dedicated" sales representatives working in a "call center" selling to "business customers" as that phrase was defined by Plaintiffs in their pleadings and at the hearing. Therefore, Dell will provide a mutually agreeable third-party administrator with a list of these 2,544 employees (including their contact information), at the appropriate time.

You stated in your e-mail that "[i]f Dell does not revise its position, Plaintiffs will move the Court for relief." At the hearing, Plaintiffs failed to provide any argument that would support providing notice to a broader class of individuals, other than citing to Dell's Objections and Answers to Plaintiffs' Interrogatories. Had the Court intended the notice to go to those that Plaintiffs sought to include, the Court could simply have ordered the notice to be issued to non-consumer sales representatives. Plaintiffs' counsel repeatedly sought such a definition at the hearing. (Tr. at 27:20-25.) Instead, the Court defined the persons to receive notice as telephone dedicated sales representatives in call centers selling to business customers.

In my email to you, I provided you the numbers of sales representatives excluded due to the various ways they failed to meet the definition ordered by the Court. Plaintiffs have not identified any factual or legal basis for claiming that those ISRs, TSRs, or representatives of Dell's Large Enterprise and Public units fit the Court's definition of "business sales representatives." If Plaintiffs have such a factual or legal argument warranting inclusion of these individuals in the persons to receive notice, please contact me as soon as possible to discuss.

I sent you an e-mail on Friday regarding the third-party administrator. I have not received a response from you with respect to the confidentiality issue raised in my email. **This letter will serve as Dell's formal objection (consistent with the Court's Order of October 20, 2009) to Plaintiffs' choice of Garden City to serve as third-party administrator.** The Court's Order states that we must now "attempt to reach an agreement on an acceptable third-party administrator when [we] confer on the notice." To be clear, Dell is objecting to Plaintiffs' choice of Garden City to serve as third-party administrator absent an agreement between the parties, and a clause in the third-party administrator's contract, confirming that the list and contact information that Dell will provide the third-party administrator will be kept confidential by the third-party administrator and not shared with Plaintiffs and/or Plaintiffs' counsel.

Sincerely,

Jeffrey C. Londa

JCL/flf

Mr. George A. Hanson
November 16, 2009
Page 3



cc:   **VIA FACSIMILE NO. 214.749.1010**
      Meredith Black-Matthews
      J. Derek Braziel
      Lee & Braziel, L.L.P.
      1801 N. Lamar Street, Suite 324
      Dallas, TX 75202

      **VIA FACSIMILE NO. 405.239.2112**
      William B. Federman
      Federman & Sherwood
      10205 N. Pennsylvania Avenue
      Oklahoma City, OK 73120