IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELL INC.,<br>and<br>DELL MARKETING USA L.P.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   Case No. 1:08-cv-00248<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE

Defendants ("Dell") file this Response to Plaintiffs' Motion to Enforce the Court's October 20 Order Directing Class Notice and Memorandum in Support Thereof.

Contrary to Plaintiffs' assertion in their Motion, Dell is in compliance with the Court's Order. After receiving the Order, and before any further action was due, Dell amended its discovery responses to more accurately reflect the number of "business sales representatives" as that term was defined in the Order, who were employed during the "relevant time period" described in the Order. (*See* Docket Entry No. 15 at Ex. 4-5.)[1] In addition to amending its interrogatory response, Dell also provided Plaintiffs' counsel with a detailed breakdown of (a) the number of persons excluded because they were not employed during the "relevant time period," (b) the number of persons excluded for not meeting the definition of "business sales representative" because they did not serve business customers, and (c) the number of persons

---

[1] As noted by the Court, Dell's initial responses to discovery had included any sales representative who was not in Dell's Consumer business unit in the count of "business sales representatives." (Docket Entry No. 150, Ex. 8 at 41:3-5.) Dell did so because that is how Plaintiffs defined such term in some of their written discovery requests and in the depositions of Dell representatives. (*See* id. at 26:12-19.) Dell answered both the *Gandhi* and *Davis* interrogatories on September 3, 2008. In doing so, Dell erroneously failed to note the different definitions in the interrogatories and did not limit its response to telephone-dedicated sales representatives serving business customers.

who were excluded because they were not telephone dedicated as required by the Order. (Docket Entry No. 150, Ex. 5.) The resulting total of "business sales representatives" is 2,544.

Plaintiffs have objected, insisting that the appropriate definition is all sales representatives who are not in Dell's Consumer business unit—irrespective of whether they serve business customers or whether they are telephone-dedicated. This is the argument Plaintiffs raised in the hearing on this matter. (Docket Entry No. 150, Ex. 8 at 26:10-25.)

Plaintiffs essentially argue that notice should go to a group defined by a number in an interrogatory response made early in discovery rather than a group defined by the characteristics of the jobs held by the putative class members. Notably, Plaintiffs do not dispute whether particular jobs or job duties fit the Court's class definition. Instead, Plaintiffs focus exclusively on the number in Dell's initial response to an interrogatory, which Dell provided before discovery, briefs, and oral arguments clarified the definition of "business sales representative." The fundamental focus of the notice process should not be the number of persons that Plaintiffs want to see included in the potential class, but accurate identification of the persons who fit the description established by the Court.

The Court heard the arguments of each side and ordered "business sales representative" to include "anyone who is or was (at any time between September 1, 2006, and the present) a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers" and who worked in a call center, not "any sales representative not in Dell's Consumer business unit," the definition effectively urged by Plaintiffs. (Docket Entry No. 139 at 8.) In accordance with the Court's Order, Dell has identified the persons to receive notice under the Court's definition and it has in good faith taken the additional step of providing Plaintiffs with an explanation of its rationale.

Accordingly, within five days of selection of a third-party administrator (subject to resolution of Dell's objection to Plaintiffs' third-party administrator selection), Dell will provide the third-party administrator with the names and contact information of the persons to receive notice in accordance with the Court's Order. For the foregoing reasons, Dell asks the Court to deny Plaintiffs' Motion to Enforce and to order that notice be sent to the approximately 2,544 employees as set out in its current discovery responses and in the correspondence attached to Plaintiffs' Motion to Enforce.

> Respectfully submitted,
>
> /s/   Jeffrey C. Londa
> Jeffrey C. Londa, TX #12512400
> OGLETREE, DEAKINS, NASH, SMOAK
>   & STEWART, P.C.
> jeffrey.londa@ogletreedeakins.com
> 500 Dallas Street, Suite 3000
> Houston, Texas 77002-4709
> (713) 655-5750
> (713) 655-0020 (Fax)
>
> Michael W. Fox, TX #07335500
> Ogletree, Deakins, Nash, Smoak
>   & STEWART, P.C.
> michael.fox@ogletreedeakins.com
> 301 Congress Avenue, Suite 1250
> Austin, Texas 78701
> (512) 344-4700
> (512) 344-4701 (Fax)
>
> Britt Buchanan, TX #03285680
> Van Osselaer & Buchanan LLP
> bbuchanan@vbllp.com
> Suite 300 West
> 9600 Great Hills Trail
> Austin, Texas 78759
> (512) 225-2800
>
> **ATTORNEYS FOR DEFENDANTS
> DELL INC. AND DELL MARKETING USA
> L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

/s/   Jeffrey C. Londa
Jeffrey C. Londa