IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 08-CV-0248 |
| DELL INC. and DELL MARKETING USA, L.P. | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' REPLY TO THEIR MOTION TO ENFORCE
THE COURT'S OCTOBER 20 ORDER DIRECTING CLASS NOTICE**

Dell admits that it has removed 4,564 former or current Dell sales representatives from the list of those who will receive Notice of this collective action. Dell takes this action despite the fact that it previously identified these individuals as business sales representatives in its original response to Interrogatory No. 2, served on September 3, 2009, and treated them as putative class members during certification. (*Pls.' Mtn. to Enforce the Court's Oct. 20 Order Directing Class Notice,* Doc. # 150, Ex. 3.). Dell does not dispute that the controlling definition of a business sales representative adopted by the Magistrate in the October 20, 2009 Order is virtually identical to the definition used by Plaintiffs in Interrogatory No. 2.[1]

Rather, Dell's explanation for its action (and for changing its verified response to Interrogatory No. 2) is buried in footnote 1 of its Response to Plaintiffs' Motion to Enforce.

---

[1] The Magistrate's definition included "anyone who is or was (at any time between September 1, 2006 to present) a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas." *Gandhi v. Dell Inc.*, Case No.: 08-CV-0248, 2009 WL 3427218, at * 5 (W.D. Tex. Oct. 20, 2009). The only difference in the two definitions is the relevant class period. Dell claims, and Plaintiffs do not currently dispute, that 809 people previously identified by Dell fell out of the definition due to the change in the class period as directed by the Court. The 4,564 additional people removed by Dell are the subject of this briefing.

There, Dell claims that it "erroneously failed to . . . limit its response [to Interrogatory No. 2] to telephone-dedicated sales representatives serving business customers."[2] (*Defs.' Resp. to Pls.' Mtn. to Enforce,* Doc. #153 at n.1.)  But there was no "error"; Dell has always understood the class to include the sales representatives Dell is now trying to exclude.  For example, Dell said during certification that the "phrase 'business sales representatives' refers ***not to one job*** but to a ***broad spectrum*** of dissimilar jobs in ***multiple business units***." (Doc. #68, *Factual App. to Defs.' Resp. in Opp. to Cert.* at ¶ 11 (emphasis added).)  Rather, the four categories[3] of sales representatives Dell now wants to exclude are the very employees Dell specifically embraced as within the class definition during certification.

In the first category, Dell removes "1,139 reps who were exclusively in Dell's Large Enterprises organization" stating that "they cannot be considered telephone-dedicated." (Doc. #150, Ex. 5 at ¶ 4.)  But, Dell certainly considered them telephone-dedicated in its brief opposing certification when it stated that "[s]ales representatives in the Large Enterprise business would be covered by the Plaintiffs' definition of 'business sales representatives.'" (*Defs.' Response in Opp. to Pls.' Mtn. and Memo. for Cert. under 29 U.S.C. § 216(b) and Class Action Cert. under Fed. R. Civ. P. 23*, Doc. # 67 at n.13.)  Consequently, there can be no doubt that Dell has always understood these sales representatives were part of the class.

In the second category, Dell removes "1,054 sales reps who do not take inbound calls," now claiming that because these sales representatives make outbound calls, they are not telephone-dedicated. (Doc. # 150, Ex. 5 at ¶ 6.)  Yet again, Dell unquestionably considered these

---

[2] When Dell filed its objections and responses to Interrogatory No. 2, it did not object to Plaintiffs' definition of a business sales representative as vague.  Specifically, it did not object to the terms "telephone-dedicated" or to the term "business".  Rather, it responded to that definition by counting 7,894 people – most of whom it now wants to exclude as not being telephone-dedicated or serving business customers.  (Doc. #150, Ex. 3).

[3] In its Response to Plaintiffs' Motion to Enforce, Dell does not identify for the Court any of the categories of employees that make up the 4,564 people it is attempting to exclude from receiving Notice.  However, in an e-mail to Plaintiffs, Dell has identified the four categories described above.  (Doc. #150, Ex. 5).

sales representatives telephone-dedicated when it argued that these people made the class dissimilar because they "did not have a requirement to be available for inbound calls during a scheduled shift." (Doc. # 67 at 12.)

In the third category, Dell excludes 159 "Technical Sales Representatives." In Dell's Nov. 4 e-mail, it stated that it was removing these individuals from the Notice list based on "Plaintiffs' representation [at the Oct. 15 hearing] that all class members had an Inside Sales Representative job description." (Doc. # 150, Ex. 5 at ¶ 5.) But Plaintiffs unequivocally expressed the position at the hearing that TSRs are included in the class: "There are folks in there who were TSRs, and they're included in the class definition." (Doc. #150, Ex. 8 at 34:21-22.) Moreover, Dell certainly considered TSRs telephone-dedicated during certification, stating that "[s]ome Plaintiffs held TSR positions during their employment with Dell. . . ." (Doc. #67 at 12.)

