IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 JAN -4  PM 2: 15
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| HITUL GANDHI, Individually and on behalf of a class of others similarly situated<br>  Plaintiff,<br><br>VS.<br><br>DELL, INC., and DELL MARKETING USA, L.P.<br>  Defendants | § § § § § § § § § § § § CAUSE NO. A-08-CA-248 JRN |
| CATHERINE L. DAVIS and TOMMY MOORE, Individually and on Behalf of Others similarly situated<br>,<br>VS.<br><br>DELL, INC. d/b/a DELL COMPUTER, INC., a Delaware corporation, DELL USA L.P., a Texas Limited Partnership and DELL MARKETING L.P., a Texas Limited Partnership<br>  Defendants | § § § § § § § § § § § § § § CAUSE NO. A-08-CA- JRN<br>(Consolidated) |

## ORDER

Before the Court in the above-entitled and styled cause of action are Plaintiffs' Motion to Enforce the Court's October 20, 2009 Order (Clerk's Dkt. No. 150); Defendants' Response to Plaintiffs' Motion to Enforce (Clerk's Dkt. No. 153); and Plaintiffs' Reply to Defendants' Response (Clerk's Dkt. No. 157). After reviewing the Plaintiffs' Motion, the Court finds that it should be **GRANTED** in part and **DENIED** in part.

The instant matter is a class action involving claims arising under the Fair Labor and Standards Act and Oklahoma law. On October 22, 2009, Magistrate Judge Austin issued an Order instructing that Notice shall be sent to "all current and former employees who fit the definition of B[usiness] S[ales] R[epresentatives]."[1] The aforementioned Order adopted the following definition of "Business Sales Representative":

> [A]nyone who is or was (at any time between September 1, 2006 to present) a telephone-dedicated employee whose primary job duties included assisting Dell business customers and/or selling Dell products to business customers, including, but not limited to, telephone-dedicated employees who work in Dell call centers located in Nashville, Tennessee; Oklahoma City, Oklahoma; Round Rock, Texas; and McGregor, Texas.[2]

This definition, aside from the bracketed qualifier, was utilized by the Defendants when responding to Interrogatory No. 2, in which Defendants identified 7,894 individuals who match said definition. Plaintiffs now assert that Defendants are attempting to circumvent the Court's October 2, 2009 Order by unilaterally modifying the adopted definition of Business Sales Representatives and, by virtue of this modification, have eliminated 4,500 of the 7,894 people previously identified. Defendants respond by claiming their original disclosure was made in error.

The Court will not at this time declare the exact number of individuals that should be included in the category of "Business Sales Representatives." Given this matter's infancy with regard to the discovery process, such a ruling would be premature. The Defendants, however, are admonished that the aforementioned definition of "Business Sales Representatives" is to be interpreted without modification. Specifically, the adopted definition does not contain limitations distinguishing in-bound and out-bound call representatives nor does it possess any distinctions

---

[1] *Gandhi v. Dell*, No. 08-CV-2048, 2009 WL 3427218 at *5 (W.D. Tex. Oct. 20, 2009).

[2] *Id.*

related to individual business units that served business customers.

Defendants are forewarned that any amendments to their initial disclosures must be legally and factually justifiable. Merely stating that the initial disclosures were "erroneously" filed will not suffice. If the Court later finds that Defendants have intentionally neglected to include individuals who, in light of Defendants' previous admissions and a common sense application of the adopted definition of Business Sales Representatives, obviously should have been included, the Defendants will be sanctioned accordingly.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Enforce the Court's October 22, 2009 Order is **GRANTED** insofar as it seeks to enforce the previously adopted definition of "Business Sales Representative" without additional modification.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Enforce the Court's October 22, 2009 Order is **DENIED** insofar as it seeks a declaration as to the number of individuals that should be included in the definition of "Business Sales Representative."

SIGNED this 4TH day of January, 2010.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE