IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of | § | |
| a class of others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:08-cv-00248 |
| | § | |
| DELL INC., | § | |
| and | § | |
| DELL MARKETING USA L.P., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants ("Dell") file this Motion to Compel Plaintiffs to answer Dell's Requests for Admissions.[1]

## I. BACKGROUND

Plaintiffs assert two types of claims under the FLSA.  First, they claim that they performed work for which they were not compensated before their shifts, during lunch, and after their shifts.  Second, they claim that Dell improperly paid them pursuant to the fluctuating workweek method of compensation.  Approximately 935 individuals have opted into this lawsuit.

In response to Plaintiffs' Motion for Certification, Dell provided evidence that Plaintiffs were responsible for reporting their time worked, that Dell policy required them to report all time worked, and that Plaintiffs were compensated for all time that they reported.  Similarly, Dell provided evidence that the Plaintiffs were paid a salary for all hours worked and overtime compensation for hours worked in excess of 40 hours in a workweek, and that Dell explained the method of compensation in various policy statements, sales compensation plans, and training

---

[1]     The requests for admission also include an interrogatory seeking information about any request for admission that the responding Plaintiff does not admit.  For the purpose of this motion, any reference to the requests for admission is intended to refer also to the interrogatory.

materials.  See Response to Certification Motion at 4-9, 12-15; Factual Appendix at 10-21.  Dell

also introduced deposition testimony of the Plaintiffs showing that, when allowed to review their

own time records and Dell policy, most of the Plaintiffs admitted that they reported and were

paid for time worked before their shifts, after their shifts, or during lunch.  Response to

Certification Motion at 8, 13-14, & nn.17-18.  Finally, Dell submitted deposition testimony

demonstrating that multiple Plaintiffs acknowledged that they knew and understood that they

were paid a salary for all hours worked.  Id. at 5 & nn.6-10.  Dell's position was that the

differences in the claims asserted made certification improper.

        The Magistrate's Report and Recommendation addressed the evidence and determined

that the issue would be better addressed after the opt-in period had expired and after further

discovery allowed development of a more complete factual record:

> With regard to Defendants' arguments opposing conditional certification, Dell has
> taken great pains to discredit the factual basis of Plaintiffs' allegations, and to
> show differences among the Plaintiffs (including differences in job duties, in their
> individual timekeeping practices, and in their understandings of how they were
> paid) such that a collective action is not appropriate. For instance, Dell has
> produced evidence demonstrating that some Plaintiffs appeared to have a clear
> understanding regarding how they would be compensated under the fluctuating
> workweek method of payment. Additionally, Dell has produced evidence that
> appears to show at least some Plaintiffs were compensated for all time worked.
> While Dell makes some persuasive arguments on these points, the Court believes
> Defendants' evidence falls short of conclusively contradicting Plaintiffs'
> allegations that business sales representatives are similarly situated, especially
> given the incomplete factual record and the fact that Plaintiffs have not had the
> opportunity to marshal their best evidence.
>             …
> It would be more appropriate to consider these arguments at the "decertification
> stage" after the period to opt-in has expired and discovery is largely complete.

See Report and Recommendation, Docket Entry No. 103, at 13-14.

        The opt-in period has expired.  In response to Plaintiffs' discovery requests, Dell has

begun providing personnel records and timekeeping reports for each of the Plaintiffs who have

opted in.  Dell also produced numerous additional plan and policy documents and training

materials establishing (a) Dell's policy requiring accurate reporting of all time worked; and (b) explanations of the fluctuating workweek method of compensation.

In addition to responding to Plaintiffs' requests, Dell has begun serving requests for admissions. The requests are designed to determine which Plaintiffs are alleging which claim(s). The various documents Dell produced contain information to enable the Plaintiffs to refresh their memories with respect to the issues. The responses to the requests for admission will enable the parties to identify those Plaintiffs from whom further discovery is needed, thereby conducting discovery as efficiently as possible.

Plaintiffs have refused to answer the requests. Plaintiffs' counsel has provided identical responses to each set of requests for admissions, objecting to each request and providing no answers. A copy of named Plaintiff Hitul Gandhi's responses to the requests for admission are attached to this motion as a representative sample of the "responses" Dell has received thus far. See Exhibit A. The responses included a cover letter expressing Plaintiffs' counsel's blanket objection to individualized discovery. See Exhibit B.

