IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 08-CV-0248 |
| DELL INC. and DELL MARKETING USA, L.P. | ) ) ) ) |
| Defendants. | ) ) |

## HITUL GANDHI'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES

Hitul Gandhi, by and through counsel, responds to Defendants' First Requests for Admission and Interrogatories as follows:

### OBJECTIONS TO DEFENDANTS' INSTRUCTIONS

1.  Plaintiffs object to Defendants' instructions as they exceed the requirements of Rule 33 and Rule 36, including, but without limitation, by stating that "Dell has produced records to your lawyer so that the information you can readily obtain will enable you to admit or deny the requests below." First, Defendants' statement assumes facts not in evidence. Second, Defendant has produced records that lack foundation for genuineness, admissibility, completeness, accuracy, and/or authentication – despite the fact that it is Defendants' burden to keep and provide accurate records in this case. Third, this statement is an improper attempt to make a legal and factual argument in a discovery request – namely that these records will allow Plaintiffs to admit or deny the requests, as if Dell is the final arbitrator of the necessary standards

SSH 0642/157472

of proof in this action. Fourth, this statement is an improper attempt to shift the burden of proof regarding the accuracy of Defendants' records from Defendant to each opt-in class member.

2. Plaintiffs object to the statement that a Plaintiff "may review your personnel records, your time records, Dell policy documents, Dell training materials, and Dell sales plan and sales policy documents to enable you to answer these requests" to the extant that Dell did not produce complete, accurate, genuine, admissible, and/or authenticated documents. Specifically, but without limitation, Plaintiffs object to the extant that Dell has not produced a complete personnel file or a complete set of all training materials or policy documents provided to Plaintiffs at the time of his or her employment. Dell asks Plaintiffs to rely on these documents at their peril, but there is no evidence that Plaintiffs have been provided with all policies, relevant documents, or materials. Accordingly, Dell improperly asks Plaintiffs to speculate at their peril.

3. Plaintiffs object to Defendants' statement regarding Rule 37(c)(2) and the payment of costs and fees as an improper attempt to coerce opt-in class members to withdraw from the case by threatening them with potential legal fees and expenses that may be greater than any individual recovery based on the claims alleged. Such actions are inconsistent with the principles, policy and purposes of a collective action and are not proper as part of instructions to discovery. Dell is attempting to deter members of a collective action from participating in that action by threatening them with inordinate legal fees and expenses associated with Dell's defense.

4. Plaintiffs object to the extent that Dell's First Set of Requests for Admission and Interrogatories to Plaintiff conflict with Federal Rules of Civil Procedure 33 and 36, both of which permit Dell to propound requests, not to propound threats couched as instructions, or to be treated as a forum for Dell's to provide its "beliefs" regarding what Plaintiffs should or should

SSH 0642/157472

not be able to admit or deny based on selective records produced by Dell. Plaintiffs object to Dell's attempts to serve "discovery" to the extent that Dell is using such discovery as a means of communicating threats to each opt-in class member and/or to force Plaintiffs' counsel to incur time and costs associated with correcting Dell's statements and views of the law with each opt-in class member.

## OBJECTIONS TO INDIVIDUALIZED DISCOVERY

1. Plaintiffs' object to this discovery because individualized discovery requests to opt-in class members, such as these, exceed the scope of permissible discovery in an opt-in collective action, are unduly burdensome, duplicative and overly broad, violates the commitment to a just and speedy resolution of their claims, and contravenes the underlying tenants and remedial nature of the FLSA and a collective action.

2. Plaintiffs' object to individualized discovery to the extant that Dell has not shown cause for such discovery and because such discovery is being sought for the purpose of depriving the opt-in plaintiff of his or her class status, is designed to limit our discourage participation in the opt-in class, and distorts the efficiency and cost containment objectives of the FLSA. For example, without limitation, Dell's insistence that it will seek sanctions if the class member provides anything other than an unqualified admission to Dell's requests is undoly coercive and designed to deter participation. By way of further example, but without limitation, the requests contain insinuations, such as the insinuation that failure to report all hours worked, even if done at the direction of Dell supervisors, amounts to a "falsification" of records – such insinuations being made purely to discourage participation in the lawsuit.

