# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GAHNDI, Individually and on Behalf of a class of others similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>DELL INC. and DELL MARKETING USA, L.P.<br><br>Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. 08-CA-248 JRN |
| CATHERINE L. DAVIS and TOMMY MOORE, Individually and on behalf of Others similarly situated<br><br>V.<br><br>DELL INC. d/b/a DELL COMPUTER, INC., a Delaware corporation, DELL USA L.P., a Texas limited partnership and DELL MARKETING L.P., a Texas Limited partnership | § § § § § § § § § § § § § | Cause No. A-08-CA-JRN (Consolidated) |

### DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES TO PLAINTIFF

TO: Plaintiff Sarah Ashley (hereinafter "you" or "Plaintiff"), by and through Plaintiff's attorney of record, George A. Hanson, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Dell Inc., Dell USA L.P., and Dell Marketing USA L.P. (erroneously sued herein as "Dell Marketing L.P.") ("Dell") request that Plaintiff answer the following requests for admissions separately and fully, no later than thirty (30) days after service.

## DEFINITIONS

The definitions provided in Rule CV-26(b) of the Local Rules for the Western District of Texas shall apply to these requests.

## INSTRUCTIONS

Please admit or deny the enumerated requests below. Rule 36(A)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Dell has produced records to your lawyer so that the information you can readily obtain will enable you to admit or deny the requests below. You may review your personnel records, your time records, Dell policy documents, Dell training materials, and Dell sales plan and sales policy documents to enable you to answer these requests. Please also note that Rule 37(c)(2) of the Federal Rules of Civil Procedure provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that
>
> (A)    the request was held objectionable pursuant to Rule 36(a), or
>
> (B)    the admission sought was of no substantial importance, or
>
> (C)    the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or
>
> (D)    there was other good reason for the failure to admit.

It is Dell's belief that you have sufficient information to enable you to admit each of the requests below, thereby allowing Dell to obtain the necessary information without further costs associated with depositions and other discovery. If you deny any of the requests below and Dell is forced to incur costs and expenses to prove the truth of the matters below, Dell will seek an order requiring you to pay Dell's expenses incurred in making that proof.

## REQUESTS FOR ADMISSIONS

1. Admit that while employed by Dell you accurately reported all hours worked.

2. Admit that while employed by Dell you reported the accurate time at which you began work each day.

3. Admit that you reported hours worked or used the "cancel deduction" code when you worked through lunch.

4. Admit that while employed by Dell you reported the accurate time at which you stopped working each day.

5. Admit that you were paid by Dell for all hours you reported.

6. Admit that you were told by Dell management to accurately report all hours worked.

7. Admit that you were aware that Dell policy required you to accurately report your time worked.

8. Admit that you had access to Dell policy documents regarding falsification of records.

9. Admit that you understood you were paid a fixed base salary amount while employed with Dell as a business sales representative that did not vary with the number of hours worked.

10. Admit that you attended trainings while employed by Dell where overtime calculations were explained.

11. Admit that while employed by Dell you had access to sales plans and policy documents that contained explanations of how your overtime was calculated.

12. Admit that while employed by Dell you received your full base salary in any workweek in which you reported any time worked.

13. Admit that while employed by Dell you received your full salary in workweeks in which you reported fewer than forty hours worked.

14. Admit that while employed by Dell you did not have your salary reduced when you missed work.

15. Admit that while employed by Dell you had access to Dell's intranet sites that explained your compensation.

## INTERROGATORY

1. If your answer to any of the requests for admissions served on you herewith is anything other than an unqualified admission, please identify all facts on which you base your failure to admit the request.

Respectfully submitted,



Jason S. Boulette, TX# 90001846
Michael J. Golden, TX# 24032234
Boulette & Golden L.L.P.
jason@boulettegolden.com
mike@boulettegolden.com
1221 S. MoPac Expressway
Three Barton Skyway, Suite 300
Austin, Texas 78746
(512) 732-8901; (512) 732-8905 (Fax)

Jeffrey C. Londa, TX #12512400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750; (713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700; (512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142; (512) 413-3540 (Fax)

Britt Buchanan, TX #03285680
Van Osselaer & Buchanan LLP
bbuchanan@vbllp.com
Suite 300 West
9600 Great Hills Trail
Austin, Texas 78759
(512) 225-2800

ATTORNEYS FOR DEFENDANTS DELL INC., DELL USA L.P., AND DELL MARKETING USA L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, I served a true and correct copy of the foregoing by certified-mail, return receipt requested, as follows:

Mr. George A. Hanson
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Counsel for Defendants