IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually and on behalf of a class of others similarly situated,<br>　　　　Plaintiffs,<br>　　v.<br>DELL INC. and<br>DELL MARKETING USA, L.P.<br>　　　　Defendants. | Case No.: 08-CV-0248 |

**PLAINTIFFS' OPPOSITION TO DELL'S MOTION TO COMPEL AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PROHIBITING INDIVIDUAL DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF**

Dell has moved to compel responses to identical sets of requests for admissions and interrogatories for 108 class members who joined this litigation. *See, e.g.,* Defs.' First Req. for Admission & Interrog. to Sarah Ashley (attached as Ex. 1). Plaintiffs timely responded to Dell's discovery by objecting on a number of grounds. *See* Ex. 1 to Dell's Mot. to Compel. The principle reason for Plaintiffs' objections is Dell's stated intention that all 935 class members[1] should be subject to written discovery, despite the fact that this is a conditionally certified collective action, which will be proved by representative evidence and testimony at trial. On May 18, the parties met-and-conferred, during which time Plaintiffs' offered to compromise on the issue of individual discovery by permitting Dell to submit a non-compulsory questionnaire, written in simple language agreed upon by the parties, for class members to complete. Dell rejected Plaintiffs' compromise, insisted on submitting formal discovery to every class member, and filed a motion to compel the day after the parties' meet-and-confer.

Dell's discovery is overbroad and unduly burdensome in a collective action of this size. Dell identifies no compelling reason why it cannot obtain all the necessary evidence related to its defenses from a random sample of the class. Indeed, Dell has not even attempted to obtain any

---

[1]   Dell also served individual discovery aimed at class members it believes are barred by the statute of limitations. Plaintiffs have agreed to work with Dell informally to dismiss without prejudice anyone whose claims the parties agree are time barred.

discovery from a representative sample, and instead insists that each and every one of the 935 class members must respond to its fifteen requests for admission and fifteen interrogatories. Dell's true purpose is twofold: 1) to coerce as many class members as possible to withdraw from the suit as the burden of responding to discovery may outweigh his or her potential damages and 2) to burden Plaintiffs' counsel with hundreds, if not a thousand, of hours of additional work assisting class members in understanding and interpreting Dell's discovery.

Dell's true purposes are demonstrated by the unprecedented "instructions" that Dell has included with its discovery. Ex. 1. Specifically, Dell warns each class member that "[i]f you deny any of the requests below and Dell is forced to incur costs and expenses to prove the truth of the matters below, Dell will seek an order requiring you to pay Dell's expenses incurred in making that proof." Ex. 1. In effect, Dell is warning class members that if they should dare to pursue their claims (*i.e.,* deny a request for admission), then Dell "will" seek fees and expenses (that may far outweigh the class member's potential damages). These warnings are not only inappropriate as they attempt to coerce class members with small claims to abandon the collective action, but they prove that Dell's true purpose is to discourage participation – not to elicit relevant evidence.[2]

Importantly, as explained in detail below, the fundamental basis for Dell's argument that it is entitled to individual discovery is fatally flawed, as Dell relies on cases where the class size was many times smaller than the class here. Further, Dell ignores several decisions granting a protective order or denying a motion to compel individual discovery and finding that a defendant can generally obtain all necessary evidence through representative discovery. Moreover, even if individual discovery was warranted, Dell's discovery is unduly burdensome and overbroad.

---

[2]  Dell's instructions also include the conclusory statement to class members that "Dell has produced records to your lawyer so that the information you can readily obtain will enable you to admit or deny the requests below." Of course, Dell selected which business records it decided would "enable" class members to admit or deny its requests. Yet, Dell refuses to produce other work-related records that Plaintiffs have requested that will likely show that class members were working off-the-clock, such as Windows login records, security badge records, and phone login records.

