IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, § § § | | |
| Plaintiffs, § § | | |
| v. § | Case No. 1:08-cv-00248 | |
| § | | |
| DELL INC., § and § DELL MARKETING USA L.P., § § | | |
| Defendants. § | | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY AND RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Defendants ("Dell") file this Reply to Plaintiffs' Opposition to Defendants' Motion to Compel Discovery and simultaneously file this Response to Plaintiffs' Motion for Protective Order Prohibiting Individual Discovery. Dell's Motion to Compel should be granted and Plaintiffs' Motion for Protective Order should be denied because: (1) Plaintiffs' argument ignores the prior rulings of this Court; (2) Plaintiffs have failed to carry their burden to prove that representative discovery is possible, much less appropriate; and (3) Plaintiffs have failed to carry their burden to prove that answering Dell's discovery requests is burdensome.

**I.    Plaintiffs Failed to Address this Court's Ruling Postponing the Consideration of the Dissimilarity of Plaintiffs until After Discovery of those Differences**

As noted in Dell's Motion to Compel, this case is unusual for FLSA collective actions in that Plaintiffs do not allege that Dell had a common policy or practice that violated the FLSA. Here, there is no dispute that Dell's policy and practice was fully compliant with the FLSA.

Instead, Plaintiffs allege that they were provided direction by their supervisors that contradicted Dell policy and the law.

The Plaintiffs had different supervisors. In fact, frequently, a single Plaintiff had multiple supervisors during the course of his or her employment. These facts alone necessitate individualized discovery because different supervisors could have communicated Dell policy differently or provided different direction. In addition, however, the various Plaintiffs had different timekeeping practices, worked in different business units, held different jobs, had differing job duties, worked under different compensation plans, had different work schedules, *etc*. These factors further require individualized discovery. As noted in Dell's Motion to Compel, the Magistrate's Report and Recommendation deferred consideration of these individual differences until "after the period to opt-in has expired and discovery is largely complete" (Report and Recommendation at 13-14) at which time the Court will apply the stricter decertification standard and "will review several factors to determine if the plaintiffs are indeed similarly situated, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." (Report and Recommendation at 8).

The opt-in period has expired. Although notice was sent to over 7,500 potential plaintiffs, only 935 Plaintiffs filed consents to join. Dell served requests for admission and a single interrogatory on the first 108 Plaintiffs to join. Dell has thus engaged in the individual discovery envisioned by the Court and done so in a manner designed to impose the least burden on Plaintiffs and their counsel.

In their Response, Plaintiffs do not address these points or the Court's prior statements on this issue. Instead, Plaintiffs rely on a selection of cases in which the plaintiffs challenged a common company practice alleged to be in violation of the FLSA and the court determined that discovery should proceed, at least initially, in a representative manner. Those cases provide no guidance in a case such as this where representative discovery is simply not possible.

## II.   Plaintiffs Failed to Carry Their Burden to Prove Representative Discovery is Possible, Much Less Appropriate

In opposing Dell's Motion to Compel and in seeking a protective order, Plaintiffs claim that "Representative discovery is *generally* sufficient to give defendants the opportunity to make its case for decertification or summary judgment in an FLSA collective action." Response at 3 (emphasis added). Plaintiffs rely on a handful of cases that allowed discovery to initially proceed in a representative manner. None of the cases relied upon by Plaintiffs involve the types of allegations here—namely, that the defendant had a compliant policy that the individual plaintiffs allege they were instructed to ignore. More importantly, in the cases cited by Plaintiffs, the demand for representative discovery was supported by expert evidence that representative discovery would be statistically valid.

Here, Plaintiffs have provided no expert support for their demand for representative discovery. Plaintiffs have not even articulated how representative discovery would be possible, much less appropriate. It is doubtful that any expert could identify a valid representative sample of the Plaintiffs in this case. The attachment to Plaintiffs' Opposition illustrates this point.

Attached as Exhibit 1 to Plaintiffs' Opposition is the discovery requests served on Plaintiff Sarah Ashley. Ms. Ashley serves a striking example of why representative discovery is unworkable in this case. Ms. Ashley worked for Dell for approximately 3 months from November 2007 to February 2008 and again for approximately 11 months from September 2008

until July 2009.  During her employment with Dell, she had five different managers (plus a training manager).  Those managers had varying terms as her supervisor ranging from less than a month to several months.

