**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| HITUL GANDHI, individually and on behalf | ) | |
| of a class of others similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 08-CV-0248 |
| | ) | |
| DELL INC. & DELL MARKETING USA, L.P. | ) | |
| Defendants | ) | |

<u>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**</u>

By seeking individual written discovery from 935 opt-in class members, Dell ignores the well-stated Fifth Circuit rule that collective actions "proceed[] as a representative action throughout discovery," *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 (2003). Accordingly, Dell's requests for all class members to answer 15 requests for admission and 15 interrogatories are unduly burdensome and unnecessarily cumulative.

**A.      DELL FAILS TO (1) PROVIDE ANY SIMILAR CASE LAW TO SUPPORT ITS MOTION TO COMPEL OR (2) TO DISTINGUISH THE WEALTH OF CASE LAW CITED BY PLAINTIFFS.**

In section B.1 of their motion for a protective order, Plaintiffs argue that every case cited by Dell involved a much smaller class of opt-in plaintiffs and, therefore, individual discovery was less burdensome. *See* Doc. 237 at 5 (demonstrating that the 935-member class in this case is *three times* larger than the largest class size identified by Dell in which individual written discovery was permitted). Dell fails to even acknowledge this argument or the fact that discovery was permitted in those cases only because the class was small.

Similarly, Dell fails to specifically respond to any of the cases cited by Plaintiffs, all of which demonstrate that representative discovery is appropriate in this case.[1]   Dell's only

---

[1] *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006); *Schaefer-LaRose v. Eli Lilly & Co.*, 663 F. Supp. 2d 674, 699 (S.D. Ind. 2009); *Morales-Arcadio. v. Shannon Produce Farms, Inc.*, No. 605-062, 2006 WL 2578835 (S.D. Ga. Aug. 28, 2006); *Nelson, v. Am. Std. Inc.,* Nos. 2:07-CV-10, 2:08-CV-390, 2009 WL 4730166, at *3 (E.D. Tex.

response to these cases is to argue without citation or support that "[n]one of the cases relied upon by Plaintiffs involve the types of allegations here." To the contrary, this lawsuit does involve allegations similar to those presented in the cases cited by Plaintiffs. Here, Dell improperly applied the fluctuating workweek method of overtime calculation and failed to compensate the class for unpaid meal break deductions and other unreported off-the-clock work. Similarly, *Smith* involved an improper application of the fluctuating workweek, 236 F.R.D. at 354, and *Cranney* involved FLSA violations based on improper meal time deductions and performance of other required off-the-clock and unreported work. No. 2:07-CV-01587, Complaint, Doc. 1 at ¶ 48 (D. Nev. 2008). In both cases, the court prohibited individual written discovery and held that representative discovery was sufficient. *Smith,* 236 F.R.D. at 357-58 (representative discovery gives "defendant a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses"); *accord Cranney,* 2008 WL 2457912, at *2-3.

Dell also incorrectly argues that none of the cases cited by Plaintiffs involved a class of employees with different job titles, duties, work sites, or supervisors. Similar arguments were made and rejected in *Nelson* and *Cranney*. *See Nelson,* Nos. 2:07-CV-10, 2:08-CV-390, Doc. 114 at 5 (arguing that individual discovery was necessary because class members were in "different plants across the country, with different job titles and duties, different safety equipment, different shifts, and different walking lengths to the work areas."); *see also Cranney,* 2008 WL 608639, at *5 (certifying and permitting representative discovery where one of the issues was "whether Defendants' policies are centralized or decentralized."). Moreover, Dell's unsupported assertion that "there is no dispute that Dell's policy and practice was fully compliant with the FLSA" is grossly inaccurate. Plaintiffs' expressly allege that Dell had a "policy, plan and decision" of failing to comport with the requirements of the FLSA. Complaint at ¶ 36

---

Dec. 4, 2009); *McGrath v. City of Phila.*, No. 92-4570, 1994 WL 45162, at *2-3 (E.D. Pa. Feb. 10, 1994); *Adkins v. Mid-America Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992); *Schiff v. Racetrac Petroleum, Inc.,* 2:03-cv-402, Dkt. No. 111 (E.D. Tex. June 8, 2005); *Cranney v. Carriage Servs., Inc.*, No. 2:07-CV-01587, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008).

("Plaintiff and all similarly situated employees are victims of a common policy, plan and decision.").

In attempt to show that individual written discovery is necessary, Dell claims that it must be able to interrogate each opt-in class member to determine if they are similar to other class members for purposes of decertification. Dell claims Plaintiffs have ignored the "prior rulings of this Court," referring to the remarks made by the Magistrate Judge during conditional certification that after discovery the court would consider whether individual differences among the class members warranted decertification. *See* Doc. 59 at 8, 13-14.[2] Yet, it is true in every FLSA collective action that individual determinations are postponed until after discovery; this is simply part of the two-step certification process. *Mooney*, 54 F.3d at 1214 (5th Cir. 1995) (decertification typically occurs after "discovery is largely complete"). Dell's argument has been soundly rejected by other courts. *Nelson*, 2009 WL 4730166, at *3 (E.D. Tex.) ("[T]here is no reason that all defenses and alleged differences among class members cannot be ascertained and articulated based on the results of . . . a representative sample amounting to ninety-one of the 1,328 opt-in class members."); *Smith*, 236 F.R.D. at 357-58 (representative discovery gives "defendant a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses").

