## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, Plaintiffs, | § § § § |
| v. | § § |
| DELL INC., and DELL MARKETING USA L.P., Defendant. | § § § |

CAUSE NO. A-08-CA-248-JRN

## ORDER

Before the Court in the above-entitled and styled cause of action are Hitul Gandhi's, individually, and on behalf of a class of others similarly situated (hereinafter "Plaintiffs"), Original Complaint, filed on April 1, 2008 (Clerk's Dkt. No. 1); Dell Inc.'s and Dell Marketing USA L.P.'s (hereinafter "Dell") Motion to Compel Discovery, filed on May 19, 2010 (Clerk's Dkt. No. 236); Plaintiffs' Response in Opposition to Dell's Motion to Compel Discovery, filed on June 4, 2010 (Clerk's Dkt. No. 237); Plaintiffs' Motion for Protective Order, filed on June 4, 2010 (Clerk's Dkt. No. 238); and Dell's Response in Opposition to Plaintiffs' Motion for Protective Order, filed simultaneously on June 17, 2010 with Dell's Reply to Plaintiff's Response to Dell's Motion to Compel (Clerk's Dkt. No. 239). After reviewing the record in its entirety, the Court **GRANTS** Dell's Motion to Compel in part, **DENIES** Dell's Motion to Compel in part, and **DENIES** Plaintiffs' Motion for Protective Order in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims arising under the Fair Labor Standards Act (hereinafter "FLSA"). Plaintiffs are current and former business sales representatives of Dell who were employed by Dell at various call centers in Tennessee, Oklahoma, and Texas between April 1, 2005, and the present.[1] Plaintiffs allege that Dell violated the wage and hours rights provisions of the FLSA.[2] Specifically, in their Original Complaint Plaintiffs made three general allegations regarding Dell's employment practices.[3] First, Plaintiffs alleged that Dell misclassified business sales representatives as "salaried nonexempt" employees and misapplied the "fluctuating workweek" method of calculating overtime. Second, Plaintiffs alleged that Dell required business sales representatives to perform integral and indispensable job activities without compensation.  Third, Plaintiffs alleged that Dell failed to properly account for and pay incentive compensation.

Plaintiffs filed a Motion for Certification of their case as a collective action under 29 U.S.C. 216(b) on January 30, 2009 (Clerk's Dkt. No. 59).   Following issuance of a Report and Recommendation from Magistrate Judge Austin (Clerk's Dkt. No.103), this Court granted Plaintiffs' Motion for Certification with regard to Plaintiffs' allegations that Dell misclassified business sales representatives as "salaried nonexempt" and misapplied the "fluctuating workweek" method of

---

[1] Dell has previously disputed the use of the term "business sales representative." According to Dell, the phrase is "vague, ambiguous, and overly broad." Def. Objections to the Report and Recommendations of Magistrate Judge at 8.  Dell states that it does not use that phrase "for any reason other than to respond to pleadings or discovery in this lawsuit, where Plaintiffs, not Dell, defined such phrase." *Id.*  However, in a January 4, 2010 Order this Court admonished Dell that the definition of "business sales representative" contained therein "is to be interpreted without modification." (Clerk's Dkt. No. 162).

[2] Plaintiffs' Original Complaint at 7; 29 U.S.C. § 207(a)(1).

[3] Plaintiffs' Original Complaint at 7.

overtime payment. This Court further granted Plaintiffs' Motion for Certification with regard to Plaintiffs' allegation that Dell does not pay business sales representatives for all work time.[4] This Court denied Plaintiffs' Motion for Certification with regard to Plaintiffs' allegations that Dell's incentive policies are unlawful.[5]

Following conditional certification and the expiration of the opt-in period, Dell served discovery requests on a number of the opt-in plaintiffs. The total size of the Plaintiffs' class is now approximately 935 individuals.[6] The Plaintiffs to whom Dell served discovery requests received fifteen requests for admission and one interrogatory. The requests for admission ask Plaintiffs to "admit" various facts related to their hours worked, salary, and training while employed by Dell, among other things.[7] The interrogatory instructs Plaintiffs, "If your answer to any of the requests for admission served on you herewith is anything other than an unqualified admission, please identify all facts on which you base your failure to admit the request."[8]

