IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HITUL GANDHI, individually, and on behalf of a class of others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:08-cv-00248 |
| DELL INC., and DELL MARKETING USA L.P., | § § § § § | |
| Defendants. | § § | |

**JOINT MOTION FOR FINAL APPROVAL**
**OF FLSA COLLECTIVE ACTION SETTLEMENT**

The parties jointly move this Court for approval of their settlement reached in this Fair Labor Standards Act ("FLSA") collective action, and request that the Court dismiss all claims of all Plaintiffs with prejudice and enter a Final Judgment.

Some federal courts that have addressed the issue require that purely private settlements of FLSA claims must be approved by the Department of Labor or the courts to be effective. See, e.g., Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003). The only Circuit Court of Appeals to rule squarely on this issue was the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350 (11th Cir.1982). In Lynn's Food Store, the Eleventh Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" (1) payment supervised by the Secretary of Labor, or (2) judicial approval of a stipulated settlement after an employee has brought a private action. Stalnaker, 293 F. Supp. 2d at 1351; see also Martinez v. Bohls Bearing Equipment Co., 361 F. Supp. 2d 608, 627-28 (W.D. Tex. 2005) (discussing Lynn's Food Stores).

Other courts, including at least one court in this district, have concluded that "[w]hether Congress intended section 16(c) to be the exclusive manner by which to settle claims does not have a clear answer." Martinez, 361 F. Supp. 2d at 608 ("Other courts, however, most notably the Fifth Circuit, chose to read [the Portal-to-Portal Act and the Fair Labor Standards Amendments] rather broadly and left an opening to allow purely private settlements without approval from either the Department of Labor or the courts.")

Because this settlement easily meets the standards of any court that wants court approval, the parties seek judicial approval of the settlement they have reached in this lawsuit. Courts that have followed Lynn's Food Store approve private FLSA settlements through a modest showing that the settlement was reached as a result of contested litigation. Khait v. Whirlpool Corp., 2010 WL 2025106, at *19. The standard for approval has been characterized as "lower than for a Rule 23 settlement because a FLSA settlement does not implicate the same due process concerns. . . ." Id. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."

There should be no dispute here that this case involved contested litigation and resulted in a reasonable compromise. As the Court's docket will reflect, the parties engaged in numerous rounds of briefing regarding collective action certification and the notice process and have conducted substantial discovery on the merits of the claims, which have included the production of documents, depositions, interrogatories and requests for admission. This case was litigated by experienced counsel in this area of law and was only settled through mediation conducted by an experienced wage and hour mediator. See Declaration of George A. Hanson at ¶ 2. A copy of the parties' executed Settlement Agreement and Release of Claims is being filed under seal contemporaneously with this Motion and demonstrates the reasonableness of this settlement.

The parties are not requesting an oral hearing and do not think a hearing is necessary unless the Court has questions or concerns that it would like the Parties to address.

WHEREFORE, the parties pray that the Court will enter an Order approving the parties' settlement, dismissing all claims of all Plaintiffs with prejudice, and entering a Final Judgment.

Respectfully submitted,

/s/ George A. Hanson
**STUEVE SIEGEL HANSON LLP**
George A. Hanson *(admitted pro hac vice)*
Email: hanson@stuevesiegel.com
Bradley Wilders *(admitted pro hac vice)*
Email: wilders@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101

**LEE & BRAZIEL LLP**
J. Derek Braziel
Texas Bar No. 00793380
Email: jdbraziel@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: 214-749-1400
Fax: 214-749-1010

**FEDERMAN & SHERWOOD**
William B. Federman
Texas Bar No. 00794935
Email: wbf@federmanlaw.com
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Fax: (405) 239-2112

**ATTORNEYS FOR PLAINTIFFS**

/s/   Jeffrey C. Londa
Jeffrey C. Londa, TX #12512400
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
jeffrey.londa@ogletreedeakins.com
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-5750
(713) 655-0020 (Fax)

Michael W. Fox, TX #07335500
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
michael.fox@ogletreedeakins.com
301 Congress Avenue, Suite 1250
Austin, Texas 78701
(512) 344-4700
(512) 344-4701 (Fax)

Christopher H. Hahn, TX #00787616
**DELL INC.**
Christopher_Hahn@Dell.com
One Dell Way
Round Rock, Texas 78682
(512) 723-3142
(512) 413-3540 (Fax)

Britt Buchanan, TX #03285680
**VAN OSSELAER & BUCHANAN LLP**
bbuchanan@vbllp.com
Suite 300 West
9600 Great Hills Trail
Austin, Texas 78759
(512) 225-2800

**ATTORNEYS FOR DEFENDANTS**