Finally, in the fourth category, Dell excludes 2,212 employees who did not work in the small-medium business unit, but who worked in the public unit. Dell's explanation for excluding this group of employees is ever-shifting. In its first e-mail to Plaintiffs, after amending Interrogatory No. 2, Dell claimed it removed these individuals from the list because "Plaintiffs stipulated [at the Oct. 15 hearing] that the sales representatives in Dell's public unit . . . are not 'business sales representatives.'" (Doc. # 150, Ex. 5 at page 2, Oct. 29, 2009 E-Mail from Jeffrey Londa to George Hanson.) To the contrary, Plaintiffs specifically stated at the hearing that "if Dell counted them [in Interrogatory No. 2], they certainly should be [included]." (Doc. #150, Ex. 8 at 27:20-25.)

Only after Plaintiffs told Dell they had made no such stipulation did Dell respond by claiming that these sales representatives did not sell to "business customers." (Doc. #150, Ex. 5

3

at page 1, Nov. 4, 2009 e-mail from Jeffrey Londa to George Hanson)  Once again, however, Dell considered those in the public unit as serving business customers when it originally responded to Interrogatory No. 2, just as Dell considered employees from the large enterprise organization as serving business customers – which, like the public unit, is distinct from the small-medium business unit.  Undoubtedly, it was these two units that Dell was referring to in its brief opposing certification when it said that the "phrase 'business sales representatives' refers not to one job but to a broad spectrum of dissimilar jobs in *multiple business units*."  (Doc. #68 at ¶ 11 (emphasis added).)  Moreover, Dell made this same argument again when it objected to the Magistrate's Report and Recommendation, arguing that the district court should narrow the scope of the certified class to "only . . . inside sales representatives in the *SMB unit*. . . ." (*Defs.' Objs. to the R&R of the U.S. Mag. J.,* Doc. #107 at 8 (emphasis added)).  The district court obviously disagreed because it overruled Dell's objections.  (Doc. #110.)  At the Oct. 15 hearing, Dell again tried to limit the scope of the class to the small-medium business unit.  (Doc. #150, Ex. A.)  But the Magistrate did not adopt Dell's limitation in the October 20 Order.  (*Order Reg. Notice*, Doc. #128.)  Despite Dell's lengthy history of attempting and failing to convince the Court to impose this limitation, Dell has unilaterally decided to adopt it.

The record and Dell's own statements throughout this case refute Dell's claims that it "erroneously" included these four categories of people when responding to Interrogatory No. 2. Dell knew that business sales representatives included these sales representatives and used these four categories to attempt to prevent certification.  Dell certainly understood that if the Court certified a class of business sales representatives, these four categories of people would be included.  Dell's acts in attempting to exclude these 4,564 people can only be seen as a unilateral act by Dell to narrow -- with no guidance from the Court and contrary to the record -- who is "a

4

telephone-dedicated sales representative[] serving business customers." Dell's claim that it has done so in "good faith" is highly suspect. (Doc. #153 at 2.)

In its brief, Dell also claims that "Plaintiffs do not dispute whether particular jobs or job duties fit the Court's class definition." (Doc. #153 at 2.) To the contrary, all of the sales representatives Dell now wants to exclude meet the Court's definition, applying the meaning of telephone-dedicated and business customer that Dell and Plaintiffs have been applying throughout the certification process. Although Plaintiffs do not intend to reargue class certification, Dell has never disputed that all of these sales representatives are paid according to the fluctuating workweek, which is one of the certified claims in this case. *See* Michael Hudanick Depo. at 51:14-17 ("All sales makers . . . are salaried nonexempt.") (attached as Ex. A); Patti Powers Depo. at 128:22 – 129:1 (stating that all salaried nonexempt employees are paid under the fluctuating workweek plan) (attached as Ex. B).

Were Dell to succeed in its attempt to unilaterally "redefine" 4,564 people out of the class, Plaintiffs would be compelled to file as many as four additional lawsuits in order to ensure that the rights of the excluded employees were protected. Such a proliferation of litigation is directly contrary to the Supreme Court's instruction that "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact," and that the purpose of Section 216(b) is to "avoid a multiplicity of duplicative suits." See *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 & 172 n.1 (1989). Consequently, Plaintiffs respectfully ask the Court to enforce its October 20, 2009 Order and require Dell to provide to the third-party administrator the list of names, addresses and other contact information of all business sales representatives employed by Dell from September 1, 2006 to the present, which should specifically include the 4,564 current or former employees that Dell is attempting to exclude.

DATE:  December 3, 2009     Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
      /s/ George A. Hanson
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Bradley Wilders (admitted *pro hac vice*)
Email:  wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:    816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:    214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:    (405) 239-2112

`                                           **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on the Court's CM/ECF system on December 3, 2009, and delivered to counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　/s/ George A. Hanson　　　　　　
　　　　　　　　　　　　　　　　　　　　George A. Hanson
　　　　　　　　　　　　　　　　　　　　**Attorney for Plaintiffs**