Plaintiffs' primary objection is their assertion that Dell is not entitled to conduct individualized discovery with respect to each opt-in Plaintiff. The remaining objections in Plaintiffs' responses are boilerplate tools being used to circumvent their duty to respond to individualized discovery. These objections are devoid of merit. Plaintiffs should be compelled to answer the requests for admission and, should they fail to do so, the requests should be deemed admitted.

## II. ARGUMENTS & AUTHORITIES

Plaintiffs' objection to individualized discovery conflicts with the very principles identified by this Court. The Court adopted Magistrate Judge Austin's Report and Recommendation where it was noted that the Court will apply a stricter certification standard at the decertification stage and "will review several factors to determine if the plaintiffs are indeed similarly situated, including:

(1) the disparate factual and employment settings of the **individual** plaintiffs; (2) the various defenses available to defendant which appear to be **individual** to each plaintiff; and (3) fairness and procedural considerations." Report and Recommendation at 8 (emphasis added). It is axiomatic that discovery from individual plaintiffs is necessary to identify the differences between individual plaintiffs.[2] Because such individualized discovery to determine such differences is required under the FLSA, Plaintiffs' objection to discovery should be denied.

**A.** **Individualized Discovery Is Generally Required in FLSA Collective Actions, and Dell's Requests for Admission Are Far Less Burdensome than Deposing the Opt-In Plaintiffs.**

This case arises under 29 U.S.C. § 216(b), which states:

> No employee shall be a <u>party plaintiff</u> to any such action unless he gives his consent in writing to become such a <u>party</u> and such consent is filed in the Court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). Also, the consents signed by the opt-in plaintiffs explicitly state "I understand . . . that by joining this lawsuit I will become a plaintiff." The opt-in Plaintiffs are <u>not</u> analogous to "absent class members" in a Rule 23 class action: under the FLSA, and consistent with their own consents to join this suit, each individual who has opted into this lawsuit is undeniably a <u>party plaintiff</u> obligated by the Federal Rules of Civil Procedure to respond to Dell's written discovery.[3] "**Unlike a Rule 23 class action,** once a FLSA collective

---

[2]     In tacit admission that individualized discovery is important to Dell's ability to defend itself against Plaintiffs' individual claims, Plaintiffs' counsel suggested a compromise on individualized discovery, albeit an unworkable compromise. Specifically, Plaintiffs' counsel suggested his firm would send Plaintiffs a non-compulsory questionnaire, collect answers from those individuals who chose to participate, compile and redact the answers, and provide the information to Dell. Such questionnaire responses would be neither individualized nor representative. Nevertheless, this suggestion is consistent with an understanding that individualized discovery is necessary.

[3]     As noted by the Fifth Circuit Court of Appeals, Congress implemented different procedural mechanisms for representative actions under Rule 23 and under the FLSA:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively

action is initially certified upon a determination that a group of employees are 'similarly situated,' **the opt-in plaintiffs may be subject to some individualized discovery**, following which they will be required to demonstrate that they are 'similarly situated' under a stricter standard." In re American Family Mut. Ins. Co. Overtime Pay Litigation, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009) (emphasis added).   Rule 36 of the Federal Rules of Civil Procedure states that a "party may serve **on any other party** a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36 (a) (emphasis added).

Plaintiffs and/or their counsel seek to shirk their obligations under the Federal Rules by arguing that Dell is not entitled to individualized discovery.  **"However, in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted."**  Daniel v. Quail Int'l, Inc., No. 3:07-cv-53, 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (emphasis added).  Courts have allowed defendants to conduct individualized discovery in FLSA collective actions because certification and decertification of FLSA collective actions are fact-intensive inquiries.  Renfro v. Spartan Computer Servs., Inc., No. 06-2284-KHV, 2008 WL 821950 at *3 (D. Kan. March 26, 2008) (affirming Magistrate Judge's denial of Plaintiffs' Motion for a Protective Order and allowing defendant to serve document requests and interrogatories on each of 136 opt-in plaintiffs); Coldiron v. Pizza Hut, Inc., No. CV-03-05865, 2004 WL 2601180, *2 (C.D. Cal., Oct. 25, 2004)

---

"opted into" the class; that is, given his written, filed consent.

Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975).  Accordingly, courts have held that "[Rule 23] principles are not controlling in actions under the FLSA." Renfro v. Spartan Computer Servs., Inc., No. 06-2284-KHV, 2008 WL 821950 at *3 (D. Kan. March 26, 2008) (citing Bayles v. Am. Med. Response of Colo., Inc., 950 F.Supp. 1053, 1067 (D. Colo. 1996)).