3. Further, Plaintiffs' object to the specific nature of the individualized discovery propounded because it requires the assistance of counsel to answer. Specifically, without

SSH 0642/157472

limitation, it requires opt-in class members to "identify all facts on which you base your failure to admit" any request, it requires Plaintiffs' counsel to review detailed time records, policy documents, and personnel files, it requires Plaintiffs' counsel to send those files to opt-in class members, review those files with opt-in class members, and assist opt-in class members in accurately and properly answering the technical form of discovery known as the Request for Admission. Moreover, the Requests for Admission are so overly broad that Plaintiffs' counsel would have to instruct opt-in class members how to formulate a true and accurate answer within the confines of this litigation. For example, without limitation, the requests are not limited in scope to the statutory limitations period and use terms, such as "work," that although they have a specific legal meaning in this litigation, have a layman's meaning that is open to interpretation.

4. Plaintiffs further object to individual discovery as inconsistence with this Court's determination that unless and until decertification is granted this is a representative action: "The action proceeds as a representative action throughout discovery." Doc. 103. The nature of this action and the discovery to be conducted was part of Magistrate Austin's Report and Recommendation certifying this case as a collective action. Defendants' failed to object to this finding, which was approved by the district court, and therefore waived any right they had to individual discovery. Moreover, the Notice of Collective Action was approved by the Court, over Dell's objection, without the statement that an opt-in class member may be forced to pay Dell's costs, expenses, and legal fees.

5. Plaintiffs have offered alterative proposals for obtaining representative discovery, which Defendants rejected. They are willing to meet-and-confer with Defendants' to discuss a plan for representative discovery.

SSH 0642/157472

## REQUESTS FOR ADMISSION

1.  Admit that while employed by Dell you accurately reported all hours worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "accurately" and "worked." Moreover, this request is overbroad and unduly burdensome as it asks Plaintiff to verify or refute exactly the number of hours worked by Plaintiff over Plaintiff's entire employment period. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period and/or it is not limited to the subject matter of this lawsuit.

2.  Admit that while employed by Dell you reported the accurate time at which you began work each day.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "accurate," "work," and "began." Moreover, this request is overbroad and unduly burdensome as it asks Plaintiff to verify or refute the exact time Plaintiff started work every day over the entire employment period. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period and/or it is not limited to the subject matter of the lawsuit.

3.  Admit that you reported hours worked or used the "cancel deduction" code when you worked through lunch.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous as it is not clear if Dell is asking whether Plaintiff used the "cancel deduction" code each time they worked through lunch or if there was ever a single instance when they used the "cancel deduction" code and worked through lunch. Moreover, this request is overbroad and unduly burdensome to the extant it asks Plaintiff to verify or refute every single instance, by date and time, that Plaintiff worked through lunch over Plaintiff's entire employment period. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period of the claims brought in this lawsuit.

4.  Admit that while employed by Dell you reported the accurate time at which you stopped working each day.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "accurate" and "working." Moreover, this request is overbroad and unduly burdensome as it asks Plaintiff to verify or refute exactly the exact time, each day, that Plaintiff stopped working over Plaintiff's entire employment period. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period of the claims brought in this lawsuit and/or to it is not limited to the subject matter of the lawsuit.

   5.   Admit that you were paid by Dell for all hours you reported.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the term "paid," because one of Plaintiff's claims are that Dell paid employees for recorded overtime, but not at the legal overtime rate of pay. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period of the claims brought in this lawsuit and/or to it is not limited to the subject matter of the lawsuit.

   6.   Admit that you were told by Dell management to accurately report all hours worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "accurately" and "worked" and the phrase "Dell management" and because it does not identify a relevant temporal scope. It is further overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period of the claims brought in this lawsuit and/or it is not limited to the subject matter of the lawsuit.