For these reasons, the Court should deny Dell's motion to compel and grant Plaintiffs' a protective order restricting the service of written discovery to no more than a 6% sample of class members. *See, e.g., Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006) (permitting defendants to sample 6% of opt-in class with written discovery); *Schiff v. Racetrac Petroleum, Inc.,* 2:03-cv-402, Dkt. No. 111 (E.D. Tex. June 8, 2005) (adopting sample size of 35 out of 1,000 class members for written discovery) (attached as Exhibit 2).

## ARGUMENT

### A. STANDARD OF REVIEW

In addition to asking the Court to deny Dell's Motion to Compel, Plaintiffs' seek a protective order in conjunction with the Court's inherent power to manage discovery. "In large or complex litigation, the Court may limit the scope of discovery to protect a party from unduly burdensome discovery requests." *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006). Moreover, a Court has wide discretion to control the scope of discovery. *Schaefer-LaRose v. Eli Lilly and Co.*, 663 F. Supp. 2d 674, 699 (S.D. Ind. 2009) ("Federal Rule of Civil Procedure 26(b)(2)(C) gives the court broad discretion to limit the frequency or extent of use of the discovery methods otherwise permitted by the Federal Rules of Civil Procedure.").

### B. REPRESENTATIVE DISCOVERY IS SUFFICIENT AND INDIVIDUAL DISCOVERY IS UNDULY BURDENSOME AND UNNECESSARY.

Representative discovery is generally sufficient to give defendants the opportunity to make its case for decertification or summary judgment in an FLSA collective action. *Nelson, v. Am. Std. Inc.,* Nos. 2:07-CV-10, 2:08-CV-390, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) ("The Eastern District of Texas, and specifically this Court, is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions."). Representative discovery is consistent with the remedial purposes of the FLSA by allowing workers to pool together their resources and efficiently seek recourse against their employer. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). It is also consistent with the Fifth Circuit' characterization of a collective action as a representative action during

discovery: "[i]f the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to 'opt-in.' *The action proceeds as a representative action throughout discovery.*" *Mooney v. Aramco Services Co.* 54 F.3d 1207, 1214 (5th Cir. 1995) (emphasis added), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 (2003).[3]

### 1. The Cases Cited by Dell Are Inapposite as Those Decisions Involved Much Smaller Collective Actions.

Dell disregards that a collective action is a representative action and the numerous cases (cited herein) concluding that discovery should be conducted on a representative basis. Instead, Dell relies on a handful of cases where some form of individual discovery was permitted to insist that all 935 class members in this case should be required to respond to Dell's fifteen requests for admission and fifteen interrogatories.

All of the decisions cited and relied upon by Dell are highly dissimilar to this case because this class is many times larger than the classes at issue in those cases. Accordingly, individual discovery was far less burdensome under the facts of those cases and representative discovery was less useful. In fact, one of the primary cases relied upon and cited by Dell to show that individual discovery should be permitted involved only 39 class members. *Daniel v. Quail Int'l, Inc.,* No. 3:07-CV-53, 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010). Moreover, the primary reason that *Daniel* permitted individual discovery was that "the plaintiff class is small." *Id.; see also Rosen v. Reckitt & Colman Inc.,* No. 91-1675, 1994 WL 652534, at *1 (S.D.N.Y. Nov. 17, 1991) (another case relied upon by Dell that permitted individual discovery expressly because the fifty opt-in plaintiffs represented a "relatively small plaintiff class.").

Dell has all but conceded that individual discovery is limited to instances where the class is small as Dell quoted the exact statement from *Daniel* that Plaintiffs' cited in the preceding

---

[3] Dell attempts to minimize this quote, as it was used by the Magistrate in this case when he conditionally certified it as a "representative action throughout discovery." (Doc. 103). Dell ignores that this statement is derived from Fifth Circuit authority.