Unlike many of the Plaintiffs, Ms. Ashley was never promoted and had only one job title at Dell—Inside Sales Representative IB.  However, her initial term of employment was in Dell's Consumer organization (not part of this lawsuit) during which time she was paid on a straight hourly basis.  When Ms. Ashley returned to Dell in September of 2008, she was rehired as an Inside Sales Representative IB selling to business customers.   In that job, Ms. Ashley was classified as "salaried nonexempt" and paid on the fluctuating workweek basis.

Dell produced Ms. Ashley's Kronos time records to Plaintiffs' counsel.  (A copy of those records is attached as Exhibit A to the Declaration of Michael Hudanick.)  Those time records show during her first term of employment with Dell, Ms. Ashley reported and was paid for almost 100 hours of overtime, which she reported both through the timekeeping system and by submitting Kronos correction requests.  During her second stint at Dell, she reported and was paid for over 120 hours of overtime, which she reported both by entering her time in Kronos and through Kronos correction requests.  Having been employed and paid under both an hourly system and a salaried system, Ms. Ashley presumably understood the difference in the compensation systems and is not representative of those who claim not to have understood that they were paid on a salaried basis.

The Kronos records also show that Ms. Ashley routinely clocked out for lunch and clocked back in when she returned, thereby avoiding an automatic lunch hour deduction.  Thus, Ms. Ashley is not representative of those Plaintiffs who claim to have uncompensated hours worked over lunch.  Ms. Ahsley's time records also reveal that she reported varying start times

4

and end times and reported overtime on far more days than she reported no overtime. Thus, Ms. Ashley is not representative of those employees who claim uncompensated pre-shift or post-shift hours.

With Ms. Ashley's knowledge of her employment and a review of the records produced to her counsel, Ms. Ashley might simply admit the requests for admission propounded to her. Alternatively, Ms. Ashley might deny some or all of the requests and then answer the interrogatory explaining why she denied one or more of the requests. Either way, Ms. Ashley is indicative of the problem with representative discovery in this case. It is unlikely that a single other opt-in Plaintiff had the same job history, manager history, manager directives, or timekeeping practices as Ms. Ashley. No expert has opined as to how she would be a valid representative. Plaintiffs have not articulated how Ms. Ashley would be an appropriate representative of other Plaintiffs. In short, Plaintiffs have not carried their burden of proving that representative discovery and testimony is appropriate.[1]

### III. Plaintiffs Failed to Carry Their Burden to Prove Dell's Discovery Requests Are Burdensome

In support of their argument that discovery is burdensome, Plaintiffs first attempt to shift the burden of proof to Dell by arguing that Dell did not first conduct representative discovery before seeking individual discovery. Dell has no such burden. To the contrary, it is Plaintiffs' burden to demonstrate that the discovery sought by Dell is unduly burdensome. Moreover, Plaintiffs must prove burdensomeness not with conclusory allegations, but with evidence. *See In*

---

[1] Plaintiffs argue that the legislative history of the FLSA supports the notion that representative discovery is generally appropriate in FLSA collective actions. To the contrary, the purpose of §216(b) actions is clearly articulated in *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1266 –67 (10th Cir. 1984), *abrogated on other grounds by Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165 (1989), which recognized that(i) the relevant opt-in language of §216(b) was entitled "Representative Actions Banned", (ii) the policies behind §216(b) actions "are almost diametrically opposed those involved in Rule 23" cases (*i.e.*, proceed on a representative basis), and (iii) §216(b) actions tend "to discourage collective litigation *by virtue of the requirement of an affirmative act by each plaintiff.*" *Dolan*, 725 F.2d at 1267 (emphasis added). In any event, Plaintiffs have not and cannot demonstrate how representative discovery is workable, much less appropriate in this case.

*re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998) (when defendant "made nothing more than a conclusory allegation" to support its request for a protective order and did not support its motion "with any affidavits or other evidence that might provide support for this simple assertion," trial court abused its discretion by issuing protective order). Here, Plaintiffs submitted no evidence and identified no facts that would make responding to Dell's discovery requests unduly burdensome. Dell has submitted discovery requests to less than 12% of the Plaintiffs who have opted in and Plaintiffs have refused to respond to any of the requests. Plaintiffs' allegations of burdensomeness are necessarily conclusory because Plaintiffs have not even attempted to provide any substantive responses to Dell's requests. Likewise, any suggestion that Dell's discovery is untimely because Dell did not first attempt representative discovery is undermined by Plaintiffs' refusal to provide any substantive responses.