Furthermore, Dell's own arguments in support of its request for individual written discovery demonstrate that the written discovery propounded by Dell is unnecessarily cumulative to its decertification arguments. For example, Dell is able to identify what it purports to be differences among the class members based solely on the time records of a single employee. Moreover, Dell identifies purported differences between that employee and other employees based solely on her employment history, which Dell can also show through its own

---

[2] Dell also identifies the three factors that the Magistrate Judge stated would be considered after discovery as further evidence that it must be permitted to conduct individual discovery. *See* Doc. 59 at 8. These same three factors, which are merely part of the standard decertification analysis, were cited in *Cranney,* 2008 WL 2457912, at *3, but the Court still prohibited individual discovery in that case. *Id.* at *3

records.  Plaintiffs will certainly contest the legal significance with regard to certification of these purported differences, but Dell seems fully capable of producing competent factual evidence to support these arguments from its own records.  Dell fails to explain how responses to individual requests for admissions and interrogatories by every class member, as opposed to a sample, will reasonably further a motion for decertification – particularly in light of the massive costs that such discovery would impose.

Next, Dell argues that Plaintiffs' motion should be denied because Plaintiffs did not offer expert support for their motion that written discovery be limited to 6% of the opt-in class.  Dell offers no citation or case law of its own to support this assertion.  Rather, Dell (once again) states generally that every case cited by Plaintiffs in support of representative discovery relied on expert testimony.  And once again, Dell is simply wrong.

In *Nelson,* the court concluded without expert testimony that 6% was sufficiently representative for purposes of conducting written discovery. *Nelson,* 2009 WL 4730166, at *3; *accord  Nelson,* Def's Obj. to the Order of the United States Magistrate, Doc. 123 at 3 (arguing that expert testimony was required), *obj. overruled* by Order, Doc. 136.  Similarly, there is no evidence that the court considered expert testimony in either *Cranney*, 2008 WL 2457912, at *3, or *Morales-Arcadio,* 2006 WL 2578835, at *3.[3]

### B.    DELL RELIES ON ABROGATED CONCLUSIONS REGARDING CONGRESSIONAL INTENT.

Dell does not respond directly to the authority cited in section B.3 of Plaintiffs' motion to compel, where Plaintiffs demonstrate that the legislative history of the collective action supports representative discovery.  Rather, Dell cites to statements made in *Dolan v. Project Construction Corp.,* 725 F.2d 1262 (10th Cir. 1984).  *Dolan* was abrogated by the Supreme Court in *Hoffman-La Roche v. Sperling,* 493 U.S. 165, 170 (1989).  Dell states, without explanation, that *Dolan*

---

[3]  In *Schiff,* **both** parties provided expert testimony, but at the district court's request.  No. 2:03-cv-402, Dkt. No. 111. Notably, the 6% sample size Plaintiffs propose here is nearly double the size supported by the experts and adopted in *Schiff.*  In *Smith,* the plaintiff offered expert testimony, but the court simply directed the parties to confer over an appropriate sample. 236 F.R.D. at 358.

was abrogated "on other grounds," but *Dolan's* interpretations of legislative history that Dell relies on here were made in support of the very holding abrogated by the Supreme Court. *Id.* Moreover, *Dolan's* interpretations themselves are at odds with the Supreme Court's own interpretations of the same legislative history in *Hoffman-La Roche*. *Hoffman-La Roche* made clear that the types of representative actions Congress intended to ban by the collective action mechanism was "the representative action by plaintiffs ***not themselves possessing claims." Id.*** at 173 (emphasis added). Congress did not intend to ban collective actions prosecuted by a representative who is also an employee brining his own claims – like this case.

Dell's reliance on the abrogated conclusions reached in *Dolan* should be given no weight and are contrary to the Supreme Court's interpretation that Congress intended a collective action to permit "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.* at 170.

**C.     EVEN IF INDIVIDUAL DISCOVERY IS PERMITTED, DELL'S INTERROGATORIES ARE OVERBROAD.**

Due to space limitations, Plaintiffs rely on their earlier arguments regarding the *Fast v. Applebee's Int'l, Inc.* factors and their other objections, except to argue that at minimum, the Court should deny the motion to compel and grant a protective order with regard to the interrogatories, which are grossly overly broad by asking *each opt-in class member* to identify "all facts on which you base your failure to admit the request." *See Shqeirat v. U.S. Airways Group, Inc.*, No. 07-1513, 2008 WL 4232018, at *4 (D. Minn. 2008) ("[A] contention interrogatory will be considered overly broad and unduly burdensome if it seeks all facts supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." (internal citation omitted)). At trial, Plaintiffs will present a case through representative testimony. It is, therefore, unduly burdensome and overly broad to require each opt-in class member to provide an individual narrative of each claim.

For these reasons, the Court should grant Plaintiffs' motion for a protective order and deny Dell's motion to compel.

**DATE:**  July 1, 2010                          Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
          /s/ Bradley T. Wilders
George A. Hanson (admitted *pro hac vice*)
Email:  hanson@stuevesiegel.com
Bradley Wilders (admitted *pro hac vice*)
Email:  wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     816-714-7100
Fax:     816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email:  jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
Email:  mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:     214-749-1400
Fax:     214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
Nicholas G. Farha (admitted *pro hac vice*)
Email:  ngf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel:     (405) 235-1560
Fax:     (405) 239-2112

`                                   **ATTORNEYS FOR PLAINTIFFS**

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on the Court's CM/ECF system on July 1,

2010, and delivered to counsel of record.


_____/s/ Bradley T. Wilders_____

Bradley T. Wilders
**Attorney for Plaintiffs**