In their Response to First Set of Requests for Admission and Interrogatories, Plaintiffs offer numerous objections to various aspects of Dell's requests for discovery.[9] In response to Plaintiffs' objections, Dell filed a Motion to Compel Discovery, filed on May 19, 2010 (Clerk's Dkt. No. 236).

---

[4] Order Adopting Report and Recommendation, Clerk's Dkt. No. 110 at 2.

[5] *Id.*

[6] Dell's Motion to Compel Discovery at 1.

[7] For example, the first request for admission asks Plaintiffs to "Admit that while employed by Dell you accurately reported all hours worked." Dell's Motion to Compel Discovery at Exhibit A, p. 5–9.

[8] Dell's Motion to Compel at Exhibit A, p. 9.

[9] Dell's Motion to Compel at Exhibit A.

On June 4, 2010, Plaintiffs simultaneously filed an Opposition to Dell's Motion to Compel (Clerk's Dkt. No. 237) and a Motion for a Protective Order Prohibiting Individual Discovery (Clerk's Dkt. No. 238). Dell filed a Reply to Plaintiffs' Opposition to Dell's Motion to Compel Discovery and a Response to Plaintiffs' Motion for Protective Order on June 17, 2009 (Clerk's Dkt. No. 239).

## II. ARGUMENTS AND AUTHORITIES

This Order addresses various discovery disputes between the parties. Dell requests, among other things, that this Court should compel Plaintiffs "to answer the requests for admission" that Dell previously submitted to a number of the opt-in plaintiffs.[10] Dell further requests that, should Plaintiffs fail to answer the requests for admission, "the requests should be deemed admitted."[11] Dell argues that individualized discovery is "required"[12] and that "representative discovery would be both unworkable and unfair to Dell."[13] Plaintiffs ask the Court to "deny Dell's Motion to Compel and grant Plaintiffs a protective order restricting the service of written discovery to no more than a 6% sample of class members."[14] Plaintiffs argue that Dell's Motion to Compel should be denied.[15] Among other things, Plaintiffs assert that "Dell's discovery is overbroad and unduly burdensome in

---

[10] Dell's Motion to Compel at 3. This Order uses the term "requests for admission" to refer to both the requests for admission *and* the interrogatory contained within Dell's discovery requests, which are at the heart of the current dispute.

[11] *Id.*

[12] *Id.* at 6.

[13] *Id.* at 8.

[14] Plaintiffs' Opposition to Dell's Motion to Compel at 3.

[15] *Id.*

4

a collective action of this size"[16] and "[r]epresentative discovery is appropriate and sufficient."[17] The

applicable law governing this case includes the FLSA, the two-stage *Lusardi* analysis that has been

adopted by district courts within the Fifth Circuit, and various case law from federal courts around

the country.

### A.  Applicable Law

The governing portion of the FLSA regulating the rights of workers to overtime

compensation is § 207(a)(1).  Section 207(a)(1) of the FLSA provides, "no employer shall employ

any of his employees . . . for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one

and one-half times the regular rate at which he is employed."[18] Section 216(b) of the FLSA provides

for a cause of action available to aggrieved employees who successfully bring a claim under § 207.[19]

At the heart of the present dispute before this Court is the provision of § 207 under which employees

have the right to bring an action against their employer "for and in behalf of himself or themselves

and other employees *similarly situated.*"[20]

_____

[16] *Id.* at 1.

[17] *Id.* at 5.

[18] 29 U.S.C. § 207(a)(1).

[19] 29 U.S.C. § 216(b) provides, in pertinent part:

Any employer who violates the provisions of section 206 or section 207 of this title
shall be liable to the employee or employees affected in the amount of their unpaid
minimum wages, or their unpaid overtime compensation, as the case may be, and in an
additional equal amount as liquidated damages.