(permitting discovery of all 306 opt-in plaintiffs); Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery addressed to all 162 plaintiffs); Kaas v. Pratt & Whitney, No. 89-8343, 1991 WL 158943, *5 (S.D. Fla. Mar. 18, 1991) (ordering 100 opt-in plaintiffs in ADEA collective action to respond individualized interrogatories and requests for production and allowing defendant to notice depositions of all opt-in plaintiffs).[4]

**B.    Individualized Discovery Is Crucial Because Determining Whether the Opt-In Plaintiffs Are Similarly Situated Involves an Individualized, Fact-Intensive Inquiry.**

As Magistrate Judge Austin noted, the Court will apply a stricter standard to determine whether the opt-in plaintiffs are similarly-situated when considering Dell's motion for decertification.  Fairness dictates that Dell be entitled to the scope of discovery commensurate with what the Court will require to meet such standard.  Dell urges the Court to embrace the sound principles set forth in Coldiron v. Pizza Hut, Inc., 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004), that individualized discovery "is not only meaningful, but essential" when a defendant challenges the joinder of any party as similarly situated.  In Coldiron, a provisionally certified §216(b) collective action, the Court permitted individualized discovery, recognizing:

> In a situation in which the propriety of a class action cannot be determined without discovery, it is an abuse of discretion to deny discovery. Here the question of whether the plaintiffs are similarly situated within the meaning of 29 U.S.C. §216(b) is still an issue because [the employer] plainly intends to move to decertify the class. Based on that reason alone, discovery, including individualized discovery, is both necessary and appropriate.

Id. at *2 (citation omitted).

A review of Plaintiffs' objections further demonstrates why individualized discovery is required.  For example, Plaintiffs object to the requests relating to time reporting because they

---

[4]    See also Williams v. Sprint/United Mgmt. Co., No. 03-2200-JWL, 2006 WL 1867471 (D. Kan. June 30, 2006) (affirming Magistrate Judge's denial of Plaintiffs' Motion for a Protective Order and allowing defendant to depose opt-in plaintiffs in ADEA collective action despite the fact that defendant had already deposed more than 300 opt-in plaintiffs); Brooks v. Farm Fresh, Inc., 759 F.Supp. 1185, 1188 (E.D. Va. 1991) (authorizing depositions of all 127 opt-in plaintiffs in ADEA collective action, "until either party felt that the record was sufficiently developed for the Court to determine whether the case should proceed as a representative action"); Kaas, 1991 WL 158943, *5 (allowing depositions of 100 opt-in plaintiffs).

"insinuate" that failure to report hours worked constitutes falsification of records "even if done at the direction of Dell supervisors." Presumably, then, some plaintiffs will assert that they received direction from supervisors that was contrary to company policy. The 935 opt-in Plaintiffs had hundreds of different supervisors. Dell must be able to identify which Plaintiffs are asserting such "direction" so it can obtain further discovery to identify the supervisor, the substance of the "direction" not to report hours worked, the context, etc. In any event, the objection is no basis for a refusal to admit or deny the requests. A Plaintiff who claims to have received direction from a supervisor not to report all hours worked can deny the requests for admission that he or she accurately reported all hours worked.

Plaintiffs also object that individualized discovery is improper because it requires assistance of counsel to answer the "technical form of discovery known as the Request for Admission." This objection is likewise meritless as requests for admission are the simplest and most efficient means of discovery under the rules. A Plaintiff who is asserting a claim for uncompensated time can easily deny that he or she accurately reported and was paid for all hours worked. A Plaintiff who claims improper deductions from salary can deny that no deductions were made. A Plaintiff who claims not to have been trained or have had access to documents explaining overtime calculations can simply deny those requests.

Finally, Plaintiffs object to individualized discovery on the basis that the Magistrate's Report and Recommendation referenced that, under the <u>Lusardi</u> approach to collective actions, "[t]he action proceeds as a representative action throughout discovery." Report and Recommendation at 8. Plaintiffs make too much of this statement, as it preceded the discussion of ***this*** case in which the Magistrate specifically deferred consideration of Dell's arguments regarding the dissimilarity between class members' claim until after discovery. Judge Austin's

Report and Recommendation clearly contemplates individual discovery because it contemplates a rigorous analysis of differences between individual plaintiffs at the decertification stage.

### C.     <u>Representative Discovery Would Be Both Unworkable and Unfair to Dell.</u>

Not only is individualized discovery critical, representative discovery would be unworkable.  It is impossible to identify representatives in a case where the Plaintiffs' claims are based on allegations that individual supervisors engaged in conduct contrary to the employer's common, FLSA-compliant policy and practice.  Plaintiffs' claims necessarily depend on each individual plaintiff's awareness of company policies, direction from supervisors, training received, documents reviewed, timekeeping practices, etc.