   7.   Admit that you were aware that Dell policy required you to accurately report your time worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "accurately," and "worked" and the phrase "Dell policy" and with respect to the fact that it does not identify a relevant temporal scope. Moreover, it assumes facts not in evidence, specifically, but not limited to, that there was a "Dell policy" such as the one described in the request. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period of the claims brought in this lawsuit and/or to it is not limited to the subject matter of the lawsuit.

SSH 0642/157472

8. Admit that you had access to Dell policy documents regarding falsification of records.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the terms "access" and "falsification." Moreover, this request is irrelevant and not likely to lead to admissible evidence because none of the claims and no valid defense is related to the falsification of records. This request also assumes facts not in evidence. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period or the subject matter of the lawsuit.

9. Admit that you understood you were paid a fixed base salary amount while employed with Dell as a business sales representative that did not vary with the number of hours worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request assumes facts not in evidence, specifically, without limitation, that Plaintiff's hours actually varied. This request is also potentially vague and ambiguous with regard to the phrase "did not vary." Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period.

10. Admit that you attended trainings while employed by Dell where overtime calculations were explained.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the term "trainings" and the phrases "overtime calculations" and "were explained:" specifically, but without limitation, this request does not identify what overtime calculations it is referring to, how such calculations were explained, and/or which training it is referring to. Therefore, even if Plaintiff was to admit or deny this request, such admissions would have no relevance nor would it be likely to lead to admissible evidence because of the vagueness of the request. Moreover, this request assumes facts not in evidence, such as, without limitation, the fact that Dell offered trainings where overtime calculations were explained. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period and/or to the subject matter of the lawsuit.

11. Admit that while employed by Dell you had access to sales plans and policy documents that contained explanations of how your overtime was calculated.

SSH 0642/157472

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the term "access" and the phrases "sales plans and policy documents" and "explanations of who your overtime was calculated": specifically, but without limitation, this request does not identify what overtime calculations it is referring to, how such calculations were explained, or which policies or documents it is referring to and, therefore, even if Plaintiff was to admit or deny this request, such admission or denial would have no relevance nor would such admission or denial be likely to lead to admissible evidence. The request is also irrelevant and not likely to lead to relevant evidence because access to such documents is insufficient to meet the legal standard for application of the fluctuating workweek. Moreover, the request assumes facts not in evidence, such as, without limitation, the fact that such sales plans or policy documents existed. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period.

12. Admit that while employed by Dell you received your full base salary in any workweek in which you reported any time worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the phrase "full base salary" and the term "worked." Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period and/or it is not limited to the subject matter of this lawsuit. Furthermore, this request is duplicative of requests number 13 and 14.

13. Admit that while employed by Dell you received your full salary in workweeks in which you reported fewer than forty hours worked.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the term "worked" and the phrases "full salary" and "fewer than forty hours." Moreover, it assumes facts not in evidence, such as, without limitation, that Plaintiff ever worked fewer than forty hours. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations period and/or to the subject matter of the lawsuit. Furthermore, this request is duplicative of requests number 12 and 14.

14. Admit that while employed by Dell you did not have your salary reduced when you missed work.

**Response:** Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard

SSH 0642/157472

to the term "salary" and the phrase "miss worked." Moreover, it assumes facts not in evidence, such as, without limitation, that Plaintiff ever missed work. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations and/or to the subject matter of the lawsuit. Furthermore, this request is duplicative of requests number 12 and 13.

15. Admit that while employed by Dell you had access to Dell's intranet sites that explained your compensation.

<u>Response</u>: Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. This request is also vague and ambiguous with regard to the phrases "intranet sites" and "explained your compensation." Moreover, it assumes facts not in evidence, such as, that such an intranet site exists and/or that there is an explanation of compensation on such sites. Further, it is overbroad, unduly burdensome, irrelevant and not likely to lead to admissible evidence because it is not limited to the temporal scope of the statutory limitations and/or the subject matter of this lawsuit. Furthermore, this request is duplicative of other requests.