4

paragraph.  *See* Motion to Compel at 5 (quoting *Daniel*, 2010 WL 55941 ("in an FLSA collective action *where the plaintiff class is small* . . . individualized discovery is often permitted.") (emphasis added)).  Indeed, all of the decisions relied upon by Dell in its Motion to Compel involved a far smaller opt-in class.  *See Rosen,* 1994 WL 652534, at *1 (50 class members); *Kaas v. Pratt & Whitney,* No. 89-8343, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (100 class members); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (127 class members), vac. by *Shaffer v. Farm Fresh, Inc.,* 966 F.2d 142 (4th Cir. 1992); *Renfro v. Spartan Computer Servs., Inc.,* No. 06-2284, 2008 WL 821950 at *3 (D. Kan. Mar. 26, 2008) (136 class members); *Krueger v. New York Telephone Co.,* 163 F.R.D. 446 (S.D.N.Y 1995) (162 class members).  The 935 member class in this case is *three times larger* than the largest class size identified by Dell where individual discovery was permitted.  *See Coldiron v. Pizza Hut, Inc.,* No. CV-03-05865, 2004 WL 2601180, at *3 (C.D. Cal. Oct. 25, 2004) (306 class members).[4]

Accordingly, Dell has failed to provide any authority holding that a class of this size should be subject to individual discovery.

### 2. Representative Discovery is Appropriate and Sufficient in a Collective Action.

"Numerous other courts also have found that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group."  *Nelson,* 2009 WL 4130166, at *3.  "[L]imiting discovery to a statistically significant representative sampling, at this juncture, will both reasonably minimize the otherwise

---

[4]   Not all courts would conclude that a 300 member class is small and permit individual discovery.  *See Schaefer-LaRose v. Eli Lilly and Co.*, 663 F. Supp. 2d 674, 699 (S.D. Ind. 2009) (granting protective order where Magistrate found that "representative, rather than individualized, discovery would be appropriate" in a collective action class of 400); *Morales-Arcadio. v. Shannon Produce Farms, Inc.*, No. 605-062, 2006 WL 2578835 (S.D. Ga. Aug. 28, 2006) (finding discovery on all 45 opt-in class members unnecessary).  Dell also cites *Williams v. Sprint/United Mgmt. Co.,* No. 03-2200-JWL, 2006 WL 1867471 (D. Kan. June 30, 2006) to suggest that the Court permitted over 300 depositions.  Actually, however, the Court recognized that "plaintiffs have never asked this court to review any rulings concerning the total number of opt-in plaintiffs defendant may appropriately depose."  *Id.* at *1 n1.

5

extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Smith*, 236 F.R.D. at 356-58.  In contrast, individual discovery is a "wasteful [use] of the parties and the court's resources" and "would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome."  *Cranney v. Carriage Services, Inc.*, No. 2:07-CV-01587, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008); *see also McGrath v. City of Philadelphia*, No. 92-4570, 1994 WL 45162, at *2-3 (E.D. Penn. Feb. 10, 1994) ("individualized discovery" in collective action was "inappropriate"); *Adkins v. Mid-America Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. Aug. 13, 1992) (after collective action certification, "individual depositions and interrogatories are not appropriate").

      Dell argues that individual discovery is necessary to uncover facts that will support its motion to decertify the class.  Courts reject this argument:  "[T]here is no reason that all defenses and alleged differences among class members cannot be ascertained and articulated based on the results of . . . a representative sample amounting to ninety-one of the 1,328 opt-in class members."  *Nelson*, 2009 WL 4730166 at *3; *see also Schiff v. Racetrac Petroleum, Inc.,* 2:03-cv-402, Dkt. No. 111 (E.D. Tex. June 8, 2005) (limiting discovery to a random sample of 35 out of 1,000 opt-in class members); *Morales-Arcadio v. Shannon Produce Farms, Inc.,* No. 605-062*,* 2006 WL 2578835, at *3 (S.D. Ga. Aug. 28, 2006) ("Despite defendants' contention that some of plaintiffs' allegations are individual claims and therefore require individual discovery, the allegations do not appear to involve facts that need to be gathered from individual plaintiffs, especially in light of the fact that plaintiffs plan to support their claims by representative testimony.")