Plaintiffs' second argument is that the Court should follow the "four rules" articulated the court in *Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008). While the *Fast* decision is not binding on this Court, an analysis of the four rules further demonstrates that individual discovery is appropriate.

The first 'rule' that discovery is not being sought for the purpose of depriving the opt-in plaintiff of his or her class status weighs in Dell's favor. Plaintiffs' only complaint is that Dell cites the language of the discovery rules in the requests. It must be remembered that at the time of the Motion for Conditional Certification, all the Plaintiffs made allegations—and some submitted sworn declarations—claiming uncompensated time worked and lack of understanding of their salaried status. These allegations and declarations were proven false by the Plaintiffs' own deposition testimony and employment records. Dell's citation to the Federal Rules of Civil

6

Procedure is an appropriate and efficient way to ensure that Dell is not required to depose Plaintiffs to obtain admissions that were denied improvidently.

The second rule is that the discovery is simple enough that it does not require assistance of counsel to answer. Dell's requests for admissions are in plain English and track the allegations in this lawsuit. Plaintiffs assert that there are ambiguities in "very important words" that have "disputed legal meanings" such as "work" and "work day" that "certainly require explanation and guidance from counsel." Of the more than 7,500 putative plaintiffs who received the notice, the conditional class of 935 presumably consists of those who read the notice and determined that they were appropriate members of the class claiming "that Dell unlawfully failed to pay its full-time BSRs for all work they performed." Those Plaintiffs who were able to ascertain the definition of the term "work" from the notice can do the same in response to the requests for admissions.[2] In any event, those Plaintiffs who are unable to admit the requests as worded can deny them and explain their denial in response to the interrogatory.

The third rule is that the discovery meet the standards of Rule 26. Here Plaintiffs argue that Dell's requests for admission are unnecessarily cumulative and duplicative because such discovery can be obtained through representative means. Again, Plaintiffs offer no evidence or even argument how representative discovery would even be possible. Oddly, Plaintiffs' proposed alternative—a voluntary questionnaire—violates this third rule as it is not an authorized means of discovery under the Rules.

The fourth rule is that the discovery not seek information otherwise available to the defendant. Here, Plaintiffs complain that Dell is asking Plaintiffs to verify that they were aware of documents or were provided training and that Dell has such records in its possession. This

---

[2] Although Plaintiffs complain of the use of the term "work day" in the requests for admission, Dell's requests do not use the term.

assertion borders on the specious.  The whole dispute exists solely because Plaintiffs *deny* receiving training and documents regarding the reporting of hours and the way they were compensated.  If Plaintiffs were willing to stipulate to Dell policy and their understanding, the case could be dismissed efficiently without any discovery.  It is precisely because Plaintiffs are denying receiving training on and understanding of Dell policy that the discovery is necessary.

In sum, Plaintiffs failed to carry their burden of proof to support their motion for a protective order.

### III.  CONCLUSION

For the foregoing reasons, Dell's Motion to Compel should be granted and Plaintiffs' Motion for Protective Order should be denied.

Respectfully submitted,

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700
(512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
Dell Inc.
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142
(512) 413-3540 (Fax)

        Britt Buchanan, TX #03285680
        Van Osselaer & Buchanan LLP
        bbuchanan@vbllp.com
        Suite 300 West
        9600 Great Hills Trail
        Austin, Texas 78759
        (512) 225-2800

        **ATTORNEYS FOR DEFENDANTS**
        **DELL INC. AND DELL MARKETING USA L.P.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of June, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by regular U.S. mail to all counsel of record.

    George A. Hanson
    Stueve Siegel Hanson LLP
    460 Nichols Road, Suite 200
    Kansas City, MO 64112

    Meredith Black-Matthews
    J. Derek Braziel
    Lee & Braziel, L.L.P.
    1801 N. Lamar Street, Suite 324
    Dallas, TX 75202

        /s/ Jeffrey C. Londa
        Jeffrey C. Londa