[20] *Id.* (italics added).

Determining whether a claim should go forward as a representative action under § 216(b) requires the court to determine that the plaintiffs are "similarly situated."[21]  The requirement that Plaintiffs be "similarly situated" for collective treatment "does not mean identically situated."[22] Plaintiffs bear the burden of demonstrating that they are similarly situated.[23] In addition, determining whether collective treatment is appropriate is within the Court's discretion.[24] To determine whether a collective action should be certified under the FLSA and whether the potential plaintiffs are *similarly situated*, district courts within the Fifth Circuit uniformly use the two-step analysis employed by *Lusardi v. Xerox Corporation*.[25]

The two stages of the *Lusardi* analysis are the "notice stage" and the "decertification stage."[26] "In the first stage, the Court must make an initial determination whether notice of the action should be sent to potential [opt-in] class members.  This determination is based solely on the pleadings and affidavits."[27] Furthermore, "this determination is made using a fairly lenient standard, and typically results in a 'conditional certification' of a representative class."[28] If the district court conditionally

---

[21] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 91 (2003)).

[22] *Crain v. Helmerich and Payne Int'l Drilling Co.*, 1992 WL 91946 at *2 (E.D. La. 1992); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

[23] *See Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261 (D.Conn. 2002).

[24] *See Mooney*, 54 F.3d at 1213.

[25] *Johnson v. Big Lots Stores, Inc.*, 2007 WL 5200224 at *3 (E.D. La. Aug. 21, 2007).

[26] *Morales v. Thang Hung Corp.*, 2009 WL 2524601 at *2 (S.D. Tex. Aug. 14, 2009) (citing *Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265 at *1 (S.D. Tex. Oct. 12, 2006)).

[27] *Bernal v. Vankar Enter., Inc.*, 2008 WL 791963 at *3 (W.D. Tex. March 24, 2008).

[28] *Mooney*, 54 F.3d at 1214.

certifies the collective action, putative plaintiffs are given notice and the opportunity to "opt-in."[29]

"Once conditional certification is granted, the case proceeds through discovery as a representative

action."[30]  After the opt-in period ends, the defendant may file a motion for decertification, which

initiates the second stage the *Lusardi* analysis:

> Upon completion of discovery, the defendant will typically file a motion for
> decertification. At this second stage of the analysis, the District Court should make
> a factual determination as to whether the putative class members are similarly
> situated.  If so, then the representative action may proceed; if not, then the class
> should be decertified, the opt-in plaintiffs dismissed, and the class representatives
> should be allowed to proceed on their individual claims.[31]

The district court's analysis as to whether the class is similarly situated is made using a more

stringent standard than the standard used at the notice stage.[32]

*B.  The individualized nature of Plaintiffs' claims necessitates individualized discovery.*

The present dispute between the parties exists following the first *Lusardi* stage and in

anticipation of the second stage, in which Dell may choose to file a motion for decertification. Dell's

discovery is therefore aimed at information that could potentially aide it in showing that Plaintiffs

are not similarly situated. In its Motion to Compel Discovery, Dell requests that this Court "[compel

Plaintiffs] to answer the requests for admission and, should they fail to do so, the request should be

deemed admitted."[33]  The individualized nature of Plaintiffs' claims necessitates individualized

---

[29] *Id.* at 1212.

[30] *Bernal*, 2008 WL 791963 at *3.

[31] *Id.*

[32] *See Mooney*, 54 F.3d at 1214–15.

[33] Dell's Motion to Compel at 3.

discovery for Dell.  As Dell points out in its Reply, "Plaintiffs do not allege that Dell had a common policy or practice that violated the FLSA . . . Instead, Plaintiffs allege that they were provided direction by their supervisors that contradicted Dell policy and the law."[34]  Thus, Plaintiffs' claims are unique to each individual Plaintiff's own experiences during their time at Dell.  The more than 900 Plaintiffs involved in this class action reported to hundreds of different supervisors and experienced their own specific instances of alleged violations of the FLSA.  That Dell must defend against such disparate accusations necessitates that it have the ability to seek discovery from each individual Plaintiff regarding the specific nature of his or her claims.