For example, each of the named plaintiffs, Hitul Gandhi, Catherine Davis, and Tommy Moore, testified to understanding that they were paid a salary that did not change irrespective of the hours worked.  (Moore Dep. at 75, Exhibit K to Response to Certification Motion; Davis Dep. at 66, Exhibit G to Response to Certification Motion; Gandhi Dep. at 38, Exhibit Z to Plaintiff's Reply to Defendants' Response).  Mr. Moore and Mr. Gandhi each testified that they had seen the training materials provided at the time of hire that explained the fluctuating workweek method of compensation.  (Moore Dep. at 67, Gandhi Dep. at 38).  Ms. Davis testified that she got her understanding from her offer letter.  (Davis Dep. at 24).  Accordingly, the named representatives of the class provide no evidentiary support for the underlying claim.  Allowing any other Plaintiff's testimony to be "representative" of the named Plaintiffs on this point would be improper.

Denying Dell the opportunity to discover facts regarding Plaintiffs' claims is patently unfair and violates Dell's constitutional rights to due process.  <u>See Lusardi v. Xerox Corp.</u>, 118 F.R.D. 351, 370-72 (D.N.J. 1987) ("To proceed without permitting [the defendant] to raise at the liability stage of trial each and every defense available to it where each potential class member is

readily identifiable and must step forward in order to assert and prove an individual claim for liability or at least be the subject of a defense particular to such plaintiff would deprive defendant of the Fifth Amendment right to due process."); see also Rosen v. Reckitt & Colman Inc., No. 91-CIV-1675(LMM), 1994 WL 652534 at *4 (S.D.N.Y. Nov. 17, 1994) (holding that "[f]airness therefore mandates that [defendant] be granted an opportunity to depose each member of this relatively small plaintiff class," which consisted of one named plaintiff and 49 opt-in plaintiffs).

**D.    Plaintiffs' Remaining Objections are Without Merit.**

Plaintiffs' remaining objections to Dell's discovery requests are merely tools to avoid individualized discovery and are entirely without merit. Dell nevertheless addresses these objections to show that they are without merit.  First, Plaintiffs object that the records Dell produced (in response to Plaintiffs' discovery requests) lack foundation for genuineness, admissibility, completeness, accuracy, and/or authentication. The objection is boilerplate without identifying any document that is suspect in any way.  Each Plaintiff was or is a Dell employee who is capable of determining the authenticity of the records. In any event, Dell provided these documents to assist Plaintiffs in accurately responding to its requests. Those Plaintiffs who question the records can simply answer without referring to those records.

Next, Plaintiffs object to the extent Dell has not produced a "complete set" of records. This objection is no different than the first.  Again, a Plaintiff who believes that the records are incomplete can answer without regard to the records produced.

Plaintiffs next object to Dell including the provisions of Rule 37(c)(2) in the definitions and instructions.  There is no suggestion that Dell misstated the rule.  Rather, Plaintiffs object that opt-ins might feel "threatened" by having to pay legal fees that may exceed their potential damages if they deny requests for admissions without a basis in fact or law.  Because Dell's instructions accurately state the rule, the objection is without merit.

## III.  CONCLUSION

For the foregoing reasons, Defendants Dell Inc., Dell USA L.P., and Dell Marketing USA L.P. respectfully ask the Court to order Plaintiffs to answer Defendants' requests for admission within 15 days of the Court's order and that if Plaintiffs fail to do so, the requests will be deemed admitted.

Respectfully submitted,

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750; (713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700; (512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142; (512) 413-3540 (Fax)

Britt Buchanan, TX #03285680
Van Osselaer & Buchanan LLP
bbuchanan@vbllp.com
Suite 300 West
9600 Great Hills Trail
Austin, Texas 78759
(512) 225-2800

**ATTORNEYS FOR DEFENDANTS**
**DELL INC. AND DELL MARKETING USA L.P.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that prior to filing this motion, I discussed the matter with Plaintiffs' counsel.  Plaintiffs' counsel represented that Plaintiffs are opposed to the motion.

/s/ Jeffrey C. Londa
Jeffrey C. Londa

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of May, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by regular U.S. mail to all counsel of record.

George A. Hanson
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO  64112

Meredith Black-Matthews
J. Derek Braziel
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 324
Dallas, TX  75202

/s/ Jeffrey C. Londa
Jeffrey C. Londa