### INTERROGATORY

1. If your answer to any of the requests for admission served on you herewith is anything other than an unqualified admission, please identify all facts on which you base your failure to admit the request.

<u>Responses</u>: Objection. Each of Plaintiffs' Objections to Individualized Discovery is hereby incorporated by reference. Plaintiffs further object to the extant that this is an improper discovery request in that it is contingent upon an answer to a request for admission and that it is an attempt to require Plaintiff to provide an answer that goes beyond what Rule 36 requires. It is also an attempt to serve at least fifteen separate interrogatories in the form of one interrogatory. Accordingly, Plaintiff incorporates by reference each and every objection made as part of the Requests for Admissions 1-15, including, without limitation, the objections for vagueness, ambiguity, broadness, burdensomeness, relevancy and the likelihood that a request will lead to admissible evidence. Moreover, Plaintiff objects to this request as malformed with regard to the phrasing "failure to admit the request" as it suggests that Plaintiff must admit that which Defendants claim to be true. Plaintiffs also object to the extant that Defendants' request requires them to provide answers that have already been provided to Defendants as such a request is unduly burdensome and overly broad. Plaintiffs further object that this request is overly broad and unduly burdensome in that it asks for "all facts on which you base your failure to admit the request." Plaintiffs further object to the extent that the form of this request requires Plaintiffs to divulge attorney-client communications or information that is protected under the work product doctrine because of the phrasing "base[d] on your

SSH 0642/157472

failure to admit the request." Plaintiff further object on the basis that this request calls for information outside the Plaintiff's knowledge and/or requires Plaintiff to make a factual investigation based on selective documents produced by Defendants. Plaintiff also objects that this request requires Plaintiff to disclose facts or information that are in the custody, control or possession of Defendants: specifically, but without limitation, this objection is also based on the legal fact that it is Defendants' burden to keep and maintain accurate records. Plaintiff also objects that the service of this request violates the purpose, policy and requirements of an FLSA collective action, which may be shown by representative proof.

Dated: April 28, 2010

**STUEVE SIEGEL HANSON LLP**

George A. Hanson (admitted *pro hac vice*)
Bradley T. Wilders (admitted *pro hac vice*)
460 Nichols Rd, Suite 200
Kansas City, Missouri 64112
Tel:    816-714-7100
Fax:    816-714-7101

J. Derek Braziel
Texas Bar No. 00793380
Meredith Black-Matthews
Texas Bar No. 24055180
**LEE & BRAZIEL, LLP**
1801 North Lamar Street, Suite 324
Dallas, Texas 75202
Tel:    (214) 749-1400
Fax:    (214) 749-1010

William B. Federman, TBN 00794935
E-mail: wfederman@aol.com
Nicholas G. Farha (admitted *pro hac vice*)
E-mail: ngf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania
Oklahoma City, OK 73120
Tel:    405-235-1560
Fax:    405 239-2112
        -and-
2926 Maple Avenue, Suite 200
Dallas, TX 75201

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2010, I served a true and correct copy of the foregoing by U.S. Mail, postage prepaid, addressed as follows:

Jason S. Boulette
Michael J. Golden
Boulette & Golden, LLP
1221 S. MoPac Expressway
Three Barton Skyway, Suite 300
Austin, TX 78746

Jeffrey C. Londa
Ogletree, Deakins, Nash, Smoak & Stewart, PC
500 Dallas Street, Suite 3000
Houston, TX 77002-4709

Michael W. Fox
Ogletree, Deakins, Nash, Smoak & Stewart, PC
301 Congress Avenue, Suite 1250
Austin, TX 78701

Christopher H. Hahn
Dell Inc.
One Dell Way
Round Rock, TX 78682

Britt Buchanan
Van Osselaer & Buchanan LLP
Suite 300 West
9600 Great Hills Trail
Austin, TX 78759

                                                                                                Counsel for Plaintiff

SSH 0642/157472