To demonstrate that it needs individual discovery, Dell claims that to support its attempt to decertify the class it must know what each class member was told by his or her supervisor. *See* Motion to Compel at 8.  This argument fails because, even assuming that different supervisors will give contradictory instructions to their employees, Dell fails to explain why that would not become clear through representative discovery of a random sample.  Dell's example simply demonstrates that representative discovery is fair to both parties.  If a 6% sample is selected as Plaintiffs' propose and the class members in that sample give answers that demonstrate they are not similarly situated then Dell will certainly use those answers in support of its motion to decertify the class.  Thus, Dell suffers no prejudice through the use of representative discovery, which is more efficient and less duplicative than individual discovery.[5]

### 3. The Remedial Nature and Legislative History of the FLSA Further Support the Use of Representative Discovery.

Dell argues that because 29 U.S.C. § 216(b) refers to opt-in class members as a "party plaintiff" then they should be treated like any other plaintiff who brings an individual action, and subject to individual discovery.  In essence, Dell wants to ignore that this is a collective action. This characterization is contrary to the remedial purposes of the FLSA and the legislative history of the Portal-to-Portal Act that amended section 216(b) to require the filing of a consent form.

Simply referring to an opt-in class member as a "party plaintiff" does not mean that the class member is subject to individual discovery.  Nor does referring to a plaintiff as a "party" imply that a consent filer stands in the same position as a named plaintiff with regard to discovery.  "The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).  In *Devlin*, the Supreme Court analyzed whether an unnamed

---

[5] Dell's argument that it has a due process right to individualized discovery has similarly been rejected.  *Nelson,* 2009 WL 4730166, at *3 ("The court finds that there is no due process violation to Defendant in limiting written discovery to the Discovery Plaintiffs.").

Rule 23 class member had the power to appeal the district court's approval of the settlement to which the class member had objected.  Concluding that unnamed class members may appeal the district court's approval of the settlement, the Supreme Court said, "What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement."  *Id.*; *see also* Restatement (Second) of Judgments § 34 (likewise defining "party" as a person who is "named" *or* who is otherwise "bound by" the judgment).

The plain text of section 216(b) and its legislative history precisely match the view in *Devlin* that use of the term "party" means nothing more than that the person will be bound by the judgment, just as a Rule 23 class member who does not opt-out is bound by a judgment.  Prior to the Portal-to-Portal Act, individuals who were *not employees* of a particular defendant were permitted to sue on behalf of an employee.  *See Hoffmann-La Roche Inc.*, 493 U.S. at 173.  The requirement that a party file a consent form merely restricted the scope of a collective action to "employees who asserted claims. . . ." by filing a consent form.  *Id.*  "Congress left intact the 'similarly situated' language providing for collective actions, such as this one."  *Id.*  And the Supreme Court instructed that "[t]he broad remedial goal of the statute should be enforced to the full extent of its terms."  The Supreme Court's view of the representative nature of a collective action is fully supported by the legislative history:

> It will be noted, therefore, Mr. President, that in those two classes of cases there is a difference: In the first case, an employee, a man who is working for X steel company can sue for himself and other employees.  <u>We see no objection to that.</u>  But the second class of cases, namely, cases in which an outsider, perhaps someone who is desirous of stirring up litigation without being an employee at all, is permitted to be the plaintiff in the case, may result in very decidedly unwholesome champertous situations which we think should not be permitted under the law.

93 Cong. Rec. 2182 (remarks of Sen. Donnell) (emphasis added).  Thus, a primary purpose of section 216(b) is to "allow . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources."  *See Hoffmann-La Roche* at 170.  This purpose is furthered by representative discovery, and as discussed above, at no prejudice to Dell.