In their Opposition to Dell's Motion to Compel, Plaintiffs argue that "all of the decisions relied upon by Dell in its Motion to Compel involved a far smaller opt-in class."[35]  Plaintiffs further argue that "[n]umerous other courts also have found that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group."[36]  However, due to the individualized nature of the claims brought in the present case, the cited case law is distinguishable from the facts before this Court.  For example, Plaintiffs cite *Cranney v. Carriage Services* to argue that "individual discovery is a 'wasteful [use] of the parties [sic] and the court's resources.'"[37]  *Cranney* is distinguishable from the present case in that the individualized discovery sought by the plaintiffs in *Cranney* consisted of thirteen interrogatories,

---

[34] Dell's Reply at 1–2.

[35] Plaintiffs' Opposition at 5.

[36] *Id.*

[37] *Id.* at 6 (quoting *Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912 at *3 (D. Nev. June 16, 2008)).

twelve document requests, and depositions of each opt-in plaintiff.[38]  The *Cranney* Court reasoned that "fairness dictates the defendants should be permitted to conduct enough discovery to support a motion to decertify the conditionally certified class."[39]  In *Cranney,* fairness was achieved by representative discovery, largely due to the burdensome weight of the potential individualized discovery.  However, in this case fairness is achieved by individualized discovery.  The hundreds of Plaintiffs that have opted-in to this lawsuit do not allege that Dell had a uniform policy in violation of the FLSA.  Rather, Dell will be required to defend itself against claims from 935 individuals asserting 935 unique experiences.

Other cases cited by Plaintiffs are similarly distinguishable.  Plaintiffs cite *Smith v. Lowe's Home Centers*, in which the court held that representative discovery "afford[s] the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses."[40]  *Smith* is distinguishable in that the plaintiffs "alleged that [they were] not provided information sufficient to establish a clear mutual understanding that the salary is fixed and constitutes compensation (apart from overtime premiums) for the hours worked each workweek."[41]  Conversely, in the present case, "Dell submitted deposition testimony demonstrating that multiple Plaintiffs acknowledged that they knew and understood that they were paid a salary for all hours worked."[42]

---

[38] *Cranney*, 2008 WL 2457912 at *1.

[39] *Id.* at 3.

[40] Plaintiffs' Opposition at 6 (quoting *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006)).

[41] *Smith*, 236 F.R.D. at 356.

[42] Dell's Motion to Compel at 1, 2; *see* Response to Certification Motion at 4–9, 12–15; Factual Appendix at 10–21.

9

Moreover, the individualized discovery sought by the plaintiffs in Smith consisted of interrogatories and production of documents, rather than just requests for admission and a single interrogatory.[43]

Plaintiffs rely heavily on *Nelson v. American Standard*, in which the court held that "there is no reason that all defenses and alleged differences among class members cannot be ascertained and articulated based on the results of . . . a representative sample amounting to ninety-one of the 1,328 opt-in class members."[44] That Court based its decision on the reasoning that the defendant in that case had not "shown that the representative sample needs expanding to all class members for discovery purposes."[45] Nonetheless, the Court acknowledged that representative discovery may not be workable, holding that "if after conducting the discovery of the representative sample Defendant Trane can demonstrate to the Court that broader discovery is appropriate and necessary, the Defendant can so move."[46] Dell has demonstrated to this Court that broad discovery *is* appropriate and necessary.

In its Reply, Dell submits Plaintiff Sarah Ashley (hereinafter "Ms. Ashley") as an example "of why representative discovery is unworkable in this case."[47] Ms. Ashley had five different managers during her two periods of employment at Dell from November 2007 to July 2009.[48] Ms. Ashley was paid as both an hourly employee and a "salaried nonexempt" employee during her time

---

[43] *Smith*, 236 F.R.D. at 356.