### C. EVEN IF THE COURT CONCLUDES SOME FORM OF INDIVIDUAL DISCOVERY IS WARRANTED, DELL'S REQUESTS ARE UNDULY BURDENSOME AND OVERBROAD.

At least one Court has suggested that in the event that individual discovery is truly necessary in a collective action, it should only be granted "after conducting the discovery of the representative sample." *Nelson,* 2009 WL 4730166, at *3. After conducting representative discovery "defendants can [attempt to] demonstrate to the Court that broader discovery is appropriate and necessary. . . ." *Id.* Dell has not done so here, and therefore, at best, Dell's discovery is untimely.

Additionally, another court has suggested that if it were to allow individual discovery, such discovery must follow four rules to "insure that discovery is not used as a tool to limit or discourage participation in the opt-in class and to advance the efficiency and cost containment objectives of a FLSA actions." *Fast v. Applebee's Int'l, Inc.,* No. 06-4146-CV, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008). The four rules advanced by *Fast*:

> 1) The discovery is not being sought for the purpose of depriving the opt-in plaintiff of his or her class status; 2) the discovery is simple enough that it does not require the assistance of counsel to answer; 3) the discovery meets the standards of Federal Rule of Civil Procedure 26; and 4) the information is not otherwise available to the defendant.

*Id.* at *2. Dell's discovery violates each of the four rules. First, Dell's discovery is being sought to deprive each opt-in plaintiff of his or her class status, as demonstrated by the fact that Dell promised it would seek legal fees and expenses if it was forced "to prove the truth of the matters" contained in its requests. The message to class members is clear: we will seek fees if you deny a request and we win, so think carefully about staying in this case. This, along with the fact that Dell's interrogatories ask for "all facts", suggests that the purpose of individual discovery is to coerce class members to withdraw from the case.

Second, the discovery propounded by Dell certainly requires the assistance of counsel to answer. Unlike a simple questionnaire, a request for admission is very technical and naturally requires careful attention to detail due to the fact that there are only two permissible answers: an admission or a denial. Ambiguities in very important words contained in Dell's discovery

9

(words that have disputed legal meanings, such as "work" and "work day"), certainly require explanation and guidance from counsel. *See* Ex. 1. Moreover, Dell has not limited its requests to the statutory limitations period or even to the period when class members worked as business sales representatives, thus every answer will require further explanation. Moreover, Dell's interrogatories require class members to "identify all facts" which necessarily requires counsel's assistance to ensure that they provide "all facts" in relation to the claims at issue. Absent significant assistance from counsel, class members are likely to inaccurately make admissions, assert denials, or omit facts that are relevant and necessary. *Smith,* 236 F.R.D. at 358 n.3 ("It would be irresponsible indeed for class counsel to fail to assist each client in preparing his or her discovery responses.")

Third, Dell's discovery is not consistent with Rule 26, as it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Rule 26(b)(2)(C)(i). Dell could obtain the same information from a representative sample in a less duplicative, burdensome and expensive manner. Moreover, Dell's interrogatories are necessarily duplicative in the sense that each class member is being asked to "identify all facts" when proof at trial will be through representative evidence.

Fourth, many of Dell's requests ask each class member to verify that they were aware of certain written documents or were provided training. If true, certainly Dell has records to demonstrate that fact and does not need burdensome discovery to prove it.

## CONCLUSION

In summary, individual written discovery is unnecessary here. Dell can obtain the same information, more efficiently, by randomly sampling 6% of the class. Dell suffers no prejudice and receives the same information through more efficient means.

10

**DATE:** June 4, 2010  Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
            /s/ George A. Hanson
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Bradley Wilders (admitted *pro hac vice*)
Email:  wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:    816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:    214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:    (405) 239-2112

`                                    **ATTORNEYS FOR PLAINTIFFS**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on the Court's CM/ECF system on June 4, 2010, and delivered to counsel of record.

                                        /s/ George A. Hanson
                                        George A. Hanson
                                        **Attorney for Plaintiffs**