[44] Plaintiffs' Opposition at 6 (quoting *Nelson v. Am. Std. Inc.*, 2009 WL 4730166 at *3 (E.D. Tex. 2009)).

[45] *Nelson*, 2009 WL 4730166 at *3.

[46] *Id.*

[47] Dell's Reply at 3–5.

[48] *Id.* at 3, 4.

at Dell.[49]  Dell articulates three ways in which Ms. Ashley differs from at least a portion of the opt-in class.  First, "Having been employed and paid under both an hourly system and a salaried system, Ms. Ashley presumably understood the difference in the compensation systems and is not representative of those who claim not to have understood that they were paid on a salaried basis."[50] Second, "Ms. Ashley routinely clocked out for lunch and clocked back in when she returned, thereby avoiding an automatic lunch hour deduction.  Thus, Ms. Ashley is not representative of those Plaintiffs who claim to have uncompensated hours worked over lunch."[51]  Third, "Ms. Ashley's time records also reveal that she reported varying start times and end times and reported overtime on far more days than she reported no overtime.  Thus, Ms. Ashley is not representative of those employees who claim uncompensated pre-shift or post-shift hours."[52]

Dell summarizes the problem posed by Plaintiffs such as Ms. Ashley, arguing that "it is unlikely that a single other opt-in Plaintiff has the same job history, manager history, manager directives, or timekeeping practices as Ms. Ashley."[53]  Although Plaintiffs cite cases from other jurisdictions in which courts denied individualized discovery, the claims of this case are more specific to each individual plaintiff, as the example of Ms. Ashley illustrates.  Numerous Plaintiffs will bring widely dissimilar fact patterns to this law suit, as demonstrated by the varying deposition

---

[49] *Id.* at 4.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 4, 5.

[53] *Id.* at 5.

testimony previously submitted by Dell.[54]  Thus, the analysis must go beyond a glance at the raw

numbers and focus on the specific facts of a plaintiff's claims and whether representative discovery

would afford defendants a fair opportunity to succeed at the decertification stage.[55]  Consequently,

while the 935 opt-in plaintiffs may be approximately three times larger "than the largest class size

identified by Dell where individual discovery was permitted,"[56] the unique nature of this case

requires this Court to allow individualized discovery so that Dell has a fair opportunity to succeed

at the decertification stage.

---

[54] Dell's Motion to Compel at 2.

[55] Both parties cite to *Daniel v. Quail International* as support for their positions. *See* Plaintiffs'
Opposition at 4, 5; Dell's Motion to Compel at 5. In *Daniel*, the court allowed individualized discovery
of a class of thirty-nine plaintiffs, reasoning "in an FLSA collective action where the plaintiff class is
*small* and the discovery is related to the question of whether the individual plaintiffs are similarly
situated within the meaning of the FLSA, individualized discovery is often permitted." *Daniel v. Quail
Int'l, Inc.*, 2010 WL 55941 at *1, 2 (M.D. Ga. 2010) (italics added).  However, the *Daniel* court did not
define the parameters of what constituted "small."  Indeed, the court cited to four cases to show
examples of "small" plaintiff classes in which individualized discovery was granted. In *Ingersoll v.
Royal & Sunalliance*, the Western District of Washington allowed individualized discovery of 34 opt-in
plaintiffs. *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097 at *2 (W.D. Wash. 2006).
In *Renfro v. Spartan Computer Services*, the U.S. District Court of Kansas allowed depositions of all
27 opt-in plaintiffs. *Renfro v. Spartan Computer Servs., Inc.*, 2008 WL 821950 at *4 (D. Ct. Kan.
2008).  In *Krueger v. N.Y. Telephone*, the Southern District of New York allowed individualized
discovery of all 162 class members. *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995).
And in *Coldiron v. Pizza Hut*, the Central District of California granted a motion compelling
individualized discovery on all 306 opt-in plaintiffs. *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180
at *2 (C.D.Cal. 2004).  That "small" could reasonably be defined as a class ranging in size from as few
as 27 plaintiffs to as many as 306 illustrates the necessity of analyzing discovery disputes such as the
present one in light of the unique facts of each case.  Whether or not the Middle District of Georgia
would characterize a class of plaintiffs numbering 935 members as "small" is debatable.  However, the
specific nature of the claims brought by each of the 935 class members in this case requires
individualized discovery to afford Dell a fair opportunity at the decertification stage.

[56] Plaintiffs' Opposition at 5 (citing *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180 at *3 (C.D.
Cal. Oct. 25, 2004)).

*C. Plaintiffs have failed to meet their burden to show that representative discovery would yield the same results as individualized discovery.*

Plaintiffs have not shown that a representative sample of the opt-in plaintiffs would provide Dell a sufficient opportunity to defend its interests at the decertification stage.  In their Opposition to Dell's Motion to Compel, Plaintiffs argue that "Representative discovery is generally sufficient to give defendants the opportunity to make its case for decertification of summary judgment in an FLSA collective action."[57]  As support for this argument, Plaintiffs claim that "The cases cited by Dell are inapposite as those decisions involved much smaller collective actions."[58]  However, several of the decisions cited by Dell involved hundreds of opt-in class members.[59]  The line between 935 and 306 class members is not so definite as to mandate representative discovery, simply because several hundred more plaintiffs opted-in to this case.  More importantly, the reasoning employed by the courts in those cases illustrates the need for individualized discovery in this case:

> The purpose of the second step of the ad hoc analysis is to consider the unique circumstances of each plaintiff—*an undertaking which would be nearly impossible without some amount of individualized discovery.*  The Court finds nothing inconsistent between its order conditionally certifying this case as a collective action and [the] approval of form interrogatories and document requests which defendants served on each plaintiff.[60]

Plaintiffs cite their own line of cases to argue that "There is no reason that all defenses and

---

[57] Plaintiffs' Opposition at 3 (citing *Nelson*, 2009 WL 4730166 at *3).

[58] *Id.* at 4.

[59] *Renfro*, 2008 WL 821950 at *3 (allowing individualized discovery of all 136 opt-in plaintiffs); *Coldiron*, 2004 WL 2601180 at *2 (allowing individualized discovery of all 306 opt-in plaintiffs); *Krueger*, 163 F.R.D. at 446 (allowing individualized discovery of all 162 opt-in plaintiffs); *Kaas v. Pratt & Whitney*, 1991 WL 158943 at *5 (S.D. Fla. 1991) (allowing individualized discovery of all 100 opt-in plaintiffs).

[60] *Renfro*, 2008 WL 821950 at *2 (italics added).

alleged differences among class members cannot be ascertained and articulated based on the results of . . . a representative sample. . . ."[61]  However, a representative sample would not be "fair to both parties," as Plaintiffs allege.[62]  The example of Ms. Ashley, cited by Dell in its Reply, shows the disparate nature of the various Plaintiff's experiences.  That one Plaintiff could assert a lack of training as the cause for the alleged violations, one could assert being forced to work off the clock during lunch as the alleged violation, and another could assert being required to work off the clock in the pre-shift period each morning is an example of the potentially widespread claims against which Dell must prepare a defense.  As Dell points out in its Reply, "None of the cases relied upon by Plaintiffs involve the types of allegations here — namely, that the defendant had a compliant policy that the individual plaintiffs allege they were instructed to ignore."[63]

Furthermore, "Plaintiffs have provided no expert support for their demand for representative discovery."[64]  Dell correctly points out that several of the cases relied upon by Plaintiffs involved expert evidence to support a demand for representative discovery.[65]  For example, in *Smith v. Lowe's Home Centers*, the plaintiffs "[relied] on the opinions and recommendations of a statistician, Linda Volnino, Ph.D." to propose a representative sample comprising of 90 out of the 1,500 total opt-in plaintiffs.[66]  The plaintiffs in *Schiff v. Racetrac Petroleum* similarly provided expert testimony that

---

[61] Plaintiffs' Opposition at 6 (citing *Nelson*, 2009 WL 4730166 at *3).

[62] *Id.* at 7.

[63] Dell's Reply at 3.

[64] *Id.*

[65] *Id.*

[66] *Smith*, 236 F.R.D. at 357.

a random sampling of plaintiffs would yield sufficient results.[67]   Conversely, the Plaintiffs in this case have not provided any expert evidence that a representative sampling would provide Dell with the same results as individualized discovery.


### D. Plaintiffs have failed to meet their burden to show that individualized discovery would be unduly burdensome

Plaintiffs argue that "Dell's discovery is overbroad and unduly burdensome in a collective action of this size."[68]   The Federal Rules of Civil Procedure provide that a court must limit allowable discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[69] Plaintiffs have failed to show that the burden of individual discovery outweighs the benefit derived therefrom.   Conversely, Dell has showed that individual discovery will be crucial for Dell as it prepares for the decertification stage.

Plaintiffs cite to four rules from *Fast v. Applebee's* in an attempt to show that individualized discovery is unduly burdensome and overbroad.   Fast's four rules are:

> 1) The discovery is not being sought for the purpose of depriving the opt-in plaintiff of his or her class status; 2) the discovery is simple enough that it does not require the assistance of counsel to answer; 3) the discovery meets the standards of Federal Rules of Civil Procedure 26; and 4) the information is not otherwise available to the

---

[67] *Schiff v. Racetrac Petroleum, Inc.*, 2:09-cv-402, Dkt. No. 111 (E.D. Tex. 2005).

[68] Plaintiffs' Opposition at 1.

[69] Fed.R.Civ.P. 26(b)(2)(C)(iii).

defendant.[70]

*Fast's* four rules are not binding on this court. Nevertheless, an analysis of the four rules reveals that individualized discovery is not unduly burdensome and overbroad. First, simply citing to the Federal Rules is not dispositive evidence that Dell's requests are being used to deprive the opt-in plaintiffs of their status. Further, as Dell points out, several of the allegations and declarations originally made by Plaintiffs "were proven false by the Plaintiffs' own deposition testimony and employment records."[71]

Second, requests for admission are the least burdensome form of discovery. Other courts have allowed individualized discovery where interrogatories, depositions, and other forms of written discovery were at stake.[72] This Court acknowledges that the language of the sole interrogatory and some of the requests for admission may be simplified to facilitate easier understanding by the opt-in Plaintiffs. However, the content of information sought by Dell is not so burdensome as to require assistance of counsel to answer.

Third, Plaintiffs argue that Dell's discovery violates Rule 26(b)(2)(C)(i), in that it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[73] However, Plaintiffs have failed to show that representative discovery would yield similar results to individualized discovery. The specific nature of the claims brought by Plaintiffs will yield discovery that is not unreasonably cumulative or

---

[70] *Fast v. Applebee's Int'l, Inc.*, 2008 WL 5432288 at *2 (W.D. Mo. 2008).

[71] Dell's Reply at 6.

[72] *Renfro*, 2008 WL 821950; *Coldiron*, 2004 WL 2601180; *Krueger*, 163 F.R.D. 446.

[73] Plaintiffs' Opposition at 10 (citing Fed.R.Civ.P. 26(b)(2)(C)(i)).

duplicative, given the varying experiences had by each individual plaintiff.

Fourth, Plaintiffs argue that "Dell has records to demonstrate [that plaintiffs were aware of certain written documents or were provided training] and does not need burdensome discovery to prove it."[74]   This argument is also unconvincing.   Dell's Reply states that "it is precisely because Plaintiffs are denying receiving training on and understanding of Dell policy that the discovery is necessary."[75]   At the heart of the dispute in this matter is whether Plaintiffs were misinformed, undertrained or in any other way deprived of the ability to be properly compensated under the FLSA. The information sought by Dell is therefore not necessarily otherwise available.

Plaintiffs additionally argue that "Representative discovery is consistent with the remedial purposes of the FLSA by allowing workers to pool together their resources and efficiently seek recourse against their employer."[76]   Plaintiffs point to *Hoffmann-La Roche v. Sperling*, in which the court held that a primary purpose of section 216(b) is to "allow . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources."[77]   Plaintiffs argue that representative discovery serves the purposes of the FLSA described by *Hoffmann-La Roche*.[78]   The FLSA's purpose of efficient recourse is not fundamentally disturbed by individualized discovery; the various Plaintiffs will remain in a position to pool their resources.   The FLSA, unlike a Rule 23 class action, requires potential plaintiffs to affirmatively opt-in to join a lawsuit.   This voluntary action should

---

[74] *Id.*

[75] Dell's Reply at 8.

[76] Plaintiffs' Opposition at 3.

[77] *Id.* at 8 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

[78] *Id.*

put any potential plaintiffs on notice that, while they are joining a collective action, they are nevertheless becoming plaintiffs in a lawsuit. Responding to reasonable discovery requests is not a burdensome drain on the collective Plaintiffs' resources.

Plaintiffs attempt to shift the burden to Dell by arguing that "Dell identifies no compelling reason why it cannot obtain all the necessary evidence related to its defenses from a random sample of the class."[79] This Court disagrees with Plaintiffs that Dell has identified no such compelling reason. That the various Plaintiffs in this case "had different timekeeping practices, worked in different business units, held different jobs, had differing job duties, worked under different compensation plans, [and] had different work schedules" shows that individualized discovery is necessary for Dell to have a fair opportunity at the decertification stage.[80] Moreover, the burden to show that the discovery in question is unduly burdensome or overbroad is on Plaintiffs, not Dell. Plaintiffs have failed to meet that burden. Dell has shown and this Court agrees that the weight of individualized discovery's benefit outweighs the burden imposed by individualized discovery in this case.

---

[79] Plaintiffs' Opposition at 1.

[80] Dell's Reply at 2.

### III. CONCLUSIONS

The parties are warned that the Court will not become their discovery referee. The Court acknowledges that it finds a portion of the requests for admission and the single interrogatory to be overly complicated in light of this Court's ruling granting individualized discovery. For example, the sole proffered interrogatory could be more appropriately phrased in plain English to read, "If you responded 'no' to any request for admission, please explain why." Instead, the interrogatory as it currently reads is bogged down in legal jargon. While the Court will intervene if some egregious matter requires, the parties are admonished that the Court will not be intimately involved in the discovery process.

Assuming incorporation of the guidance provided by the Court in this Order, the current scope of the discovery as specified in Dell's Motion to Compel is deemed permissible. Any significant extension of that scope, however, may result in reevaluation of this Order and eventual enforcement of representative discovery.

Dell requests that this Court compel Plaintiffs to answer Dell's requests for admission "within 15 days of the Court's order and that if Plaintiffs fail to do so, the requests will be deemed admitted."[81] The Court will not modify any discovery deadline expressed in the Rules of Civil Procedure.[82]

---

[81] Dell's Motion to Compel at 10.

[82] As per Federal Rule of Civil Procedure 36, " A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

**IT IS THEREFORE ORDERED** that Dell's Motion to Compel is **GRANTED** insofar as it seeks to enforce individualized discovery within the scope outlined in this Order.

**IT IS FURTHER ORDERED** that Dell's Motion to Compel is **DENIED** insofar as it seeks to compel any specific request for admission, interrogatory, or modify any deadline enforced by the Federal Rules of Civil Procedure.

**ACCORDINGLY, IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order is **DENIED** in its entirety.

SIGNED this 28th day of July, 2010.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE